IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TWANA AHMED,

    Plaintiff,

Hon.
Case No.:

v.

UNIVERSAL PROTECTION SERVICE, LP,
dba ALLIED UNIVERSAL

    Defendant.

## NOTICE OF REMOVAL

Defendant, Universal Protection Service, LP. ("Allied" or "Defendant") by counsel and consistent with 28 U.S.C. §§ 1331, 1441 and 1446, notifies this Court that it is removing the above-captioned action, currently pending as Case No. 2023-39270/Court: 334 in the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas Houston Division. As grounds for removal, Allied states as follows:

1. On or about June 26, 2023, Plaintiff Twana Ahmed ("Plaintiff") filed a lawsuit in the District Court of Harris County, Texas, styled, *Twana Ahmed v. Universal Protection Service, LP, dba, Allied Universal* ("State Court Action") arising out of Plaintiff's employment with Allied and his separation from employment. [Exhibit A, State Court Documents, Summons and Complaint, 2023-39270/Court: 334].

2. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty days of July 13, 2023, which is the date of service on Allied.

3. Allied filed this Notice of Removal on August 1, 2023.

1

4. Consistent with 28 U.S.C. § 1446(a), true and correct copies of the summons, pleadings, and orders served upon Allied in the State Court Action are attached and incorporated as Exhibit A.

5. The above-described action is one that may be removed by Allied consistent with the provisions of 28 U.S.C. §§ 1331, 1441 and 1367, on the basis of federal question jurisdiction and supplemental jurisdiction as indicated by the following circumstances:

### Federal Question Jurisdiction

6. Plaintiff's Complaint arises out of his employment with Allied and alleges one count race, national origin, and religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"), one count of race discrimination under Section 1 of the 1866 Civil Rights Act, 42 U.S.C. § 1981 et seq. (Section 1981), one count of race and ancestry discrimination under the Texas Commission on Human Rights Act, Texas Labor Code Section 21.001, et seq., ("TCHRA"), and one count of retaliation under Title VII, Section 1981, and TCHRA. Exhibit A, ¶ 1.

7. This Court has original subject matter jurisdiction over this matter consistent with 28 U.S.C. § 1331 because Plaintiff's Title VII and Section 1981 claims are expressly pled under federal law and arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. §1331.

8. Plaintiff's Complaint asserts that Allied "…Allied violated …Title VII …[and] …Section 1981 by using race, ethnic characteristics, or ancestry in its treatment of employees throughout its work environment…" Exhibit A, ¶ 69,71.

9. Since the face of Plaintiff's Complaint cites to the Title VII and Section 1981 as a basis for Plaintiff's claims, the cause of action contained in Plaintiff's Complaint is created under

federal law and this Court has subject matter jurisdiction. *Bernhard v. Whitney Nat'l Bank,* 523 F.3d 546, 551 (5th Cir. 2008).

### Supplemental Jurisdiction

10. In addition, this Court has supplemental jurisdiction over Plaintiff's state law claim pled under the TCHRA because it arises from Plaintiff's employment with Allied and the same set of factual allegations as Plaintiff's federal Title VII and Section 1981 claim. *Merritt Hawkins & Assocs., LLC v. Gresham,* 861 F.3d 143, 150 (5th Cir. 2017) (holding district courts have supplemental jurisdiction over state law claims when they arise from the same case or controversy).

11. Consistent with 28 U.S.C. §1367(a), supplemental jurisdiction exists over Plaintiff's TCHRA race and ancestry discrimination claim. *Id.*

12. The United States District Court for the Southern District of Texas Houston Division is the proper judicial district for removal because Harris County is where the State Court Action is currently pending.

13. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the division corresponding to the place, the District Court of Harris County, Texas and for Harris County, where the State Court Action is pending.

14. This action is not an action described in 28 U.S.C. § 1445.

15. By virtue of this Notice of Removal, Allied does not waive its right to respond to the Complaint and/or assert any claims, defenses, or other motions.

16. Consistent with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Allied in this action as of the date of filing of this Notice of

Removal is attached and will be filed with the clerk of the District Court of Harris County, Texas. *See* Exhibit A.

WHEREFORE, this action is properly removed from the District Court of Harris County, Texas, to this Court for all further proceedings.

Dated August 1, 2023.                 Respectfully submitted,

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul
Texas Bar No. 24112896
MARTENSON, HASBROUCK & SIMON LLP
500 Davis Street, Suite 1003
Evanston, Illinois 60201
Tel.: (224) 350-3120
Fax: (404) 909-8120
MARTENSON, HASBROUCK & SIMON LLP
keisenlohr-moul@martensonlaw.com
*Attorney for Allied Universal*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of August 2023, I electronically filed this document using the Court's CM/ECF System, which will automatically notify all parties or counsel of record, and mailed a copy of the document to:

Amanda C. Hernandez
State Bar No. 24064411
5718 Westheimer, Ste. 1000
Houston, TX 77057
Tel. 713-588-4359
Email: amanda@ahfirm.com

/s/ Kelly Eisenlohr-Moul
Kelly Eisenlohr-Moul