# Exhibit A



# Notice of Service of Process

null / LABOR
**Transmittal Number: 27277422**
**Date Processed: 07/14/2023**

| | |
|---|---|
| Primary Contact: | Emma Sword<br>Martenson, Hasbrouck & Simon LLP -- Allied Universal<br>2573 Apple Valley Rd NE<br>Brookhaven, GA 30319-3134 |

| | |
|---|---|
| Entity: | Universal Protection Service, LP<br>Entity ID Number  4299152 |
| Entity Served: | Universal Protection Service, LP d/b/a Allied Universal |
| Title of Action: | Twana Ahmed vs. Universal Protection Service, LP, d/b/a Allied Universal |
| Matter Name/ID: | Twana Ahmed vs. Universal Protection Service, LP, d/b/a Allied Universal (14330541) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Discrimination |
| Court/Agency: | Harris County District Court, TX |
| Case/Reference No: | 2023-39270 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 07/13/2023 |
| Answer or Appearance Due: | 10 o'clock a.m. on the Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Amanda C. Hernandez<br>713-588-4359 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

CAUSE NO.  202339270

RECEIPT NO.  1001388                    75.00       CTM
\*\*\*\*\*\*\*\*\*\*                    TR # 74192952

| | |
|---|---|
| PLAINTIFF: AHMED, TWANA<br>             vs.<br>DEFENDANT: UNIVERSAL PROTECTION SERVICE LP (DBA ALLIED<br>UNIVERSAL) | In The   334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
    INCORPORATING SERVICE COMPANY
    OR WHEREVER THE REGISTERED AGENT MAY BE FOUND

    211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND</u>

This instrument was filed on the <u>10th day of July, 2023</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
     This citation was issued on 10th day of July, 2023, under my hand and
seal of said Court.



Issued at request of:                    MARILYN BURGESS, District Clerk
HERNANDEZ, AMANDA CHRISTINE              Harris County, Texas
5718 WESTHEIMER, SUITE 1000              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77057                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (915) 204-8928
<u>Bar No.</u>: 24064411

                                         Generated By: HARRISON, CONNOR  DUW//12320733

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____        _____
                                        ADDRESS

_____        Service was executed in accordance with Rule 106
(a)ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                           return receipt incorporated herein and attached
                                           hereto at
_____
                                        on _____  day of _____, _____
                                        by U.S. Postal delivery to _____

                                        This citation was not executed for the following
                                        reason: _____
                                        _____

                                        MARILYN BURGESS, District Clerk
                                        Harris County, TEXAS

                                        By _____, Deputy

N.INT.CITM.P                            *74192952*

6/26/2023 11:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76983522
By: Wanda Chambers
Filed: 6/26/2023 11:02 PM

# 2023-39270 / Court: 334

CAUSE NO. _____

| | | |
|---|---|---|
| Twana Ahmed, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| Universal Protection Service, LP, d/b/a | § | |
| Allied Universal | § | |
| | § | |
| Defendant, | § | _____ JUDICIAL DISTRICT |

---

## ORIGINAL PETITION AND JURY DEMAND

---

### INTRODUCTION

1.      This is an unlawful employment practices case. It involves claims under (1) Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA"), (2) 42 U.S.C. § 2000e *et seq.,* known as Title VII of the Civil Rights Act of 1694 ("Title VII"), and (3) 42 U.S.C. § 1981 ("Section 1981") for race (including ethic characteristics and ancestry), national origin, and religious discrimination, and retaliation for opposing this discrimination.

2.      The TCHRA and Title VII prohibit all employment practices that limit or deprive any individual of employment opportunities because of his race, national origin, or religion. These statutes also prohibit discrimination with respect to any terms, conditions, or privileges of employment because of an individual's race, national origin or religion.

3.      Section 1981 protects all people in the United States. It guarantees all people with the

right to make and enforce contracts no matter their ethnic characteristics, race, or ancestry.[1]

4.      Each of these statutes, the TCHRA, Title VII, and Section 1981, all prohibit retaliation

against an individual that reports or opposes the discrimination covered by the statute.

## DISCOVERY CONTROL PLAN

5.      Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190 of the Texas

Rules of Civil Procedure.

## PARTIES

6.      Universal Protection Service ("Allied Universal") is a Foreign Limited Partnership

located in Santa Ana, California. It does business as Allied Universal according to its Texas

Secretary of State filings. It conducts business in Houston, Texas, and conducted business in

Houston, Texas at the time the claims asserted herein accrued. It may be served with process

through its registered agent as follows:

> Universal Protection Service, LP d/b/a Allied Universal
> c/o its registered agent in Texas
> Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3136

7.      Twana Ahmed is an individual and citizen of the United States, who resided in Harris

County, Texas at the time the claims asserted herein accrued, and who continues to reside in

Harris County, Texas.

---

[1] *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (Explaining that the history of § 1981 makes clear the statute was intended to protect people subjected to discrimination because of their ancestry or ethnic characteristics. "Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory.").

**JURISDICTION**

8.    This Court has subject-matter jurisdiction over this case because: (1) Plaintiff seeks

damages within its jurisdictional limits, (2) the Court has concurrent jurisdiction over Title

VII and Section 1981 claims, and (3) the asserted claims are not subject to exclusive jurisdiction

in another court.

9.    This Court has personal jurisdiction over the Defendant because: (1) the claims asserted

against Defendant arose directly from its acts and omissions in Texas, and (2) its affiliations

with Texas are so continuous and systematic that it is "essentially at home" in Texas.

**VENUE**

10.    Venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code

§15.002 as all or a substantial part of the events or omissions giving rise to the claims occurred

in this county. This case involves unlawful employment practices that took place in Harris

County, Texas.

*[Remainder of the page intentionally left blank]*

**ABBREVIATED BACKGROUND**



### Scope of Allied Universal's businesses and employment policies

11.     Allied Universal is considered the world's largest private security company, generating more than $18 billion in revenue.[3]

12.     Allied Universal provides security guards, equipment, and technology as part of its commercial security services.[4]

13.     Allied Universal is a conglomerate that includes various services, such as Security Services, Technology Services, Event Services, Janitorial Services, and Risk Advisory and Consulting Services.

14.     Allied Universal operates in over 90 countries, and has a global workforce of approximately 800,000 workers.[5]

15.     In North America, defendant operates its business under its existing Allied Universal brand, and internationally it operates under the G4S brand.[6]

---

[2] The Allied Universal logo is from Allied Universal's website, www.aus.com (last visited June. 26, 2023).

[3] *See* Yadarisa Shabong, *G4S saga ends as shareholders accept $5.3 billion Allied Universal offer,* REUTERS, MAR. 16, 2021, https://www.reuters.com/article/us-g4s-m-a-allied-universal-idUSKBN2B82F4
[4] *See* Commercial Security Services, https://www.aus.com/our-services/security-services (last visited June. 26, 2023).

[5] *See* Our Story, https://www.aus.com/our-story (last visited June. 26, 2023).

[6] *Id.*

16.     Allied Universal grew through several acquisitions of other brands. It continues to expand

both geographically and through the security services it provides.[7]

17.     In its Global Code of Ethics updated in February of 2021, Allied Universal promises its

workers that it is committed to ensuring that no employee is discriminated against or harassed

by a supervisor, or any other person in the workplace. It promises that a safe, respectful, and

inclusive work environment is paramount.

18.     In its employee handbook at the time, Allied Universal promises that it does not

discriminate against employees, and forbids all forms of unlawful discrimination and

harassment.

**Foreseeability of the problem**

19.     On average, in Texas alone the EEOC receives over 8,400 charges of discrimination each

year.[8]

20.     A glassdoor survey revealed that 61%, or about three in five U.S. employees have

witnessed or experienced discrimination in the workplace.[9]

21.     In its report on "the State of Workplace Discrimination 2021," AllVoices found that 55%

of the employees surveyed have experienced discrimination at their current company.[10]

---

[7] *Id.*

[8] *See* U.S. EEOC FY 2009-2021 EEOC CHARGE RECEIPT FOR TX,
https://www.eeoc.gov/statistics/enforcement/charges-by-state/TX

[9] *See New Study: 3 in 5 U.S. Employees Have Witnessed or Experienced Discrimination,* GLASSDOOR, July 22,
2020, https://www.glassdoor.com/blog/new-study-discrimination/

[10] *See The State of Workplace Discrimination 2021,* ALLVOICES, Dec. 14, 2021,
https://www.allvoices.co/blog/state-of-workplace-discrimination#:~:text=prevalent%20is%20it%3F-
,55%25%20have%20experienced%20discrimination%20at%20their%20current%20company,45.1%25%20said
%20they%20have%20not.

22.     A report noted by the EEOC "found that 75% of employees who spoke out against workplace mistreatment faced some form of retaliation."[11]

23.     Without sufficient protection, discrimination and retaliation in the workplace are foreseeable consequences.

24.     Allied Universal has received many reports of discrimination.

25.     Allied Universal has received many reports of retaliation.

26.     With as many as 800,000 employees in its workforce, Allied Universal knows that discrimination and retaliation are a foreseeable problem in its workplace.

**The purpose of the law**

27.     The THCRA, Title VII, and Section 1981 are all meant to prevent discrimination and retaliation from occurring in the workplace.

28.     These antidiscrimination statutes are meant to protect employees from discrimination and retaliation in the workplace.

29.     Our community has the right to expect that companies will protect employees from discrimination and retaliation in the workplace.

30.     Our community has the right to expect that companies will hire qualified human resources ("HR") representatives to protect employees from discrimination and retaliation in the workplace.

31.     Our community has the right to expect that companies will adequately train all employees to follow all State and Federal antidiscrimination laws.

---

[11] *See Select Task Force on the Study of Harassment in the Workplace,* U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, June 2016, https://www.eeoc.gov/select-task-force-study-harassment-workplace (citing Lilia M. Cortina & Vicki J. Magley, *Raising Voice, Risking Retaliation: Events Following Interpersonal Mistreatment in the Workplace,* 8:4 J. Occupational Health Psychol. 247, 255 (2003)).

32.    Our community has the right to expect that companies will adequately train all managers and supervisors to follow all State and Federal antidiscrimination laws.

33.    Our community has the right to expect that companies will adequately supervise managers to ensure they follow all State and Federal antidiscrimination laws.

34.    Our community has the right to expect that companies will have systems in place to prevent any form of discrimination against employees in the workplace.

35.    Our community has the right to expect that companies will have systems in place to prevent any form of retaliation against employees that report discrimination in the workplace.

36.    Our community has the right to expect that companies will fairly investigate all reports of discrimination to protect employees from wrongful termination.

**Allied Universal's systemic failures**

37.    Allied Universal hires HR personnel that are not qualified or trained to follow the law prohibiting discrimination and retaliation in the workplace.

38.    Allied Universal chooses not to train all employees to follow our laws prohibiting discrimination and retaliation in the workplace

39.    Allied Universal chooses not to train all employees to follow its policies aimed at preventing discrimination and retaliation in the workplace.

40.    Allied Universal chooses not to adequately supervise or monitor its workforce to ensure its management follows our laws and its own policies prohibiting discrimination and retaliation.

**Allied Universal's systemic failure to prevent discrimination and retaliation
results in discrimination and retaliation**

41.      In December of 2021, very near the holidays, Allied Universal hires several new security

guards in Houston, Texas. Because there is a shortage of security guards, including armed

guards, Allied does not train the guards at or near their hiring.

42.      After about a month of working as an armed guard, one of its new security guards, is

placed into Allied Universal's Elite training program. This new guard is Kurdish, with a deep

Kurdish ancestry. He is originally from Iraq, but is now a U.S. citizen. The Elite program is

specifically for former military and police officers. Typically, those in the Elite program will be

placed at H-E-B grocery store job sites.

43.      During this training, one of Allied Universal's managers, named Patrick Freeney

repeatedly makes fun of a Hispanic guard's accent. Eventually the Hispanic guard quits.

44.      Patrick Freeney then tells the new Kurdish guard that he must shave his beard. He hears

the guard explain that he cannot shave his beard because it is part of his religion (Muslim) to

maintain a beard. Patrick responds that it is against Allied Universal's policy for the guards to

have a beard. Patrick does not tell the other guards in class with beards they need to shave.

45.      A few weeks later, one of Allied Universal's supervisors also tells the Kurdish guard that

he must shave his beard. Again, the new guard explains that it is part of his religion to keep a

beard. At no point does the manager or supervisor tell the new guard that he may request a

religious accommodation.

46.      Allied Universal continues to pressure the guard to shave his beard. Eventually he ends

up shaving his beard in fear that if he does not, he will lose his job. When he starts working at

different posts, however, he notices other security guards have beards at the same posts, some much longer than the beard he used to have.

47. Allied Universal issues several new security guards body cameras. It chooses not to issue one to the Kurdish guard.

48. Allied Universal issues several new security guards company IDs or company badges. It chooses not to issue one to the Kurdish guard.

49. Allied Universal receives a request from the Kurdish guard for a badge and a body camera. It tells him repeatedly that none are available. Allied Universal continues issuing these items to other guards and chooses not to issue a body camera or badge to the Kurdish guard.

50. Soon after, Allied Universal's manager Patrick accuses the guard of missing a day of work. The guard proves to Patrick he did not miss a day. Patrick grows irate and starts screaming in the guard's face yelling something along the lines of:

"If you're lying to me, I will fry you like a fucking chicken. I will fuck up your world. This is America. This is not where you came from. This is America, we run things differently. I don't know how the fuck you got into the military, a dumbass like you."

51. Not long afterward, in April of 2022, the Kurdish guard is stationed at an H-E-B grocery store, on duty. The H-E-B store manager sends the guard a text message with some pictures of a man in the store. The text message states, "If on property he needs to leave." Under the pictures the store manager writes: "Attempted beer theft."

52. The guard recognizes the man from a different H-E-B store where he was previously stationed. The man was arrested before.

53.     The store manager calls the guard and states that he needs the guard inside the store. The guard recognizes that there are two men working together. These men are not allowed on H-E-B property.

54.     The store manager says the men are stealing. He says they were kicked out earlier the same day. They are stealing a lot of beer and merchandise. The men walk around the cashier to leave the premises. The manager tells the guard not to let the men take any merchandise and asks the guard to stop them. When the guard asks the men to pay for the merchandise at the door, one of the men threatens to cut the guard up with a knife. The man is drunk. The guard asks the manager to call the police and detains the man in handcuffs.

55.     While the guard is detaining the man, the police arrive and take custody of both men.

56.     The next day, Allied Universal's manager, Patrick Freeney asks the guard to sign a report of the incident. The report is typed up and printed out. It states that the guard got out of his car and approached the drunk man for no reason, then pushed and handcuffed him. The report is a lie. The guard refuses to sign the report because it is not true. Patrick says it will look bad on the Kurdish guard. Patrick gets visibly angry and says "I'm done with your dumbass." Patrick tells the guard he is suspended. He tells the guard he must return the next day to turn in his gun and taser.

57.    Patrick then says something along the lines of:

> "I will recommend you be fired. If you're not fire, I will do the best of my ability to get rid of you and fire you. I am gonna take your security license away. I will press charges on you for stealing my stuff if you don't return it. I will destroy you and fry you like a chicken. If you don't like it, you can go back to where you came from."

58.    The next day, when the guard returns to turn in his taser and hand gun, Patrick is on the phone. Patrick tells the person on the phone,

> "Hold on, I'm just here dealing with this sand-ni**er."

59.    The guard tells Allied Universal's manager Patrick that he is discriminating against him. Patrick gets up, closes the door, and starts cussing and threatening the guard all over again.

60.    The Kurdish guard is Twana Ahmed. He reports all of this in person to Allied Universal's human resource representative. Nothing happens. He reports to Allied Universal's HR in writing, explaining that Patrick used racial slurs, physical threats, and he explains the discrimination and retaliation that Patrick forced him to endure. And still nothing happens.

61.    At this point Allied Universal HR appears not to know about Twana's suspension. Twana asks what the status of his suspension is, and HR responds that it does not know.

62.    Allied Universal never communicates to Twana that he is terminated.

63.    About a month after his reports, while Twana is trying to get more information about the status of his suspension, he finds out through an Allied Universal recruiter that he is marked ineligible for rehire.

### COVERED EMPLOYER & EMPLOYEE

64.    At all times relevant to this case Allied Universal was and is an employer within the meaning of TCHRA, Title VII, and Section 1981. Allied Universal employed Twana as an employee at all times relevant to this case within the meaning of the TCHRA, Title VII, and Section 1981.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES & TIMELINESS

65.    Twana exhausted all administrative remedies required as a pre-requisite to filing this civil action. He timely dual-filed a charge of discrimination with (1) the Equal Employment Opportunity Commission ("EEOC") and (2) the Texas Workforce Commission Civil Rights Division ("TWC"). Twana provided the TWC more than 180 days to investigate his charge of discrimination, and Twana timely filed this civil action within 90 days of receipt of an EEOC notice of right to sue.

66.    Twana timely brings suit before the second anniversary of the date he dual-filed the charge of discrimination. He has not received any notice of right to file a civil action from the TWC. Pursuant to TCHRA § 21.252(d), failure to issue the notice of right to file a civil action does not affect his right to bring this suit.

67.    Under Section 1981 there are no administrative exhaustion requirements. All of Twana's claims are brought within the statute of limitations applicable to Section 1981.

## CLAIM FOR RELIEF [TCHRA, TITLE VII, AND SECTION 1981]:
### RACE AND ANCESTRY DISCRIMINATION

68.     The abbreviated background and allegations contained in all paragraphs of the petition
are hereby incorporated by reference with the same force and effect as if set forth verbatim.

69.     The conduct described above shows that Allied Universal violated the TCHRA and Title
VII by using race as a motivating factor in its treatment of employees throughout its work
environment, and though its practices surrounding suspension, investigation, and termination
decisions. These unlawful employment practices are ongoing.

70.     As a result of its unlawful employment practices, Allied Universal caused Twana harm,
and likely caused harm to many other employees on the basis of their race.

71.     The conduct described above shows that Allied Universal violated Section 1981 by using
race, ethnic characteristics, or ancestry in its treatment of employees throughout its work
environment, and through its practices surrounding suspension, investigation, and termination
decisions. But for Twana's race or ancestry, Allied Universal would not have subjected him to
racial slurs or verbal and physical threats. But for Twana's race or ancestry, Allied Universal
would not have suspended Twana for refusing to sign a false incident report. But for Twana's
race or ancestry, Allied Universal would not have retaliated against Twana when he opposed
its discrimination. But for Twana's race or ancestry, Allied Universal would not have
terminated Twana.

72.     As a result of the above, Allied Universal caused Twana harm, and likely caused harm to
many others on the basis of their race.

### CLAIM FOR RELIEF [TCHRA AND TITLE VII]:
### NATIONAL ORIGIN AND RELIGIOUS DISCRIMINATION

73. The abbreviated background and allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

74. The conduct described above shows that Allied Universal violated the TCHRA and Title VII by using national origin and religion as motivating factors in its treatment of employees throughout its work environment, and though its practices surrounding suspension, investigation, and termination decisions. These unlawful employment practices are ongoing.

75. As a result of its unlawful employment practices, Allied Universal caused Twana harm, and likely caused harm to many other employees on the basis of their national origin or religion.

### CLAIM FOR RELIEF [TCHRA, TITLE VII, AND SECTION 1981]:
### RETALIATION

76. The abbreviated background and allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

77. The conduct described above shows that Allied Universal violated the TCHRA, Title VII, and Section 1981 by retaliating against employees that report or oppose discrimination. These unlawful employment practices are ongoing.

78. The conduct described above shows that Allied Universal retaliated against employees through its practices surrounding suspension, investigation, and termination decisions. But for Twana's opposition to discrimination, Allied Universal would not have suspended Twana for refusing to sign a false incident report. But for Twana's reports of discrimination, Allied Universal would not have terminated Twana.

79. As a result of the above, Allied Universal caused Twana harm, and likely causes harm to many other employees that report or oppose discrimination.

80.    There may be more than one cause for an employment decision. If the jury does not believe the reason Allied Universal offers for its adverse actions, the jury may infer that Allied Universal would not have taken such adverse action but for Twana's protected activity.

## CONDITIONS PRECEDENT

81.    All conditions precedent to filing suit and to recovery on the asserted claims have occurred or been complied with.

## EQUITABLE RELIEF

82.    Private plaintiffs and their counsel in unlawful employment practice cases act as private attorneys general to serve the ultimate purposes of civil rights laws, such as prevention and elimination of discrimination. Due to the systemic problems at Allied Universal, there is a reasonable likelihood that Allied Universal will not comply with these civil rights laws in the future. Allied Universal has not taken steps to show that it is unlikely to discriminate in the future. Allied Universal has not taken steps to show that it is unlikely to retaliate based on protected activity in the future.

## PUNITIVE DAMAGES

83.    Allied Universal engaged in discriminatory practices, including retaliation, with malice or with reckless indifference to the state-protected rights and federally-protected rights of its employees, including Twana. This petition seeks punitive damages sufficient to punish Allied Universal and to deter similar conduct in the future – in accordance with the TCHRA, Title VII, and Section 1981.

## ATTORNEY'S FEES

84.    As a result of Allied Universal's conduct, Twana hired attorneys to represent him in

pursuing the claims asserted in this case. He seeks to recover reasonable attorneys' fees in connection with this case, including all appeals, pursuant to the TCHRA, Title VII, and Section 1981.

## JURY DEMAND

85.    Twana requests a jury trial on all issues triable of right or choice by a jury.

## REMEDIES REQUESTED

86.    Texas Rule of Civil Procedure 47 requires an original petition to select among specified ranges of potential relief. This original petition selects the range in Texas Rule of Civil Procedure 47(c)(4). This range may change over time. Twana is free to suggest more or less based on the evidence. The jury and judge are free to find more or less at trial based on the evidence.

87.    This rule is meant to identify any expedited actions and the nature of the case at the time of filing. The rule does not affect a party's substantive rights.

88.    Twana respectfully requests the following remedies:

    a.  Judgement against defendant on all claims asserted herein;

    b.  Upon a finding that defendant engaged in an unlawful employment practice or practices, appropriate injunctive relief prohibiting defendant from engaging in such unlawful employment practices in the future (with specifics to be tailored to the problems, deficiencies, and gaps that the evidences shows);

    c.  The following additional equitable relief:

        i.  Requiring defendant to adopt and implement procedures and policies better designed to ensure that race, ancestry, religion, or national origin

play no role in its work environment or employment decisions—with specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

ii. Requiring defendant to provide training to all employees in the United States on discrimination prevention and related compliance with the civil rights laws violated —with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

iii. Requiring defendant to provide training to all employees in the United States on retaliation prevention and related compliance with the civil rights laws violated—with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

iv. Requiring defendant to report on the manner of compliance with the terms of any final order for non-monetary equitable relief issued under the civil rights laws violated—with the reporting specifics to be tailored based on the evidence;

v. Equitable relief in the form of prejudgment interest;

vi. All further equitable relief, including back pay and front pay, that may be appropriate based on the evidence;

d. Compensation for past emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and other nonpecuniary loses;

e. Punitive damages;

f. Reasonable attorneys' fees and costs, including reasonable expert fees;

g.  Costs under the Texas Rules of Civil Procedure;

h.  Post-judgment interest as allowed by law; and

i.  All other relief to which he may show himself justly entitled under law or in

equity.

## REQUIRED DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose,

within thirty (30) days of the filing of the first answer, the information or material described in

Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first

answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

For the reasons set forth above, Plaintiff, Twana Ahmed respectfully prays that the

Defendant be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendant for damages in an amount within the

jurisdictional limits of the Court and such other and further relief to which the Plaintiff may be

entitled at law or in equity.


RESPECTFULLY SUBMITTED


/s/ Amanda C. Hernandez
Amanda C. Hernandez
State Bar No. 24064411
5718 Westheimer, Suite 1000
Houston, TX 77057
Tel: 713-588-4359
Email: amanda@ahfirm.com
*Attorney for Twana Ahmed*



CERTIFIED MAIL

7017 2400 0001 0792 0316

AFSM eↄ Hou 773
TUE 11 JUL 2023 PM

P.O. Box 4651
HOUSTON, TEXAS 77210-4651

UNIVERSAL PROTECTION SERVICE,LP
D/B/A ALLIED UNIVERSAL C/O
CORPORATION SERVICE COMPANY
211 E. 7TH STREET SUITE 620
AUSTIN, TX 78701
20233979 334TH

**202339270 - AHMED, TWANA vs. UNIVERSAL PROTECTION SERVICE LP (DBA ALLIED UNIVERSAL) (Court 334)**

Print All 🖨 *(non-financial)*
Chronological History

| | |
|---|---|
| **Summary** | + |
| **Appeals** | + |
| **Cost Statements** | + |
| **Transfers** | + |
| **Post Trial Writs** | + |
| **Abstracts** | + |
| **Parties** | + |
| **Court Costs** | + |
| **Judgments/Events** | + |
| **Settings** | + |
| **Services/Notices** | + |
| **Court Registry** | + |
| **Child Support** | + |
| **Images** | − |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

Purchase Order
🖅 ( 0 documents )
Print List 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case 🖅 |
|---|---|---|---|---|---|---|---|
| 📄109080772 | Filing | Civil Case Information Sheet | | | 07/10/2023 | 2 | Add to Basket 🖅 |
| 📄109084311 | Filing | Civil Request for Issuance of Service | | | 07/10/2023 | 2 | Add to Basket 🖅 |
| 📄109135373 | Filing | Certified Mail Tracking # 7017 2400 0001 0792 0316 | | | 07/10/2023 | 2 | Add to Basket 🖅 |
| 📄108878832 | Filing | Original Petition and Jury Demand | | | 06/26/2023 | 18 | Add to Basket 🖅 |

7017 2400 0001 0792 0316                          P.2

CAUSE NO.  202339270

RECEIPT NO.  1001388                     75.00       CTM
*********                        TR # 74192952

PLAINTIFF: AHMED, TWANA                        In The    334th
             vs.                               Judicial District Court
DEFENDANT: UNIVERSAL PROTECTION SERVICE LP (DBA ALLIED    of Harris County, Texas
UNIVERSAL)                                     334TH DISTRICT COURT
                                               Houston, TX

                         CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
    INCORPORATING SERVICE COMPANY
    OR WHEREVER THE REGISTERED AGENT MAY BE FOUND

    211  EAST 7TH STREET SUITE 620  AUSTIN  TX  78701

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 10th day of July, 2023, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.
TO OFFICER SERVING:
    This citation was issued on 10th day of July, 2023, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
HERNANDEZ, AMANDA CHRISTINE                     Harris County, Texas
5718  WESTHEIMER, SUITE 1000                    201 Caroline, Houston, Texas 77002
HOUSTON, TX  77057                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (915) 204-8928
Bar No.: 24064411
                                               Generated By: HARRISON, CONNOR  DUW//12320733

─────────────────────────────────────────────────────────────────────────────
                        CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____        ADDRESS

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                        (2) TRCP, upon the Defendant as evidenced by the
                                         return receipt incorporated herein and attached
                                         hereto at

                                     on _____ day of _____, _____
                                     by U.S. Postal delivery to _____
                                                                 _____

                                     This citation was not executed for the following
                                     reason: _____
                                             _____

                                     MARILYN BURGESS, District Clerk
                                     Harris County, TEXAS

                                     By _____, Deputy

N.INT.CITM.P                    *74192952*              RECORDER'S MEMORANDUM
                                                        This Instrument is of poor quality
                                                        at the time of imaging.

7017 2400 0001 0792 0316

CAUSE NO.  202339270

RECEIPT NO.  1001388                         75.00      CTM
                **********                    TR # 74192952

PLAINTIFF: AHMED, TWANA                      In The   334th
                vs.                          Judicial District Court
DEFENDANT: UNIVERSAL PROTECTION SERVICE LP (DBA ALLIED   of Harris County, Texas
UNIVERSAL)                                   334TH DISTRICT COURT
                                             Houston, TX

                    CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
    INCORPORATING SERVICE COMPANY
    OR WHEREVER THE REGISTERED AGENT MAY BE FOUND

    211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 10th day of July, 2023, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 10th day of July, 2023, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
HERNANDEZ, AMANDA CHRISTINE                   Harris County, Texas
5718  WESTHEIMER, SUITE 1000                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77057                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (915) 204-8928
Bar No.:  24064411                            Generated By: HARRISON, CONNOR  DUW//12320733

                    CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____              _____
                                             ADDRESS

_____              Service was executed in accordance with Rule 106
                                                (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                     return receipt incorporated herein and attached
                                                hereto at

                                             _____
                                             on _____ day of _____, _____
                                             by U.S. Postal delivery to _____
                                             _____

                                             This citation was not executed for the following
                                             reason: _____
                                             _____

                                             MARILYN BURGESS, District Clerk
                                             Harris County, TEXAS

                                             By _____, Deputy

N.INT.CITM.P                    *74192952*



**Marilyn Burgess**

HARRIS COUNTY DISTRICT CLERK

7/10/2023 11:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77343505
By: Connor Harrison
Filed: 7/10/2023 11:15 AM

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 202339270          **CURRENT COURT:** 334

**Name(s) of Documents to be served:** Original Petition and Jury Demand

**FILE DATE:** 06/26/2023 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Universal Protection Service, LP d/b/a Allied Universal

Address of Service: 211 E. 7th Street, Suite 620

City, State & Zip: Austin, Texas 78701-3136

Agent (if applicable) Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [X] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper** _____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by CONSTABLE**   used to retrieve the E-issuance Service Documents.
- [X] **CERTIFIED MAIL by DISTRICT CLERK**   Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Amanda Hernandez   Bar # or ID 24064411

Mailing Address: 5718 Westheimer, Suite 1000, Houston, TX 77057

Phone Number: 713-588-4359

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Hernandez on behalf of Amanda Hernandez
Bar No. 24064411
amanda@ahfirm.com
Envelope ID: 77343505
Filing Code Description: Request
Filing Description: Request for Issuance of Service
Status as of 7/10/2023 12:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda Hernandez | | amanda@ahfirm.com | 7/10/2023 11:15:44 AM | SENT |

## CIVIL CASE INFORMATION SHEET

7/10/2023 10:50 AM
Marilyn Burgess - District Clerk Harris County

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: 202339270    **COURT** *(FOR CLERK USE ONLY)*: 334

Envelope No. 77341567
By: Patricia Gonzalez
Filed: 7/10/2023 10:50 AM

**STYLED** Ahmed v. Universal Protection Service, LP dba Allied Universal

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name:<br>Amanda Hernandez | Email:<br>amanda@ahfirm.com | Plaintiff(s)/Petitioner(s):<br>Twana Ahmed | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>5718 Westheimer, Suite 1000 | Telephone:<br>713-588-4359 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston | Fax:<br>281-572-5370 | Defendant(s)/Respondent(s):<br>Universal Protection Service, LP dba Allied Universal | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24064411 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law | |
|---|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br> ☐ Accounting<br> ☐ Legal<br> ☐ Medical<br> ☐ Other Professional<br>   Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br> ☐ Asbestos/Silica<br> ☐ Other Product Liability<br>   List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br> ☐ With Children<br> ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child:<br>_____ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☒ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Hernandez on behalf of Amanda Hernandez
Bar No. 24064411
amanda@ahfirm.com
Envelope ID: 77341567
Filing Code Description: No Fee Documents
Filing Description: Case Information Sheet
Status as of 7/10/2023 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda Hernandez | | amanda@ahfirm.com | 7/10/2023 10:50:44 AM | SENT |