## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| TWANA AHMED, | |
| Plaintiff, | |
| v. | CASE NO.: 4:23-cv-02823 |
| UNIVERSAL PROTECTION SERVICE, LP, d/b/a ALLIED UNIVERSAL | |
| Defendants. | |

## ANSWER TO COMPLAINT

Defendant Universal Protection Service, LP. d/b/a Allied Universal ("Allied") by and through undersigned counsel, files this Answer to the Complaint of Plaintiff, Twana Ahmed in the above captioned action, and states as follows:

## INTRODUCTION

1. This is an unlawful employment practices case. It involves claims under (1) Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA"), (2) 42 U.S.C. § 2000e *et seq.)* known as Title VII of the Civil Rights Act ofl694 ("Title VII"), and (3) 42 U.S.C. § 1981 ("Section 1981») for race (including ethic characteristics and ancestry), national origin, and religious discrimination, and retaliation for opposing this discrimination.

**ANSWER:** Allied Universal acknowledges the purported basis of Plaintiff's Complaint contained in Paragraph 1 in the Introduction of the Complaint, but denies that any statutory or wrongful employment actions were committed. Except as specifically admitted, Allied Universal denies the allegations in the Introduction of Plaintiff's Complaint.

2.  The TCHRA and Title VII prohibit all employment practices that limit or deprive any individual of employment opportunities because of his race, national origin, or religion. These statutes also prohibit discrimination with respect to any terms, conditions, or privileges of employment because of an individual's race, national origin or religion.

**ANSWER:** Allied Universal acknowledges the purported basis of Plaintiff's Complaint contained in Paragraph 2 in the Introduction of the Complaint, but denies that any statutory or wrongful employment actions were committed. Except as specifically admitted, Allied Universal denies the allegations in the Introduction of Plaintiff's Complaint.

3.  Section 1981 protects all people in the United States. It guarantees all people with the right to make and enforce contracts no matter their ethnic characteristics, race, or ancestry.

**ANSWER:** Allied Universal acknowledges the purported basis of Plaintiff's Complaint contained in Paragraph 3 in the Introduction of the Complaint, but denies that any statutory or wrongful employment actions were committed. Except as specifically admitted, Allied Universal denies the allegations in the Introduction of Plaintiff's Complaint.

4.  Each of these statutes, the TCHRA, Title VII, and Section 1981, all prohibit retaliation against an individual that reports or opposes the discrimination covered by the statute.

**ANSWER:** Allied Universal acknowledges the purported basis of Plaintiff's Complaint contained in Paragraph 4 in the Introduction of the Complaint, but denies that any statutory or wrongful employment actions were committed. Except as specifically admitted, Allied Universal denies the allegations in the Introduction of Plaintiff's Complaint.

### DISCOVERY CONTROL PLAN

5.  Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

**ANSWER:** Allied Universal states that no response is necessary to Paragraph 5 of Plaintiff's Discovery Control Plan. To the extent a response is necessary, Allied Universal denies that Plaintiff is entitled to any discovery control plan.

## PARTIES

6. Universal Protection Service ("Allied Universal") is a Foreign Limited Partnership located in Santa Ana, California. It does business as Allied Universal according to its Texas Secretary of State filings. It conducts business in Houston, Texas, and conducted business in Houston, Texas at the time the claims asserted herein accrued. It may be served with process through its registered agent as follows:

Universal Protection Service, LP d/b/a Allied Universal
c/o its registered agent in Texas
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3136

**ANSWER:** Allied Universal denies all allegations in Paragraph 6 of the Plaintiff's Complaint.

7. Twana Ahmed is an individual and citizen of the United States, who resided in Harris County, Texas at the time the claims asserted herein accrued, and who continues to reside in Harris County, Texas.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 7 and denies the same.

## JURISDICTION

8. This Court has subject-matter jurisdiction over this case because: (1) Plaintiff seeks damages within its jurisdictional limits, (2) the Court has concurrent jurisdiction over Title VII and

Section 1981 claims, and (3) the asserted claims are not subject to exclusive jurisdiction in another court.

**ANSWER:** Allied Universal denies all allegations in Paragraph 8 of Plaintiff's Complaint.

9. This Court has personal jurisdiction over the Defendant because: (1) the claims asserted against Defendant arose directly from its acts and omissions in Texas, and (2) its affiliations with Texas are so continuous and systematic that it is "essentially at home" in Texas.

**ANSWER:** Allied Universal denies all allegations in Paragraph 9 of Plaintiff's Complaint.

## VENUE

10. Venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code §15.002 as all or a substantial part of the events or omissions giving rise to the claims occurred in this county. This case involves unlawful employment practices that took place in Harris County, Texas.

**ANSWER:** Allied Universal denies all allegations in Paragraph 10 of Plaintiff's Complaint.

## ALLEGED ABBREVIATED BACKGROUND



### Alleged Scope of Allied Universal's businesses and employment policies

11. Allied Universal is considered the world's largest private security company, generating more than $18 billion in revenue.

**ANSWER:** Allied Universal denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Allied Universal provides security guards, equipment, and technology as part of its commercial security services.

**ANSWER:** Allied Universal denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Allied Universal is a conglomerate that includes various services, such as Security Services, Technology Services, Event Services, Janitorial Services, and Risk Advisory and Consulting Services.

**ANSWER:** Allied Universal admits it provides various services, such as Security Services, Technology Services, Event Services, Janitorial Services, and Risk Advisory, and Consulting Services. Except as expressly acknowledged, Allied Universal denies the remaining allegations in Paragraph 13 of the Plaintiff's Complaint.

14. Allied Universal operates in over 90 countries, and has a global workforce of approximately 800,000 workers.

**ANSWER:** Allied Universal denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15. In North America, defendant operates its business under its existing Allied Universal brand, and internationally it operates under the G4S brand.

**ANSWER:** Allied Universal denies all allegations of Paragraph 15 of Plaintiff's Complaint.

16. Allied Universal grew through several acquisitions of other brands. It continues to expand both geographically and through the security services it provides.

**ANSWER:** Allied Universal denies the allegations of Paragraph 16 of Plaintiff's Complaint.

17. In its Global Code of Ethics updated in February of 2021, Allied Universal promises its workers that it is committed to ensuring that no employee is discriminated against or harassed by a supervisor, or any other person in the workplace. It promises that a safe, respectful, and inclusive work environment is paramount.

**ANSWER:** Allied Universal admits all allegations in Paragraph 17 of the Plaintiff's Complaint.

18. In its employee handbook at the time, Allied Universal promises that it does not discriminate against employees, and forbids all forms of unlawful discrimination and harassment.

**ANSWER:** Allied Universal admits all allegations in Paragraph 18 of the Plaintiff's Complaint.

**Alleged Foreseeability of the Problem**

19. On average, in Texas alone the EEOC receives over 8,400 charges of discrimination each year.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 19 and denies the same.

20. A glassdoor survey revealed that 61%, or about three· in five U.S. employees have witnessed or experienced discrimination in the workplace.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 20 and denies the same.

21. In its report on "the State of Workplace Discrimination 2021," All Voices found that 55% of the employees surveyed have experienced discrimination at their current company.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 21 and denies the same.

22. A report noted by the EEOC "found that 75% of employees who spoke out against workplace mistreatment faced some form of retaliation."

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 22 of Plaintiff's Complaint and denies the same.

23. Without sufficient protection, discrimination and retaliation in the workplace are foreseeable consequences.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusions in Paragraph 23 of Plaintiff's Complaint.

24. Allied Universal has received many reports of discrimination.

**ANSWER:** Allied Universal denies all allegations in Paragraph 24 of Plaintiff's Complaint.

25. Allied Universal has received many reports of retaliation.

**ANSWER:** Allied Universal denies all allegations in Paragraph 25 of Plaintiff's Complaint.

26. With as many as 800,000 employees in its workforce, Allied Universal knows that discrimination and retaliation are a foreseeable problem in its workplace.

**ANSWER:** Allied Universal denies all allegations in Paragraph 26 of Plaintiff's Complaint.

**Alleged Purpose of the Law**

27. The THCRA, Title VII, and Section 1981 are all meant to prevent discrimination and retaliation from occurring in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 27, and denies that any statutory or wrongful employment actions were committed.

28. These antidiscrimination statutes are meant to protect employees from discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 28, and denies that any statutory or wrongful employment actions were committed.

29.    Our community has the right to expect that companies will protect employees from discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 29, and denies that any statutory or wrongful employment actions were committed.

30. Our community has the right to expect that companies will hire qualified human resources ("HR") representatives to protect employees from discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 30, and denies that any statutory or wrongful employment actions were committed.

31. Our community has the right to expect that companies will adequately train all employees to follow all State and Federal antidiscrimination laws.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 31, and denies that any statutory or wrongful employment actions were committed.

32. Our community has the  right to expect that companies will adequately train all managers and supervisors to follow all State and Federal antidiscrimination laws.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 32, and denies that any statutory or wrongful employment actions were committed.

33. Our community has the right to expect that companies will adequately supervise managers to ensure they follow all State and Federal antidiscrimination laws.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 33, and denies that any statutory or wrongful employment actions were committed.

34. Our community has the right to expect that companies will have systems in place to prevent any form of discrimination against employees in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 34, and denies that any statutory or wrongful employment actions were committed.

35. Our community has the right to expect that companies will have systems in place to prevent any form of retaliation against employees that report discrimination in the workplace.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 35, and denies that any statutory or wrongful employment actions were committed.

36. Our community has the right to expect that companies will fairly investigate all reports of discrimination to protect employees from wrongful termination.

**ANSWER:** Allied need not respond to Plaintiff's legal conclusion in Paragraph 36, and denies that any statutory or wrongful employment actions were committed.

### Allied Universal's Alleged Systemic Failures

37. Allied Universal hires HR personnel that are not qualified or trained to follow the law prohibiting discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal denies all allegations in Paragraph 37 of Plaintiff's Complaint.

38. Allied Universal chooses not to train all employees to follow our laws prohibiting discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal denies all allegations in Paragraph 38 of Plaintiff's Complaint.

39. Allied Universal chooses not to train all employees to follow its policies aimed at preventing discrimination and retaliation in the workplace.

**ANSWER:** Allied Universal denies all allegations in Paragraph 39 of Plaintiff's Complaint.

40. Allied Universal chooses not to adequately supervise or monitor its workforce to ensure its management follows our laws and its own policies prohibiting discrimination and retaliation.

**ANSWER:** Allied Universal denies all allegations in Paragraph 40 of Plaintiff's Complaint.

### Allied Universal's Alleged Systemic Failure to Prevent Discrimination and Retaliation Results in Discrimination and Retaliation

41. In December of 2021, very near the holidays, Allied Universal hires several new security guards in Houston, Texas. Because there is a shortage of security guards, including armed guards, Allied does not train the guards at or near their hiring.

**ANSWER:** Allied Universal denies all allegations in Paragraph 41 of Plaintiff's Complaint.

42. After about a month of working as an armed guard, one of its new security guards, is placed into Allied Universal's Elite training program. This new guard is Kurdish, with a deep Kurdish ancestry. He is originally from Iraq, but is now a U.S. citizen. The Elite program is specifically for former military and police officers. Typically, those in the Elite program will be placed at H-E-B grocery store job sites.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 42 and denies the same.

43. During this training, one of Allied Universal's managers, named Patrick Freeney repeatedly makes fun of a Hispanic guard's accent. Eventually the Hispanic guard quits.

**ANSWER:** Allied Universal denies all allegation in Paragraph 43 of Plaintiff's Complaint.

44. Patrick Freeney then tells the new Kurdish guard that he must shave his beard. He hears the guard explain that he cannot shave his beard because it is part of his religion (Muslim)

to maintain a beard. Patrick responds that it is against Allied Universal's policy for the guards to have a beard. Patrick does not tell the other guards in class with beards they need to shave.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 44 and denies the same.

45. A few weeks later, one of Allied Universal's supervisors also tells the Kurdish guard that he must shave his beard. Again, the new guard explains that it is part of his religion to keep a beard. At no point does the manager or supervisor tell the new guard that he may request a religious accommodation.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 45 and denies the same.

46. Allied Universal continues to pressure the guard to shave his beard. Eventually he ends up shaving his beard in fear that if he does not, he will lose his job. When he starts working at different posts, however, he notices other security guards have beards at the same posts, some much longer than the beard he used to have.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 46 and denies the same.

47. Allied Universal issues several new security guards body cameras. It chooses not to issue one to the Kurdish guard.

**ANSWER:** Allied Universal denies all allegation in Paragraph 47 of Plaintiff's Complaint.

48. Allied Universal  issues several new security guards company IDs or company badges. It chooses not to issue one to the Kurdish guard.

**ANSWER:** Allied Universal denies all allegation in Paragraph 48 of Plaintiff's Complaint.

49. Allied Universal receives a request from the Kurdish guard for a badge and a body camera. It tells him repeatedly that none are available. Allied Universal continues issuing these items to other guards and chooses not to issue a body camera or badge to the Kurdish guard.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 49 and denies the same.

50. Soon after, Allied Universal's manager Patrick accuses the guard of missing a day of work. The guard proves to Patrick he did not miss a day. Patrick grows irate and starts screaming in the guard's face yelling something along the lines of:

> "If you're lying to me, I will fry you like a fucking chicken. I will fuck up your world. This is America. This is not where you came from. This is America, we run things differently. I don't know how the fuck you got into the military, a dumbass like you."

**ANSWER:** Allied Universal denies all allegations in Paragraph 50 of Plaintiff's Complaint.

51. Not long afterward, in April of 2022, the Kurdish guard is stationed at an H-E-B grocery store, on duty. The H-E-B store manager sends the guard a text message with some pictures of a man in the store. The text message states, "If on property he needs to leave." Under the pictures the store manager writes: "Attempted beer theft."

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 51 and denies the same.

52. The guard recognizes the man from a different H-E-B store where he was previously stationed. The man was arrested before.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 52 and denies the same.

53. The store manager calls the guard and states that he needs the guard inside the store. The guard recognizes that there are two men working together. These men are not allowed on H-E-B property.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 53 and denies the same.

54. The store manager says the men are stealing. He says they were kicked out earlier the same day. They are stealing a lot of beer and merchandise. The men walk around the cashier to leave the premises. The manager tells the guard not to let the men take any merchandise and asks the guard to stop them. When the guard asks the men to pay for the merchandise at the door, one of the men threatens to cut the guard up with a knife. The man is drunk. The guard asks the manager to call the police and detains the man in handcuffs.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 54 and denies the same.

55. While the guard is detaining the man, the police arrive and take custody of both men.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 55 and denies the same.

56. The next day, Allied Universal's manager, Patrick Freeney asks the guard to sign a report of the incident. The report is typed up and printed out. It states that the guard got out of his car and approached the drunk man for no reason, then pushed and handcuffed him. The report is a lie. The guard refuses to sign the report because it is not true. Patrick says it will look bad on the Kurdish guard. Patrick gets visibly angry and says "I'm done with your dumbass." Patrick tells the guard he is suspended. He tells the guard he must return the next day to turn in his gun and taser.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 56 and denies the same.

57. Patrick then says something along the lines of:

> "I will recommend you be fired. If you're not fire, I will do the best of my ability to get rid of you and fire you. I am gonna take your security license away. I will press charges on you for stealing my stuff if you don't return it. I will destroy you and fry you like a chicken. If you don't like it, you can go back to where you came from."

**ANSWER:** Allied Universal denies all allegations in Paragraph 57 of Plaintiffs Complaint.

58. The next day, when the guard returns to turn in his taser and hand gun, Patrick is on the phone. Patrick tells the person on the phone,

> "Hold on, I'm just here dealing with this sand-ni**er."

**ANSWER:** Allied Universal denies all allegations in Paragraph 58 of Plaintiffs Complaint.

59. The guard tells Allied Universal's manager Patrick that he is discriminating against him. Patrick gets up, closes the door, and starts cussing and threatening the guard all over again.

**ANSWER:** Allied Universal denies all allegations in Paragraph 59 of Plaintiffs Complaint.

60. The Kurdish guard is Twana Ahmed. He reports all of this in person to Allied Universal's human resource representative. Nothing happens.  He reports to Allied Universal's HR in writing, explaining that Patrick used racial slurs, physical threats, and he explains the discrimination and retaliation that Patrick forced him to endure. And still nothing happens.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 60 and denies the same.

61. At this point Allied Universal HR appears not to know about Twana's suspension. Twana asks what the status of his suspension is, and HR responds that it does not know.

**ANSWER:** Allied Universal is without sufficient knowledge or information to assess the truth or falsity of Plaintiffs allegations regarding Plaintiff's allegations contained in Paragraph 61 and denies the same.

62. Allied Universal never communicates to Twana that he is terminated.

**ANSWER:** Allied Universal denies all allegations in Paragraph 62 of Plaintiffs Complaint.

63. About a month after his reports, while Twana is trying to get more information about the status of his suspension, he finds out through an Allied Universal recruiter that he is marked ineligible for rehire.

**ANSWER:** Allied Universal denies all allegations in Paragraph 63 of Plaintiffs Complaint.

### ALLEGED COVERED EMPLOYER & EMPLOYEE

64. At all times relevant to this case Allied Universal was and is an employer within the meaning of TCHRA, Title VII, and Section 1981. Allied Universal employed Twana as an employee at all times relevant to this case within the meaning of the TCHRA, Title VII, and Section 1981.

**ANSWER:** Allied Universal need not respond to Plaintiff's legal conclusion in Paragraph 64, and denies that any statutory or wrongful employment actions were committed.

### ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES & TIMELINESS

65. Twana exhausted all administrative remedies required as a pre-requisite to filing this civil action. He timely dual-filed a charge of discrimination with (1) the Equal Employment Opportunity Commission ("EEOC") and (2) the Texas Workforce Commission Civil Rights Division ("TWC"). Twana provided the TWC more than 180 days to investigate his charge of discrimination, and Twana timely filed this civil action within 90 days of receipt of an EEOC notice of right to sue.

**ANSWER:** Allied Universal denies all allegation in Paragraph 65 of Plaintiff's Complaint.

66. Twana timely brings suit before the second anniversary of the date he dual-filed the charge of discrimination. He has not received any notice of right to file a civil action from the TWC. Pursuant to TCHRA § 21.252(d), failure to issue the notice of right to file a civil action does not affect his right to bring this suit.

**ANSWER:** Allied Universal denies all allegation in Paragraph 66 of Plaintiff's Complaint

67. Under Section 1981 there are no administrative exhaustion requirements. All of Twana's claims are brought within the statute of limitations applicable to Section 1981.

**ANSWER:** Allied Universal acknowledges that Section 1981 requires no administrative exhaustion. Except as expressly admitted, Allied Universal denies all remaining allegations in Paragraph 67 of Plaintiff's Complaint.

## ALLEGED CLAIM FOR RELIEF [TCHRA, TITLE VII, AND SECTION 1981]: RACE AND ANCESTRY DISCRIMINATION

68. The abbreviated background and allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

**ANSWER:** Allied Universal incorporates all prior paragraphs of this Answer.

69. The conduct described above shows that Allied Universal violated the TCHRA and Title VII by using race as a motivating factor in its treatment of employees throughout its work environment, and though its practices surrounding suspension, investigation, and termination decisions. These unlawful employment practices are ongoing.

**ANSWER:** Allied Universal denies all allegations in Paragraph 69 of Plaintiff's Complaint.

70. As a result of its unlawful employment practices, Allied Universal caused Twana harm and likely caused harm to many other employees on the basis of their race.

**ANSWER:** Allied Universal denies all allegations in Paragraph 70 of Plaintiff's Complaint.

71. The conduct described above shows that Allied Universal violated Section 1981 by using race, ethnic characteristics, or ancestry in its treatment of employees throughout its work environment, and through its practices surrounding suspension, investigation, and termination decisions. But for Twana's race or ancestry, Allied Universal would not have subjected him to racial slurs or verbal and physical threats. But for Twana's race or

ancestry, Allied Universal would not have suspended Twana for refusing to sign a false incident report. But for Twana's race or ancestry, Allied Universal would not have retaliated against Twana when he opposed its discrimination. But for Twana's race or ancestry, Allied Universal would not have terminated Twana.

**ANSWER:** Allied Universal denies all allegation in paragraph 71 of Plaintiff's Complaint.

72. As a result of the above, Allied Universal caused Twana harm, and likely caused harm to many others on the basis of their race.

**ANSWER:** Allied Universal denies all allegation in Paragraph 72 of Plaintiff's Complaint.

## ALLEGED CLAIM FOR RELIEF [TCHRA AND TITLE VII]: NATIONAL ORIGIN AND RELIGIOUS DISCRIMINATION

73. The abbreviated background and allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

**ANSWER:** Allied Universal incorporates all prior paragraphs of this Answer.

74. The conduct described above shows that Allied Universal violated the TCHRA and Title VII by using national origin and religion as motivating factors in its treatment of employees throughout its work environment, and though its practices surrounding suspension, investigation, and termination decisions. These unlawful employment practices are ongoing.

**ANSWER:** Allied Universal denies all allegations in Paragraph 74 of Plaintiff's Complaint.

75. As a result of its unlawful employment practices, Allied Universal caused Twana harm, and likely caused harm to many other employees on the basis of their national origin or religion.

**ANSWER:** Allied Universal denies all allegations in Paragraph 75 of Plaintiff's Complaint.

## ALLEGED CLAIM FOR RELIEF [TCHRA, TITLE VII, AND SECTION 1981]: RETALIATION

76. The abbreviated background and allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

**ANSWER:** Allied Universal incorporates all prior paragraphs of this Answer.

77. The conduct described above shows that Allied Universal violated the TCHRA, Title VII, and Section 1981 by retaliating against employees that report or oppose discrimination. These unlawful employment practices are ongoing.

**ANSWER:** Allied Universal denies all allegations in Paragraph 77 of Plaintiff's Complaint.

78. The conduct described above shows that Allied Universal retaliated against employees through its practices surrounding suspension, investigation, and termination decisions. But for Twana's opposition to discrimination, Allied Universal would not have suspended Twana for refusing to sign a false incident report. But for Twana's reports of discrimination, Allied Universal would not have terminated Twana.

**ANSWER:** Allied Universal denies all allegations in Paragraph 78 of Plaintiff's Complaint.

79. As a result of the above, Allied Universal caused Twana harm, and likely causes harm to many other employees that report or oppose discrimination.

**ANSWER:** Allied Universal denies all allegations in Paragraph 79 of Plaintiff's Complaint.

80. There may be more than one cause for an employment decision. If the jury does not believe the reason Allied Universal offers for its adverse actions, the jury may infer that Allied Universal would not have taken such adverse action but for Twana's protected activity.

**ANSWER:** Allied Universal denies all allegations in Paragraph 80 of Plaintiff's Complaint.

## ALLEGED CONDITIONS PRECEDENT

81. All conditions precedent to filing suit and to recovery on the asserted claims have occurred or been complied with.

**ANSWER:** Allied Universal denies all allegations in Paragraph 81 of Plaintiff's Complaint.

## ALLEGED EQUITABLE RELIEF

82. Private plaintiffs and their counsel in unlawful employment practice cases act as private attorneys general to serve the ultimate purposes of civil rights laws, such as prevention and elimination of discrimination. Due to the systemic problems at Allied Universal, there is a reasonable likelihood that Allied Universal will not comply with these civil rights laws in the future. Allied Universal has not taken steps to show that it is unlikely to discriminate in the future. Allied Universal has not taken steps to show that it is unlikely to retaliate based on protected activity in the future.

**ANSWER:** Allied denies all allegations in Paragraph 82 of Plaintiff's complaint and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 82 of Plaintiff's Complaint.

## ALLEGED PUNITIVE DAMAGES

83. Allied Universal engaged in discriminatory practices, including retaliation, with malice or with reckless indifference to the state-protected rights and federally-protected rights of its employees, including Twana. This petition seeks punitive damages sufficient to punish Allied Universal and to deter similar conduct in the future - in accordance with the TCHRA, Title VII, and Section 1981.

**ANSWER:** Allied denies all allegations in Paragraph 83 of Plaintiff's complaint and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 83 of Plaintiff's Complaint.

## ATTORNEY'S FEES

84. As a result of Allied Universal's conduct, Twana hired attorneys to represent him in

**ANSWER:** Allied denies all allegations in Paragraph 84 of Plaintiff's complaint and further denies that Plaintiff is entitled to any of the relief requested in Paragraph 84 of Plaintiff's Complaint.

## JURY DEMAND

85. Twana requests a jury trial on all issues triable of right or choice by a jury.

**ANSWER:** Allied Universal acknowledges that Plaintiff is requesting a jury trial, but denies any such trial is necessary or appropriate under the applicable facts and law, and asserts that Plaintiff has waived his right to a jury trial.

## REMEDIES REQUESTED

86. Texas Rule of Civil Procedure 47 requires an original petition to select among specified ranges of potential relief.  This original petition selects the range in Texas Rule of Civil Procedure 47(c)(4).  This range may change over time.  Twana is free to suggest more or less based on the evidence.  The  jury and judge are free to find more or less at trial based on the evidence.

**ANSWER:** Allied Universal denies that Plaintiff is entitled to any of the relief requested in Paragraph 86 of Plaintiff's Complaint.

87. This rule is meant to identify any expedited actions and the nature of the case at the time of filing.  The  rule does not affect a party's substantive rights.

**ANSWER:** Allied Universal states that no response is necessary to the legal conclusion contained in Paragraph 87. To the extent a response is necessary, Allied Universal denies that Plaintiff is entitled to any expedited actions.

88. Twana respectfully requests the following remedies:

    a.  Judgement against defendant on all claims asserted herein;

    b.  Upon a finding that defendant engaged in an unlawful employment practice or practices, appropriate injunctive relief prohibiting defendant from engaging in such unlawful employment practices in the future (with specifics to be tailored to the problems, deficiencies, and gaps that the evidences shows);

    c.  The following additional equitable relief:

        i.  Requiring defendant to adopt and implement procedures and policies better designed to ensure that race, ancestry, religion, or national origin play no role in its work environment or employment decisions-with specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

        ii.  Requiring defendant to provide training to all employees in the United States on discrimination prevention and related compliance with the civil rights laws violated -with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

        iii.  Requiring defendant to provide training to all employees in the United States on retaliation prevention and related compliance with the civil rights laws violated-with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;

      iv.    Requiring defendant to report on the manner of compliance with the terms of any final order for non-monetary equitable relief issued under the civil rights laws violated-with the reporting specifics to be tailored based on the evidence;

      v.    Equitable relief in the form of prejudgment interest;

      vi.    All further equitable relief, including back pay and front pay, that may be appropriate based on the evidence;

d.   Compensation for past emotional pam, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and other nonpecuniary loses;

e.   Punitive damages;

f.   Reasonable attorneys' fees and costs, including reasonable expert fees;

g.   Costs under the Texas Rules of Civil Procedure;

h.   Post-judgment interest as allowed by law; and

i.   All other relief to which he may show himself justly entitled under law or inequity.

**ANSWER:** Allied Universal denies that Plaintiff is entitled to any of the relief requested in Paragraph 88 of Plaintiff's Complaint.

## REQUIRED DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)l-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

**ANSWER:** Allied Universal states no response is necessary to Plaintiff's paragraph requiring disclosures. To the extent a response is necessary, Allied Universal denies that Plaintiff is entitled to any required disclosures.

**PRAYER**

For the reasons set forth above, Plaintiff, Twana Ahmed respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**ANSWER:** Allied Universal denies that Plaintiff is entitled to any of the relief requested in the Prayer of Plaintiff's Complaint.

**ALLIED UNIVERSAL'S AFFIRMATIVE AND OTHER DEFENSES**

Allied Universal states the following defenses to Plaintiff's Complaint, but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted. Allied Universal reserves the right to assert other affirmative and/or additional defense and otherwise to supplement this answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to allege facts sufficient to state a claim against Allied Universal upon which relief can be granted for the claim asserted.

**SECOND DEFENSE**

The allegations in Plaintiff's Complaint are conclusory in nature and failed to adequately describe in detail facts sufficient to sustain a claim.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part, by the applicable statute(s) of limitations.

### FOURTH DEFENSE

Allied Universal at all times acted in good faith to comply with all applicable laws and with reasonable ground to believe that Allied universal action did not violate the statute cited in the Complaint.

### FIFTH DEFENSE

Plaintiff's claims may be barred in who or in part, by the doctrine of accord and satisfaction, after-acquired evidence, arbitration and award, assumption of the risk, bad faith, contributory negligence, duress, entire controversy, estopple, exclusive remedy, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, recission or mutual abandonment, standing, statute of frauds, statute of limitations, unclean hands, waiver, and/or other principles of equity.

### SIXTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees and/or costs.

### SEVENTH DEFENSE

The complaint is barred, in whole or in part, to the extent that Plaintiff is subject to mandatory, binding arbitration pursuant to an arbitration agreement signed in connection with his employment. Allied Universal reserves the right to compel individual arbitration of claims, and/or to file a motion to strike the jury demand.

### EIGHTH DEFENSE

Assuming, arguendo, that Plaintiff has stated facts sufficient to support claims for violations of the law cited, Allied Universal exercised reasonable care to prevent and promptly

correct any alleged discrimination, reprisal, retaliation, and/or interference, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Allied Universal to avoid harm or otherwise. Allied Universal cannot be held liable for any such conduct, because Allied Universal neither knew of such conduct, acquiesced in such conduct, nor condoned such conduct.

## NINTH DEFENSE

Plaintiff's Complaint must be dismissed to the extent she failed to satisfy and/or fully exhaust his administrative remedies, condition precedent, and/or statutory prerequisites.

## TENTH DEFENSE

To the extent Plaintiff's claims are based upon alleged intentional misconduct of specific employees and/or non-employees, UPS cannot be held liable for such conduct based upon theories of *respondeat superior* or vicarious liability or any other manner of imputing liability.

## ELEVENTH DEFENSE

Plaintiff may not be entitled to recover punitive damages, including because any award of punitive damages would violate the constitutional rights of Allied Universal, including, but no limited to, Allied Universal's rights under the due process clause of the Fifth and Fourteenth Amendments of the United States.

## TWELFTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Allied Universal specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitations that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996). *Cooper Industries, Inc. v. Leatherman Tool Group*,

*Inc.* 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, No. 051256 (U.S. Feb. 20, 2007).

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover damages from Allied Universal for the acts alleged in the Complaint on the grounds that none of Allied Universal's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSE

Because the Complaint is couched in conclusory terms, Allied Universal cannot fully anticipate all defense that might be applicable this action. Accordingly, Allied Universal reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

WHEREFORE, having fully answered the Complaint, Allied Universal respectfully requests that the court issue an Order dismissing the Complaint in its entirety with prejudice, granting judgement in favor of Allied Universal, award cost, including attorney fees, to Allied Universal, and granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul
Texas Bar No. 24112896
MARTENSON, HASBROUCK & SIMON LLP
500 Davis Street, Suite 1003
Evanston, Illinois 60201
Tel.: (224) 350-3120
Fax: (404) 909-8120
MARTENSON, HASBROUCK & SIMON LLP
keisenlohr-moul@martensonlaw.com
*Attorney for Allied Universal*

## **CERTIFICATE OF SERVICE**

I certify that on this 8th day of August 2023, I electronically filed this document using the CM/ECF system which will send a notice of electronic filing to all counsel of record and mailed a copy of the document to:

Amanda C. Hernandez
State Bar No. 24064411
5718 Westheimer, Ste. 1000
Houston, TX 77057
Tel. 713-588-4359
Email: amanda@ahfirm.com

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul