# EXHIBIT B

# ARBITRATION POLICY AND AGREEMENT

## (Revised: August 19, 2019)

In recognition that differences may arise during the employment relationship and/or as a result of the termination of that relationship, the "Company" (defined in Section 1) has adopted this Arbitration Policy and Agreement ("Agreement"), effective as of the revision date above, to provide for the mutually-agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court.

The Company and you agree as follows:

1. **Parties and Effective Date:** The "Company" means Universal Services of America, LP; and its subsidiaries, affiliates, and related companies, and their successors and assigns. The Company specifically includes, but is not limited to, the following entities: Allied Universal Security Services; Universal Protection Service LLC; Universal Protection Service LP; Universal Building Maintenance, LLC; Universal Thrive Technologies, LLC; Universal Protection Security Systems, LP; AlliedBarton Security Services (NC) LLC; Peoplemark, LLC; Allied Universal Security Systems; Allied Universal Janitorial Services; Allied Universal Staffing Services; U.S. Security Associates, Inc.; Andrews International Government Services, Inc.; Staff Pro, Inc.; Securadyne Systems, LLC; SFI Electronics, LLC; and UPS Seattle, LLC. You are referred to herein as the "Employee." The Company and the Employee are collectively referred to herein as the "Parties." This Agreement is effective as of the date that the Employee receives it (the "Effective Date"), but it shall not be binding on either Party if the Employee timely elects to Opt Out as described in Section 3.

2. **Arbitration Overview**: In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an arbitrator, rather than a judge or jury. The arbitrator is either an attorney or a retired judge. During the arbitration proceeding, you are entitled to be represented by your own legal counsel in the arbitration proceeding, just as the Company is entitled to be represented by its own legal counsel. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a decision (also called an award) to resolve the dispute. The arbitrator's decision is final and binding, which means there is no trial by a judge or jury or appeal of the arbitrator's decision, except as provided by law.

3. **Opt-Out Rights; Acceptance**: Arbitration is not a mandatory condition of employment with the Company. You have 30 calendar days after receiving this Agreement to opt out of arbitration (the "Deadline"). Opting out means that you do not want to be bound by this Agreement and do not want to arbitrate any claims you or the Company may have against each other. If you opt out by the Deadline, neither you nor the Company will be bound by this Agreement.

   To opt out, you must provide notice to the Company by the Deadline, in writing, of your desire to opt out of arbitration, which writing must be dated, signed and delivered by either: (1) electronic mail to newhire@aus.com, or (2) by certified mail, postage prepaid and return receipt requested, or by any nationally recognized delivery service (e.g, UPS, Federal Express, etc.) that is addressed to:

   Allied Universal
   c/o Corporate HR Manager
   1551 N. Tustin Ave, Suite 650
   Santa Ana, CA 92705

   In order to be effective, (a) the writing must clearly indicate your intent to opt out of this Agreement, (b) the writing must include your name, phone number, email address, and employee ID, and (c) the email or envelope containing the signed writing must be sent by the Deadline. If you are emailing your intent to opt-out, you must send it from the same email address you used

AUS 00071

to either submit your application or complete the onboarding process.

If you do not opt out of this Agreement by the Deadline, continuing your employment after receiving this Agreement constitutes mutual acceptance of the terms of this Agreement by you and the Company, and binding arbitration will be the sole method by which disputes between you and Company are resolved, except to the extent set forth herein. You have the right to consult with counsel of your choice concerning this Agreement.

If you have previously agreed to an arbitration provision with the Company, you may opt out of any revisions to your prior arbitration agreement made by this Agreement in the manner specified in this section, but opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements that you may have with the Company.

4. **Claims Covered by this Agreement:** To the fullest extent authorized by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company, or the Company against the Employee, which could be brought in a court of law, unless otherwise set forth in this Agreement. Examples of claims covered by this Arbitration Policy and Agreement specifically include, but are not limited to, claims for breach of any contract (written or oral, express or implied); fraud, misrepresentation, defamation, or any other tort claims; claims for discrimination and/or harassment; claims for wrongful termination; claims relating to any offers, promotions, or transfers made by the Company; claims for retaliation; claims for non-ERISA-covered benefits (such as vacation, bonuses, etc.); claims for wages or other compensation, penalties or reimbursement of expenses; breaks and rest period claims; claims relating to background checks; and claims for violation of any law, statute, regulation, ordinance or common law, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967; the Older Workers' Benefit Protection Act of 1990; the Americans with Disabilities Act; the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Labor Standards Act; and any other applicable federal, state, or local laws relating to discrimination in employment, leave, and/or wage and hour laws, whether currently in force or enacted hereafter.

All claims for permanent injunctive and/or other equitable relief shall be covered by this Arbitration Policy and Agreement. However, both Parties retain the right to seek, in a court of competent jurisdiction, a temporary restraining order, preliminary injunction or other emergency/provisional injunctive relief, in order to protect their rights pending final resolution of any disputes in arbitration. This provision includes, but is not limited to, disputes over the enforceability of any employment-related restrictive covenants, the disclosure of trade secrets or confidential/proprietary information, and defamation.

Covered claims include any claim arising from incidents, facts, or circumstances occurring prior to the Effective Date of this Agreement; any claims that arise thereafter; and claims that are the subject of purported putative class, collective, consolidated, or representative action litigation brought by any other employee.

The Parties also agree that this Agreement is intended to benefit certain third parties. To that end, claims covered by this Agreement also include any claim or cause of action that the Employee may have against the Company's former or current clients (and their employees, contractors, representatives, or agents), customers, vendors, employees, contractors, directors, officers, shareholders, or other agents, or that the Company may have against the Employee's former or current business partners or other agents, where such claims arise out of or are in any way related to the Employee's employment with the Company. Such third parties have the right to demand arbitration under the terms and conditions of this Agreement.

You may learn more about your legal rights by visiting websites hosted by federal, state, and local

AUS 00072

governmental agencies. Current links to some of these federal websites are listed, although they are subject to change by the hosting agencies: www.nlrb.gov, www.dol.gov, and www.eeoc.gov.

Nothing in this Agreement shall be deemed to preclude or excuse a Party from bringing an administrative claim before any agency in order to fulfill the Party's obligation to exhaust administrative remedies before making a claim in arbitration.

5. **No Class or Collective Action Claims:** To the fullest extent permitted by law, the Parties agree that each may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue, join or act as a plaintiff or class member in any purported class or collective proceeding.

   The Parties agree that any challenges to this section must be presented before a court, not an Arbitrator. If a court determines that any portion of this section is not enforceable, the Parties agree that any class or collective action that is allowed to proceed must proceed in a court, not in Arbitration.

   If a court determines that any portion of this section is not enforceable and that therefore a class or collective action must proceed in court, the Parties agree that any remaining individual claims otherwise covered by this Agreement must be arbitrated, and that the non-arbitrable class or collective claims would be stayed in Court pending the completion of the arbitration.

6. **Rules For California Employees Relating to Representative and PAGA claims:** This Agreement does not apply to or compel the arbitration of claims brought under California's Private Attorney General Act of 2014, California Labor Code Sections 2699 et seq. ("PAGA Claims"). Notwithstanding any other provision in this Agreement to the contrary, PAGA Claims must be pursued in the appropriate court of law. The Parties agree that the arbitrator may not consolidate more than one individual's claims, and may not otherwise preside over any form of representative proceeding, including, but not limited to, any representative action under California Business and Professions Code Sections 17200 et seq. If either Party has non-PAGA Claims against the other Party, then the Parties agree that those non-PAGA Claims must first be pursued in arbitration, regardless of which claims or actions were filed first. The pending court PAGA action shall be stayed pending full and final resolution of the arbitration pursuant to California Code of Civil Procedure Section 1281.2 and related law.

7. **Severability:**  If a court determines that any portion of this Agreement, including the class, collective and/or representative action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement to be enforced to the fullest extent permitted by law. However, the Parties expressly do not agree to the resolution of any class, collective or representative claim in arbitration. Therefore, in the event a court were to determine that the class, collective and/or representative action waiver of this Agreement is unenforceable, such class, collective or representative proceeding must be heard in a court of law. In no event may the arbitrator consolidate more than one individual's claims or otherwise preside over any form of a class, collective, or representative proceeding. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Agreement.

8. **Claims Not Covered by this Agreement:**  This Agreement does not cover claims the Employee may have for workers' compensation, unemployment compensation benefits, medical or other employee welfare or pension benefits under the Employee Retirement Income Security Act (ERISA), claims brought under the National Labor Relations Act, claims covered by an applicable collective bargaining agreement, or any other claims found not subject to mandatory arbitration by governing law. Additionally, nothing in this Arbitration Policy and Agreement precludes Employee from filing a charge or from participating in an administrative investigation of a charge before an appropriate government agency such as the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration, the National Labor Relations Board, or similar

AUS 00073

state or local agency. Moreover, disputes that may not be subject to pre-dispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act are excluded from the coverage of this Agreement. Additionally, this Agreement does not apply to claims involving an employee who is covered by a collective bargaining agreement at the time the dispute arises or is filed.

9. **Non-Waiver of Rights**:  No remedies or defenses that would otherwise be available to the Parties individually in a court of law are being forfeited under this Arbitration Policy and Agreement. Notwithstanding the unavailability of class, representative, or collective arbitration under this Agreement, nothing herein is intended to limit your rights under the National Labor Relations Act, and you will not experience any retaliation for exercising such rights.

10. **Interpretation; Governing Law:** Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act.

11. **Arbitration Procedures:**

    a. Applicable Rules.

    Any arbitration under this Arbitration Policy and Agreement shall be conducted pursuant to the Employment Arbitration Rules of JAMS. These Rules are available for review on JAMS website at www.jamsadr.com. If the Employee would like a copy of the Rules, the Employee may request a copy by sending an electronic mail request to the Company's Employment Practices Group at employmentpracticesgroup@aus.com, or via written request to:

    > Employment Practices Group c/o Legal Services Group
    > Allied Universal
    > Eight Tower Bridge
    > 161 Washington Street, Suite 600
    > Conshohocken, PA 19428

    If there is any discrepancy between JAMS Rules and this Arbitration Policy and Agreement, this Arbitration Policy and Agreement shall prevail. The Parties may mutually agree to use a different but comparable arbitration service provider other than JAMS.

    The arbitration shall take place in the state and county where the Employee was hired to perform work, performs work or performed work for the Company, unless the Parties mutually agree to conduct the arbitration elsewhere.

    b. Selection of Neutral Arbitrator and Scope of Authority.

    The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. If the Parties cannot agree on a neutral arbitrator, the Employee and the Company will use the strike and ranking method provided for under JAMS rules.

    The neutral arbitrator shall have exclusive authority to resolve any dispute covered by this Agreement.

    The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their

individual capacity, had the matter been heard in court.

The arbitrator may not, however, add to or modify this Arbitration Policy and Agreement. No arbitrator shall have the authority to alter the at-will employment status of the Employee or to impose any limit on the Company's discretion to discipline or discharge the Employee, except as otherwise provided by law.

The same statutes of limitations, remedies, and defenses that would apply to and be available in a claim in court will apply to and be available on the claim in arbitration.

No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

The Parties further agree that they shall have the right to bring a dispositive motion in arbitration (e.g., Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, etc.) and that any such motion will be decided under the appropriate standards set forth in the Federal Rules of Civil Procedure.

c. Discovery.

The Parties agree that reasonable discovery is essential to the just resolution of any claims which may be covered by this Arbitration Policy and Agreement. Accordingly, nothing in this Arbitration Policy and Agreement or in the JAMS Rules shall be interpreted to limit the Parties' rights to reasonable discovery. Rather, reasonable discovery shall be allowed that is sufficient to ensure the adequate arbitration of any claims covered by this Arbitration Policy and Agreement. Generally, the Parties agree that reasonable discovery means up to three depositions per side, one set of requests for production of documents with up to 35 requests, and one set of interrogatories with up to 25 interrogatories. In the event that the Parties believe this scope of discovery is inadequate, the Parties shall meet and confer and try to reach agreement on the scope of discovery and the arbitrator shall have discretion to resolve any disagreement concerning the scope of discovery and to allow discovery determined by the arbitrator to be reasonably necessary to the just resolution of the dispute considering the streamlined nature and purpose of arbitration.

d. Post-Hearing Briefs, Written Opinion and Award.

At the election of either Party, the arbitrator shall direct the Parties to submit post-hearing briefs within 30 days of the close of the arbitration hearing. The arbitrator shall issue a written opinion and award within 30 days following the deadline for submission of post-hearing briefs. The written opinion and award shall be signed and dated, and shall generally set forth the reasons for the arbitrator's decision. The arbitrator shall be permitted to award those remedies and damages that are available under applicable law and that would otherwise be available in a court of law. The arbitrator's decision regarding the claims shall be final and binding upon the Parties, unless a court of competent jurisdiction finds that the arbitrator manifestly disregarded the applicable law. The arbitrator's award shall be enforceable in any court having proper jurisdiction. Any Party may be represented by an attorney or other representative. The Parties' appeal rights are governed by the Federal Arbitration Act.

e. Arbitration Fees and Costs.

The Employee will be required to pay a reasonable cost to initiate the arbitration equal to what the Employee would be charged to initiate a lawsuit in state court in the county where the arbitration proceeding is pending. The Company shall pay all fees and costs that are unique to the arbitration process, including the arbitrator's fees. The Employee

shall not be required to pay any type or amount of expense if such requirement would invalidate this Agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The arbitration hearing is not required to be stenographically recorded, but may be at the option of either Party. The Party requesting the arbitration hearing to be stenographically recorded is responsible for paying for the court reporter's service.

Except as set forth above, each Party shall pay its own attorneys' fees and costs. If, however, any Party prevails on a statutory claim that affords the prevailing Party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing Party in accordance with applicable law.

12. **Term of Agreement and Modification:** This Arbitration Policy and Agreement shall remain in effect even after the termination of the Employee's employment with the Company. However, the Parties may mutually agree, in writing, not to arbitrate any claim or dispute that otherwise may be covered by this Arbitration Policy and Agreement. The Parties may also mutually agree, in writing, to modify the rules or conditions relating to any arbitration arising from this Agreement. Additionally, the Company reserves the right to modify this Agreement at any time, provided that any such unilateral modification will only take effect 30 days after notice is given to the Employee. Any such modification will have prospective effect only, and will not alter the terms of this Agreement with respect to any claim arising prior to the effective date of the modification.

13. **Entire Agreement:** This is the complete agreement of the Parties on the subject of arbitration of disputes (except for any arbitration agreement that may exist in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No Party is relying on any promises, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. However, if the Employee chooses to Opt-Out of this Agreement prior to the Deadline, any prior agreement between the Parties mandating arbitration will continue to be enforced.

14. **Waiver of Trial By Judge Or Jury:** The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

15. **Not an Employment Contract:** This Arbitration Policy and Agreement is not, and shall not be construed to create, a separate contract of employment, express or implied, nor shall this Arbitration Policy and Agreement be construed in any way to change the relationship between the Company and the Employee from that of at-will employment.

16. **Consideration:** The Parties agree and promise to resolve the claims covered in this Agreement by arbitration. In addition to the at-will employment being offered and/or provided by the Company, these mutual promises are consideration for each Party.

17. **Copies of this Agreement:** You are encouraged to print or save a copy of this Agreement for your own records. Current versions of this Agreement are also available online through eHub, and this version of the Agreement can be provided to you upon written request to Human Resources.

**Acknowledgment of Receipt of arbitration policy and agreement**

I, the undersigned employee, acknowledge that I have received a copy of the Company's Arbitration Policy and Agreement (the "Agreement"), in effect as of August 19, 2019. I understand that I am bound by the terms of the Agreement, unless I affirmatively opt-out of the Agreement within 30 days of my receipt of

AUS 00076

the Agreement in the manner described in Section 3 of the Agreement.

By my electronic signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask questions about the Agreement, and that I understand the Agreement. I further acknowledge that I understand how to obtain this Agreement for later reference.

I also acknowledge that I understand and can read English. If I do not read and understand English, I agree that I will not proceed with this onboarding and will instead email newhire@aus.com immediately to request Spanish-language translations of these documents. I understand that oral requests may not be honored.

Yo támbien reconozco que puedo entender y leer inglés. Si yo no puedo leer o entender inglés, yo acepto que no procederé con este proceso y que envíare un correo electronico a newhire@aus.com immediatamente para peticionar traducciones en español de estos documentos. Yo entiendo que peticiones orales no seran honoradas.

☑ **Employee Signature** Twana Ahmed 12/15/2021 2:35 PM
(checking the checkbox above is equivalent to a handwritten signature)

AUS 00077