IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | No. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP, d/b/a | § | Jury |
| Allied Universal, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**PLAINTIFF TWANA AHMED'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE JURY DEMAND**

---

### I.    NATURE AND STAGE OF PROCEEDING

This case concerns the civil rights of workers. It involves a Defendant that fails to protect its workers from retaliation when they report discrimination. It involves Defendant's manager threatening to physically harm a worker. And it involves Defendant's manager calling the worker a sand-nigg*r while suspending him for refusing to sign a false incident report.

The civil rights at issue entail discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21.

Docket call is set for **February 7, 2025**.

## II.    ISSUE

The issue at hand is simple: whether Twana Ahmed's right to a trial before a jury of his peers should be struck because of an *arbitration agreement* that Defendant has elected not to pursue.

## III.    STANDARD OF REVIEW: AMBIGUOUS WAIVERS ARE UNENFORCEABLE

Appellate courts review *de novo* the legal question of whether a party is entitled to a jury as guaranteed by the Seventh Amendment. *See Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540 n.2 (5th Cir. 2023). Federal law governs the question. *See id.* at 542 n. 18 ("[T]he Supreme Court has held, '[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions.' ... The federal circuits courts have overwhelmingly addressed the enforceability of jury waivers under federal law."). Under federal law, interpretation of an un-ambiguous contractual provision is a question of law for the court—and a jury can resolve any am-biguity. *See Cunningham and Co., Inc. v. Consol. Realty Mgmt., Inc.*, 803 F.2d 840, 842-43 (5th Cir. 1986) ("The roles of judge and jury in the interpretation of contracts are set by federal law, even in diversity cases ... However, if the court determines that the contract is ambiguous and that ex-trinsic evidence on such matters as the parties' intent, local usage, or course of dealing will help to resolve the ambiguity, the judge may submit those matters to the jury ... After the jury has resolved any factual questions, the court applies that finding in its interpretation.").

Ambiguous jury waivers, however, are different than other contracts because of the constitu-tional issue involved [the Seventh Amendment right to trial by jury]. *See, e.g., K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 755-56 (6th Cir. 1985) (magistrate correctly observed that "the con-stitutional right to jury trial may only be waived if done knowingly, voluntarily and intentionally,

and that whether this standard was met in a given case is a constitutional question separate and distinct from the operation of rules of substantive contract law").

For jury waivers, unlike other contracts, the presumption is against enforcement [as defense concedes]. *See* Doc. 25 at p. 3. In practice, that presumption means three related things: First, a waiver must be made knowingly, voluntarily, and intelligently [as defense also concedes]. *See id.* Second, courts must indulge every reasonable inference against waiver. *See Jennings v. McCormick*, 154 F. 3d 542, 545 (5th Cir. 1998) ("'[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver.'"). Third, and in combination, this means ambiguous waivers are ineffective. Because waivers must be made knowingly. And a required reasonable presumption is an ambiguous waiver is an unknowing waiver. *See id.* ("The right to jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation.").[1]

## IV.    SUMMARY OF ARGUMENT

Here, the proffered language is unambiguous: Both text and context here show waiver of "the right to have a trial in front of a judge or jury" (1) is part of, and contingent upon, arbitration under

---

[1] *See also, e.g., Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 U.S. Dist. LEXIS 99837, at *36 (S.D. Fla. June 8, 2020) ("to the extent [terms] are ambiguous, such ambiguity must be construed against the drafter.... This is particularly true where the drafter seeks to enforce a jury trial waiver provision.... [E]ven if the issue was close, the Court is required to 'indulge[] every reasonable presumption against waiver.'"); *Azure, LLC v. Figueras Seating U.S.A., Inc.*, No. 12-CV-23670-UU, 2014 WL 11531792, at *3 (S.D. Fla. Apr. 22, 2014) ("Here, the scope of the waiver provision is glaringly ambiguous.... the Court finds that [party] did not knowingly and voluntarily waive its right to a jury trial as to [claims]."); *Fgdi, Inc. v. Bombardier Capital Rail Inc.*, 383 F. Supp.2d 1350, 1353 (M.D. Fla. 2005) ("having concluded the jury waiver provision is ambiguous in this instance, the Court does hereby find Plaintiff did not knowingly, voluntarily and intelligently waive its right to a trial by jury.").

an arbitration agreement; (2) refers to arbitration; and (3) most importantly, is limited in scope to arbitration itself: Arbitration will have no judge or jury. But even if its scope were ambiguous or somehow unclear—even if both sides proffer reasonable interpretations—that still means it cannot be enforced as a jury waiver. Because of the presumptions the Seventh Amendment requires. So, while ambiguity in a regular contract might lead to a jury trial to resolve differing reasonable interpretations, for a jury waiver, ambiguity means unenforceability. Ambiguity means waiver is not made knowingly.

## V. Argument and Authority

### A. There is no jury waiver. There is just an *arbitration agreement*, whose provisions are inapplicable in this forum.

> It is clear that the implicit waiver of trial by jury in an agreement to arbitrate constitutes a waiver of the entire litigation process in the judicial system; if a dispute nevertheless ends up in the courts, it stands to reason that the litigation is to proceed without an attempt on the court's part to somehow mimic arbitration. In such cases, the full judicial process, *including any right to a jury trial which may have existed*, becomes available to the parties. To hold otherwise could lead to such illogical consequences as the denial of the discovery process in litigation between parties that had agreed to but are precluded from arbitrating their dispute. [One party] cannot be held to have waived its right to a jury as to [the other party]'s claims against it since the relinquishment of that right was intended only when the parties expected that there would in fact be arbitration.

—*Silc v. Crosetti*, 956 F. Supp. 2d 957, 961 (N.D. Ill. 2013)
(quoting *Nat'l Iranian Oil Co. v. Ashland Oil*, 716 F. Supp. 268, 270 (S.D. Miss. 1989).

The *Ashland* quote explains *why* waiver of a jury trial in an arbitration agreement should apply only when disputes are resolved through arbitration (as that was the expectation). Holding other-

wise would lead to "illogical consequences." Unlike the jury waiver document that this Court an-

alyzed in *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc.,* No. H-04-2220, 2006

U.S. Dist. LEXIS 90706 (S.D. Tex. Dec. 15, 2006), this case strictly involves an *arbitration agree-*

*ment.*

Defendant concedes that Twana Ahmed timely requested a jury trial. Doc. 25, p. 1 ¶ 2. De-

fendant also concedes that the clause it seeks to invoke is a provision contained in an "Arbitration

Policy and Agreement." *Id.* at p. 2. The arbitration agreement starts as follows:

---

### ARBITRATION POLICY AND AGREEMENT

### (Revised: August 19, 2019)

In recognition that differences may arise during the employment relationship and/or as a result of the termination of that relationship, the "Company" (defined in Section 1) has adopted this Arbitration Policy and Agreement ("Agreement"), effective as of the revision date above, to provide for the mutually-agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court.

The Company and you agree as follows:

1. **Parties and Effective Date:** The "Company" means Universal Services of America, LP; and its subsidiaries, affiliates, and related companies, and their successors and assigns. The Company

---

Ex. 1 (Defendant's Arbitration Agreement) at App. 003.

The purpose of the document is to lay out the terms and procedures of the "arbitration pro-

cess for the resolution of any such disputes as an alternative to litigating such claims in court." *Id*.

It goes on to enumerate various arbitration terms. Some examples include:

- ▪ 2. Arbitration Overview: In arbitration, each side in the dispute presents its case, including evidence to a neutral third party called an arbitrator, rather than a judge or jury. *Id*.

- ▪ 11. Arbitration Procedures:

  a.   Applicable Rules

> Any arbitration under this Arbitration Policy and Agreement shall be conducted pursuant to the Employment Arbitration Rules of JAMS. *Id*. at App. 006 ¶ 11.

> b. <u>Selection of Neutral Arbitrator and Scope of Authority</u>
> The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. *Id*.

The section at issue is also simply a passage *in* the arbitration agreement—making clear that the very nature of an arbitration process forgoes the right to a trial by a judge or jury.

> 14. <u>**Waiver of Trial By Judge Or Jury:**</u>  The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

*Id*. at 7.

*Rudel v. Serv. Corp. Int'l* is on point. No. 2:13-CV-351, 2015 U.S. Dist. LEXIS 49343 (S.D. Tex. Apr. 15, 2015). There, plaintiff Rudel signed an arbitration agreement that stated in part, "In order to ensure equitable and cost-effective resolution of these matters, *employment related disputes will be resolved by arbitration*, in accordance with the following procedures." *Id*. at *1-2. Accordingly, Judge Tagle noted that unlike stand-alone jury waivers, "the plain language of the contractual provision in this case waives both a jury and a court trial in favor of arbitration." *Id*. at *3 (finding no separate jury waiver and denying defendants' motion to strike plaintiff's jury demand). The motion to strike was thus denied. *Id*.

Defendant is not attempting to compel arbitration. Instead, Defendant wants a waiver of a trial by jury, separate and apart from the arbitration forum. A reasonable person could believe that the clauses in the arbitration agreement were not meant to exist outside of that forum. And so he

could not knowingly, voluntarily, and intelligently waive his right to a jury trial *in Court* when both parties have elected to utilize the court system and not pursue arbitration.

**B. The Fifth Circuit views waivers within arbitration agreements as explaining arbitration—not as stand-alone waivers outside arbitration.**

> We agree with the district court that 'the most plausible way to interpret a class action waiver in the middle of an arbitration provision is *as part of the explanation of the rules, rights, and procedures that apply if a dispute is arbitrated—' not as an independently effective waiver* of the right to pursue a class action outside the arbitration context.'

—*Vine v. PLS Financial Servs., Inc.,*
807 F. App'x 320, 328 (5th Cir. 2020).

In the context of class action waivers, even without Seventh Amendment jury waiver protections, the Fifth Circuit distinguishes between waivers within an arbitration agreement and those that stand alone. *See id.* In *Vine*, the Fifth Circuit noted that plaintiffs in litigation "gave up their right to participate in a class action by virtue of their agreement to resolve disputes exclusively through individual arbitration. *But once [the other side] waived the arbitration provision, the [plaintiffs] were free to select another form of dispute resolution*, including a class action...." *Id.*

Here, like *Vine*, context matters: The placement of the jury waiver here is within a document titled "Arbitration Policy and Agreement." Ex. 1 at App. 003. Within a sentence about "entering into this Agreement providing for binding arbitration." *Id* at App. 008 ¶ 14. This shows it is dependent on arbitration. Rather than stand alone or, as the Fifth Circuit put it, "full stop—*not just as a consequence of agreeing to arbitrate*." *Vine,* 807 F. App'x at 328. Here, it is just a consequence of agreeing to arbitrate. Like the class action waiver in *Vine*, it is just "part of the explanation of the

rules, rights, and procedures that apply *if* a dispute is arbitrated." *Id.* Under the same reasoning in *Vine*, the proffered jury waiver here [like the class action waiver in *Vine*] is inapplicable because the parties have elected not to pursue arbitration.

### C. With the disjunctive "Judge Or Jury"—when can a party choose jury?

Defendant argues that the use of "the disjunctive is the difference that matters here." Doc. 25, p. 11 ¶ 1.[2] Defendant does not cite a single case where the "jury waiver" in question uses this disjunctive language. *See* Doc. 25. While the plain language of the arbitration agreement, on its face, shows this section has no meaning outside of the arbitration forum, let us play devil's advocate for a moment. Should this section of the arbitration agreement have any meaning in this forum whatsoever, we'd be inclined to agree—the disjunctive does make all the difference. And Twana Ahmed chose *jury* from the very beginning. But what if he were actually in the arbitration forum? Would he be able to choose jury there? Defendant argues that the word "or" necessarily requires "one or the other." When then, would anyone, ever, be able to *choose* a jury in arbitration? And when would he ever be able to choose a judge?

The simple truth is that this section of the arbitration agreement is meant to state the obvious. That arbitration does not allow trial before a judge or before a jury. It is also identical in substance to the provision found inapplicable in the *Rudel* opinion, including its use of the word "or."

As part of the agreement, there is a "**NOTICE TO EMPLOYEE**" that states,

---

[2] Defendant's citations to *Wellogix* & *In re Prudential* offer no support to its argument. *Wellogix* involves a motion to dismiss pursuant to a forum selection clause and *In re Prudential* concerns a jury waiver, *not* an arbitration agreement. Both are inapplicable. *See Wellogix Inc. v. BP Am., Inc.*, No. 08-119, 2008 U.S. Dist. LEXIS 136637 (S.D. Tex. Dec. 8, 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004).

**BY SIGNING THIS AGREEMENT, YOU ARE AGREEING TO HAVE ANY AND ALL DISPUTES BETWEEN YOU AND YOUR COMPANY EXCEPT THOSE SPECIFICALLY EXCLUDED IN SECTION 2 ABOVE) DECIDED BY BINDING ARBITRATION AND YOU ARE WAIVING YOUR RIGHT TO A JURY OR COURT TRIAL.**

*Rudel* at *2.

There was no separate jury trial waiver in *Rudel*, and there isn't one here.

**D. Defendant's proposed interpretation would cause the absurd result that a party could choose to litigate in court without a judge.**

> Some outcome-pertinent consequences—what might be called textual consequences—are relevant to a sound textual decision—specifically, those that: (1) cause a private instrument or governmental prescription to: ... produce an absurd result.

—Antonin Scalia & Bryan A. Garner,
Reading Law: The Interpretation of Legal Texts § 61 (2012)

If the clause here applies outside of arbitration [*i.e.*, in court], as defense suggests, the disjunctive "or" would permit either side to strike the judge—just as much as it would permit either side to strike the jury. After all, the two are stated in the disjunctive: "they are giving up their right to have a trial in front of a judge *or* jury." Ex. 1 at App. 008 ¶ 14. This would lead to the absurd result that a case could proceed in court but without a judge.

Consider *Laubenstein v. Conair Corp.* No. 5:14-CV-05227, 2014 U.S. Dist. LEXIS 163410 (W.D. Ark. Nov. 19, 2014). *Laubenstein* was also a wrongful termination case. *See id.* at *2. An employer moved to strike a jury if the case proceeded in court rather than arbitration. *See id.* Like here, the employer relied on a "judge or jury" clause within an arbitration agreement: "both the

Company and the employee are giving up any right that they might otherwise have to have a judge or jury decide any such employment related dispute...." *Id.* at *9. The court denied the motion because the employer's reading would have this same absurd result pressed by defense here: "The provision of the arbitration agreement cited by [employer], if enforceable, would bar trial of the wrongful termination claim before a judge every bit as much as it would bar trial of the same before a jury." *Id.* This absurdity, recognized in *Laubenstein*, shows the clause on which defense relies is limited to arbitration—which defense elected not to pursue.

This is not to say an effective in-court jury waiver could never be contained within an arbitration agreement. Just that the language of the clause here shows the effectiveness of jury waiver was limited to arbitration. For example, an arbitration agreement that expressly addresses what happens outside of arbitration might work. E.g., "if despite this arbitration agreement the parties later forego arbitration and litigate in court, the parties agree to waive a jury in any such court proceeding." Maybe language like that works. Because it does not lead to the absurd result of having no judge in court. But here, the non-sensical consequence of waiver language outside arbitration shows the parties' agreement to waive a judge or jury is limited to proceedings in arbitration—where it makes sense to have neither a judge nor jury.

## V.    CONCLUSION

There is no waiver of Twana Ahmed's right to a jury trial in this Court. As such, Defendant's motion to strike the jury demand should be denied.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

      *and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 18, 2024, *Plaintiff Twana Ahmed's Response in Opposition to Defendant's Motion to Strike Jury Demand* was filed via the Court's CM/ECF system, serving Defendant's attorneys of record as follows:

Kelly Eisenlohr-Moul
Martenson, Hasbrouck & Simon LLP
500 Davis Street; Suite 1003
Evanston, IL 60201
T: (224)350-3124
keisenlohr-moul@martensonlaw.com

Nathan A. Shine
Martenson, Hasbrouck & Simon LLP
nshine@martensonlaw.com

Jennifer L. Pope
Martenson, Hasbrouck & Simon LLP
jpope@martensonlaw.com

*Attorneys for Defendant Allied Universal*

*/s/Amanda C. Hernandez*
Amanda C. Hernandez