# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### DECLARATION OF MAURICIO A. ZEPEDA

I, Maurico A. Zepeda, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am a Hispanic male, over the age of 18, have knowledge of the matters set forth herein, and could testify competently to them if called as a witness.

2. I was employed by Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal") continuously from August 17, 2021, through May 6, 2024. I was assigned through the Houston branch office until I voluntarily resigned. During my employment with Allied Universal, I worked as a Field Supervisor and was assigned to the H-E-B account. My direct supervisor at that time was Client Manager Patrick Freeney until he resigned in June 2022.

3. During my employment, I helped facilitate the required training program for security professionals assigned to the H-E-B account, including the training attended by Twana Ahmed. At this training, Allied Universal issued Mr. Ahmed a standard uniform, firearm, and taser. Although Elite security professionals were prioritized, body worn cameras were not standard issue and Allied Universal had run out due to supply shortages at that time. As a result, many Elite security professionals, including Mr. Ahmed, did not receive a body worn camera. I was not

informed of, nor did Mr. Ahmed ever mention to me, any issues related to him not receiving a body worn camera.

4. I have specific knowledge of Allied Universal's policies concerning the prevention of harassment, discrimination, and retaliation. I am familiar with the various reporting methods available to all employees including the employee hotline. I reported all known, perceived, or otherwise identified complaints of unfair or alleged unlawful conduct.

5. I am also knowledgeable and familiar with Allied Universal's personal appearance and grooming standards. Employees are permitted to wear facial hair, including beards that are neat and trimmed. Allied Universal provides medical and religious accommodations to this policy. During my employment, I consistently wore a beard without any accommodation, and at no point was I asked to shave it.

6. As a Field Supervisor, I had regular opportunities to observe Mr. Ahmed while he was working, and he consistently wore a beard. I never requested that he shave his beard, nor did he mention anything about his religion or indicate that he practiced any specific religion during that time.

7. While Mr. Ahmed was employed with Allied Universal, I was not made aware of, nor did he ever mention to me, his race, ancestry, ethnicity, or national origin. I never knew, nor did he mention that he is of Kurdish descent.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America, that the foregoing is true and correct, except as to matters stated to be based on information and belief.

FURTHER DECLARANT SAYETH NOT.

Executed on November 13, 2024.

_____
Mauricio A. Zepeda