# EXHIBIT 3:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ALLIED UNIVERSAL'S SECOND SUPPLEMENTAL**
**ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES**

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal"), by and through its undersigned counsel, and provides its second supplemental answers Plaintiff's First Set of Interrogatories to Allied Universal as follows:

Allied Universal is providing its answers at a time when its own discovery and investigation is continuing and not yet complete. Accordingly, Allied Universal reserves the right to rely at the time of trial or other proceeding in this case upon witnesses and evidence in addition to any identified in answering or responding to the discovery requests, and regardless of whether, *inter alia*, any such witness(es) and/or evidence are newly discovered or presently in existence but have not yet been located despite diligent, good-faith efforts. In that regard, Defendant reserves the right to supplement its answers and responses, if/when appropriate, and consistent with Fed. R. Civ. P. 26(e) or as otherwise designated and ordered by the court.

Allied Universal's answers were prepared pursuant to a reasonably diligent investigation and search for the requested information. The language choice(s) and sentence structure are that of the

1

expense of deriving or ascertaining the answer will be substantially the same for either party. Consistent with Fed. R. Civ. P. 33(d), Allied Universal refers Plaintiff to all pleadings, documents, communications, and any other exchange of information between the parties.

**INTERROGATORY 2**
Identify each current or former employee who worked for you in the Houston, Texas region that used force on the job, as defined by your "Use of Force Policy" from January 1, 2019 through present day.

**ANSWER:** Allied Universal objects to this interrogatory on the grounds that use of the term "region" is vague and ambiguous. Allied Universal further objects to this interrogatory to the extent it seeks information not reasonably limited in either time or scope and is thus overly broad, and to the extent it requests information that is not relevant to any party's claims or defenses and, therefore, is not proportional to the needs of the case. Allied Universal further objects to this request as burdensome, harassing, and oppressive as it assumes the existence of information and/or knowledge collected, received, or obtained, and to the extent it calls upon Allied Universal to speculate and/or produce information within the knowledge of a third-party. Without waiving these objections, Allied Universal further answers that it employed Plaintiff for approximately four months, from late December 2021 to April 2022. The use of force by and of itself is not determinable of a commonality between the facts and circumstances of each use and may include incidents where a violation of the policy is not observed or substantiated (*e.g.*, unholstering of a taser, baton, or other assigned equipment is a "use of force;" however, such event alone is not necessarily a violation of Allied Universal's policy). Answering further, and relevant to the proportionality of Plaintiff's request, Allied Universal states that it employs over 800,000 employees and experiences significant turnover. For example, Plaintiff was assigned to a single site location out of thousands throughout Texas. Allied Universal employed approximately 72 employees at this single site location since April 1, 2022, through the date of these answers. Allied Universal will seasonably supplement its answer

3

if/when Plaintiff provides a more narrowed scope that is proportional to the needs of this case.

**FIRST SUPPLEMENTAL ANSWER**: After a reasonable and diligent inquiry and based on the information known and available to Allied Universal, limiting its answer consistent with the information requested in Plaintiff's Request 30, and further limiting its answer consistent with Hon. Judge Lee H. Rosenthal's March 28, 2024, order, ECF No. 16 ("Discovery on defendant's other employees is limited to the four-month period of the plaintiff's employment," and as further stated on the record, limited to the Elite/Houston officers), Allied Universal identifies the following individuals that are known and/or otherwise believed to have been terminated from continued employment for violation of its Use of Force policy during the relevant time period: Dwayne Bonner (terminated 02/02/2022); Myresha Jackson (terminated 03/30/2022); Plaintiff (terminated 04/04/2022); and Qyinisha Hudson (terminated 04/25/2022).

**SECOND SUPPLEMENTAL ANSWER**: Consistent with the parties' agreement, Allied Universal provides the last known and available contact information for Dwayne Bonner, Myresha Jackson, and Qyinisha Hudson:

| Dwayne Bonner, former SP ▉▉▉▉▉▉▉▉▉▉ Houston, Texas 77014 ▉▉▉▉▉▉ *This is the last known and available contact information.* | Myresha Jackson, former SP ▉▉▉▉▉▉▉▉▉▉ Houston, Texas 77051 ▉▉▉▉▉▉ *This is the last known and available contact information.* | Qyinisha Hudson, former SP ▉▉▉▉▉▉▉▉▉▉ Katy, Texas 77449 ▉▉▉▉▉▉ *This is the last known and available contact information.* |
|---|---|---|

## INTERROGATORY 3

Identify each person who participated in suspending or terminating Twana, and briefly state the nature of each such person's participation. Participation includes discussion, recommendation, decision, and approval.

**ANSWER:** Allied Universal objects to this interrogatory on the grounds that use of the term "participation" is vague and ambiguous as Plaintiff characterizes the term to include multiple acts or affirmative actions, for an individual may facilitate a conversation but not substantively "participate"

Consistent with Fed. R. Civ. P. 33(d), Allied Universal further refers Plaintiff to all pleadings, documents, communications, and any other exchange of information between the parties, including its Rule 26(a) disclosures of identified witnesses and all documents including AUS 00001-02020 as forming the basis of known facts.

Dated: September 6, 2024                           Respectfully submitted,

                                                **MARTENSON, HASBROUCK & SIMON LLP**

                                                */s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul, attorney-in-charge
(Tex. Bar No. 24112896, SDTX No. 3146632)
Nathan A. Shine (*admitted pro hac vice*)
Jennifer L. Pope (*admitted pro hac vice*)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1003
Evanston, Illinois 60201
(224) 350-3123
keisenlohr-moul@martensonlaw.com
nshine@martensonlaw.com
jpope@martensonlaw.com

*Counsel for Defendant Universal Protective Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I caused to be served a true and correct copy of the foregoing ***Defendant's Second Supplemental Answers to Plaintiff's First Interrogatories*** on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

                                             */s/ Nathan A. Shine*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## <u>VERIFICATION</u>

I, Katherine Alyea, declare:

I am a Senior Regional HR Manager for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal"), and I am authorized to make this verification on Allied Universal's behalf. I have read Allied Universal's Second Supplemental Answers to Plaintiff's First Interrogatories, and I have made reasonable efforts to review relevant documents, records, and information possessed by or known to Allied Universal and its officers and employees, and based on such review, the facts stated herein are true and correct to the best of my knowledge, information, and belief subject to the objections made therein.

I declare under penalty of perjury under the law of the State of Texas that the foregoing is true and correct, and that this declaration is executed September 6, 2024, in Houston, Texas.

Signed by:

*Katherine Alyea*
C7F5A1C4F44FA...
Katherine Alyea

9/6/2024

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ALLIED UNIVERSAL'S SECOND SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal"), by and through its undersigned counsel, and consistent with Fed. R. Civ. P. 26(e), provides its second supplemental responses to Plaintiff's First Request for Production to Allied Universal and states as follows:

Allied Universal is providing its responses at a time when its own discovery and investigation is continuing and not yet complete. Accordingly, Allied Universal reserves the right to rely at the time of trial or other proceeding in this case upon witnesses and evidence in addition to any identified in responding to the discovery requests, regardless of whether, *inter alia*, any such witness(es) and/or evidence are newly discovered or presently in existence but have not yet been located despite diligent, good-faith efforts. In that regard, Defendant reserves the right to supplement its answers and responses, if/when appropriate, and consistent with Fed. R. Civ. P. 26(e) or as otherwise designated and ordered by the court.

The production of any documents or information by Allied Universal is made without waiver

1

Responding further, Allied Universal reserves the right to further identify or raise applicable objections and arguments of privilege, if required. Responding further, certain document(s) and/or communication(s) within Allied Universal's supplemental production indicate the designation of attorney-client or other applicable privilege as included in original form or in the subject-line of a communication; however, it is believed that such designation may have been improperly identified and applied to certain documents or communications by non-attorneys. Through its production, Allied Universal provides a complete and full waiver of the privilege for that/those specific document(s) and/or that/those specific communication(s) for the limited purpose and facilitation of discovery and the limited use in this litigation only. Allied Universal will produce a privilege log for any specific documents(s) and/or communication(s) not subject to or otherwise covered by this waiver, if any. In providing this limited purpose and scope waiver, Allied Universal does not waive any protection it may be/is otherwise entitled for inadvertent disclosure in any subsequent production or concerning any documents(s) and/or communication(s) that are not relevant or related to the employment decision to suspend and/or terminate Plaintiff.

**SECOND SUPPLEMENTAL RESPONSE**: Without waiving its objections and consistent with Fed. R. Civ. P. 33(d), Allied Universal further refers Plaintiff to all pleadings, documents, communications, and any other exchange of information between the parties. Answering further, Allied Universal has not identified any additional responsive documents.

**Request 30**
Documents sufficient to establish the name of each employee in Texas that violated your Use of Force policy, or used inappropriate use of force, including the date of the incident, and any corrective action.

**RESPONSE**: Allied Universal objects to this request as not relevant to any party's claims or defenses and, therefore, is not proportional to the needs of the case, *e.g.*, Allied Universal employes over 800,000 employees and experiences significant turnover. Allied Universal further objects to this request

28

as burdensome, harassing, and oppressive, *e.g.*, for the calendar year of 2023, Allied Universal

employed approximately 16,400 employees within Texas alone. Allied Universal further objects to

this request on the grounds that it seeks the production of documents not reasonably limited in either

time or scope, *e.g.*, during Plaintiff's employment, and is therefore burdensome and overly broad.

Without waiving these objections, and further limiting its response consistent with Hon. Judge Lee H.

Rosenthal's March 28, 2024, order, ECF No. 16 ("Discovery on defendant's other employees is limited

to the four-month period of the plaintiff's employment," and as further stated on the record, limited to

the Elite/Houston officers), Allied Universal refers Plaintiff to AUS 00700-00703, including any

duplicates. Responding further, Allied Universal will seasonably supplement its response if/when

additional responsive documents or communications are identified, if any. Investigation continues.

**FIRST SUPPLEMENTAL RESPONSE**: Allied Universal further objects to this request

as an improper request for production consistent with Fed. R. Civ. P. 34 to the extent that it seeks

the creation of a document(s) otherwise assumed to exist and as isolated to the requested information.

Allied Universal further objects and hereby incorporates by reference its objections and responses to

Request 29 as though fully restated herein. Without waiving its objections, and consistent with Fed.

R. Civ. P. 33(d), Allied Universal refers Plaintiff to all pleadings, documents, communications, and

any other exchange of information between the parties, and specifically refers Plaintiff to its first

supplemental answer to Interrogatory No. 2 and incorporates by reference its objections and

responses as though fully restated herein.

**SECOND SUPPLEMENTAL RESPONSE**: Consistent with the parties' agreement, and

limited to Dwayne Bonner, Myresha Jackson, and Qyinisha Hudson, Allied Universal refers Plaintiff

to AUS 2033-2074. Answering further, Allied Universal has not identified any additional responsive

documents.

Dated: September 6, 2024                    Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul, attorney-in-charge
(Tex. Bar No. 24112896, SDTX No. 3146632)
Nathan A. Shine (admitted *pro hac vice*)
Jennifer L. Pope (admitted *pro hac vice*)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1003
Evanston, Illinois 60201
(224) 350-3123
keisenlohr-moul@martensonlaw.com
nshine@martensonlaw.com
jpope@martensonlaw.com

*Counsel for Defendant Universal Protective*
*Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I caused to be served a true and correct copy of

the foregoing *Defendant's Second Supplemental Responses to Plaintiff's First Request for*

*Production* on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

*/s/ Nathan A. Shine*

30