## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### DEFENDANT UNIVERSAL PROTECTION SERVICE LP'S
### REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

In his opposition to the motion of Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal") seeking to enforce a knowing, intelligent, and voluntary jury waiver, Plaintiff attempts to defeat enforcement in arguing inapplicability and an imaginative "absurd result." *See* Doc. 26. Plaintiff may not like the consequence of his action, but he is bound by the agreement he signed.

### ARGUMENT

Plaintiff's hypothetical world is concerning – the question is not whether there would be a circumstance as to when a cause could proceed without a judge, rather who sits as the trier of fact.

### I.   The Jury Waiver is Enforceable.

When Plaintiff agreed to arbitrate all claims related to his employment, he also agreed to waive any right he might have for a jury to decide any such employment related dispute. *See* Doc. 25, Ex. B ¶14 (agreeing that any disputes that might arise should be resolved without a jury). The placement of the jury waiver within an arbitration agreement is of no consequence. *See In re Frank*

1

*Kent Motor Co.*, 361 S.W.3d 628, 632 (Tex. 2012) (an agreement to arbitration is a "surrender of the right to a jury trial as a contractual jury waiver"); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 132 (Tex. 2004) (favoring enforcement of a jury waiver clause even where presented within a lease agreement); *see also*, *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1372 (11th Cir. 2005) (no entitlement to jury trial where a party enters into a valid agreement to arbitrate); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 505 (6th Cir. 2004) (loss of the right to a jury trial "is a necessary and fairly obvious consequence of an agreement to arbitrate") (citation omitted); *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 711 (5th Cir. 2002) (right to a trial by jury was necessarily waived by agreeing to arbitration); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) ("A party to an arbitration agreement cannot obtain a jury trial merely by demanding one."); *Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 373 F.2d 136, 142 (8th Cir. 1967) (acceptance of a contract provision mandating a forum where there is no entitlement to a jury trial is an implied waiver of jury trial).

Indeed, the jury waiver is not merely a passage within an outlined procedure to reiterate the arbitration process as Plaintiff contends. *See* Doc. 26, p.6. Rather, it is a standalone and separate provision to which Plaintiff agreed. *Compare* Doc. 25, Ex. B, ¶¶11, 14 (specified procedure with distinct subparts, and wholly separate waiver provision).

## II.     The Language is Unambiguous.

As Plaintiff agrees, the language here is unambiguous. *See* Doc. 26, p.3. However, the waiver is not contingent or reflective of a necessity to be within the arbitration forum. *See E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 300 (5th Cir. 2020) (the "primary concern of a court construing a written contract is to ascertain the true intent of the parties"). The terms are to be given ordinary meaning, unless the contract demonstrates the parties intended the

2

terms have a different, technical meaning. *Id*. As discussed *supra*, and within its opening motion, Plaintiff's execution of an arbitration agreement, inclusive of a jury waiver, necessarily implied his assent to the corollary loss of such right. As a necessary consequence, the parties intended to waive the right to a trial by jury, and did so knowingly, intelligently, and voluntarily. *See supra*.; *Wellogix Inc. v. BP Am., Inc.*, No. CV 08-119, 2008 WL 11342260, at *6 (S.D. Tex. Dec. 8, 2008) (Ellison, J.) ("loss of a jury trial is a fairly obvious consequence of an agreement to arbitrate") (citation omitted); *In re Prudential*, 148 S.W. 3d at 132 (it is "preferable to enforce that agreement [to limit dispute resolution to non-jury trial] rather than leave them with arbitration as their only enforceable option").

### III. A Vaid Waiver Exists.

A valid agreement between Plaintiff and Allied Universal exists. The jury waiver is not ambiguous, and use of the disjunctive is the difference that matters here. Plaintiff chose the forum despite execution of an agreement that otherwise eliminates his ability to do so. Allied Universal seeks to uphold the other half of Plaintiff's agreement in his waiver of a right to a jury trial. By agreeing to otherwise arbitrate his claims, and as a necessary consequence thereof, Plaintiff relinquished his right to a jury.

### CONCLUSION

For the foregoing reasons, Allied Universal respectfully requests that this Court determine that Plaintiff knowingly, voluntarily, and intelligently waived his right to a jury when he signed an express, plain language waiver during his employment with Allied Universal, and that such agreement should be enforced by the Court.

WHEREFORE, Allied Universal respectfully requests that this Court grant Defendant's Motion to Strike Plaintiff's Jury Demand, this lawsuit be set on the Court's non-jury docket, and

that Allied Universal be granted any further relief to which it may be equitably or legally entitled.

Dated: November 25, 2024                    Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul, attorney-in-charge
(Tex. Bar No. 24112896, SDTX No. 3146632)
Nathan A. Shine (admitted *pro hac vice*)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1003
Evanston, Illinois 60201
(224) 350-3123
keisenlohr-moul@martensonlaw.com
nshine@martensonlaw.com

*Counsel for Defendant Universal Protective Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I caused to be served a true and correct copy of the foregoing ***Defendant's Reply in Support of Its Motion to Strike Plaintiff's Jury Demand*** on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

*/s/ Nathan A. Shine*