United States District Court
Southern District of Texas
**ENTERED**
January 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TWANA AHMED, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 23-2823 |
| § | |
| UNIVERSAL PROTECTION SERVICE, § | |
| LP d/b/a ALLIED UNIVERSAL § | |
| SECURITY SERVICES, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

The defendant, Universal Protection Service, failed to take action to enforce an arbitration agreement that it and Twana Ahmed had signed. Instead, the defendant engaged in discovery and other activity defending this lawsuit. Based on the record and the applicable law, the court finds that Universal Protection Service waived its right to enforce the arbitration agreement, including the jury waiver it contained. The reasons for these rulings are explained below.

Twana Ahmed sued the former employer, Universal Protection Service LP, alleging discrimination and retaliation. (Docket Entry No. 1-1). Ahmed had signed employment documents that included a six and one-half page document entitled "Arbitration Policy and Agreement." (Docket Entry No. 25-2). The Agreement, signed in December 2021, contained the following paragraph:

> **14.** Waiver of Trial by Judge or Jury: The Parties understand and fully agree that by entering this Agreement providing for binding arbitration, they are giving up their right to have a trial in front of a judge or jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

(*Id*. ¶ 14). The Agreement provided that the plaintiff could opt out using a specific procedure for doing so.  He did not.

In June 2023, Ahmed filed this discrimination lawsuit against Allied Universal.  (Docket Entry No. 1-1).  After filing an answer, and taking discovery, Allied moved to strike Ahmed's jury demand on the basis of the jury waiver contained in the Arbitration Agreement.  (Docket Entry No. 25).  Allied does not challenge Ahmed's choice to file his lawsuit in federal court rather than pursue the claim in arbitration, despite the Agreement and Ahmed's failure to opt out of it.  Instead, Allied moves to strike Ahmed's jury demand. (Docket Entry No. 25).  Allied's argument is that although Ahmed chose litigation rather than the arbitration forum he had agreed to, and although Allied did not seek to enforce the agreement to arbitration in the Agreement, Allied can nonetheless enforce the other part of the Agreement—to waive the right to a jury trial.  "By agreeing to otherwise arbitrate his claims, and as a necessary consequence thereof, [Ahmed] relinquished his right to a jury." (Docket Entry No. 30 at 3).

Ahmed responds that the jury waiver applied only within the Agreement and was not a standalone provision applying beyond the arbitration context. (Docket Entry No. 26).  Ahmed cites *Vine v. PLS Financial Servs., Inc.*, 807 F.App'x 320, 328 (5th Cir. 2020).  (*Id*. at 7).  In that case, the court held that "the most plausible way to interpret a class action waiver in the middle of an arbitration provision is as part of the explanation of the rules, rights, and procedures that apply if a dispute is arbitrated—not as an independently effective waiver of the right to pursue a class action outside the arbitration context." *Id*.  If, however, the other side waives the arbitration provision, "the [plaintiffs] were free to select another form of dispute resolution, including a class action." *Id*.

2

Ahmed and Allied did agree to arbitrate their employment-related disputes without a trial, judge or jury. But when Ahmed nonetheless sued in June 2023, Allied waited until the end of October to challenge the litigation forum based on the Agreement to arbitrate, and then limited that challenge to moving to strike the jury demand. An agreement to arbitrate is indeed an agreement to proceed without a trial, judge or jury. *See Wellogix Inc. v. BP Am., Inc.*, 2008 WL 11342260 at *6 (S.D. Tex. Dec. 8, 2008). But an agreement to arbitrate can itself be waived. Courts have held that a party may "knowingly relinquish the right to arbitrate by acting inconsistently with that right." *See Morgan v. Sundance, Inc*., 596 U.S. 411, 419 (2022). In that case, an employee who signed an agreement to arbitrate employment disputes filed a collective action lawsuit against Sundance for alleged violations of the Fair Labor Standards Act in the Southern District of Iowa. Despite the parties' agreement to arbitrate, Sundance defended the suit without invoking its right to arbitrate, including by moving to dismiss (that the court subsequently denied), filing an answer with 14 affirmative defenses (none of which referenced a right to arbitrate), and pursuing an unsuccessful mediation.

After eight months of litigation, Sundance moved to compel arbitration under the Federal Arbitration Act. The Supreme Court vacated the Eighth Circuit's holding that Sundance did not waive its arbitration right and remanded, declining to determine whether Sundance had in fact waived its right to arbitrate. The Supreme Court examined the role of the Act's liberal policy favoring arbitration in determining waiver. Federal courts had previously required a showing of prejudice to the party asserting waiver and cited to the liberal policy favoring arbitration in support of this requirement. *Id*. at 417. However, federal courts generally do not require a showing of prejudice to establish waiver in other contexts outside arbitration. *Id.* The Supreme Court explained in *Sundance* that the Act's preference for arbitration is not a basis for federal courts to

3

devise special, arbitration-preferring procedural rules. The Supreme Court rejected a "bespoke rule of waiver for arbitration" and declined to demand proof of prejudice before finding the waiver of an arbitration right. *Id*. Instead, the Supreme Court reasoned that when evaluating waiver, "a court must hold a party to its arbitration contract just as the court would to any other kind" of agreement. *Id*. at 418. The Supreme Court remanded the case to the Eighth Circuit for that court to consider whether Sundance "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right" or to "determine that a different procedural framework" should be applied when evaluating waiver. *Id*. at 419.

In this case, Ahmed sued Allied in June 2023. Allied answered, conducted discovery, and moved for summary judgment. (*See, e.g.*, Docket Entry Nos. 16, 27). Allied did not seek to enforce the Agreement except one portion of it. By moving to strike the jury demand, Allied did not challenge the trial before a judge as inconsistent with the arbitration it had previously agreed to. Allied knowingly relinquished the right to arbitrate by acting inconsistently with that right. A choice to litigate, even without a jury, is a choice not to enforce the agreement to arbitrate. When, as here, both parties have chosen to participate in litigation rather than enforce their arbitration, they have waived the right to enforce that agreement, including the jury waiver part of the agreement.

Allied's motion to strike Ahmed's jury demand is denied. (Docket Entry No. 25).

SIGNED on January 7, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge