# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION AND IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Dated: March 17, 2025

Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com

*Counsel for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*

i

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT ...................................... 1

II.     OBJECTIONS AND RESPONSES TO PLAINTIFF'S STATEMENT OF FACTS...... 3

    A.  PLAINTIFF'S ALLEGATIONS REGARDING BEARD-SHAVING ARE UNSUPPORTED AND CONTRADICTED BY THE RECORD. ........................................................................... 3

    B.  PLAINTIFF'S ALLEGATIONS OF DEROGATORY STATEMENTS ARE BASED ON INADMISSIBLE HEARSAY AND LACK EVIDENTIARY SUPPORT........................................................... 3

    C.  PLAINTIFF MISCHARACTERIZES THE RECORD REGARDING HIS SUSPENSION AND TERMINATION. ............................................................................................................ 4

    D.  PLAINTIFF'S BASELESS ALLEGATIONS OF FALSIFIED DISCIPLINE DOCUMENTS ARE PURE SPECULATION AND UNSUPPORTED BY EVIDENCE. ................................................. 5

    E.  PLAINTIFF DISTORTS DEPOSITION TESTIMONY AND MISREPRESENTS ALLIED'S POSITION...... 6

III.    ARGUMENT ...................................................................................................... 6

    A.  THE COURT SHOULD DISREGARD INADMISSIBLE EVIDENCE CITED BY PLAINTIFF. ................ 6

        1.  Plaintiff's Response Relies on Inadmissible or Unsupported Allegations and Should Be Disregarded.............................................................................................................. 6

        2.  Plaintiff's Reliance on Undisclosed Documents Violates Discovery Rules and Should Be Disregarded.............................................................................................................. 8

    B.  PLAINTIFF'S RESPONSE MISCONSTRUES THE LEGAL STANDARD APPLICABLE TO SUMMARY JUDGMENT AND FAILS TO MEET HIS BURDEN OF PROOF...................................... 10

        1.  Plaintiff Misstates the Summary Judgment Standard. ...................................... 10

        2.  Plaintiff Misapplies the Burden-Shifting Framework Under McDonnell Douglas. ......... 12

    C.  PLAINTIFF'S SUBJECTIVE BELIEF IS INSUFFICIENT TO SATISFY HIS BURDEN OF PROOF. ....... 13

    D.  PLAINTIFF'S RESPONSE FAILS TO CREATE A DISPUTED ISSUE OF MATERIAL FACT................ 14

        1.  Plaintiff's Retaliation Claim Is Meritless. .................................................. 14

        2.  Plaintiff's Discrimination Claims Are Unsupported by Evidence. ........................... 17

        3.  Plaintiff Fails to Present Competent Evidence of Pretext........................................... 23

IV.     CONCLUSION ................................................................................................ 25

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) .......................................................... 10

*Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 237 (5th Cir. 2015) .............................. 23

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ................................................................ 9, 10

*Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ................................ 6

*Deines v. Tex. Dep't. of Protective and Regulatory Servs.*, 164 F.3d 277, 278 (5th Cir. 1999) ...... 2

*Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967) ....................................................................... 10

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) ............................... 12

*EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) ......................................... 18

*EEOC v. WC&M Enters., Inc.*, 496 F.3d 393 (5th Cir. 2007) ....................................................... 21

*Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015) ........ 17

*Evans v. Houston*, 246 F.3d 344, 355-56 (5th Cir. 2001) .............................................................. 23

*Hawk Aircargo*, 418 F.3d at 457; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-
   94 (1993) ................................................................................................................................... 9

*Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir.2005) ................................................... 9

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012) ....................................... 21

*Jurach v. Safety Vision, LLC,* 72 F. Supp. 3d 698, 710 (S.D. Tex. 2014), aff'd, 642 F. App'x 313
   (5th Cir. 2016) ......................................................................................................................... 19

*Kansas City S. Ry. Co.*, 574 F.3d at 259-60 ............................................................................... 22

*Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999) ......... 15

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) ................................... 11, 19

*Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir. 1991) ................................................. 11

*McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) ................................................. 16

*McDonnell Douglas. See Jurach v. Safety Vision, LLC, 72 F. Supp. 3d 698 (S.D. Tex. 2014),
   aff'd, 642 F. App'x 313 (5th Cir. 2016)* ............................................................................ 11, 19

*McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ........................................................... 13

*Memon v. Deloitte Consulting, LLP*, 779 F. Supp. 2d 619 (S.D. Tex. 2011) ......................... 21, 22

*Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328–29 (5th Cir. 1994) ......................... 17

*Pruitt v. Dallas Indep. Sch. Dist., No.* 3-04-CV-0554, 2006 U.S. Dist. LEXIS 33054, at *21 (N.D.
   Tex. Apr. 21, 2006) .................................................................................................................. 24

*Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002)........................................................ 10, 14

*Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133 (2000)....................................10, 11, 16

*Reuter v. XTO Energy, Inc*., 2022 WL 2712860, at *2 (S.D. Tex. July 13, 2022) (Hanks, J.)....... 7

*Sanders v. Sky Transp., LLC*, 569 F. Supp. 3d 455, 458-59 (E.D. Tex. 2021)............................ 7

*Scott v. Harris*, 550 U.S. 372, 380 (2007) ................................................................................ 10

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc*., 73 F.3d 546, 571 (5th Cir. 1996).... 8

*Sinclair v. Krassenstein*, No. 5:23-CV-109, 2024 WL 2138314, at *2 (S.D. Tex. Apr. 8, 2024)

(dos Santos, Mag. J.) .......................................................................................................... 9

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ...................................................... 12

*Stone v. La. Dep't of Revenue*, 590 Fed. Appx. 332, 341 (5th Cir. 2014) .................................. 13

*Strong v. Univ. Healthcare Sys., L.L.C*., 482 F.3d 802, 808 (5th Cir. 2007) .............................. 15

*Taft v. Target Corp*., No. 4:21-cv-02946, 2024 WL 1251545, at *2 (S.D. Tex. March 22, 2024)

(Eskridge, J.) ....................................................................................................................... 7

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981) ................................................ 24

*Tolan v. Cotton*, 572 U.S. 650 (2014)...................................................................................... 10

*Turner v. Kan. City S. Ry. Co*., 675 F.3d 887, 892-93 (5th Cir. 2012) ......................................... 19

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)................................................ 14

*West v. Nabors Drilling USA, Inc*., 330 F.3d 379, 384 n. 3 (5th Cir.2003).................................. 18

**Federal Rules**

Fed. R. Civ. P. 30(b)(6) ............................................................................................................. 5

Fed. R. Civ. P. 37(c)(1)............................................................................................................. 7

Fed. R. Civ. P. 56(c)(2) ....................................................................................................... 5, 8, 9

Fed. R. Evid. 201(b)(2) ......................................................................................................... 8, 9

Fed. R. Evid. 402, 403, 404, 602, 802, 805 ............................................................................. 5, 7

## <u>INDEX OF EXHIBITS</u>

Exhibit A:    Email Requesting Processing of Plaintiff's Termination

Exhibit B:    Plaintiff's Supplemental Discovery served September 30, 2024

Exhibit C:    Plaintiff's Supplemental Discovery served January 16, 2025

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied" or "Defendant"), hereby files this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgement (ECF No. 37) and, in support thereof, would respectfully show the Court as follows:

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

As set forth in Allied's Motion for Summary Judgment, Plaintiff Twana Ahmed ("Plaintiff") fails to establish a prima facie case of discrimination or retaliation, and Allied has presented unrebutted legitimate reasons and affirmative defenses for all of his claims. Rather than addressing the substantive deficiencies in his case, Plaintiff's Response Brief ("Response" or "Pl. Resp.") relies on ad hominem attacks, factual misrepresentations, and speculation. He attempts to manufacture a factual dispute by misstating the record and relying on inadmissible evidence, yet the material facts remain undisputed.

The record confirms that Plaintiff was terminated after an independent review panel determined that his use of force was unjustified. His termination was a direct result of his violation of Allied's Use of Force ("UOF") Policy, and not because of his race, ancestry, religion, or any protected activity. Plaintiff offers no evidence that his Kurdish ancestry or Iraqi national origin influenced the termination decision or that these characteristics played any role in it. While Plaintiff claims that coworkers made racial comments and that he was given faulty equipment, he provides no evidence that these incidents were related to his race, ancestry, or national origin, nor that they factored into his termination. Despite alleging religious discrimination, he never formally requested a religious accommodation for his beard, and Allied had no policy prohibiting facial hair. He was never disciplined or subjected to any adverse employment action because of his beard.

1

Moreover, Plaintiff did not allege discrimination until *after* his termination, negating any viable retaliation claim.

Plaintiff ignores or fails to refute key arguments in his Response, effectively abandoning multiple claims by failing to present supporting evidence. Specifically:

- **Failure to Establish Race and Ancestry Discrimination**. Plaintiff presents no evidence (because none exists) to demonstrate that Allied was aware of his Kurdish race or ancestry, nor does he identify any non-Kurdish employees who were treated more favorably under similar circumstances.

- **Lack of Causal Connection for Retaliation Claim**. Plaintiff fails to meaningfully challenge that his alleged protected activity occurred only after his termination, precluding any causal link necessary for a retaliation claim.

- **Lack of Evidence for National Origin Discrimination**. Plaintiff fails to establish that any decision-makers were aware of his Kurdish heritage, a fatal flaw in his national origin discrimination claim.

- **Failure to Support Religious Discrimination Claim**. Plaintiff provides no evidence that Allied was aware of his religious beliefs, nor does he show that any employment requirement conflicted with his religious practices. He also fails to identify a single non-Muslim employee who was treated more favorably, further undercutting his claim.

Ultimately, without actual evidence of discrimination or retaliation, Plaintiff's case boils down to his subjective belief that he was treated unfairly. The undisputed record contradicts his allegations, and even if Allied's decisions were incorrect (which they were not) that alone does not establish unlawful discrimination or retaliation. *See Deines v. Tex. Dep't. of Protective and Regulatory Servs*., 164 F.3d 277, 278 (5th Cir. 1999) ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination."). All of Allied's actions were based on legitimate, non-discriminatory and non-retaliatory business reasons, which are entitled to judicial deference. For these reasons, and those set forth in Allied's opening brief, summary judgment is warranted.

## II.    OBJECTIONS AND RESPONSES TO PLAINTIFF'S STATEMENT OF FACTS

### A.    Plaintiff's Allegations Regarding Beard-Shaving Are Unsupported and Contradicted by the Record.

Plaintiff asserts that he was asked to shave his beard because he is Middle Eastern, Muslim, and Iraqi; however, Plaintiff only cites inadmissible hearsay statements within his own declaration because no other contradicted evidence exists. *See* Pl. Resp., p. 6. Notably, Plaintiff does not refute (nor could he) that while he may have *trimmed* his beard consistent with company policy, he never "shaved" to the skin as suggested in word choice. MSJ Ex.6, 83:16-18, 94:10-25, 95:16-17; Ex.23. Plaintiff's suggestion that Allied did not require other security professionals to shave (something he also did not do) further supports Allied uniformly applied its policies, including personal appearance and grooming standards. *See* MSJ Ex.4, p.7; Ex.6, 63:7-19, 85:19-21, 179:10-17 (agreement that policies and procedures equally apply to everyone). The personal appearance and grooming standards allow for accommodation – information Plaintiff was provided, had access to, and something Plaintiff never sought. MSJ Ex.4, pp.7,15; Ex.6, 64:11-23, 73:5-74:6. Furthermore, Plaintiff identified that his religious practice only required that he maintain a beard, without a specific length requirement. MSJ Ex.4, 75:11-16, 76:4-17. Allied never required Plaintiff to fully shave his beard. See MSJ Ex.6, 87:22-24, 88:21-23, 94:10-25, 95:16-17, 97:1-4; Ex.9, ¶8; Ex.10, ¶5; Ex.11, ¶5; Ex.12, ¶5; Ex.13, ¶7; Ex.23. Instead, he was permitted to maintain his beard in accordance with company policy, and at no point did he request a religious accommodation for its length. MSJ pp. 6-7.

### B.    Plaintiff's Allegations of Derogatory Statements Are Based on Inadmissible Hearsay and Lack Evidentiary Support.

Allied objects to Plaintiff's reliance on inadmissible hearsay and self-serving statements to support his claims that Mr. Freeney made derogatory statements to or about him. *See* Pl. Resp., pp.

3

6-8; Appx., Ex. 1, ¶¶58, 81-82, 85-87. Specially, Plaintiff alleges that Mr. Freeney told him, "This is America, we run things differently here. It's not like where you come from," "If you're lying to me, I'm gonna fry you like a fucking chicken. I'm gonna destroy your fucking life," and "Nobody wants to see your dumbass." *Id*. Yet, the only evidence he offers is his own uncorroborated declaration, which is insufficient to create a genuine dispute of fact. Mr. Freeney unequivocally denies using any such language. MSJ Ex.10, ¶9. Furthermore, Plaintiff never reported these alleged threats or remarks during his employment, and no other record evidence supports his claims. MSJ Ex.6, 44:3-10, 129:22-24, 130:11-25, 131:5-14, 233:12-234:6; *see also*, MSJ Ex.1, 95:5-15; Ex.3, ¶¶4-6, Ex.27; Ex.28. His reliance on self-serving, unsubstantiated assertions does not transform baseless allegations into admissible evidence.

## C.  Plaintiff Mischaracterizes the Record Regarding His Suspension and Termination.

Allied objects to Plaintiff's repeated misstatement and mischaracterization of the record regarding the incident that led to his suspension and termination. *See* Pl. Resp., pp. 7-8. Instead of taking ownership for his actions, Plaintiff continues his egregious campaign against Mr. Freeney's integrity with baseless accusations. Mr. Freeney never submitted a false statement; his account was consistent with the findings of the investigation, including information provided by Plaintiff himself. MSJ Ex.6, 188:12-192:23; Ex.10, ¶¶6-8; Ex.12, ¶6; Ex.13, ¶¶5-6; Ex.25; Ex.26; *see also*, MSJ Ex.2, ¶¶7-9; Ex.3 ¶6; Ex.24.; Pl. Resp., Appx. p.257:12-259:12. Plaintiff's continued insistence that Mr. Freeney falsified information is both inaccurate and unsupported, particularly given that Plaintiff himself failed to submit at least one required report. MSJ Ex.2, ¶8, Ex.26 (*e.g.*, HeliAUS report). Plaintiff's opinion — or that of anyone other than Allied — that he complied with Allied's UOF Policy is unavailing. An independent review panel, convened to assess the incident,

determined that Plaintiff's use of force was unjustified and noncompliant. MSJ Ex.2, ¶¶7-9; Ex.10, ¶¶ 6-8.

Moreover, Plaintiff's attempt to link the processing of his termination to his alleged discrimination complaint is equally unsubstantiated. While Plaintiff may have first[1] contacted HR Coordinator Catherine Barnes on April 21, 2022, and dates thereafter, the review panel had already decided on April 7, 2022—15 days earlier—that his unjustified use of force warranted termination. MSJ Ex.26. Thereafter, on April 14, 2022 —still eight days before Plaintiff's outreach—Mr. Freeney was directed to complete the necessary termination paperwork. Ex.A. The termination process formally began on April 26, 2022, with an effective date of April 4, 2022, Plaintiff's last day worked. MSJ Ex.27. While Plaintiff may take issue with the timing of the administrative processing of his termination, the decision to terminate his employment was made well in advance and remains undisputed by the record. Ex.A; MSJ Ex.2, ¶¶7-9; Ex.10, ¶¶6-8; MSJ Ex.26. His attempt to reframe the timeline as evidence of retaliation is nothing more than an unsupported effort to create a dispute where none exists.

**D. Plaintiff's Baseless Allegations of Falsified Discipline Documents Are Pure Speculation and Unsupported by Evidence.**

Plaintiff's bias is relentless and extends to his assertion that Mr. Freeney falsified discipline documents. *See* Pl. Resp., pp. 7-9, 24-25. This assertion itself is false and unsupported. Discipline notices are not required to be typed, nor is it unusual if they are not. Pl. Resp., Appx. p.533, p.29:10-21. There is no evidence to support Plaintiff's claim of falsification—no investigation or testimony has substantiated such an allegation. Pl. Resp., Appx. p.536, p.41:5-24; p.537, p.42:6-

---

[1] Plaintiff's assertion that he reported alleged discrimination on January 31, 2022, and on April 6, 2022, is not supported by admissible evidence but based on hearsay. *See* Pl. Resp., Appx., pp.19, ¶60; 26, ¶86. There is no admissible record evidence that Plaintiff has established to substantiate these dates. Further, Plaintiff's April 21, 2022, text message fails to allege discrimination, only asking for a call. *See* Pl. Resp., Appx., p.58.

17, p.43:6-9. Moreover, Mr. Freeney's voluntary resignation is entirely irrelevant and does nothing to support Plaintiff's baseless accusations. MSJ Ex.10, ¶2.

### E.  Plaintiff Distorts Deposition Testimony and Misrepresents Allied's Position.

Plaintiff mischaracterizes statements from Human Resources Director Anna Soja's deposition, framing them as "concessions" to support his discrimination and retaliation claim against Allied. *See* Pl. Resp., pp. 10-11. Although noticed and deposed as a  f     corporate representative under Fed. R. Civ. P. 30(b)(6), Plaintiff disregards objections to questions seeking her *personal* opinions or experiences regarding potential indicators of discrimination or retaliation. Pl. Resp., Appx. pp.221:2-8, 223:17-24, 226:18-24. Plaintiff further attempts to characterize certain actions as signs of discrimination or retaliation, but his assertions lack factual support and are based solely on his interpretation of events.

## III.    ARGUMENT

### A.  The Court Should Disregard Inadmissible Evidence Cited by Plaintiff.

#### 1.  *Plaintiff's Response Relies on Inadmissible or Unsupported Allegations and Should Be Disregarded.*

As an initial matter, the Court should ignore allegations unsupported by evidence or supported only by inadmissible evidence. It is well-established that a party opposing summary judgment must present admissible evidence in support of the opposition. *See* Fed. R. Civ. Pro. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). To be admissible, the evidence must be relevant, based on personal knowledge, and must not be hearsay. *See* Fed. R. Evid. 402, 602, and 802. Conclusory statements, speculation, and allegations unsupported by any evidence are not sufficient to withstand summary judgment. *See, e.g., Clark v. America's Favorite Chicken Co*., 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth

ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

Throughout his Response, Plaintiff relies on inadmissible hearsay and fails to cite any supporting evidence for multiple claims, including:

- Claims regarding his uniform and equipment (Pl. Resp., Ex.1, ¶44, ¶¶51-52, ¶¶53-54);

- Alleged conversations regarding work hours and shift assignments (*Id.*, ¶55, ¶65, ¶75);

- Assertions about co-workers' statements and actions (*Id.*, ¶56, ¶59, ¶70, ¶101, ¶102);

- Alleged discriminatory comments by management (*Id.*, ¶¶79-82, ¶¶84-88, ¶97).

Additionally, Plaintiff's Response itself contains inadmissible assertions, including:

- **Shaving Allegation**. Plaintiff claims he was forced to shave, yet he fails to provide any documentation, policy, or witness testimony supporting this claim. *See* Pl. Resp., p. 6. The record confirms that Allied had no policy requiring employees to shave, and Plaintiff never formally requested religious accommodation. Further, Plaintiff was never disciplined or otherwise subjected to any adverse employment action because of his beard. *See supra, pp.3, at II(A).*

- **Derogatory Statements.** Plaintiff claims that Mr. Freeney made derogatory remarks toward him, but he relies solely on his own self-serving declaration without any corroborating evidence. *See* Pl. Resp., p. 8. Mr. Freeney denies making these statements, and Plaintiff never reported them during his employment. *See supra, pp.3-4, at II(B).*

- **Equipment Discrimination Claim**. Plaintiff asserts that he was denied a body camera, properly functioning firearm, and other equipment, but presents no evidence showing this was due to discrimination rather than company-wide supply shortages affecting multiple employees. *See* MSJ Ex.9, ¶4; Ex.11, ¶3.

- **Retaliation Claim**. Plaintiff argues that his termination was retaliatory, yet he fails to dispute that the independent review panel made its decision before his first alleged complaint. His claim is based solely on his own testimony, without supporting documentation or corroboration. *See* Pl. Resp., p. 8.

- **Unverified Online Materials**. Plaintiff improperly relies on online articles, user-generated polls, and unreviewed "studies" from Glassdoor and Monster, none of which are admissible evidence. *See* Pl. Resp., p. 4.

- **Work Assignments and Overtime**. Plaintiff alleges that he was blocked from working additional accounts and overtime hours, yet he fails to provide documentation, emails, or testimony supporting this claim. *See* Pl. Resp., p. 16.

### 2. *Plaintiff's Reliance on Undisclosed Documents Violates Discovery Rules and Should Be Disregarded.*

Allied objects to Plaintiff's inclusion of extraneous, irrelevant, and inadmissible documents, including a 2018 Consent Decree unrelated to this case (Pl. Resp., Ex.8), deposition testimony from an undisclosed witness in an unrelated case (Pl. Resp., Ex.13), and police reports and records involving former Allied employee Raymond Rodriguez (Pl. Resp., Ex.1, Exs.Z, AA, BB). These materials constitute improper character evidence and hearsay and have no relevance to Plaintiff's claims. *See* Fed. R. Evid. 402, 403, 404, 602, 802, 805; *Sanders v. Sky Transp., LLC*, 569 F. Supp. 3d 455, 458-59 (E.D. Tex. 2021) (excluding hearsay statements in police reports for lack of personal knowledge).

Additionally, Plaintiff's inclusion of these documents is untimely. Evidence not disclosed during discovery cannot be used unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Taft v. Target Corp.*, No. 4:21-cv-02946, 2024 WL 1251545, at *2 (S.D. Tex. March 22, 2024) (Eskridge, J.) (discussing factors to determine when late disclosure is excusable); *Reuter v. XTO Energy, Inc*., 2022 WL 2712860, at *2 (S.D. Tex. July 13, 2022) (Hanks, J.) ("The law is very clear: evidence that was not properly produced during discovery cannot be used to support or oppose summary judgment.").

This Court set a fact discovery deadline of September 30, 2024. *See* ECF No. 19. On September 30, 2024, at 11:31 PM, Plaintiff first disclosed Mr. Rodriguez's name as a potential comparator and introduced five new documents. *See* Ex.B. Then, on January 16, 2025 – more than three months *after* the deadline and *after* Allied had already filed its motion for summary judgment

– Plaintiff served 126 additional documents, which he now improperly seeks to introduce. *See* Ex.C; *see also*, Pl. Resp., Appx. Ex.1, Exs.Z, AA, BB, CC, DD; Appx. Exs.8, 9, 10, 13.

Plaintiff is prohibited from relying on undisclosed materials in an attempt to create a factual dispute when he failed to disclose them in accordance with the Court's scheduling order and discovery rules.[2] Courts routinely disregard evidence that was not disclosed during discovery, as allowing such documents at this stage would prejudice Allied and undermine the integrity of the litigation process. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc*., 73 F.3d 546, 571 (5th Cir. 1996) (excluding evidence not properly disclosed in discovery). Because Plaintiff never produced these documents during fact discovery, they are inadmissible and should not be considered in ruling on summary judgment.

### *3. Plaintiff's Reliance on Inadmissible Hearsay, Irrelevant Articles, and Unverified "Studies" Is Legally Improper and Warrants Exclusion.*

Allied further objects to the inclusion or consideration of any online articles, video, audio, or "news" postings referring to Allied, its image, or likeness and all other generic studies of non-disclosed experts as irrelevant and inadmissible hearsay. *See* Pl. Resp., pp.3,4,24; Pl. Resp., n.11,12,13,14,15; Pl. Resp., Appx. Ex.1, Exs.CC, DD; Exs.9, 10. These materials, written for publication rather than factual accuracy, lack any direct connection to Plaintiff's employment or termination. Their inclusion is a deliberate distraction, attempting to: (i) obscure Plaintiff's failure to cite evidence contradicting Allied's assertions, (ii) rely on speculation over fact, and (iii) introduce new, undisclosed facts outside of discovery.

---

[2] Allied further objects to the inclusion of any records outside the Court's prior order limiting discovery "to the four-month period of the plaintiff's employment." *See* ECF No. 16. Plaintiff began his employment in mid-December 2021. *See* MSJ, p. 3. Allied observes the police records concerning Mr. Rodriguez are for alleged events that occurred on July 4, 2022. *See* Pl. Resp., Ex.1, Exs.Z, AA, BB. Plaintiff was terminated on April 4, 2022; therefore, such records should be further disregarded.

Plaintiff cannot present these "facts" in an admissible form, and judicial notice is otherwise improper. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 201(b)(2) (judicial notice is applicable to facts not subject to reasonable disputes and where the accuracy of the source cannot reasonably be questioned); *see Hawk Aircargo, Inc. v. Chao*., 418 F.3d 453, 457 (5th Cir.2005) (courts may take judicial notice of governmental websites); *cf. Sinclair v. Krassenstein*, No. 5:23-CV-109, 2024 WL 2138314, at *2 (S.D. Tex. Apr. 8, 2024) (dos Santos, Mag. J.) (declining to take judicial notice from publicly available, non-governmental website sources as the Fifth Circuit has yet to address).

Allied further objects to Plaintiff's inclusion of non-reviewed, untested "studies" and user generated polls from recruiting websites, employee relations platforms, and other anonymous online communities including Glassdoor, Monster, and AllVoices to support his asserted positions on hearsay and foundational grounds. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 201(b)(2); *see Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591-94 (1993) (consideration must be given to whether a theory "can be (and has been) tested" and if it "has been subjected to peer review and publication"). Given the lack of reliability, authentication, and relevance of these materials, they should be excluded from consideration, as allowing them would undermine the evidentiary standards required at the summary judgment stage.

**B. Plaintiff's Response Misconstrues the Legal Standard Applicable to Summary Judgment and Fails to Meet His Burden of Proof.**

### *1. Plaintiff Misstates the Summary Judgment Standard.*

Plaintiff misrepresents the summary judgment standard, arguing that any factual dispute—regardless of its materiality or evidentiary support—precludes judgment as a matter of law. *See* Pl. Resp., pp. 1-2. This is a misapplication of binding precedent. Summary judgment is appropriate when a nonmovant fails to provide specific, admissible evidence creating a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is

10

required when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case"). Allied is not required to disprove discrimination or retaliation, but rather to demonstrate the absence of evidence supporting Plaintiff's claims.

Plaintiff's reliance on *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133 (2000), and *Tolan v. Cotton*, 572 U.S. 650 (2014), is misplaced. While these cases emphasize that courts must view evidence in the light most favorable to the nonmovant, they do not hold that a plaintiff may survive summary judgment *without* presenting competent admissible evidence. Courts do not simply accept a plaintiff's version of events when it is contradicted by objective evidence. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (finding no genuine dispute when plaintiff's claims were "blatantly contradicted by the record").

Further, Plaintiff ignores that summary judgment is proper when evidence is merely colorable but not actually controverted. *See Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967) (holding that summary judgment must be denied if evidence is "controverted," but not if it is merely colorable). Here, Plaintiff offers no controverted evidence, only speculation and conclusory assertions that cannot create a triable issue. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (holding that speculation, unsubstantiated assertions, and conclusory allegations do not create a genuine issue of fact). As the Supreme Court held, "the mere existence of a scintilla of evidence" is insufficient to survive summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

Here, Plaintiff fails to provide any admissible evidence to support his claims, relying instead on his own speculation, conclusory statements, inadmissible hearsay, and untimely disclosures, none of which are legally sufficient to defeat summary judgment. Because Plaintiff's

arguments misstate the legal standard and his allegations are unsupported by the record, summary judgment should be granted in Allied's favor.

### 2. *Plaintiff Misapplies the Burden-Shifting Framework Under McDonnell Douglas.*

Plaintiff misapplies the *McDonnell Douglas* burden-shifting framework, failing to meet his obligation to provide admissible evidence that Allied's stated reason for his termination—his violation of the UOF Policy—was pretext for unlawful discrimination or retaliation. *See* Pl. Resp., pp. 115-16, 20-25. Once an employer articulates a legitimate, non-discriminatory reason, the burden shifts to Plaintiff to prove pretext, not to Allied to disprove discrimination.

Rather than offering specific, admissible evidence that Allied's justification was false, Plaintiff relies on speculation, self-serving declarations, and conclusory allegations, none of which satisfy the legal standard for pretext. *See* Pl. Resp., pp. 20-25; Pl. Resp., Appx., pp.221:2-8,223:17-24, 226:18-24. The Supreme Court has made clear that a plaintiff must present sufficient evidence from which a jury could reasonably conclude that an employer's justification is false. *Reeves*, 530 U.S. at 148. Courts do not allow plaintiffs to defeat summary judgment by merely asserting that discrimination "must have" been the real reason for their termination. *See Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir. 1991) (holding that a plaintiff's subjective belief in discrimination, without more, is legally insufficient to establish pretext).

Plaintiff further misapplies the *McDonnell Douglas* framework by failing to present evidence of disparate treatment, which is essential to proving pretext. The Fifth Circuit requires a plaintiff to identify similarly situated employees who were treated more favorably under nearly identical circumstances. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009).

Here, Plaintiff fails to identify a single valid comparator.[3] Instead, the undisputed evidence in the record confirms that Allied uniformly enforced its policies—including non-Kurdish and non-Muslim individuals. MSJ Ex.2, ¶¶4,6.

Finally, Plaintiff misstates Allied's burden, implying that Allied must disprove discrimination. This is incorrect. Once Allied provides a legitimate reason, Plaintiff must prove that discrimination was the true motive. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Plaintiff fails to do so, and summary judgment is warranted.

## C.  Plaintiff's Subjective Belief Is Insufficient to Satisfy His Burden of Proof.

Plaintiff attempts to salvage his claims by asserting his own subjective belief that he was subjected to discrimination or retaliation. *See* Pl. Resp., pp.8,15,19-20,23-25. However, subjective belief—no matter how strongly held—is not evidence and cannot create a genuine issue of material fact. The Fifth Circuit has consistently held that a plaintiff's subjective suspicion of discrimination or retaliation, without objective support, is insufficient to defeat summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) ("It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion.").

Plaintiff provides no specific, admissible evidence of discriminatory or retaliatory intent and instead relies on self-serving assertions, such as claiming he was "targeted", "felt like I was discriminated against", and "felt like he was saying very discriminatory things to me".  Pl. Resp., pp.20-25; Pl. Resp., Appx., pp.6, 12, 19, 32. These statements are speculative, lack evidentiary support, and fail to establish a legally cognizable claim of discrimination or retaliation. The Fifth

---

[3] Plaintiff has not presented any evidence establishing Raymond Rodriguez as a valid comparator, nor has he identified any other potential comparator absent generic reference to "other" unidentified security professionals and of whom he knows nothing about. *See, e.g.*, MSJ Ex.6, pp. 95:23-97:15; 99:14-106:2.

Circuit has made clear that conclusory allegations and mere speculation cannot defeat summary judgment. *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (a party cannot defeat summary judgment with "conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence.") Because Plaintiff offers no admissible evidence, summary judgment should be granted in Allied's favor.

**D.  Plaintiff's Response Fails to Create a Disputed Issue of Material Fact.**

    ***1.  Plaintiff's Retaliation Claim Is Meritless.***

        a)  <u>Plaintiff's Retaliation Claim Fails Because His Alleged Protected Activity Occurred After His Termination.</u>

Plaintiff was terminated for violating Allied's UOF Policy after an independent review panel found that his use of force was unjustified. MSJ Ex.2, ¶¶7-9; Ex.10, ¶8; Ex.26. The undisputed evidence confirms that Plaintiff was terminated on April 4, 2022, before he engaged in any protected activity, making retaliation legally impossible. *See supra*, pp.3-4, at II(C); MSJ p. 24.

Here, the record is clear: Plaintiff's alleged protected activity occurred only after his termination. On May 25, 2022—nearly two months after his termination—Plaintiff submitted a hotline complaint alleging discrimination and retaliation. MSJ Ex.3, ¶4; Ex.6, 234:1-6. Additionally, Plaintiff did not file his EEOC Charge of Discrimination until September 28, 2022, nearly six months after his termination. *See* Compl, ¶66. As a matter of law, an employer cannot retaliate against an employee for conduct that has not yet occurred. Courts consistently reject retaliation claims where the protected activity postdates the adverse action. *See Stone v. La. Dep't of Revenue*, 590 Fed. Appx. 332, 341 (5th Cir. 2014) (holding that an adverse employment action before a grievance cannot be retaliatory).

In an effort to refute this, Plaintiff alleges that he reported discrimination on January 31, 2022, and April 6, 2022. Pl. Resp., p.23. However, he provides no supporting evidence beyond his own self-serving declaration. Pl. Resp., Appx., pp.19, 26. His failure to produce documentation, emails, witness statements, or any corroborating evidence renders these claims insufficient to create a genuine dispute of fact. *See Ramsey*, 286 F.3d at 269 (self-serving testimony, without objective support, is not sufficient to defeat summary judgment). Likewise, Plaintiff's April 25, 2022 email to Ms. Barnes does not support his claim, as the independent review panel had already decided to terminate him more than two weeks earlier. MSJ Ex.2, ¶8; Ex.10, ¶8; Ex.26.

b) <u>Plaintiff's Retaliation Claim Fails Because Temporal Proximity Alone Is Insufficient to Establish Causation.</u>

Plaintiff argues that the timing of his termination relative to his alleged complaint suggests a retaliatory motive. *See* Pl. Resp., p.25. However, temporal proximity alone is legally insufficient to establish causation, and Plaintiff fails to provide any additional evidence supporting his claim. The U.S. Supreme Court has explicitly rejected the idea that timing alone can prove retaliation, requiring a "but-for" causal connection between the protected activity and the adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (holding that Plaintiff must show that his termination would not have occurred absent retaliation).

Here, the independent review panel's well-documented decision to terminate Plaintiff predates any alleged complaints, making retaliation factually impossible. *See* Ex. A; MSJ Ex.2, ¶8; Ex.10, ¶8; Ex.27; Pl. Resp., Appx. pp.698-700. Plaintiff fails to refute this key point and instead relies on vague assertions that his complaints were known to Allied before his termination. *See* Pl. Resp., pp.23,25. However, he provides no documentation, witness statements, or corroborating evidence to substantiate this claim.

15

Even if Plaintiff had complained before his termination (which he did not), courts require more than temporal proximity to establish causation. The Fifth Circuit has consistently required additional evidence of retaliatory intent beyond timing alone. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (holding that temporal proximity alone does not establish pretext without supporting evidence of retaliatory motive). Plaintiff offers no such evidence.

Furthermore, Plaintiff fails to account for the independent nature of the termination decision. His termination was not a discretionary act by a single supervisor but rather the result of an independent review panel's determination that his use of force violated company policy. *See* MSJ Ex.2, ¶¶7-9; Ex.10, ¶¶ 6-8. He provides no evidence that this panel was aware of any alleged complaints, let alone influenced by them. Because Plaintiff fails to establish the necessary causal link, his retaliation claim cannot survive summary judgment.

      c)   <u>Plaintiff's Retaliation Claim Fails to Rebut Allied's Legitimate, Non-Retaliatory Reason for Termination.</u>

Allied has provided a legitimate, non-retaliatory reason for Plaintiff's termination—his violation of the UOF Policy—which was investigated, reviewed, and adjudicated by an independent panel that determined his use of force was unjustified and termination warranted. *See* MSJ Ex.2, ¶¶7-9; Ex.10, ¶¶ 6-8; Ex.26.

When an employer articulates a legitimate, non-discriminatory reason for termination, the burden shifts to Plaintiff to prove pretext. *See Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999) (when a defendant "successfully articulate[s] such a reason, the inference of discrimination raised by the prima facie case disappears, and [a plaintiff] must prove, by a preponderance of the evidence, both that the [ ] articulated reason is false and that the defendan[t] intentionally discriminated"). Plaintiff fails to meet this burden and instead makes the baseless assertion that Mr. Freeney provided a false statement about the incident leading

to his termination. *See* Pl. Resp., p.8. This claim is entirely unsupported. The record confirms that Mr. Freeney's statement was consistent with the findings of the investigation, including details derived from Plaintiff's own statement. *See supra*, pp.3-4, at II(C)-(D). Plaintiff provides no evidence contradicting the investigation's findings, and his attempt to discredit Mr. Freeney's statement is unsupported speculation.

In his Response, Plaintiff also alleges that his testimony and records demonstrate that he followed Allied's UOF Policy. *See* Pl. Resp., p.18. However, he provides no evidence supporting this claim. He fails to cite any documentation, incident reports, or witness testimony refuting the independent panel's findings. His opinion (or that of anyone other than Allied's) is simply that, an unsupported opinion.

While Plaintiff discusses pretext standards, he fails to meet his burden of persuasion as he must introduce evidence showing that Allied's explanation is false or unworthy of credence. *See* Pl. Resp., pp.20-25. To do this, Plaintiff must offer evidence contradicting the claim that he violated the UOF Policy, yet he provides none. *See. Reeves*, 530 U.S. at 144 (plaintiff can typically establish pretext by showing that they did not commit the infraction they were accused of.) Here, aside from making conclusory allegations, Plaintiff provides **no contradictory evidence** proving that he did not violate UOF Policy. Because he does not rebut Allied's legitimate, nondiscriminatory reason for termination, Plaintiff has not sustained his evidentiary burden, and his discrimination and retaliation claims must be dismissed. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

### 2. *Plaintiff's Discrimination Claims Are Unsupported by Evidence.*

Plaintiff's claims of race, ancestry, national origin, and religious discrimination are fatally flawed as he fails to present any evidence that his protected characteristics played a role in his

termination. Instead, he relies on speculation, mischaracterizations of Allied's policies, and conclusory allegations, all of which are contradicted by the undisputed evidence in the record. His Response is not only difficult to decipher, but when examined, the "evidence" he cites is inadmissible and does not support his claims. Moreover, he fails to provide any meaningful analysis explaining how his evidence satisfies the basic *prima facie* elements of a discrimination claim, further demonstrating the lack of merit in his allegations.

      a)  <u>Plaintiff Fails to Present Direct Evidence of Discrimination.</u>

Plaintiff believes that direct evidence supports his discrimination claim, citing alleged statements by Mr. Freeney—specifically, "go back to where you are from" and "I'm dealing with a sand-n****r." Pl. Resp., pp.11-15. Plaintiff further asserts that these remarks were made during suspension meetings and were connected to his suspension and termination. *Id*. However, Plaintiff misstates case law, misapplies the legal standard for direct evidence, and falsely asserts that Mr. Freeney independently made the termination decision, rendering his argument legally and factually deficient.

Under Fifth Circuit precedent, direct evidence of discrimination must establish intentional discrimination without requiring inference or presumption. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328–29 (5th Cir. 1994). However, the alleged remarks—even if offensive— do not qualify as direct evidence under the very legal standard Plaintiff cites. *See* Pl. Resp., p.12. *See Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015) (stray remarks, even if offensive, do not constitute direct evidence unless they (1) were made by a decision-maker, (2) were proximate in time to the adverse action, (3) related to the employment decision, and (4) unambiguously expressed discriminatory intent).

Plaintiff's own arguments contradict his claim of direct evidence. First, he fails to establish that Mr. Freeney was a decision-maker with independent authority over his termination. The independent review panel—not Mr. Freeney—made the termination decision, breaking any causal link between the alleged remarks and Plaintiff's discharge. *See* MSJ Ex.2, ¶8; Ex.10, ¶8; Ex.26; Pl's Resp., Appx., pp.687-700. The panel, which consisted of four individuals, determined that Plaintiff's use of force was unjustified, and Plaintiff provides no evidence that the panel was influenced by Mr. Freeney's alleged remarks. The Fifth Circuit has consistently held that stray remarks by non-decision-makers do not constitute direct evidence of discrimination. *See EEOC v. Tex. Instruments Inc*., 100 F.3d 1173, 1181 (5th Cir. 1996) (holding that comments by individuals with no decision-making authority do not constitute direct evidence).

Second, even assuming Mr. Freeney made these statements, Plaintiff fails to link them to his termination. Plaintiff concedes that these remarks were made during the suspension meeting discussing the suspension, not in connection with the termination decision. *See* Pl. Resp., p.13. Further, the decision to suspend Plaintiff had already been made before the alleged comments, and his termination was decided by an independent panel of four individuals, none of whom Plaintiff alleges made discriminatory remarks. *See* MSJ Ex.2, ¶¶7-8; Ex.10, ¶6-7; Ex.17.

Finally, even if the Court were to consider these remarks, they constitute, at most, circumstantial evidence because they require inference to establish a connection between the alleged statements and Plaintiff's termination. *See West v. Nabors Drilling USA, Inc*., 330 F.3d 379, 384 n. 3 (5th Cir.2003) (recognizing that if an inference or presumption is required for the evidence to be probative as to an employer's discriminatory animus, the evidence is circumstantial, not direct). Thus, requiring Plaintiff to meet the burden-shifting framework under *McDonnell Douglas. See Jurach v. Safety Vision, LLC,* 72 F. Supp.3d 698, 710 (S.D. Tex. 2014), aff'd, 642 F.

App'x 313 (5th Cir. 2016) (when a plaintiff presents indirect or circumstantial evidence of discrimination, the claims are considered under the burden-shifting framework of *McDonnell Douglas*.) Because Plaintiff fails to meet this burden and presents no admissible direct evidence of discrimination, summary judgment is warranted.

> b) Plaintiff Fails to Establish a Prima Facie Case of Discrimination.

Plaintiff attempts to rebut Allied's argument that non-Kurdish employees were also terminated for UOF Policy violations by dismissing this fact as akin to "having a Black friend" as a defense to racism. *See* Pl. Resp., p.18. This analogy is legally and factually inapplicable, as Allied's argument is not based on the mere existence of other terminated employees within Plaintiff's protected class, but on Plaintiff's failure to present *any* evidence that non-Kurdish or non-Muslim employees engaged in similar conduct but were treated more favorably. *See* MSJ p.15.

To establish a *prima facie case* of discrimination, Plaintiff must show that similarly situated employees outside his protected class were treated more favorably for nearly identical misconduct. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892-93 (5th Cir. 2012). Here, Plaintiff fails to provide any admissible evidence showing that Mr. Rodriguez or any other security officer engaged in comparable use of force violations but was not disciplined. Plaintiff's Response relies solely on conclusory assertions without presenting any evidence that Mr. Rodriguez was similarly situated in all relevant respects—including job duties, disciplinary history, policy violations, and decision-makers involved. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) (holding that comparators must be nearly identical in relevant respects to establish disparate treatment).

Plaintiff also fails to establish that any alleged differential treatment regarding equipment, grooming standards, or work assignments was based on his race, ancestry, or religion. The record confirms that Allied had no policy requiring employees to fully shave and Plaintiff never requested

20

a religious accommodation for his beard. *See* MSJ Ex.4, p.7; Ex.6, 64:11-23,73:5-74:6. Furthermore, Plaintiff never fully shaved his beard and does not refute that other employees— including those outside his protected class—were also permitted to have facial hair. *See* MSJ Ex.6, 83:16-18, 94:10-25, 95:16-17; Ex.23. His claim that he was denied necessary equipment, such as a body camera, properly functioning firearm, and uniform items, is unsubstantiated, as he provides no evidence that these alleged disparities were intentional or tied to his protected characteristics. *See* Pl. Resp., p.16; *cf.* MSJ Ex. 9, ¶¶4-5; Ex. 11, ¶3. He offers no evidence that these alleged disparities were intentional or tied to his protected characteristics. The undisputed record confirms that equipment shortages affected multiple employees, and that uniform and firearm assignments were not based on race or ancestry. *See* MSJ Ex.9, ¶4-5; Ex.11, ¶3. Further, Plaintiff asserts that he was blocked from working additional accounts and overtime hours, yet he provides no documentation, emails, or testimony demonstrating that he was denied shifts due to his protected characteristics. *See* Pl. Resp., p.16. Plaintiff's Response fails to identify a single employee outside his protected class who was given preferential access to overtime while he was denied.

Therefore, Plaintiff's Response is devoid of admissible evidence supporting his discrimination claims. He fails to provide comparator evidence, objective proof of differential treatment, or documentation connecting his termination to race, ancestry, or religion. Because his assertions rely entirely on speculation and self-serving statements, they are legally insufficient to survive summary judgment.

    c) <u>Plaintiff Fails to Establish That Decision-Makers Knew His Race, National Origin and Religion, or That His Termination Was Based on Discriminatory Animus.</u>

Plaintiff argues that a reasonable juror could infer that Allied knew of his national origin, race, and religion, citing *EEOC v. WC&M Enters., Inc*., 496 F.3d 393 (5th Cir. 2007), and *Memon v. Deloitte Consulting, LLP*, 779 F. Supp. 2d 619 (S.D. Tex. 2011). However, his reliance on these

cases is misplaced, and his argument lacks any admissible evidence linking his termination to his protected characteristics.

First, Plaintiff misapplies *WC&M*, which held that discriminatory remarks referencing a person's foreign accent, physical appearance, or perceived national origin may be sufficient to infer knowledge of protected status. However, unlike in *WC&M*, where the employer made frequent references to the employee's perceived ethnicity and falsely associated him with terrorism, Plaintiff fails to present any evidence that the decision-makers involved in his termination referenced or considered his national origin, race, or religion. Instead, the undisputed record shows that Plaintiff was terminated *after* an independent review panel determined that his use of force violated company policy. *See* MSJ Ex.2, ¶8; Ex.10, ¶8; Ex.26. There is no evidence that anyone on the review panel referenced Plaintiff's background or was even aware of his Kurdish ancestry. Unlike *WC&M*, where explicit discriminatory remarks were made by decision-makers in direct relation to employment actions, Plaintiff provides no such link to his termination.

Second, Plaintiff attempts to establish knowledge of his national origin through indirect factors, such as his first and last name, resident card, accent, and alleged statements from co-workers. *See* Pl. Resp., p. 18. However, the Fifth Circuit requires more than generalized assumptions to establish discriminatory intent. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012) (rejecting national origin claim where the plaintiff failed to connect alleged bias to the employment decision). Plaintiff fails to provide evidence that anyone on the independent review panel considered these factors in deciding to terminate him, rendering this argument speculative and legally insufficient.

Third, Plaintiff cites alleged comments made by "Allied's Supervisor and Manager", including remarks about his beard, accent, and an alleged racial slur, to argue that a reasonable

juror could infer discrimination. *See* Pl. Resp., p. 18. However, Plaintiff does not allege that these individuals were involved in the termination decision, nor does he provide evidence linking their alleged statements to his employment outcome.

Fourth, Plaintiff misinterprets *Memon*, which addressed cases where a plaintiff's race, religion, and national origin are so closely associated that the court need not separate the bases for discrimination. 779 F. Supp.2d 619,634 (S.D. Tex. 2011) (Rosenthal, J.). However, even under this reasoning, Plaintiff still fails to provide any evidence that his protected characteristics were considered in his termination. In *Memon*, the court denied summary judgment because the plaintiff provided multiple instances of discriminatory treatment by decision-makers who influenced the adverse employment action. Here, Plaintiff offers no evidence that the review panel considered his race, religion, or national origin, nor does he show that the alleged remarks influenced the decision.

Finally, the undisputed record confirms that Plaintiff was terminated solely for violating company policy, not for his protected characteristics. *See* MSJ Ex.2, ¶8; Ex.10, ¶8; Ex.26. He fails to present evidence of similarly situated employees outside his protected class who were treated more favorably, further weakening his claim. *See Kansas City S. Ry. Co.*, 574 F.3d at 259-60 (holding that comparators must be "nearly identical" in relevant respects).

### 3. *Plaintiff Fails to Present Competent Evidence of Pretext.*

Plaintiff asserts that various forms of pretext evidence exist, relying on case law suggesting that pretext can be shown through inconsistent statements, deviations from policy, temporal proximity (*see supra*, pp.15-16, at III(D)(1)(c)), and expressions of animus. However, Plaintiff misapplies these legal principles and fails to provide admissible evidence demonstrating that Allied's legitimate, non-discriminatory reason for his termination was false or unworthy of credence.

23

a) <u>Plaintiff Fails to Show Inconsistent Statements or Fabricated Documentation.</u>

Plaintiff argues that Allied provided inconsistent explanations regarding his beard policy compliance and receipt of equipment, citing purported contradictions between Allied's Position Statement to the EEOC and its arguments in this litigation. *See* Pl. Resp., p.22. However, Plaintiff fails to provide any evidence that Allied's explanations have changed in any material way. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 237 (5th Cir. 2015) (holding that pretext may be shown through "substantial variations" in an employer's stated reason). Here, there are no material inconsistencies—Allied has consistently maintained that Plaintiff was never required to shave off his beard completely, and that religious accommodation was available.

Further, Plaintiff speculates that his disciplinary documentation was falsified, pointing to differences in ink color and the timing of his termination notice. *See* Pl. Resp., p.25.  However, he fails to present any evidence showing that these minor discrepancies indicate an intent to fabricate or cover up discrimination. Courts have held that mere speculation about documentation irregularities does not establish pretext. *See Evans v. Houston*, 246 F.3d 344, 355-56 (5th Cir. 2001) (finding backdating of a notice could support pretext only when combined with other strong evidence of discrimination). Here, Plaintiff offers no supporting evidence beyond speculation, making this argument legally insufficient.

b) <u>Plaintiff Mischaracterizes Allied's Policies and Alleged Departures from Procedure.</u>

Plaintiff claims that Allied deviated from its standard policies, particularly in handling his discrimination complaints and use-of-force investigation. *See* Pl. Resp., p.23-24. However, he fails to establish that any deviation occurred or that it was linked to discrimination. Courts routinely reject pretext arguments based on alleged deviations from policy unless the plaintiff provides evidence that (1) the deviation actually occurred and (2) it was done with discriminatory intent.

*See Pruitt v. Dallas Indep. Sch. Dist., No.* 3-04-CV-0554, 2006 U.S. Dist. LEXIS 33054, at *21 (N.D. Tex. Apr. 21, 2006) (rejecting pretext claim based on an alleged policy deviation that plaintiff failed to substantiate). The undisputed evidence shows that Plaintiff's termination followed a standard independent review panel process, and Plaintiff cites no company policy requiring his involvement in the review or mandating a different investigation procedure. *See* MSJ Ex.2, ¶8; Ex.10, ¶8; *see also*, Pl. Resp., Appx., p. 257:12-24. Thus, Plaintiff fails to meet this burden.

c) <u>Plaintiff's Prima Facie Case Does Not Establish Pretext.</u>

Plaintiff argues that his *prima facie* case itself is evidence of pretext, citing *Reeves*, 530 U.S. at 143. *See* Pl. Resp., p.23-24. However, *Reeves* does not hold that a *prima facie* case alone is sufficient to establish pretext. Rather, it permits a jury to consider a *prima facie* case ***along with*** other evidence of pretext. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981) (noting that the burden remains on the plaintiff to produce additional evidence beyond the *prima facie* case to show pretext). Plaintiff fails to provide such additional evidence here, and his reliance on a *prima facie* case showing alone is insufficient to defeat summary judgment.

## IV.    CONCLUSION

For all the reasons stated herein and in Defendant's Motion for Summary Judgment, Allied respectfully requests that this Honorable Court grant its Motion for Summary Judgment, exclude all inadmissible evidence, dismiss all Plaintiff's claims with prejudice, order that Plaintiff take nothing, and award any other and further relief, legal or equitable, to which Defendants may be entitled.

Dated: March 17, 2025

Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com

*Counsel for Defendant Universal Protetion Service,
LP d/b/a Allied Universal Security Services*

26

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon all counsel of record listed below through the Court's ECF service system on the 17th day of March 2025:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

*/s/ Jessica E. Chang*
Jessica E. Chang