# EXHIBIT B

# Nathan Shine

| | |
|---|---|
| **From:** | Amanda Hernandez <amanda@ahfirm.com> |
| **Sent:** | Monday, September 30, 2024 11:31 PM |
| **To:** | Nathan Shine; Kelly Eisenlohr-Moul; Jennifer Pope |
| **Cc:** | David Wiley; Amy Gibson |
| **Subject:** | Ahmed v. Universal supplemental disclosures, production, and answers |
| **Attachments:** | 2024.09.30 Pl supplemental Initial discovery disclosures (part a).pdf; AhmedAllied 000657-00659 Twana 2023 pay record_Redacted.pdf; AhmedAllied 000660-000661 Twana's 04.04.22 notes.pdf; 2024.9.30 Plaintiff's Second Supplemental Responses to Ds Interrogatories.pdf |

Hey Nathan,

Attached are Twana's:

1. Second supplemental responses to defendant's interrogatories;
2. Amended initial discovery disclosures [part a—persons with knowledge];
3. AhmedAllied 000657-00659 Twana 2023 pay record_Redacted.pdf; and
4. AhmedAllied 000660-000661 Twana's 04.04.22 notes.pdf

Amanda Hernandez
AH LAW, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
Office: 713.588.4359
Direct: 915.204.8928

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § § | No. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP d/b/a Allied Universal, | § § § | Jury |
| *Defendant.* | § § § § | |

**TWANA AHMED'S OBJECTIONS AND SECOND SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Twana Ahmed ("Twana")—through undersigned counsel—serves his objections and supplemental answers to Defendant's first set of interrogatories.

No benefits

(d) reason for leaving employment
Not applicable

(2) Previous employment
a) USAPD – security guard
b) United States Army - combat
c) Eagle Security – security guard
d) Door Dash – delivery driver

supplemental answer

Pursuant to the Court's order, Twana limits this answer to those employers that he has worked for within the last three years. In addition to Door Dash, listed above, and Allied Universal, Twana also worked for:

1. Western Eagle Security (also known as Amerom, Inc.), 11201 Richmond Ave, Suite A108, Houston, TX 77082.
   Supervisor's name: Sammy [last name unknown]
   Position: security guard
   Pay: mostly $12/hr. On one or two shifts $15/hr (when no one else could cover)
   Discipline: none
   Reason for leaving: never actually left, hours were very limited, then started working for Allied Universal. Picked up shifts when available.

**INTERROGATORY NO. 7:**
Please identify each employee of Allied Universal that you allege was similarly situated to you, but treated more favorably than you and describe in detail how each employee was allegedly treated more favorably than you.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1. The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[7]

---

[7] *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in

**TWANA AHMED'S OBJECTIONS AND SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES SERVED SEPTEMBER 30, 2024 — PAGE 14 OF 29**

2. The interrogatory is vague and ambiguous because it includes a large group of unidentified people. The parties may reasonably disagree on who may be included in those groups. Twana does not know the full scope of who falls into that group — a matter largely within the exclusive knowledge of Defendant.

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was discriminated against and retaliated against for opposing and reporting discrimination. The identities of many of these individuals are in the control of Allied Universal. But several other security guards were allowed to have beards and not made to shave. This includes Mauro Siboldi and Robert Longoria. Several other security guards were issued badges and body cameras for their safety. This includes other security guards that were stationed at H-E-B grocery stores in Houston and the greater Houston area. Defendants would have their identity. Several other security guards were issued guns that worked properly. Most, if not all of the other security guards that went through the Elite training program at the same time that Twana did, had working guns. Or, if their gun did not work properly, they were issued a replacement. When Twana was at the gun range so that he could get qualified for his handgun, his handgun was not working properly. He was one of the most experienced guys with a handgun. The trainer had to give Twana a different handgun to use just to qualify. After he qualified, he was given the messed up gun again. Twana was told to go to the office for a replacement, but when he did it was never replaced. Allied kept ignoring his requests for a gun that worked properly. They knew he was working with a messed up gun. Several other security guards were allowed to work without threats of bodily harm. Another security guard that actually tased a member of the community was not terminated. He was working at an H-E-B on Kempwood. Other security guards were given progressive discipline. Twana was suspended for discriminatory and retaliatory reasons, and was never actually told that he was terminated.

**supplemental answer**
Raymond Rodriguez is the name of the security guard that was working for Allied Universal at an H-E-B on Kempwood and Gessner. He used his taser on a member of the community and was not terminated from Allied Universal.

**INTERROGATORY NO. 8:**
Describe all efforts made by you to secure work or employment since your Allied Universal employment, and for each such effort state when and how (*e.g.*, written application,

---

detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

2. The interrogatory is vague and ambiguous because it includes a large group of unidentified people. The parties may reasonably disagree on who may be included in those groups. Twana does not know the full scope of who falls into that group — a matter largely within the exclusive knowledge of Defendant.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was discriminated against and retaliated against for opposing and reporting discrimination. The identities of many of these individuals are in the control of Allied Universal. But several other security guards were allowed to have beards and not made to shave. This includes Mauro Siboldi and Robert Longoria. Several other security guards were issued badges and body cameras for their safety. This includes other security guards that were stationed at H-E-B grocery stores in Houston and the greater Houston area. Defendants would have their identity. Several other security guards were issued guns that worked properly. Most, if not all of the other security guards that went through the Elite training program at the same time that Twana did, had working guns. Or, if their gun did not work properly, they were issued a replacement. When Twana was at the gun range so that he could get qualified for his handgun, his handgun was not working properly. He was one of the most experienced guys with a handgun. The trainer had to give Twana a different handgun to use just to qualify. After he qualified, he was given the messed up gun again. Twana was told to go to the office for a replacement, but when he did it was never replaced. Allied kept ignoring his requests for a gun that worked properly. They knew he was working with a messed up gun. Several other security guards were allowed to work without threats of bodily harm. Another security guard that actually tased a member of the community was not terminated. He was working at an H-E-B on Kempwood. Other security guards were given progressive discipline. Twana was suspended for discriminatory and retaliatory reasons, and was never actually told that he was terminated.

**supplemental answer**

Raymond Rodriguez is the name of the security guard that was working for Allied Universal at an H-E-B on Kempwood and Gessner. He used his taser on a member of the community and was not terminated from Allied Universal.

**INTERROGATORY NO. 8:**
Describe all efforts made by you to secure work or employment since your Allied Universal employment, and for each such effort state when and how (*e.g.*, written application,

---

detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

**TWANA AHMED'S OBJECTIONS AND SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES SERVED SEPTEMBER 30, 2024 — PAGE 15 OF 29**

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorney for Twana Ahmed*

CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2024, she served the foregoing as follows:

**via email [per agreement]**

Kelly Eisenlohr-Moul
Martenson, Hasbrouck & Simon LLP
500 Davis Street; Suite 1003
Evanston, IL 60201
T: (224)350-3124
keisenlohr-moul@martensonlaw.com

Nathan A. Shine
Martenson, Hasbrouck & Simon LLP
nshine@martensonlaw.com

Jennifer L. Pope
Martenson, Hasbrouck & Simon LLP
jpope@martensonlaw.com

*/s/Amanda C. Hernandez*
Amanda C. Hernandez

**TWANA AHMED'S OBJECTIONS AND SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES SERVED SEPTEMBER 30, 2024 — PAGE 29 OF 29**

## Supplemental Verification

My name is Twana Ahmed. My date of birth is  4-19-90 , and my address is 9919 Richmond way Houston TX 77042

I declare under penalty of perjury that the supplemental answers to Defendant's interrogatories served on September 30, 2024 are true and correct.

Executed in Harris County, State of Texas, on  9-30-24

Twana Ahmed