UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO STAY JOINT PRETRIAL ORDER AND MOTIONS IN LIMINE DEADLINES PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Universal Protection Service LP d/b/a Allied Universal Security Services ("Allied" or "Defendant") hereby files this Motion to Stay Joint Pretrial Order and Motions in Limine Deadlines Pending Ruling on Defendant's Motion for Summary Judgment (*See* ECF Nos. 27, 34, 40.) In support of its motion, Defendant offers the following:

1. On November 18, 2024, Defendant submitted its Motion for Summary Judgment and Brief in Support with this court. (ECF No. 27.)

2. On November 30, 2024, the parties jointly moved to modify the Scheduling and Docket Control Order, which this Court granted the same day. (ECF No. 28-29.)

3. Pursuant to the modified order, the Joint Pretrial Order and Motions in Limine were due April 4, 2025, and Docket Call was set for April 11, 2025. (ECF No. 29.)

4. On January 22, 2025, Plaintiff submitted his Response in Opposition to Motion for Summary Judgment and Brief in Support. (ECF No. 34.)

1

5. On March 17, 2025, Defendant filed its Reply in Support of its Motion for Summary Judgment and Brief in Support. (ECF No. 40.)

6. On March 25, 2025, the Court issued a Notice of Resetting, rescheduling the Docket Call to April 29, 2025, and extending the deadline for the Joint Pretrial Order and Motions in Limine to April 22, 2025. (ECF No. 41.)

7. As of the filing of this motion, Defendant's Motion for Summary Judgment remains pending before the Court.

8. A district court "has inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also, McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (district court has general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice). The power to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

9. A district court's "action on a request for a stay is a matter of judgment and it is reviewed by the Court of Appeals only for abuse of discretion." *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997) (citation omitted); *see Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (no abuse of discretion by entering a stay until the court determined whether the case would be resolved on summary judgment).

10. Preparing pretrial materials such as the Joint Pretrial Order and Motions in Limine would be inefficient while Defendant's Motion for Summary Judgment remains pending. Without a ruling on the pending dispositive motion, the parties cannot meaningfully assess which claims, witnesses, or exhibits will be relevant at trial. Requiring the parties to expend significant time and

resources on pretrial submissions that may ultimately prove unnecessary would undermine judicial economy. A brief stay of the deadlines will conserve resources for both the Court and the parties and allow for more targeted and efficient trial preparation, should any claims remain.

11. Parties conferred on this motion on April 1, 2025. Plaintiff's Counsel opposed the requested stay but was agreeable to a short continuance.

12. Subsequently, Plaintiff's Counsel also informed Defendant that she will be filing a Motion to Leave to File a Sur-Reply to Motion for Summary Judgment.

13. This potential forthcoming filing further underscores the appropriateness of a stay, as the issues raised in the summary judgment briefing may evolve and impact the scope of trial. Defendant therefore respectfully requests that the Court stay the current pretrial deadlines until the Motion for Summary Judgment has been fully resolved.

WHEREFORE, Defendant respectfully requests that the Court stay the deadlines for the Joint Pretrial Order and Motions in Limine, reschedule the Docket Call pending a ruling on Defendant's Motion for Summary Judgment, and grant such other and further relief as the Court deems just and proper.

Dated: April 11, 2025                    Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com
*Counsels for Defendant Universal Protetion Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I caused to be served a true and correct copy of the foregoing document on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

            */s/ Jessica E. Chang*
            Jessica E. Chang