IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | No. 4:23-cv-02823 |
| | § § | |
| Universal Protection Service, LP, d/b/a Allied Universal, | § § § § | Jury |
| *Defendant.* | § § | |

**PLAINTIFF TWANA AHMED'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**I. NATURE AND STAGE OF PROCEEDING**

This case concerns the civil rights of workers. It involves a Defendant that fails to protect its workers from retaliation when they report discrimination. It involves direct evidence of discrimination, a manager threatening to physically harm a worker, and calling the worker a sand-nigg*r while suspending him for refusing to sign a false incident report. The violations at issue fall under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21.

The Joint Pretrial Order and Motions in Limine are due by April 22, 2025 and Docket Call is set for April 29, 2025.

## II. ISSUE & STANDARD OF REVIEW

The issue at hand is whether the Court should stay all deadlines until it reaches a ruling on Defendant's Motion for Summary Judgment. The Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N.Am. Co.,* 299 U.S. 248, 254 (1936). The decision is reviewed for an abuse of discretion. *Wilton v. Seven Falls Co.,* 515 U.S. (1995).

## III. ARGUMENT AND AUTHORITY

In deciding whether to grant a stay, the Court must "weigh competing interest and maintain an even balance." *Landis,* 299 U.S. at 254-55. "True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

On March 24, 2025, plaintiff Twana Ahmed's counsel requested that the parties confer in effort to work on the joint pretrial items. *See* email chain attached as Exhibit A, at p.1. Defense counsel responded with a request to stay the proceedings and "ask the Case Manager for available dates 3-4 months out." *Id* at p. 2. Plaintiff's counsel agreed to seeking an extension of 4-5 weeks in effort to "better work together at providing quality pretrial items," but would not agree to a blanket 3-4 month extension. *Id.* at p.3. The parties agreed to confer on April 1, 2025, for what plaintiff's counsel understood to be a conference on the joint pretrial work. During the April 1st conference however, defense counsel refused to discuss pretrial items, stating it would be a waste of time to work on the case when summary judgment was pending.

Defendant has known for nearly five months (since November 20, 2024) that the joint pretrial order deadline and docket call were set for April. Defendant knew about these deadlines and did not request that they be moved when it requested additional time to file its reply to summary judgment [Doc. 38]. Now, Defendant is refusing to participate in preparing the required joint pretrial items as presently scheduled.

This Court previously rejected a proposal to hold "further scheduling in abeyance until a ruling is entered on any filed dispositive motion[s]." *See* [Doc. Nos. 18 & 19]. Plaintiff Ahmed's opposition to this motion is an effort to honor the Court's deadlines and previous order. It is also not unusual for dispositive motions to remain pending while the parties' joint pretrial items are due. Counsel for Plaintiff currently has a different case pending in the Southern District of Texas in which the parties filed their Joint Pretrial Order and defendants' summary judgment motion is still pending. Having the parties work together on joint pretrial items now would avoid unnecessary delay in efforts to streamline any contested issues, identify potential stipulations, and determine agreed-upon jury instructions.

### IV. Conclusion

An indefinite stay of the pretrial deadlines and docket call is unnecessary. Defendant's *Motion to Stay Joint Pretrial Order and Motions in Limine Deadlines Pending Ruling on Defendant's Motion for Summary Judgment* should be denied.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge

Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

*and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 15, 2025, *Plaintiff Twana Ahmed's Response in Opposition to Defendant's Motion to Stay* was filed via the Court's CM/ECF system, serving Defendant's attorneys of record as follows:

Jessica Eunseon Chang
Martenson, Hasbrouck & Simon LLP
500 Davis Street; Suite 1003
Evanston, IL 60201
T: (224) 350-3127
jchang@martensonlaw.com

Nathan A. Shine
Martenson, Hasbrouck & Simon LLP
nshine@martensonlaw.com

Jennifer L. Pope
Martenson, Hasbrouck & Simon LLP
jpope@martensonlaw.com

*Attorneys for Defendant Allied Universal*

/s/ *Amanda C. Hernandez*
Amanda C. Hernandez