IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed**,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP, d/b/a | § | Jury Trial Demanded |
| Allied Universal Security Services | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

---

**JOINT PRETRIAL ORDER**

---

1.   APPEARANCE OF COUNSEL

**Plaintiff Twana Ahmed**

> Ms. Amanda C. Hernandez
> amanda@ahfirm.com
> 5718 Westheimer, Suite 1000
> Houston, Texas 77057
> (713) 588-4359
>
> Ms. Amy E. Gibson
> amy@gwfirm.com
>
> Mr. David L. Wiley
> david@gwfirm.com
>
> 1500 Jackson Street #109
> Dallas, Texas 75201
> (214) 522-2121

**Defendant Universal Protection Service, LP, *d/b/a* Allied Universal Security Services**

> Jessica E. Chang, Esq.
> jchang@martensonlaw.com
>
> Nathan A. Shine, Esq.
> nshine@martensonlaw.com
>
> Martenson Hasbrouck, & Simon LLP.
> 500 Davis Street, Suite 1003
> Evanston, Illinois 60201
> (224) 350-3127
>
> Gary R. Kessler, Esq.
> gkessler@martensonlaw.com
>
> Martenson Hasbrouck, & Simon LLP.
> 2573 Apple Valley Road NE
> Atlanta, Georgia 30319

## 2.  STATEMENT OF THE CASE

The parties have not reached an agreement on a statement of the case, and submit separately as follows:

**Twana Ahmed's Statement of the Case:**

This case concerns the civil rights of workers protected under our state and federal laws. The case involves allegations of race, religious, and national origin discrimination against Defendant Universal Protection Service, LP, which does business as Allied Universal Security Services. Twana Ahmed, a former Allied Universal worker, alleges that Allied Universal, through its managers and supervisors, repeatedly told him to shave his beard despite his requests to keep it for religious reasons, physically threatened to harm him, refused to issue him company equipment that others had, and subjected him to racial and ethnic slurs because of his race, ethnicity, ancestry, religion, and national origin. Twana Ahmed asserts that he reported this discriminatory treatment to Allied Universal's human resources representative and Allied Universal failed to protect him from retaliation. Allied Universal suspended and ultimately terminated Twana Ahmed soon after his reports of discrimination.

**Twana Ahmed's contentions:**

Allied Universal has long-standing system failures that result in a failure to enforce its own policies and procedures against race, religious, and national origin discrimination and a failure to enforce its own policies and procedures against retaliation when discrimination is reported. Allied Universal has known about discrimination and retaliation problems in its ranks for years before Mr. Ahmed ever started work. The systemic problems resulting in illegal discrimination and retaliation continue to date.

Allied Universal's discrimination and retaliation caused Twana Ahmed harm, including economic losses and non-economic losses. But the worst harm is the betrayal of trust that Mr. Ahmed placed in Allied Universal, and the consequences of that betrayal.

**Twana Ahmed's issues requiring resolution at trial**:

At trial, the jury must decide whether Allied Universal discriminated against Mr. Ahmed because of his race, ancestry, ethnicity, religion, or national origin. This includes whether Allied Universal, either itself or through a vice-principal deprived Twana Ahmed of employment opportunities or otherwise discriminated against Twana Ahmed because of his race, ancestry, ethnicity, religion, or national origin by (1) repeatedly telling him to shave his beard despite his request to keep it for religious reasons; (2) failing to provide him with company equipment others had; (3) threatening physical harm; (4) subjecting him to racial and ethnic slurs; (5) suspending him; and (6) terminating him.

The jury must also decide whether Allied Universal retaliated against Twana Ahmed because of his request for religious accommodation, or his reports of or opposition to illegal discrimination.

If the jury decides there was discrimination because of race, ancestry, ethnicity, religion, or national origin; or if the jury finds retaliation, then the jury must decide whether Allied Universal has caused Twana Ahmed damages and, if so, the amount of those damages. This includes pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional harm, harm to name, harm to reputation, and other noneconomic losses.

If the jury decides there was illegal discrimination or retaliation, then it must also decide whether punitive damages should be assessed against Allied Universal in order to punish and deter Allied Universal and others from engaging in such conduct in the future.

**Twana Ahmed's issues requiring resolution after trial:**
If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor Code, then the Court must determine whether injunctive relief prohibiting defendant from engaging in such unlawful employment practices in the future is warranted—with specifics to be tailored to the problems, deficiencies, and gaps that the evidences shows.

If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor, then the Court must determine whether the equitable relief of back pay and front pay is warranted, and if so the amount of back pay and front pay.

If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor Code, then the Court must determine reasonable attorneys' fees, prejudgment interest, and costs.

**Allied Universal's Statement of the Case**
Plaintiff Twana Ahmed filed this lawsuit against Allied Universal alleging he was subjected to: (i) race and ancestry discrimination in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq*. ("TCHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); (ii) national origin and religious discrimination in violation of the TCHRA and Title VII; and (iii) retaliation in violation of the TCHRA, Title VII, and Section 1981. Twana Ahmed's claims arise from his employment as a security professional where he asserts that he was pressured to shave his beard despite his religion and that his supervisor directed racial slurs and threats against him. Absent Twana Ahmed's self-serving statements of unwitnessed alleged discriminatory treatment, there is no evidence to support his allegations. His employment ended less than four months later after a panel review process determined that his excessive use of force in detaining an alleged shoplifter was unjustified and in violation of the Company's Use of Force policy. To Twana Ahmed, his termination was retaliatory. Yet, Twana Ahmed's only known complaint was made after his termination. Allied Universal asserts legitimate, nondiscriminatory, and nonretaliatory reasons for its actions, and which Twana Ahmed cannot (nor could he) show were pretextual.

**Allied Universal's Contentions**

Allied Universal categorically denies that its employees, supervisors or managers treated Twana Ahmed any differently from other employees based on his race, ethnicity, national origin or religion.

Rather, Twana Ahmed was treated fairly and in a nondiscriminatory and non-retaliatory basis in all aspects of his employment, including the circumstances surrounding his termination for a clear violation of Company Use of Force policy.

Allied Universal submits that the evidence will show Twana Ahmed's undocumented allegations of disparate treatment and slurs are not worthy of belief and, further, that Twana Ahmed's employment was terminated only after it was determined by an Allied Universal Use of Force Review Panel that Twana Ahmed had in fact violated the Company's Use of Force policy, a policy violation that has been consistently enforced and constitutes grounds for termination.

**Allied Universal's Articulation of the Issues to be Resolved at Trial**

1. Whether Twana Ahmed was subjected to discriminatory or retaliatory treatment based on his race, ancestry, religion or national origin while employed by Allied Universal.

2. Whether Twana Ahmed was terminated based on his race, ancestry, religion or national origin when he was terminated for violating Allied Universal's Use of Force Policy;

3. If the jury determines that Twana Ahmed was discriminated against or subjected to retaliation, whether Twana Ahmed has failed in whole or part to mitigate his economic losses in this matter;

4. Whether Twana Ahmed has proven by a preponderance of the evidence that he suffered from emotional distress as a result of alleged discriminatory or retaliatory treatment.

5. Whether Twana Ahmed has proven by a preponderance of the evidence that Allied Universal acted with malice or reckless indifference based on his race, ancestry, religion or national origin while he was employed by Allied Universal.

6. Whether Twana Ahmed has in part or whole mitigated, or failed to mitigate, his economic damages since his employment termination from Allied Universal in April 2022.

### 3.   JURISDICTION

The Court has subject matter jurisdiction over the claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331 [federal question jurisdiction]. The Court has supplemental jurisdiction over the claims under Texas Labor Code Chapter 21 pursuant to 28 U.S.C. §1367(a) [same case or controversy].

There are no unresolved jurisdictional questions.

### 4.   MOTIONS

There are no pending motions.

### 5.   THE PARTIES' CONTENTIONS

**Twana Ahmed:**
Allied Universal violated federal and state laws prohibiting race, religious, and national origin discrimination and retaliation. These laws are: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21. The violations caused Twana Ahmed both economic and non-economic damage. Allied Universal acted with malice or reckless indifference to Mr. Ahmed's state and federally protected rights to be free from discrimination or retaliation—and so, punitive damages are appropriate.

**Allied Universal**:
Allied Universal categorically denies that its employees, supervisors or managers treated Twana Ahmed any differently from other employees based on his race, ethnicity, national origin or religion. Rather, Twana Ahmed was treated fairly and in a nondiscriminatory and non-retaliatory basis in all aspects of his employment, including the circumstances surrounding his termination for a clear violation of Company Use of Force policy.

Allied Universal submits that the evidence will demonstrate that Twana Ahmed's undocumented allegations of disparate treatment and use of slurs are not credible. Furthermore, Twana Ahmed's employment was terminated only after an Allied Universal Use of Force Review Panel determined that Twana Ahmed had, in fact, violated the Company's Use of Force policy, a policy violation that has been consistently enforced and constitutes valid grounds for termination.

### 6.   ADMISSIONS OF FACT

   1.   Allied Universal has more than 500 employees in each of 20 or more calendar weeks

in each calendar year since 2021.

2. Allied Universal employed Twana Ahmed as an armed security guard from December 15, 2021 through April 2022.

7. **DISPUTED FACTS**

**Please note the parties have agreed that the Court should decide certain disputed facts, namely equitable relief, include back pay, front pay, injunctive and other equitable relief.**

**Twana Ahmed's Disputed Facts:**

1. Whether Allied Universal discriminated against Mr. Ahmed because of his race, ethnicity, ancestry, religion, or national origin. This includes repeatedly telling him to shave his beard despite his request to keep it for religious reasons, physically threatening to harm him, refusing to issue him company equipment that others had, subjecting him to racial and ethnic slurs, suspending him, and terminating him.

2. Whether Allied Universal retaliated against Mr. Ahmed because of his protected activity. This includes his request to keep his beard for religious purposes, and his reports of and opposition to discrimination based on race, religion, and national origin.

3. Whether, during the time of his employment, Defendant's Manager Patrick Freeney had the power to hire, discipline, suspend, and terminate employees.

4. Whether Allied Universal caused compensatory damages to Mr. Ahmed, and if so, the amount of those compensatory damages.

5. Whether Allied Universal caused Mr. Ahmed lost wages and benefits, and if so, the amount of those lost wages and benefits.

6. Whether punitive damages should be assessed against Allied Universal, and if so, the amount of those punitive damages.

**Allied Universal's Disputed Facts:**

1. Whether Twana Ahmed was subjected to discriminatory or retaliatory treatment based on his race, ancestry, religion or national origin during his employment with Allied Universal.

2. Whether Twana Ahmed was terminated based on his race, ancestry, religion or

national origin when he was terminated for violating Allied Universal's Use of Force Policy.

3. Whether Twana Ahmed has proven by a preponderance of the evidence that he suffered from emotional distress as a result of alleged discriminatory or retaliatory treatment.

4. Whether Twana Ahmed has proven by a preponderance of the evidence that Allied Universal acted with malice or reckless indifference based on his race, ancestry, religion or national origin while he was employed by Allied Universal.

5. Whether Twana Ahmed has in part or whole mitigated, or failed to mitigate, his economic damages since his employment termination from Allied Universal in April 2022.

**8.   AGREED APPLICABLE PROPOSITIONS OF LAW**

1. Title 42, United States Code, Section 1981, also known as the Civil Rights Act of 1886 prohibits employers from discriminating against employees because of their race, ancestry, or ethnicity, which includes at-will employment.

2. Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code prohibits employers from discriminating against employees because of race, religion, or national origin, which includes at-will employment.

3. Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code prohibits employers from limiting employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's race, religion, or national origin.

4. Section 1981, Title VII, and Chapter 21 of the Texas Labor Code prohibit retaliation for protected activity, which includes opposition to or reports of discrimination based on race, ethnicity or ancestry.

5. Title VII and Chapter 21 of the Texas Labor Code prohibit retaliation for protected activity, which includes requests for religious accommodation, and opposition to or reports of discrimination based on race, religion, or national origin.

6. Title VII, Section 1981, and Chapter 21 of the Texas Labor Code permit recovery for damages caused by illegal discrimination and retaliation, including punitive damages.

7. Evidence of the entitlement to or mitigation of equitable remedies including back pay, front pay, and injunctive relief should be addressed by the Court, consistent with Fifth Circuit precedent, after a finding of liability. *See, e.g.* Tex. Lab. Code § 21.258; *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394-95 (5th Cir. 2003) ("Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the pack pay issue itself absent the parties' agreement to the correct amount.")

## 9. CONTESTED ISSUES OF LAW

**Twana Ahmed's contested issues of law:**

Mr. Ahmed's attorneys believe most of Allied Universal's contested issues of law are fact issues and that most contested issues in this case are fact issues for the jury to decide.

**Allied Universal's Contested Issues at Law**

1. Whether Plaintiff's subjective belief of discrimination or retaliation, without supporting objective evidence, is legally sufficient to establish pretext or causation. *Little v. Republic Refining Co., Ltd., 924 F.2d 93, 96 (5th Cir. 1991) (*"subjective belief of discrimination, however genuine, can be the basis of judicial relief.")

2. Whether Plaintiff's failure to mitigate damages precludes or limits his entitlement to back pay or front pay as a matter of law. *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 591 (5th Cir. 1998)(Because an award of back pay is an equitable remedy designed to make the injured party whole, ... an injured party has a duty under both § 1981 and Title VII to use reasonable diligence to attain substantially similar employment and, thereby, mitigate damages.)

3. Whether punitive damages are available under Title VII or Section 1981 in the absence of evidence that Allied Universal acted with malice or reckless indifference to Plaintiff's federally protected rights, particularly in light of Allied Universal's documented efforts to comply with anti-discrimination laws. *See* 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999);

4. Whether Plaintiff is entitled to recover damages for instances that he alleges were discriminatory or retaliatory but do not rise to the level of an adverse employment action under the applicable discrimination or retaliation laws.

## 10.  EXHIBITS

Twana Ahmed's exhibit list is attached and Allied Universal's exhibit list is filed consecutively.

The parties request Court approval of their agreement on demonstratives. The Court's procedures are silent on demonstratives. The parties agree that demonstratives do not need to be included in exhibit lists. They further agree that they will show demonstratives to the other side at least three days before use, unless the demonstrative is (1) created on the fly in trial or (2) created at such time that sharing 3 days ahead is not feasible. In the latter situation [#2], the parties will show the demonstrative(s) to the other side as soon as reasonably feasible.

The parties request Court approval of an agreement that modifies Court procedure on exhibit objections. The parties agree that they may, but are not required to, object to exhibits before trial, except for authentication objections. Authentication objections will follow the Court's procedures — i.e., notifying "offering counsel in writing within 7 days after the exhibit is listed and made available to opposing parties. Failure to do so may be deemed an admission of authenticity." The parties believe other exhibit objections are better made in the context of trial and tend to be fewer or more limited in that context. The parties believe use-it-or-lose-it objections to exhibits before trial [and without the context of trial] may lead parties to feel compelled to assert all possible objections, not knowing the trial evidence or context at this time.

## 11.  WITNESSES

Twana Ahmed's witness list is attached, and Allied Universal's witness list is filed consecutively.

If any other witnesses will be called at the trial, their names, addresses and the subject matter of their testimony will be reported to opposing counsel as soon as they are known. This restriction will not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

## 12.  SETTLEMENT

The parties mediated this case on October 21, 2024 before private mediator Kathy Fragnoli. The mediation did not result in a settlement. There have been no further negotiations.

## 13.  TRIAL

This is a jury trial.

Twana Ahmed's attorneys currently estimate 10 calendar days as the probable length of trial *including* the days for jury selection and days for jury deliberation through verdict. Mr. Ahmed foresees no logistical problems other than compelling certain witnesses to trial—depending on the trial date. Our preference for jury trial is May 2025 or June 2025. Currently, we have no trial settings that would conflict with a trial setting in this Court. However, all three of Mr. Ahmed's attorneys are counsel of record in an earlier-filed case pending in Judge Eskridge's court. The case is *Dedmon v. Shell Exploration & Production Company,* Case No. 4:21-cv-03371 (S.D. Tex.—Houston Division). We attended docket call on April 22, 2025, during which Judge Eskridge ordered the parties to mediate again by July 15, 2025 and submit a mediation report within 10 days thereafter, so July 25, 2025 at the latest. We expect it is likely that the *Dedmon* case will be set for jury trial in August or September of 2025.

Allied Universal's attorneys estimate a jury trial of this matter would reasonably require five (5) trial days, including the days for jury selection and jury deliberation. Due to existing professional and personal commitments, Allied Universal respectfully requests that trial be scheduled for late September or October 2025. Attorney Chang has international travel plans from June 27 to July 31, 2025, with non-refundable tickets already purchased, and is scheduled to appear at an arbitration hearing during the week of September 9, 2025. Attorney Shine has travel plans in the last week of May 2025. Attorney Chang and Attorney Shine also have a trial set in Illinois state court in August 2025. Attorney Kessler has travel plans from June 7 to June 20, 2025, an arbitration hearing during the week of August 25, 2025, and international travel scheduled for September 3 to September 13, 2025. In addition, several witnesses have informed counsel of pre-planned travel obligations throughout June, July, and August:

| Witness | Conflicts/Out of Town Dates |
|---|---|
| Katherine Alyea | Travel in the last week of July |
| Monroe McClain | Out on Long Term Disability Leave |
| Kareem McKinnon | Two-week travel in June<br>Two-week travel in July |
| Alex Bergeron | One week travel in June |
| Catherine Barnes | • 05/15-05/19<br>• 05/29-06/02<br>• 06/26-06/30<br>• 07/10-07/15<br>• Travel to Louisiana in August<br>• 09/18-09/21 |

14. **ADDITIONAL REQUIRED ATTACHMENTS**

(a) The parties' separate proposed jury selection topics and questions for the voir dire examination for the Court are attached.

(b) The single, joint proposed jury charge is attached with disputed language set out in

bold type.

(c) The parties' separate memoranda of law are attached.

**15. QUESTION FOR THE COURT**

1. Mr. Ahmed's attorneys have interpreted the Court's request for jury selection questions to mean questions for the Court to ask the jury panel. We would however, request sufficient attorney-led jury selection time. Should the Court require the parties to submit their own proposed jury selection questions, we ask that we be given the opportunity to supplement those questions.


_____                    _____
                    Date                                                LEE H. ROSENTHAL
                                                              UNITED STATES DISTRICT JUDGE



Approved May 2, 2025:

*/s/ Amanda Hernandez*                                  */s/ Jessica E. Chang*
Ms. Amanda C. Hernandez                                 Jessica E. Chang, Attorney-In-Charge
Attorney-in Charge                                      (SDTX No. 3905098, IL6319080)
Texas State Bar No. 24064411                            Nathan A. Shine
Southern District Bar No. 1531045                       (SDTX No. 3874604, IL6316753)
amanda@ahfirm.com                                       Martenson, Hasbrouck & Simon LLP
                                                        500 Davis Street, Suite 1010
AH Law, PLLC                                            Evanston, Illinois 60201
5718 Westheimer, Suite 1000                             (224) 350-3127
Houston, Texas 77057                                    jchang@martensonlaw.com
T: (713) 588-4359                                       nshine@martensonlaw.com
F: (281) 572-5370

*and*                                                   *and*

Ms. Amy E. Gibson                                       Gary R. Kessler
Of Counsel                                              (*SDTX Admission To Be Filed*)
Texas State Bar No. 00793801                            Martenson, Hasbrouck & Simon LLP
Southern District Bar No. 20147                         2573 Apple Valley Road NE
                                                        Atlanta, Georgia 3031

amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

(404) 909-8100
gkessler@martensonlaw.com

***Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services***