IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| Twana Ahmed**,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP, d/b/a | § | Jury Trial Demanded |
| Allied Universal | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

---

## THE PARTIES PROPOSED JURY CHARGE

---

In accordance with the Court's form Joint Proposed Pretrial Order,[1] attached is a single, joint proposed jury charge, including all instructions, definitions, and questions, separately numbered and presented on a separate page, with authority. If there are instructions, definitions, or questions as to which the parties cannot agree, the disputed language is set out in bold type or italics, to identify it as disputed and labeled to indicate which party is requesting the disputed language.

---

[1] ECF Doc. 3-1.

<u>Instruction No. 1:    Preliminary Instructions to the Jury</u>

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, X/Twitter, TikTok or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 1.2 Preliminary Instructions to Jury (revised ed. June 2020).

<u>Instruction No. 2: General Instructions for Jury Charge</u>

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 3.1 Jury Charge (revised ed. June 2020).

Instruction No. 3: Bias—Corporate Party Involved

       Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 2.16 Bias—Corporate Party Involved (revised ed. June 2020).

Instruction No. 4: Similar Acts

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing Allied Universal's motive, opportunity, intent, knowledge, plan, identify, or absence of mistake or accident, which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect Allied Universal's character.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 2.10 Similar Acts (revised ed. June 2020).

<u>Instruction No. 5: Burden of Proof: Preponderance of the Evidence</u>

      Twana Ahmed has the burden of proving his case **of discrimination and retaliation** by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Twana Ahmed has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 3.2 Burden of Proof: Preponderance of the Evidence (revised ed. June 2020) **(Defendant Allied Universal requests the bold disputed language).**

Instruction No. 6: Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source:    Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), § 3.3 Evidence (revised ed. June 2020).

Instruction No. 7: Circumstantial Evidence

Twana Ahmed is not required to produce direct evidence of unlawful motive. There will seldom be eye-witness testimony to the employer's mental processes. Intentional discrimination, if it exists, is seldom admitted, but is a fact that you may infer from the existence of other facts.

Source:        *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983); *Williams v. Valentec Kisco, Inc.,* 964 F.2d 723, 731 (8th Cir. 1992) (affirming instruction plaintiff was not required to produce direct evidence of unlawful motive, and that intentional discrimination is seldom admitted but may be inferred from the existence of other facts); *Matthews v. Commonwealth Edison Co*., 93-cv-004140, 1995 WL 478820, at *3 (N.D. Ill. Mar. 24, 1995) (plaintiff is entitled to have an instruction which read "In addition, James E. Matthews is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts.").

Instruction No. 8: Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

**Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.**

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 3.4 Witnesses (revised ed. June 2020) **(Allied Universal requests the bold disputed language. Twana Ahmed believes it should be removed because it is legally incorrect and confusing. For example, a juror may believe and accept a party's testimony even if contradicted by another eyewitness whom the juror does not believe. But the instruction would preclude that and other permissible juror decisions about the facts.).**

Instruction No. 9: Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 2.11 Impeachment by Witness's Inconsistent Statements (revised ed. June 2020).

Instruction No. 10: Parallel Theories on Damages

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Source:    TEX. PATTERN JURY CHARGES – CIVIL § 100.12 (2022 ed.).

Instruction No. 11: No Inference from Filing Suit

      The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Source:      FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases), § 3.6 No Inference from Filing Suit (revised ed. June 2020).

Instruction No. 12: Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today or displayed by video. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases), § 2.13 Deposition Testimony (revised ed. June 2020).

Instruction No. 13 Demonstrative Evidence

 Exhibit *[specify]* is an illustration. It is a party's *[description/picture/model]* used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Source:  FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases), § 2.8 Demonstrative Evidence (revised ed. June 2020).

**Instruction No. 14: Witness Not Called**

*[Name of witness]* **was available to both sides. Plaintiff/Defendant cannot complain that *[name of witness]* was not called to testify, because either Plaintiff or Defendant *[name]* could have called *[name of witness]***

Source:    Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), § 2.9 Witness Not Called (revised ed. June 2020). (**Allied Universal requests the bold disputed language. Twana Ahmed does not agree because this instruction is appropriate only if the issue arises during closing argument or at some other time in trial).**

## Instruction No. 15: Charts and Summaries

**Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.**

Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases), § 2.7 Charts and Summaries (revised ed. June 2020) (**Allied Universal requests the bold disputed language. Twana Ahmed does not agree because some summaries and charts are admissible evidence, for example those under Federal Rule of Evidence 1006).**

<u>Instruction No. 16: Discrimination under The Civil Rights Act of 1886 as amended in 42 U.S.C. § 1981</u>

Twana Ahmed has a claim for recovery based upon the federal statute Title 42, United States Code, Section 1981, also known as the Civil Rights Act of 1886. This statute provides that all persons within the United States shall have the same right to make and enforce contracts regardless of their race, ancestry, or ethnicity. This law entitles all people to equal opportunity and equal treatment in employment, including at will employment. When an employer acts adversely against a person because of that person's race, ancestry, or ethnicity, the law is violated and the person may file a lawsuit to recover damages. An employer may, however discipline or terminate an employee for other reasons, good or bad, fair or unfair.

The employer, Allied Universal, denies Plaintiff's claim and contends that he was not subjected to discriminatory or retaliatory treatment and that he was terminated for legitimate and nondiscriminatory reasons.

To discriminate against an individual "because of" his race, ancestry, or ethnicity means that the discrimination would not have occurred but-for the individual's race, ancestry, or ethnicity. Twana Ahmed does not have to prove that unlawful discrimination was the only reason that Allied Universal treated him adversely. But Twana Ahmed must prove that Allied Universal's adverse actions would not have occurred in absence of such discrimination.

To recover on his claim against Defendant, Twana Ahmed must prove the following by a preponderance of the evidence:

1. Defendant discriminated against him because of his race, ancestry, or ethnicity; and

2. He suffered some harm as a result of that discrimination.

If you find that the reason Defendant Allied Universal has given for its actions is unworthy of belief, you may, but are not required to, infer that Allied Universal was motivated by Twana Ahmed's race, ancestry, or ethnicity.

Source:      42 U.S.C. § 1981; FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.1 Title VII (42 U.S.C. § 2000e-2)— Discrimination Based on Race, Color, National Origin, Religion, or Sex (Disparate Treatment) (revised ed. June 2020) (modified to fit case); *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 333 (2020) (The Section 1981 causation standard is but-for causation.). *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020) (A

challenged employment action may have more than one "but for" cause); *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613, (1987) (discrimination based on ancestry or ethnicity is race discrimination under § 1981); *Fadeyi v. Planned Parenthood Ass'n*, 160 F.3d 1048 (5th Cir. 1998) (finding that "in Texas an at-will employment relationship is a contract for purposes of § 1981).

<u>Instruction No. 17: Discrimination under Title VII and the Texas Labor Code</u>

Twana Ahmed also has a claim for recovery under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code. These federal and state laws make it unlawful for an employer to:

(1) discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin; or

(2) limit its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's race, color, religion, sex, or national origin.

Plaintiff Twana Ahmed asserts that Defendant Allied Universal deprived him of employment opportunities, and discriminated against him with respect to the terms, conditions, and privileges of his employment with Allied Universal because of his race, religion, and national origin. Specifically, Twana Ahmed asserts that because of his race, religion, and national origin, Allied Universal:

(1) repeatedly told him to shave his beard despite his requests to keep it for religious reasons;

(2) failed to provide him with certain company equipment;

(3) threatened to physically harm him;

(4) subjected him to racial and ethnic slurs;

(5) suspended him; and

(6) terminated him

It is unlawful for an employer to discriminate against an employee because of the employee's race, religion, or national origin. An employer may, however suspend, terminate, or otherwise adversely treat an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Twana Ahmed must prove by a preponderance of the evidence that:

(1) Allied Universal deprived Twana Ahmed of employment opportunities or otherwise discriminated against Twana Ahmed with respect to the terms,

conditions, or privileges of his employment with Allied Universal; and

(2) Allied Universal took one or more of those actions because of Twana Ahmed's race, religion, or national origin.

Twana Ahmed does not have to prove that unlawful discrimination was the only reason that Allied Universal treated him adversely. But Twana Ahmed must prove that Allied Universal's alleged decisions to repeatedly tell him to shave his beard despite his requests to keep it for religious reasons, failure to provide him with certain company equipment, physically threaten him, subject him to racial slurs and to suspend him, or terminate him would not have occurred in absence of such discrimination.

If you find **by a preponderance of the evidence** that the reason Allied Universal has given for its actions is unworthy of belief, you may, but are not required to, infer that Allied Universal was motivated by Twana Ahmed's race, religion, or national origin.

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.1 Title VII (42 U.S.C. § 2000e-2)—Discrimination Based on Race, Color, National Origin, Religion, or Sex (Disparate Treatment) (revised ed. June 2020) (modified to fit case); Title VII, 42 U.S.C. § 2000e-2; TEX. LAB. CODE § 21.051; *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) *Bostock v. Clayton Cty.*, 590 U.S. 644 (2020) **(Defendant Allied Universal requests the bold disputed language).**

Instruction No. 18: Retaliation

Twana Ahmed has a claim of retaliation under United States Code, Section 1981, Title VII of the Civil Rights Act of 1964, and Chapter 21 of the Texas Labor Code. Twana Ahmed asserts that Allied Universal, retaliated against him for reporting and opposing discrimination. Allied Universal denies Twana Ahmed's assertions.

It is unlawful for an employer to retaliate against an employee that engages in protected activity. Twana Ahmed states that he engaged in protected activity when he requested to keep his beard because of religious purposes, when he reported discrimination to Allied Universal's Human Resources Representative, and when Mr. Ahmed told Allied Universal's Manager Patrick Freeney that he was discriminating against Mr. Ahmed. Requesting a religious accommodation is a "protected activity." And reporting discrimination or opposing discrimination is considered "protected activity" if the actions were based on Twana Ahmed's good-faith, reasonable belief that Allied Universal discriminated against him because of his race, ancestry, ethnicity, religion, or national origin. To show a good-faith belief, Twana Ahmed must show that he honestly believed that Allied Universal discriminated against him because of his race, ancestry, ethnicity, religion, or national origin. To show a reasonable belief, Twana Ahmed must show that a reasonable person would, under the circumstances, believe that Allied Universal discriminated against him because of his race, ancestry, ethnicity, religion, or national origin. Twana Ahmed does not have to prove that Allied Universal actually discriminated against him because of his race, ethnicity, religion, or national origin. But he must prove that he had a good-faith, reasonable belief that Allied Universal did so.

To prove unlawful retaliation, Twana Ahmed must prove by a preponderance of the evidence that:

1. He engaged in protected activity; and

2. Allied Universal's decision to fire him was because of his protected activity.

You need not find that the only reason for Allied Universal's decision was Twana Ahmed's protected activity. But you must find that Allied Universal's decision to terminate Twana Ahmed would not have occurred in the absence of his protected activity.

If you disbelieve the reason Allied Universal has given for its decision, you may, but are not required to, infer that Allied Universal fired Twana Ahmed because of his protected activity.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.5 Title VII—Retaliation (revised ed. June 2020) (modified to fit case); Tex. Lab. Code § 21.055; 42 U.S.C. § 1981; *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613, (1987) ("Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory."); *Richardson v. Kwes TV, LLC*, No. MO:23-CV-113-DC-RCG, 2024 U.S. Dist. LEXIS 91750, *11 (W.D. Tex. May 22, 2024); *McNeill* v. *Tyson Fresh Meats*, No. 2:23-CV-041-Z, 2023 U.S. Dist. LEXIS 219122, 2023 WL 8532408, at *5 (Dec. 8, 2023) ("[R]equesting religious accommodation is protected activity, as is opposing an allegedly unlawful denial of a religious accommodation.") (quoting EEOC, *Compliance Manual Section 12: Religious Discrimination* § 12-V.B (2021)); *EEOC v. U.S. Steel Tubular*, No. 4:14-CV-02747, 2016 U.S. Dist. LEXIS 205609, 2016 WL 11795815, at *16 (S.D. Tex. Aug. 4, 2016).

Instruction No. 19: Vice Principals

Universal Protection Service, LP, which does business as Allied Universal is a company. Companies, of course can act only through human agents.

An individual with authority to employ, direct, and discharge employees of the company is deemed to be a "vice principal" of the company. When a "vice principal" of a company commits some act, that act is deemed to be the act of the company itself. A company may have more than one "vice-principal."

Source:        *Bennett v. Reynolds,* 315 S.W.3d 867, 883-84 (Tex. 2010).

Instruction No. 20: Damages

If you found that Allied Universal discriminated against Twana Ahmed because of his race, ancestry, ethnicity, religion, or national origin, or retaliated against Twana Ahmed because of his protected activity, then you must determine whether Allied Universal has caused Twana Ahmed damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Twana Ahmed has proved liability.

Twana Ahmed must prove his damages by a preponderance of the evidence. Your verdict must be based on evidence and not on speculation or guesswork. On the other hand, Twana Ahmed need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Should you find for Twana Ahmed, the Court will determine past wages and benefits lost as a result of Allied Universal's wrongful action, and you should not address lost pay. You should consider the following elements of actual damages, and no others: (1) the amount of other damages, **if any,** sustained by Twana Ahmed, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional harm, harm to name, harm to reputation, and other noneconomic losses.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Twana Ahmed for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

You may **consider whether to** assess punitive damages if Twana Ahmed proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Twana Ahmed's state and federally protected right to be free from discrimination.

If Twana Ahmed has proved these facts, then you may assess punitive damages, unless Allied Universal proves by a preponderance of the evidence that the conduct or act was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether an individual was a supervisor or a manager for Allied Universal, you should consider the type of authority the individual had over Twana Ahmed and the type of authority for employment decisions Allied Universal authorized the individual to make.

An action is in "reckless indifference" to Twana Ahmed's state and federally protected rights if it was taken in the face of a perceived risk that the conduct would violate

state or federal law. Plaintiff Twana Ahmed is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Allied Universal engaged in intentional discrimination, however, is not enough in itself to justify an assessment of punitive damages.

In determining whether Allied Universal made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Twana Ahmed's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Allied Universal acted with malice or reckless indifference to Twana Ahmed's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Twana Ahmed is entitled to receive, you may, but are not required to, assess an additional amount as punitive damages for the purposes of punishing Allied Universal for engaging in such wrongful conduct and deterring Allied Universal and others from engaging in such conduct in the future. You should presume that Twana Ahmed has been made whole for his injuries by any actual damages you have determined.

If you decide to assess punitive damages against a defendant, you should consider the following in deciding the amount:

1. How reprehensible Allied Universal's conduct was. You may consider whether the harm Twana Ahmed suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Allied Universal's conduct that harmed Twana Ahmed also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Twana Ahmed.

2. How much harm Allied Universal's wrongful conduct caused Twana Ahmed and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already assessed, is needed, considering Allied Universal's financial condition, to punish Allied Universal for its conduct toward Twana Ahmed and to deter Allied Universal and others from similar wrongful conduct in the future.

The amount of any punitive damages assessed should bear a reasonable relationship to the harm Allied Universal caused Twana Ahmed.

Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY
INSTRUCTIONS (CIVIL CASES), § 11.14 Title VII and ADA Damages (revised ed. June
2020); *Haliburton v. Admin. Review Bd..*, 771 F.3d 254, 266 (5th Cir. 2014) (including
emotional harm and reputational harm).

Question No. 1

      Did Defendant Allied Universal, either itself or through a vice-principal, deprived Twana Ahmed of employment opportunities or otherwise discriminate against Twana Ahmed because of his race, ancestry, or ethnicity?

      Answer "Yes" or "No."

_____

Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.1 Title VII—Discrimination (revised ed. June 2020) (modified to fit case); 42 U.S.C. § 1981;Title VII, 42 U.S.C. § 2000e-2; TEX. LAB. CODE § 21.051; *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) *Bostock v. Clayton Cty.*, 590 U.S. 644 (2020)

Question No. 2

      Did Defendant Allied Universal, either itself or through a vice-principal, deprive Twana Ahmed of employment opportunities or otherwise discriminate against Twana Ahmed because of his religion or national origin?

      Answer "Yes" or "No."

_____

Source:      FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.1 Title VII—Discrimination (revised ed. June 2020) (modified to fit case);Title VII, 42 U.S.C. § 2000e-2; TEX. LAB. CODE § 21.051; *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) *Bostock v. Clayton Cty.*, 590 U.S. 644 (2020)

<u>Question No. 3</u>

Did Defendant Allied Universal, either itself or through a vice-principal, retaliate against Twana Ahmed because of his reports of or opposition to discrimination based on his race, ancestry, or ethnicity?

Answer "Yes" or "No."

_____

Source:    42 U.S.C. § 1981; FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.5 Title VII—Retaliation (revised ed. June 2020) (modified to fit case).

Question No. 4

Did Defendant Allied Universal, either itself or through a vice-principal, retaliate against Twana Ahmed because of his request for a religious accommodation, or because of his reports of discrimination based on his religion or national origin?

Answer "Yes" or "No."

_____

If you answered "Yes" to <u>any</u> Question above (Question Nos. 1-4), then answer Question No. 5. Otherwise, do not answer any other questions.

Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.5 Title VII—Retaliation (revised ed. June 2020) (modified to fit case); TEX. LAB. CODE § 21.055.

Question No. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Twana Ahmed for the damages, if any, you have found **by a preponderance of the evidence** Allied Universal caused Twana Ahmed?

Answer in dollars and cents for the following items and none other:

1. Past pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional harm, harm to name, harm to reputation, and other noneconomic losses.

   $_____

2. Future pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional harm, harm to name, harm to reputation, and other noneconomic losses.

   $_____

Source: FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.14 Title VII and ADA Damages (revised ed. June 2020); *Haliburton v. Admin. Review Bd..*, 771 F.3d 254, 266 (5th Cir. 2014) (including emotional harm and reputational harm) **(Defendant requests the bold disputed language).**

Question No. 6

Do you find that **Allied Universal's conduct was with malice and reckless indifference and that** punitive damages should be assessed against Allied Universal?


Answer "Yes" or "No."


_____


If you answered "Yes" to Question No. 6, then answer Question No. 7.


Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.14 Title VII and ADA Damages (revised ed. June 2020) **(Defendant Allied Universal requests the bold disputed language).**

<u>Question No. 7</u>

What sum of money should be assessed against Allied Universal as punitive damages?


Answer in dollars and cents:


$_____


Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.14 Title VII and ADA Damages (revised ed. June 2020).

Instruction No. 21 Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, your presiding juror should write the question and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


Source:    FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 3.7 Duty to Deliberate; Notes (revised ed. June 2020).

Alternative Question: Motivating Factor Causation

Twana Ahmed's attorneys do not presently believe this question will be necessary, but would like to preserve the right to submit this question should we determine during trial that it is appropriate. If the question is submitted some of the preconditioning question language would need to change.

If you answered "No" both Question 1 AND "No" to Question 2, then answer this Question:

Was Twana Ahmed's race, ancestry, religion, or national origin a motivating factor **in any of Allied Universal's  decisions listed below?**

**Answer "Yes" or "No" for each:**

**(1) repeatedly telling him to shave his beard despite requests to keep it for religious reasons:**          _____

**(2) depriving him of company equipment:**          _____

**(3) threatening to physically harm him:**          _____

**(4) subjecting him to racial or ethnic slurs:**          _____

**(5) suspending him:**          _____

**(6) terminating him:**          _____

Source:     FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (CIVIL CASES), § 11.1 Title VII—Discrimination a § 2(m) case (revised ed. June 2020) (modified to fit case);Title VII, 42 U.S.C. § 2000e-2; TEX. LAB. CODE § 21.051; *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) *Bostock v. Clayton Cty.*, 590 U.S. 644 (2020) **(Plaintiff Twana Ahmed requests the bold disputed language).**

**Mixed Motive Affirmative Defense Instruction**

**If you find that Twana Ahmed's race, ancestry, religion, or national origin was a motivating factor in the Allied Universal's decision to suspend or terminate him, even though other considerations were factors in the decision, then you must determine whether Allied Universal  proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Twana Ahmed's race, ancestry, religion, or national origin.**

Fifth Circuit Jury Charge 11.13 **(Allied Universal requests this instruction. Twana Ahmed opposes this instruction as it is an affirmative defense that was not properly raised).**