IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. 4:23-cv-02823 |
| Universal Protection Service, LP, d/b/a Allied Universal Security Services | § § § § | Jury Trial Demanded |
| *Defendant.* | § § § | |

**PLAINTIFF TWANA AHMED'S MEMORANDUM OF LAW**

Pursuant to the Court's Procedure No. 10.A.1.3.b., Plaintiff Twana Ahmed—through undersigned counsel—submits herewith Plaintiff's Memorandum of Law. This is a civil rights case. It concerns employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21.

In its recent memorandum and opinion (Docket Entry No. 44), denying defendant's motion for summary judgment, this court addressed the substantive laws applicable in this case. And the minimal evidentiary showing sufficient to *warrant* a jury trial. Most of the propositions necessary to the disposition of this case are factual ones rather than legal ones. Like liability and compensatory damage, for a jury to decide. And back pay, front pay, attorneys' fees, and costs—for this court to decide after the jury's verdict. So, this memorandum is limited to addressing some legal issues that might assist this court with the *actual trial* of this case.

1. **To the extent they pre-date precedent, the 2020 pattern instructions are outdated.**

The latest Fifth Circuit Pattern Jury Instructions (Civil Cases) were published in 2020. Since then, the Supreme Court changed the legal analysis of discrimination claims in *Muldrow v. St. Louis,* 601 U.S. 346 (2024). It ruled that just "some harm respecting an identifiable term or condition of employment" is enough to make a discriminatory act actionable. *Muldrow*, 601 U.S. at 355. Discrimination need only leave an employee "worse off respecting employment terms or conditions." *Id.* Harm no longer needs to be *significant* or *material* or *serious* or *substantial*.[1] So, while the pattern instructions contain narrative discussion of employment discrimination laws, Ahmed cautions against overreliance.

---

[1] *See Muldrow*, 601 U.S. at 355 (what an employee "does not have to show, according to the relevant text, is that the harm incurred was 'significant.' Or serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar.").

Because *Muldrow* shows the scope of these laws is broader than what some may have thought at the time the pattern instructions were published.

**2. A prima facie case is unrequired.**

For trial, proof of a prima facie case under the familiar *McDonnell Douglas* framework is unrequired when defense proffers a legitimate non-discriminatory or non-retaliatory reason for its challenged actions. "Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983); *see Arismendez v. Nightingale Home Health Care, Inc.,* 493 F.3d 602, 607 (5th Cir. 2007) ("after trial, the sufficiency of the prima facie case as such is no longer relevant."). So, while unrebutted proof of a prima facie case may still create an inference of discrimination or retaliation, such proof is unnecessary. Any jury instructions implying or stating that elements of a prima facie case are necessary would be inappropriate. And defendant's statement in its "contested issues of law" section of the joint pretrial order— "whether Twana Ahmed can establish a prima facie case of discrimination under Title VII, Section 1981, and Chapter 21 of the Texas Labor Code"—is incorrect to the extent it implies that Twana Ahmed even needs to establish a prima facie case to prevail.

**3. A "same decision" or "mixed-motive" affirmative defense is unpleaded—so a stand-alone jury instruction on such an affirmative defense is inappropriate.**

The Title VII causation standard in discrimination cases is a "motivating factor," even if "other factors also motivated" the action. 42 U.S.C. § 2000e-2(m). Title VII has a partial affirmative defense that requires the defendant to prove it would have taken the same action absent the illegal motivating factor. *See* 42 U.S.C. § 2000e-5(g)(2)(B).[2] The defense is partial because a successful defense merely limits remedies. *See id.* Similarly, the TCHRA has it as a partial affirmative defense.[3] It is no defense at all, however, to Section 1981 liability—because unlike Title VII and the TCHRA, Section 1981 makes no statutory mention of a "same action" defense.[4] In sum, it is an affirmative defense to Title VII and the TCHRA (albeit partial) and no defense at all to Section 1981.

---

[2] 42 U.S.C. § 2000e-5(g)(2)(B) ("On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor ….").

[3] *See* TEX. LAB. CODE § 21.125(b) ("In a complaint in which a complainant proves a violation under Subsection (a) *and a respondent demonstrates that the respondent would have taken the same action* in the absence of the impermissible motivating factor, the court may grant ...."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001) ("Although Toennies requested a jury instruction reflecting only section 21.125(a), the instruction was not incomplete because it omitted the defense contained in section 21.125(b). It is the defendant's burden to plead and request instructions on an affirmative defense.").

[4] *See, e.g., Mabra v. United Food & Commercial Workers Local Union No. 1996,* 176 F.3d 1357, 1357 (11th Cir.1999) (comparing the language of Title VII and Section 1981 and determining an extension of the mixed-motive framework to Section 1981 case would be inappropriate); *Aquino v. Honda of Am., Inc.,* 158 Fed. Appx. 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII ... it did not amend [Section] 1981 in an analogous fashion").

Defendant never pleaded the affirmative defense. *See* Answer (Docket Entry No. 2). So, discovery proceeded without it being in play and it would be unfair to let defendant inject it now. Defendant seeks a separate and stand-alone *would have done it anyway* instruction—a charge based on pattern instruction 11.13 which is titled "Mixed-Motive Affirmative Defense Instruction (Title VII and ADA)." As its title notes, this is an instruction for an affirmative defense. Defendant is still welcome and free to argue to the jury, or present evidence, that it *would have done it anyway*. By way of contesting causation—e.g., whether it would have fired Twana Ahmed but for his race or whether his race was a motivating factor in its decision. But a stand-alone jury question on such an unpleaded affirmative defense is inappropriate.

**4. The laws and rules on mitigation show that in this case the jury should be neither charged, nor evidence admitted from defense, on mitigation.**

The parties have agreed to have the court decide backpay and front pay post-verdict. For that reason alone, evidence and jury instructions on mitigation would not be appropriate for the jury trial. Still, as mitigation will still concern both factual and legal issues, here is briefing on some of the legal issues:

**a. Failure to mitigate is an affirmative defense and defendant failed to plead it.**

"[The Fifth Circuit] has repeatedly referred to failure to mitigate as an affirmative defense." *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 n.30 (5th Cir. 2012). "The failure to plead an affirmative defense generally results in waiver of that defense." *Garrison Realty,*

*L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458, 465 (5th Cir. 2013). Defendant never pleaded this affirmative defense. *See* Answer (Docket Entry No. 2). So, discovery proceeded without it being in play and it would be unfair to let defendant inject it either at a jury trial or at any post-verdict non-jury trial on economic damages.

### b. Unlike Title VII, the TCHRA statutorily excludes reduction for *amounts earnable with reasonable diligence* from its back pay statute.

| "Interim earnings *or amounts earnable with reasonable diligence by the person or persons discriminated against* shall operate to reduce the back pay otherwise allowable." | "Interim earnings, workers' compensation benefits, and unemployment compensation benefits received operate to reduce the back pay otherwise allowable." |
|---|---|
| —42 U.S.C. § 2000e–5(g) (Title VII) | —Tex. Lab. Code § 21.258(c) (TCHRA) |

Unlike its federal counterpart [Title VII], missing from the TCHRA is any reduction from back pay for *amounts earnable with reasonable diligence by the person or persons discriminated against*. The TCHRA was modeled after Title VII.[5] The specific provisions on reduction of damages even use similar phrases. Like *interim earnings* and *operate to reduce the back pay otherwise allowable.* But "differences between Title VII and [the TCHRA] are not unusual."[6] For example, Texas added reductions for received workers' compensation

---

[5] *See Wernert v. City of Dublin*, 557 S.W.3d 868, 874 (Tex. App.—Eastland 2018, no pet.) ("The TCHRA is a comprehensive fair employment practices act and remedial scheme, modeled after Title VII of the federal Civil Rights Act of 1964 (Title VII), that provides the framework for employment discrimination claims in Texas.").

[6] *Tarrant Reg'l Water Dist. v. Villanueva*, 331 S.W.3d 125, 133 (Tex. App.—Fort Worth 2010, pet. denied) (noting one difference is between these two statutes).

benefits and unemployment benefits. And importantly here, Texas struck out any reduction for amounts unearned but *earnable with reasonable diligence*. Under the TCHRA [unlike other laws] amounts unearned but *earnable with reasonable diligence* reduce nothing. So, any alleged lack of post-firing diligence in seeking replacement work is irrelevant to back pay: Because it reduces nothing under the TCHRA. Any violation of Section 1981 and/or Title VII, will necessarily also be a violation of TCHRA. So, any post-verdict non-jury findings on such amounts—even under Section 1981 and/or Title VII—would be moot. Because they reduce nothing under the TCHRA.

**c. Even for claims [like Title VII or Section 1981] in which diligence can be an issue, an employer must still prove availability of substantially equivalent employment: Defendant neither disclosed nor produced any such evidence.**

In *Sparks v. Griffin*, [the Fifth Circuit] placed on employers the burden of showing availability of substantially equivalent work *even if a plaintiff failed to demonstrate reasonable effort to find that work*.

> —*Willis v. Westhaven Funeral Home, Inc.*, No. 3:22-cv-00006, 2023 WL 3573900, at *6 (S.D. Miss. May 18, 2023).

"Most district courts [] have held that *Sparks* continues to control in light of the Fifth Circuit's principle that one panel cannot overrule the decision of another panel absent an *en banc* decision." *EEOC v. The Modern Grp., Ltd.*, 725 F. Supp. 3d 577, 642 n.49 (E.D. Tex. 2024) (citing courts). Because defendant has produced no such evidence on availability of substantially equivalent employment in *discovery*, defendant cannot prove (at any non-jury post-verdict trial) a failure to mitigate.

### 5. Opinion evidence—on discrimination and retaliation—is admissible.

Federal Rule of Evidence 701 and the Fifth Circuit recognize admissibility of lay opinions, even for opinions that go to the ultimate issue of discrimination. FED. R. EVID. 701; *Haun v. Ideal Indus.*, 81 F.3d 541, 549 (5th Cir. 1996) (testimony of long-time employee that company "was deliberately phasing-out older workers" was admissible lay opinion).

### 6. The causation standards.

#### a. The Title VII and TCHRA causation standard is a "motivating factor."

Title VII has a statutory causation standard for discrimination cases: "a motivating factor … even though other factors also motivated" the challenged action. 42 U.S.C. § 2000e-2(m).[7] But-for causation is also an option for Title VII plaintiffs. *See Bostock v. Clayton Cnty.*, 590 U.S. 644, 657 (2020) ("because nothing in our analysis depends on the motivating factor test, we focus on the more traditional but-for causation standard that continues to afford a viable, if no longer exclusive, path to relief under Title VII."). For the TCHRA, the "a motivating factor" causation standard is written into the statute itself. *See* TEX. LAB. CODE § 21.125(a) ("… was *a motivating factor* for an employment practice, even if other factors also motivated the practice,….").

---

[7] 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.").

b. **The Section 1981 causation standard is "but-for"—there can be multiple but-for causes, if one if discrimination or retaliation liability attaches.**

The Section 1981 causation standard is but-for causation. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 333 (2020). A challenged employment action may have more than one "but for" cause. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020) (Title VII but addressing "traditional" but-for causation here, not statutory text). Defendants "cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Id*. "So long as the [illegal motive] was one but-for cause of that decision, that is enough to trigger the law." *Id*. But-for causation is *not* sole cause, primary cause, or main cause. *Id*. at 1739-1740.

7. **The role of negligence and foreseeability in discrimination cases.**

In discrimination cases, which can involve intentional conduct, employer negligence is still relevant. "Negligence sets a minimum standard for Title VII liability." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998). Title VII's objective is primarily a prophylactic one; mainly it strives to avoid harm—in addition to providing redress. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998)). "When Congress creates a federal tort it adopts the background of general tort law." *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011). For example, an employer is liable for harassment by a co-worker if the employer "negligent in controlling working conditions" or "with respect to the offensive behavior." *Vance v. Ball State Univ*, 570 U.S.

421, 428 (2013). "Evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant." *Id.* at 448-49. As Justice Alito notes in *Vance*, "an employer will always be liable when its negligence leads to the creation or continuation of a hostile work environment." *Id.* at 446.

Of course, foreseeability is an essential ingredient of negligence. *See Gray v. Alabama Great S. R.R. Co.*, 960 F.3d 212, 216 (5th Cir. 2020); *see also McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 349 (5th Cir. 2020) (determination of foreseeable harm), *cert. denied*, 141 S. Ct. 2852 (2021). So, in keeping with typical negligence standards—the greater the potential injury to the employee, the greater care the employer must take. *See Baskerville v. Culligan Intern. Co.*, 50 F.3d 428, 432 (7th Cir. 1995). ("Just as in conventional tort law a potential injurer is required to take more care, other things being equal, to prevent catastrophic accidents than to prevent minor ones, so an employer is required to take more care, other things being equal, to protect its female employees from serious sexual harassment than to protect them from trivial harassment.").

So, negligence and foreseeability concepts should help guide the breadth of admissibility of evidence relevant to Twana Ahmed's single-plaintiff employment case. Evidence of what defendant did or did not do to prevent harm via discrimination and retaliation—before it ever occurred—may be relevant. What defendant knew or should have known, beforehand, can inform relevance.