# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S
## <u>PRETRIAL MEMORANDUM OF LAW</u>

Dated: May 2, 2025					Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

<u>/s/ Jessica E. Chang</u>
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com


Gary R. Kessler (*SDTX Admission To Be Filed*)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
gkessler@martensonlaw.com

*Counsels for Defendant Universal Protetion Service, LP d/b/a Allied Universal Security Services*

1

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 4

II.  JURY ISSUES PRESENTED ........................................................................................ 5

   A.   **Allied Universal Terminated Plaintiff Because He violated Its Use of Force Policy and Not Because of his Race, Ancestry, Religion, or National Origin.** ............................................. 5

      i.   *Plaintiff cannot make a prima facie showing of race, ancestry, religion, or national origin discrimination.* ................................................................................................................ 6

      ii.  *There is no substantiated evidence that Plaintiff's discipline notices were falsified, forged, or otherwise inaccurate.* ................................................................................................. 7

      iii. *There is no substantiated evidence that Plaintiff was subjected to racial slurs or other derogatory statements about his race, ancestry, religion, or national origin.* .................... 7

   B.   **Allied Universal did Not Instruct, Threaten, or Otherwise Require Plaintiff to Shave his Beard, Nor did It Subject Plaintiff to Religious Discrimination.** ........................................ 8

   C.   **Allied Universal Did Not Retaliate Against Plaintiff, and Plaintiff Cannot Establish that Allied Universal's Legitimate, Nondiscriminatory Reason for his Termination is a Pretext for Retaliation.** ....................................................................................................................... 9

III. MITIGATION OF DAMAGES ...................................................................................... 11

   A.   **Plaintiff has Not Made Reasonably Diligent Efforts to Obtain Substantially Equivalent Employment.** ...................................................................................................................... 11

IV.  PUNITIVE DAMAGES ................................................................................................. 13

   A.   **Plaintiff is Not Entitled to Punitive Damages.** ............................................................. 13

V.   ALTERNATIVE THEORY – MIXED-MOTIVE ......................................................... 14

   A.   **Allied Universal's Legitimate Nondiscriminatory Basis for Terminating Plaintiff, a Violation of Its Use of Force Policy, Standing Alone, Would Have Produced the Same Result.** ..... 14

VI.  CONCLUSION .............................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Bardwell v. Global Santa Fe Drilling Co.*, No. H-06-0171, 2007 WL 2446801, at *11 (S.D. Tex. Aug. 23, 2007) (Rosenthal, J.) ............................................................................................. 9
*Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (§ 1981) ...... 4
*Boyd v. State Farm Ins. Companies*, 158 F.3d 326, 329 (5th Cir. 1998) ........................................ 6
*Bruff v. North Mississippi Health Svcs.*, 244 F.3d 495, 499-500 (5th Cir. 2001) ........................... 7
*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) ................................................... 6
*EEOC v. Texas Instruments, Inc*., 100 F.3d 1173, 1180 (5th Cir. 1996) ........................................ 5
*Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000) ..................................................... 12
*Hamilton v. Dallas Cnty*, 79 F.4th 494 (5th Cir. 2023) .................................................................. 8
*Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532 n.2 (5th Cir.2003) ...................... 6
*Hoang v. Microsemi Corp.*, No. 22-20004, 2023 WL 2346244, at *2 (5th Cir. Mar. 3, 2023) (per curiam) ....................................................................................................................................... 4
*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 528 (1999) .............................................................. 12
*LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) ................................ 9
*Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991) ......................................................... 4
*Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020) .............................................. 8
*Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir.1997) ............................................... 6
*Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) ......................................... 4
*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) ................................................. 8
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (Title VII) ................................. 4
*Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (THCRA) .................................... 4
*Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2109 (2000) ............................... 4, 5
*Rutherford v. Harris Cnty.*, 197 F.3d 173, 191 (5th Cir. 1999) ................................................... 10
*Scott v. Univ. of Miss*., 148 F.3d 493, 509–10 (5th Cir. 1998) ...................................................... 9
*Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990) ................................................... 10
*Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) .................................... 4, 8
*Smith v. Xerox Corp.*, 602 F.3d 320, 335 (5th Cir. 2010) ............................................................ 11
*Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) ..................................................... 11
*Vaughn v. Sabine Cnty.*, 104 F. App'x 980, 984 (5th Cir. 2004) ................................................. 10
*Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000) ........................................... 7
*Weems v. Dall. Indep. Sch. Dist.*, 260 F. Supp. 3d 719, 736 (N.D. Tex. 2017) (Lindsay, J.) .......... 8
*West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) ....................................... 10
*Zamora v. City of Houston*, 798 F.3d 326, 332 (5th Cir. 2015) .................................................... 8

**State Statutes**

Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq*. ("TCHRA") .................... 4

**Federal Statutes**

42 U.S.C. § 1981 ("Section 1981") ................................................................................................. 4
42 U.S.C. § 2000e *et seq*. ("Title VII") .......................................................................................... 4
526 U.S. 1051 (1999) ...................................................................................................................... 7
Title VII of the Civil Rights Act of 1964 ........................................................................................ 4

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services (the "Defendant," the "Company," and/or "Allied Universal") submits this pretrial memorandum of law consistent with the Court's procedures concerning pretrial materials, and shows as follows:

## I.  INTRODUCTION[1]

Plaintiff Twana Ahmed filed this lawsuit against Allied Universal alleging he was subjected to: (i) race and ancestry discrimination in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq.* ("TCHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); (ii) national origin and religious discrimination in violation of the TCHRA and Title VII; and (iii) retaliation in violation of the TCHRA, Title VII, and Section 1981.

Plaintiff's claims arise from his employment as a security professional where he asserts that he was pressured to shave his beard despite his religion, that he was provided equipment that was substandard or did not work, and that his supervisor directed racial slurs and threats against him. Absent Plaintiff's self-serving statements of unwitnessed alleged discriminatory treatment, there is no evidence to support his allegations. His employment ended less than four months into his employment after an Allied Universal Use of Force Panel of five Allied Universal personnel reviewed the facts and events and determined that his excessive use of force in detaining an alleged shoplifter was unjustified and in violation of the Company's Use of Force ("UOF") policy. To Plaintiff, however, his termination was retaliatory. Yet, Plaintiff's only known complaint to Allied Universal was made after his termination. Allied Universal asserts legitimate, nondiscriminatory,

---

[1] On April 18, 2025, this Court denied summary judgment (ECF No. 44.) For brevity and in consideration for limiting the burden on the Court, Allied Universal does not restate all relevant facts as detailed in its Motion for Summary Judgment (ECF No. 27) and Reply in Support of its Motion for Summary Judgment (ECF No. 40), both incorporated here by reference as if fully set out and restated herein.

and nonretaliatory reasons (termination for violation of the UOF Policy) for its actions, and which Plaintiff cannot (nor could he) show were pretextual.

## II. JURY ISSUES PRESENTED

### A. Allied Universal Terminated Plaintiff Because He violated Its Use of Force Policy and Not Because of his Race, Ancestry, Religion, or National Origin.

Discrimination claims asserted under the TCHR and Section 1981 are assessed under the Title VII burden-shifting framework. *Hoang v. Microsemi Corp.*, No. 22-20004, 2023 WL 2346244, at *2 (5th Cir. Mar. 3, 2023) (per curiam); *see also, Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (THCRA); *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (§ 1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (Title VII). To meet his initial burden, Plaintiff must establish by a preponderance of the evidence that he: (i) is a member of a protected group; (ii) was qualified; (iii) was discharged or otherwise suffered an adverse employment action; and (iv) he was replaced by, or was treated less favorably than, someone outside of his protected group. *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). In a work rule violation case, such as this, Plaintiff "may establish *a prima facie* case by showing either that he did not violate the rule or that, if he did, [employees outside the protected class] who engaged in similar acts were not punished similarly." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (internal quotation marks and citation omitted).

If Plaintiff makes a *prima facie* showing, the burden shifts to Allied Universal to offer a legitimate, nondiscriminatory basis for its action(s). *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2109 (2000). After Allied Universal articulates such a basis, the burden shifts back to Plaintiff to demonstrate the stated reason is merely a pretext for discrimination. *Id*. (a plaintiff must present "sufficient evidence to find that the employer's asserted justification is false"). This

is a high burden, and one that Plaintiff cannot satisfy by conclusory opinion or subjective belief. *See Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991) (a "plaintiff's own good faith belief that his [protected category] motivated his employer's action is of little value"). Thus, Plaintiff must show that his protected status was a determinative factor. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996). Although intermediary evidentiary burdens shift under this framework, the ultimate burden of proving that discrimination occurred remains, always, with the Plaintiff. *Reeves*, 120 S. Ct. at 2106.

          i.     *Plaintiff cannot make a prima facie showing of race, ancestry, religion, or national origin discrimination.*

Plaintiff asserts that it is his *opinion* that Allied Universal – and therefore all its employees, including Patrick Freeney, Mauricio Zepeda, and all other decisionmakers – knew his specific race, ancestry, religion, and national origin because: (i) English is not his first language; (ii) he speaks with an accent; (iii) he listed Iraq as his country of birth on a Texas Department of Public Safety licensing form; (iv) his Permanent Resident Card identifies Iraq; (v) because he was born in country that has a significant population of Muslims, his "Middle-Eastern accent", and (vi) because he claimed maintaining a beard for religious purposes. (ECF No. 34-1, ¶¶13-18.) There is no evidence that Patrick Freeney, Mauricio Zepeda, or anyone involved in the panel review process knew Plaintiff's race, ancestry, ethnicity, national origin, or religious practices. (ECF No. 27-2, ¶9; 27-3, ¶7; 27-9, ¶9; 27-10, ¶10; 27-11, ¶7; 27-12, ¶7; 27-13, ¶8.)

Moreover, Plaintiff fails to establish that any action, including the resulting suspension and termination after he violated Allied Universal's UOF policy, was because of or in consideration of his race, ancestry, ethnicity, national origin, or religion. Other than Plaintiff's unsubstantiated or hearsay testimony, there is no evidence to support that Plaintiff was treated differently or less

6

favorably than someone outside of his protected status. Allied Universal demonstrated a legitimate, non-discriminatory basis for its action(s) and the issue of whether Plaintiff can meet his burden of establishing pretext for unlawful discrimination is an issue for a jury to decide.

> ii. *There is no substantiated evidence that Plaintiff's discipline notices were falsified, forged, or otherwise inaccurate.*

Despite Plaintiff's suggestion that his supervisor, Patrick Freeney, failed to follow company policy for the reporting of and completing disciplinary notices, there is no evidence except for Plaintiff's *opinion* that the documents were falsified, forged, or otherwise inaccurate and is counter to the testimony. (*See* ECF No. 34-1, pp.35:1-47:24.) Because Patrick Freeney was no longer employed by Allied Universal when Plaintiff complained about these alleged inaccurate notices, there were no substantiated findings by Allied Universal to suggest improper conduct by Patrick Freeney. The issue of credibility and weight given to this evidence is for a jury to decide.

> iii. *There is no substantiated evidence that Plaintiff was subjected to racial slurs or other derogatory statements about his race, ancestry, religion, or national origin.*

Significantly, there are no known witnesses, other than Plaintiff, who heard Plaintiff subjected to discriminatory comments, by Patrick Freeney, or anyone else. Moreover, the mere utterance of a racial epithet is not sufficient evidence to demonstrate indicia of discrimination. *Boyd v. State Farm Ins. Companies*, 158 F.3d 326, 329 (5th Cir. 1998), cert. denied, 526 U.S. 1051 (1999) (use of the term "Buckwheat" and "Porch Monkey" were stray remarks from which no inference of racial discrimination arose). Absent a causal link between the alleged statements and the conduct complained (*i.e.*, Plaintiff's suspension, investigation, or termination), such epithets are merely stray remarks that cannot support the finding of discrimination. *Id*. at 330. Similarly, alleged verbal threats without more, do not constitute an ultimate employment decision. *See*

7

*Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532 n.2 (5th Cir.2003) (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir.1997) (oral threats to fire an employee did not amount to an ultimate employment decision), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). An unrealized threat is simply a threat as no tangible action has been taken. *Id.* Any alleged threats, which are denied, are not ultimate employment decisions nor do they rise above a mere tangential effect on a possible future ultimate employment decision.

Patrick Freeney denies all alleged instances of using language framed in terms of race, ancestry, religion, or national origin and Plaintiff's claims to the contrary are supported only by his own assertion. (ECF No. 27-10, ¶9.) The credibility and weight given to this evidence is for a jury to decide.

### B. Allied Universal did Not Instruct, Threaten, or Otherwise Require Plaintiff to Shave his Beard, Nor did It Subject Plaintiff to Religious Discrimination.

To establish a *prima facie* case of religious discrimination under the TCHRA and Title VII, Plaintiff must show that: (i) he held a bona fide religious belief; (ii) his belief conflicted with a requirement of his employment; (iii) he informed Allied Universal of his genuine belief; and (iv) he suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000). If Plaintiff can make this showing, the burden shifts to Allied Universal to demonstrate it either provided reasonable accommodation or that accommodation created undue hardship. *Bruff v. North Mississippi Health Svcs.*, 244 F.3d 495, 499-500 (5th Cir. 2001). Plaintiff asserts that he was required to shave his beard; however, his assertions remain unsupported by his own testimony. (*See* ECF No. 27-6, pp. 83:14-19; 94:19-25; 94:16-17) (Plaintiff describing how he trimmed

8

instead of clean, to the skin, shaven). Plaintiff never requested accommodation, nor was accommodation necessary because Allied Universal does not prohibit wearing beards and facial hair. (*See* ECF No. 27-1, pp. 71:5-72:7; 27-4, p. 7.) Furthermore, Plaintiff identified that his religious practice only required that he maintain a beard (something Allied permitted him to do), without a specific length requirement. (*See* ECF No. 27-6, pp. 75:14-16; 76:4-17.)

Finally, Plaintiff has not shown (nor could he) that he suffered an adverse employment action due to his beard. Despite his *opinion* that he was required to shave or otherwise trim his beard to avoid threatened discipline or termination, Allied Universal took no action against him because of his beard. The credibility and weight given to this evidence is for a jury to decide.

### C. Allied Universal Did Not Retaliate Against Plaintiff, and Plaintiff Cannot Establish that Allied Universal's Legitimate, Nondiscriminatory Reason for his Termination is a Pretext for Retaliation.

Plaintiff has the ultimate burden of proving that Allied Universal's action(s) were a pretext for retaliation. *Septimus*, 399 F.3d at 607; *see McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007), *abrogated on other grounds*, *Hamilton v. Dallas Cnty*, 79 F.4th 494 (5th Cir. 2023) (en banc) (applying the *McDonnell Douglas* burden shifting framework where a plaintiff relies on circumstantial evidence). To recover for retaliation under the THCRA, Title VII, or Section 1981, Plaintiff must establish that: (i) he engaged in protected activity; (ii) he suffered an adverse employment action; and (iii) a causal connection exists between the protected activity and the adverse employment action. *Zamora v. City of Houston*, 798 F.3d 326, 332 (5th Cir. 2015). If Plaintiff can make this showing (which he cannot), the burden shifts to Allied Universal to state a legitimate, nondiscriminatory, nonretaliatory reason for is decision. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). When Allied Universal does this, the burden shifts back to Plaintiff to show "but for" his protected activity, the adverse employment action would not have

9

occurred. *Id*. Plaintiff's *opinion* and subjective belief of a causal connection is insufficient. *Weems v. Dall. Indep. Sch. Dist.*, 260 F. Supp. 3d 719, 736 (N.D. Tex. 2017) (Lindsay, J.).

As supported by the record, Plaintiff's retaliation claim fails because the credible testimony will show that he did not engage in protected activity before his termination. (ECF No. 27, p. 32.) Plaintiff suggests that he complained prior to his suspension; however, this is unsupported – there are no identified witnesses, no corroborated testimony, only Plaintiff's assertion. Therefore, the credibility and weight given to this evidence is for a jury to decide.

While Plaintiff may disagree with his termination, the jury should not be allowed to second-guess Allied Universal's legitimate business decision. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). Our "anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones." *Id.* "Even if evidence suggests that a decision was wrong" (and there is none here), courts and juries in the Fifth Circuit "will not substitute [their] judgment" for the employer's." *Scott v. Univ. of Miss.*, 148 F.3d 493, 509–10 (5th Cir. 1998). Allied Universal maintains that Plaintiff would have been terminated regardless of any prior complaint (there were none) because his use of force was determined by a review panel to be a violation of a uniformly enforced policy – a first offense results in termination. (*See* ECF No. 27-1, p. 89:5-12.) Plaintiff's *opinion*, or that of anyone other than Allied Universal, that he complied with the use of force policy is unavailing. An independent review panel convened to assess Plaintiff's conduct and determined, as a panel, that his use of force was unjustified. (ECF No. 27-2, ¶¶7-9; 27-10, ¶¶6-8.)

When a plaintiff is terminated for failing to comply with a legitimate work rule, the issue is "whether the employer reasonably and in good faith believed the violation occurred." *Bardwell v. Global Santa Fe Drilling Co.*, No. H-06-0171, 2007 WL 2446801, at *11 (S.D. Tex. Aug. 23,

2007) (Rosenthal, J.). Thus, to satisfy his burden, Plaintiff must show that Allied Universal did not genuinely believe that he engaged in the misconduct which formed the basis for his termination.

The account of Plaintiff's use of force incident which was the basis for Plaintiff's employment termination was corroborated by Alexzander Bergeron in his independent review of surveillance video. (ECF No. 27-3, p.14; 27-10, ¶¶6-8; 27-12, ¶6.) The information Alexzander Bergeron reported was included in the incident reporting documents used and considered by the Use of Force Review Panel in determining Plaintiff's violation of company policy. *Id*. There is no evidence to support Plaintiff's suggestion that Allied Universal acted in bad faith or with discriminatory intent. The credibility and weight given to this evidence is for a jury to decide.

### III.   MITIGATION OF DAMAGES

#### A. Plaintiff has Not Made Reasonably Diligent Efforts to Obtain Substantially Equivalent Employment.

It is well established that a plaintiff has a duty to mitigate his damages. *Rutherford v. Harris Cnty.*, 197 F.3d 173, 191 (5th Cir. 1999). A plaintiff must use "reasonable diligence" to secure substantially equivalent employment following termination. *Vaughn v. Sabine Cnty.*, 104 F. App'x 980, 984 (5th Cir. 2004). Substantially equivalent employment "affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003). Although the burden is on the employer to prove a failure to mitigate, once it establishes that the plaintiff has not made reasonable efforts to obtain work, it is relieved of its obligation to also establish the availability of substantially equivalent employment. *Id*. (citations omitted).

The duty to mitigate is not met by using reasonable diligence to obtain *any* employment; rather, Plaintiff must use reasonable diligence to obtain "substantially equivalent" employment. *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990). The effort made "must represent an

honest effort to find substantially equivalent work." *Nabors Drilling*, 330 F.3d at 394 (citation omitted). Plaintiff's discovery responses demonstrate that he has not used reasonable diligence to obtain substantially equivalent employment. Specifically, in response to Allied Universal's Interrogatory Nos. 6 and 11 seeking the identification of all people and entities from whom he received compensation and with whom he held employment, Plaintiff identified working only for DoorDash, Inc. as an independent contractor.

At Plaintiff's deposition, he testified consistently with his interrogatory response that the only company where he has worked after his separation from Allied Universal on April 4, 2022, was DoorDash on a part-time basis. Furthermore, in response to Allied Universal's Request for Production No. 3 seeking the production of all documents demonstrating Plaintiff's efforts to seek employment after his termination, Plaintiff produced documents for applications made between March 2024 and July 2024, approximately two years after his termination of employment from Allied Universal. Plaintiff's supplemented wage records include an earned total income in 2022 of $16,825.03 ($10,589.25 of which was earned while employed by Allied Universal) and an earned total income in 2023 of $7,100.46.

Plaintiff has no evidence that he has made an honest and reasonably diligent effort to find substantially equivalent work. Indeed, the evidence demonstrates that Plaintiff did not make any such effort – particularly with his first application made in March 2024, nearly two years after his termination from Allied Universal. Plaintiff has no further record of his claimed attempts at securing subsequent employment.

## IV. PUNITIVE DAMAGES

### A. Plaintiff is Not Entitled to Punitive Damages.

Punitive damages may be awarded only if Plaintiff shows that Allied Universal acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). This standard is higher than the showing necessary for compensatory damages. *Smith v. Xerox Corp.*, 602 F.3d 320, 335 (5th Cir. 2010), *abrogated on other grounds*, *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). Importantly, "not every sufficient proof of pretext and discrimination is sufficient proof of malice or reckless indifference." *Id*. (citation omitted). The "availability of punitive damages turns on the defendant's state of mind, not the nature of the defendant's egregious conduct." *Id*. The required subjective inquiry "focuses on whether the employer at least discriminated in the face of a perceived risk that its actions will violate federal law." *Id*. Under the "good faith" exception, an employer "will not be liable for punitive damages based on the discriminatory actions of its managerial agents if those actions are contrary to the employer's good faith efforts to comply with Title VII." *Id*. (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 528 (1999)).

Allied Universal has undertaken good faith efforts to comply with antidiscrimination laws, including widespread antidiscrimination efforts including: (i) a distributed zero-tolerance written policy, including against race, ancestry, religion, and national origin; (ii) a maintained complaint mechanism with multiple reporting avenues; (iii) a reiterated zero-tolerance policy prohibiting retaliation for making a complaint; (iv) mandated training on the prevention and reporting of discrimination, including a required achievement of a passing score; and (v) mandated compliance for continued employment. (*See* ECF No. 27, pp. 10-11.) Furthermore, Plaintiff acknowledged

13

receipt of these policies and agreed the application included everyone. (*Id*. at p. 11.) Accordingly, punitive damages are inappropriate.

## V.    ALTERNATIVE THEORY – MIXED-MOTIVE

### A. Allied Universal's Legitimate Nondiscriminatory Basis for Terminating Plaintiff, a Violation of Its Use of Force Policy, Standing Alone, Would Have Produced the Same Result.

To establish a mixed-motive defense in an employment decision case, the employer must show its legitimate reason, standing alone, would have produced the same employment decision, here, Plaintiff's termination. *Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000). The employer can prove a mixed-motive defense by a preponderance of the evidence by showing: (i) objective proof that the same decision would have been made; (ii) the legitimate reason was present at the time the decision was made; and (iii) that its legitimate reason, alone, would have produced the same result. *Id*. If an employer makes this showing, "the plaintiff's relief is limited to injunctive and declaratory relief." *Id*.

Allied Universal has a UOF Policy applicable to all security professionals. (ECF No. 27-2, ¶4.) The UOF Policy is published in Allied Universal's employee handbook and is available to all employees on the Company's intranet. (ECF No. 27-3, ¶3.) Plaintiff acknowledged receipt of the employee handbook upon hire and testified that he understood Allied Universal's policies applied to him (ECF 27-6, pp. 52:19-54:12; 85:19-21; ECF No. 27-8.) While employed, Allied Universal provided training to Plaintiff on its UOF Policy (ECF No. 27-9, ¶3.) Allied Universal's UOF Policy is strictly enforced, and any unjustified force results in termination. (ECF No. 27-1, p. 89:5-12.) A violation of the Company's UOF Policy is a legitimate reason that was available at the time Plaintiff used excessive force, and is a legitimate reason by itself, that would have produced the same result. *Id*. Allied Universal consistently applies its UOF Policy and terminated other security professionals for first offence violations. (ECF No. 27-18.)

## VI. CONCLUSION

Based on the foregoing, Allied Universal respectfully requests that judgment be entered for Defendant at trial.

Dated: May 2, 2025                                  Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com


Gary R. Kessler (*SDTX Admission To Be Filed*)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
gkessler@martensonlaw.com

*Counsels for Defendant Universal Protetion Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I caused to be served a true and correct copy of the foregoing document to be filed using the Court's CM/ECF system that will serve notice and a copy on all counsel of record as follows:

> Amanda C. Hernandez
> AH Law, PLLC
> 5718 Westheimer, Suite 1000
> Houston, Texas 77057
> amanda@ahfirm.com
>
> Amy Gibson
> David Wiley
> Gibson Wiley PLLC
> 1500 Jackson Street, #109
> Dallas, Texas 75201
> amy@gwfirm.com
> david@gwfirm.com

*/s/ Jessica E. Chang*
Jessica E. Chang
