UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : : : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S MOTION IN LIMINE**

Defendant Universal Protection Service LP d/b/a Allied Universal Security Services ("Allied" or "Defendant") submits its Motion in Limine and requests the Court instruct Plaintiff Twana Ahmed ("Plaintiff"), as well as any witnesses called by Plaintiff, not to, directly or indirectly, mention or refer to any of the matters set forth below in the presence of any jurors or potential jurors without first permitting Defendant to raise objections and secure a ruling from the Court outside the presence of the jury concerning the admissibility of such matters.

1. **Exclusion of Pattern or Practice Testimony**: Any evidence, suggestion, allegation, or inference that Allied Universal engaged in any pattern or practice of discrimination. This is a single-plaintiff case and involves a single claim of alleged race and color discrimination. Such evidence is irrelevant and unfairly prejudicial. *See* FRE 401, 403.

2. **Exclusion of Lay Opinions:** Lay or opinion testimony of anyone that they believed Plaintiff was discriminated against because of his race, national origin or religion. In a discrimination case, it is reversible error to allow lay witnesses to testify that, in their opinion, the plaintiff was discriminated against. *Pittman v. Gen. Nutrition Corp*. No. H-04-3174, 2007 U.S.

1

Dist. LEXIS 22389, at *14 (S.D. Tex. March 28, 2007) (stating that discrimination is a term of art, making a "witness's testimony that defendant discriminated against the plaintiff an impermissible legal conclusion[]"). Moreover, no such witnesses would have any personal knowledge of the mindset of any decision-makers or adequate opportunity to observe the underlying circumstances regarding Plaintiff's employment. Thus, such evidence should be precluded. *See* FRE 401, 403, and 602.

3. **Exclusion of Other Alleged Discrimination:** Any testimony regarding alleged discrimination by Allied Universal towards another employee. As a threshold matter, Plaintiff cannot prove a race, national origin, or religious discrimination claim under Title VII, Texas Labor Code or 1981 unless the alleged discrimination was actually experienced by Plaintiff. Therefore any alleged evidence of discrimination, outside of Plaintiff's presence, is irrelevant. Further, such evidence has minimal probative value, and is unfairly prejudicial. *See* FRE 401, 403.

4. **Exclusion of Plaintiff's Testimony of Additional Damages**: Any inference, statement, question, testimony or evidence of damages calculations or computations which Plaintiff failed to disclose during discovery in violation of Federal Rule of Civil Procedure 26. Pursuant to Rule 26(a)(1)(A)(iii), Plaintiff was required to provide Allied Universal with a "computation of each category of damages claimed by the disclosing party…". As such, any attempt by Plaintiff to introduce computations or calculations of damages for the first time at trial should be precluded. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279–80 (5th Cir.2009) (noting that plaintiff's initial disclosures "failed to properly disclose the computations for the various categories of damages it now complain[ed] of" and affirming district court's decision to exclude new evidence on damages under Rule 37(c)); *Kozak v. Medtronic, Inc.*, 512 F. Supp. 2d 913, 916 (S.D. Tex. 2007) (refusing to consider damage testimony that was not properly disclosed pursuant

to Rule 26). Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), any calculations of damages offered by Plaintiff that were not made available to Allied Universal during discovery must be excluded.

5. **Exclusion of Testimony of Other Lawsuits:** Any allegation, suggestion, implication, or evidence that Allied Universal has been sued in any other action, settled any claim, and/or that any charge or complaint of discrimination has been filed against Allied Universal by any person other than Plaintiff. *See* FRE 401-403, 404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), cert. denied, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial).

6. **Exclusion of Inadmissible Hearsay:** Any testimony about what another person said or thought or other inadmissible hearsay statements, pursuant to Fed. R. Evid. 801(c). Specifically, any testimony pertaining to what anyone employed by or formerly employed by Allied Universal may have told Plaintiff regarding any conduct by Allied Universal or related to Plaintiff's claims against Allied Universal.

7. **Expert Witness Testimony:** Any reference to any expert or expert's opinions from any witnesses other than those specifically designated by the parties in accordance with the Federal Rules of Civil Procedure. *See Harmon v. Georgia Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (affirming exclusion of undisclosed expert testimony).

8. **No Testimony regarding Destruction of Documents:** Any reference or statement that Allied Universal intentionally or improperly destroyed any records related to or potentially

related to Plaintiff and/or his claims in this case. *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) ("plaintiff alleging spoliation must establish that the defendant intentionally destroyed the evidence for the purpose of depriving opposing parties of its use.")

9. **Exclusion of Testimony of Other Allied Universal Employees' Motives:** Any opinion testimony concerning Allied Universal's motives with regard to its actions toward Plaintiff from any current or former Allied Universal employee who was not involved in any such action regarding Plaintiff's employment. Any such evidence is based on speculation or hearsay and not based on personal knowledge. Such testimony would likely confuse and mislead the jury and unfairly prejudice Allied Universal. The jury would likely attach undue significance to the testimony because of such individual's position as a current or former employee of Allied Universal. *See* FRE 401, 403, 602, 801-802. Moreover, such evidence does not constitute competent evidence of discrimination or other unlawful conduct. *See* FRE 601 602; *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.2d 392, 400-01 (5th Cir. 2000) (for a comment to constitute competent evidence of discrimination, it must be, among other things, proximate in time to the complained of adverse employment decision, and made by a decision-maker or an individual with authority over the employment decision at issue), cert. denied, 532 U.S. 937 (2001). Accordingly, any such testimony should be excluded.

10. **Exclusion of Reference to Other lawsuits:** Evidence or testimony regarding any other lawsuit(s) or charge(s) brought against Allied Universal. The facts, circumstances, or outcome underlying other lawsuits or charges against Allied Universal are irrelevant to the facts of the present lawsuit. Accordingly, any attempt to mention or reference third-party lawsuits or charges would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against Allied Universal. *See* FRE 401, 403.

11. **Exclusion of Alleged Discriminatory Conduct by Others at Allied:** Evidence or testimony that Allied Universal allegedly discriminated, harassed, retaliated, or otherwise engaged in unlawful or unfair acts against current or former employees other than Plaintiff. This includes, but is not limited to, testimony by any current or former Allied Universal employee. See FRE 401-403, 404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), cert. denied, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial).

12. **Exclusion of Reference to Unavailability of Witness at Trial:** Any allegation, suggestion, implication, or evidence regarding the reason(s) why any potential witness is not available for trial, or why any party has not presented evidence from that witness. The availability of a witness for trial and a party's trial strategy are not relevant to the facts at issue in this lawsuit and would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against Allied Universal. *See* FRE 401, 403.

13. **Exclusion of Testimony regarding Relative Financial Position of the Parties:** Any testimony that in any manner calls attention to the difference in financial abilities of the parties. Any reference to Allied Universal's wealth for the purposes of prejudicing the jury against Allied Universal should be excluded for the reason that such facts are completely immaterial to the issues involved, and at the same time the mere making of such references would create unfair prejudice to Allied Universal. *See* FRE 402, 403. All parties are entitled to be treated equally before

the Court without regard to relative wealth or poverty, or corporate status. *Loose v. Offshore Navigation, Inc*., 670 F.2d 493 (5th Cir. 1982).

14. **Exclusion of Reference to Claims of Privilege:** Any testimony or argument suggesting that Allied Universal, through its attorney, asserted objections or claims of privilege during discovery. *See* FRCP 26, 37; *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

15. **Exclusion of Hearsay Reference to others' Testimony**: Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify. Such testimony would be hearsay and would lack personal knowledge. *See* FRE 602, 801.

16. **Exclusion of Inferences regarding not calling to Testify Available Witnesses**: Any reference that Allied Universal has failed to call any witness available equally to any party to this action. *United States v. Chapman*, 435 F.2d 1245, 1248 (5th Cir. 1970) (no adverse inference permitted where witness is equally available to both parties); *see also* FRE 403, 602

17. **Excluding References to Objecting to Evidence:** That this Motion has been filed or Allied Universal's counsel has in any manner attempted to limit or restrict the evidence. *See* FRE 401, 403.

18. **Excluding References to Publications regarding Kurdish/Iraqi/Muslim employees at Allied:** Any reference to any articles, news publications, media publications or other statements regarding the experiences of Kurdish/Iraqi/Muslim employees at Allied Universal, including those that pre-date Plaintiff's employment. *See* FRE 401, 403 and 802.

6

19. **Exclusion of other Complaints of Discrimination:** Any reference from other Allied Universal employees or former employees about complaints they had at Allied Universal or unfavorable or alleged discriminatory experiences they had at Allied Universal.

20. **Exclusion of Reference to other Allied Entities:** Any reference to any claims, lawsuits, settlements, disputes or other matters involving Allied Universal entities that are not party to this lawsuit.

21. **No Reference to Former Employees Not involved with This matter:** Any reference or testimony from individuals who work for or previously worked for Allied Universal entities that are not party to this lawsuit.

22. **No Reference to Allied's Financial Position or Ability to Litigate:** Any reference to Allied Universal's financial ability to litigate. Any statement, testimony, reference, question, document and/or evidence, whether directly or indirectly, relating to Allied Universal's financial ability to defend or prosecute a claim, its financial ability to pay Plaintiff's claims, the amount of sales, either in dollars or product figures, or any reference to the cost that may have been incurred by Allied Universal in defending this or any other lawsuit should be excluded. FRE 401, 402, and 403; *see also Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (evidence of the parties' poverty or wealth is inadmissible).

23. **Exclusion of Hearsay:** Any hearsay comments attributed to any unidentified witness not subject to cross-examination. *See* FRE 801(c), FRE 802.

24. **Claims Outside the Scope of the Pleadings:** Evidence or testimony regarding claims not included in Plaintiff's Original Petition and Jury Demand. The Court should exclude evidence of any claims not raised in the Plaintiff's Original Petition. Claims outside the scope of the pleadings are not properly before the court and Defendant cannot be on notice that any such

7

claim is being raised. *Deere & Co. v. Johnson*, 271 F.3d 613, 621-22 (5th Cir. 2001) (issue not in the pleadings or pretrial order not properly raised in trial court if not tried by consent or implied consent).

25. **Excluding Claims Not Raised in EEOC Charge:** Evidence or testimony regarding claims not included in the charge that Plaintiff filed with the EEOC. Plaintiff has failed to exhaust his administrative remedies with respect to any other claim. A court only has jurisdiction over a claim that is based upon conduct like or reasonably related to the charge's allegations. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

26. **Excluding Evidence of Equitable Remedies Reserved for the Court**: Evidence or testimony regarding equitable remedies, including front pay, back pay, injunctive relief, or pre-judgment interest. Such remedies, if appropriate, are for the Court to decide, not the jury, after a liability finding. *Gamboa v. Henderson*, 240 F.3d 1074, at *4 (5th Cir. 2000); and *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) ("When claims involving both legal and equitable rights are properly joined in a single case, the Seventh Amendment requires that all factual issues common to these claims be submitted to a jury for decision on the legal claims before final court determination of the equitable claims.").

Date: May 2, 2025

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, Attorney-In-Charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com

Gary R. Kessler (*SDTX Admission To Be Filed*)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
gkessler@martensonlaw.com

*Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 2, 2025, I caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system that will serve notice and a copy on all counsel of record as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

               */s/ Jessica E. Chang*
               Jessica E. Chang