UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, | : | |
| LP d/b/a ALLIED UNIVERSAL | : | |
| SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S
AGREED MOTION FOR LEAVE TO SUPPLEMENT JOINT PRETRIAL
ORDER AND BRIEF IN SUPPORT**

Defendant Universal Protective Service, LP, d/b/a Allied Universal Security Services ("Allied Universal"), respectfully moves the Court to grant its Agreed Motion for Leave to Supplement the Joint Pretrial Order [ECF No. 45] filed on May 2, 2025, specifically Paragraph 9, *Contested Issues of Law*, and the section entitled *Allied Universal's Contested Issues at Law*. Allied Universal seeks to add the following Contested Issue of Law, which was inadvertently omitted in error from the Joint Pretrial Order. The additional paragraph would state as follows:

> **5. Whether Twana Ahmed is barred from all relief, other than injunctive, declaratory and attorneys fees, under the mixed motive defense recognized by the U.S. Supreme Court in *Price Waterhouse v. Hopkins*, 490 US 228, 242-43 (1989).**

Allied Universal submits this additional and supplemental Contested Issue of Law pursuant to Rule 16(e) of the Federal Rules of Civil Procedure to provide both the Court and Plaintiff with fair notice of Allied Universal's intent to utilize mixed motive defense in this case. *See Pulliam v Tallapoosa County Jail,* 180 F. 3d 1182 (11th Cir. 1999) (addition of mixed motive defense for

1

the first time in the Pretrial Order provided fair notice to plaintiffs of the use of that defense); *see also Boxer Property Management Corporation v Dehnel,* 2024 WL 3282541 at 33 (Tex. App. 2024) (citing *Pulliam*). *See also Giles v. General Electric*, 245 F.3d 474, 492 (5th Cir. 2001) (concluding the plaintiff was not "unfairly surprised" where the affirmative defense was addressed in the pretrial order and the court held a hearing on the issue pretrial); *Allied Chem. Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir. 1983) ("[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise […] technical failure to comply precisely with Rule 8(c) is not fatal" if the defendant "raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond."); Fed. R. Civ. P. 16(d) (stating that pretrial order "shall control the subsequent course of action").

Allied Universal has acted promptly in seeking to amend Paragraph 9 of the Joint Pretrial Order, which was only filed on Friday, May 2, 2025. This motion is being filed on Tuesday, May 6, 2025, four (4) days prior to the Docket Call to be held in this matter on Friday, May 9, 2025.

Moreover, Plaintiff will not be prejudiced by the granting of this motion. Plaintiff was placed on notice of Allied Universal's intent to assert the mixed motive defense on May 2, 2025 when Allied Universal added the mixed motive defense in the parties' proposed jury charge [ECF No. 45-4 at p. 38], to which Plaintiff objected. In addition, in Allied Universal's Pretrial Memorandum of Law, [ECF No. 49 at pp. 14-15], Allied Universal explicitly argued that a jury could find in its favor if it determined that Allied Universal would have terminated Plaintiff even in the absence of any discriminatory or retaliatory motive.

The omission of the mixed motive defense in the *Contested Issues at Law* section of the Joint Pretrial Order was the result of an inadvertent oversight during the exchange and redlining of the Joint Pretrial Order drafts between counsel from April 29 through May 2, 2025.

On May 6, 2025, pursuant to Local Rule 7.1, the parties conferred on this issue. Plaintiff's counsels agreed to the filing of this Motion and requested that the following paragraphs be added to *Twana Ahmed's contested issues of law*, to which Allied Universal agreed:

1. Whether any "same-decision" or "mixed-motive" defense instruction or question is available under but-for causation liability. *See, e.g., Gross v. FBL Fin. Servs.*, 557 U.S. 167, 169-70 (2009); *Mabra v. United Food & Commercial Workers Local Union No. 1996*, 176 F.3d 1357, 1357 (11th Cir. 1999) (comparing the language of Title VII and Section 1981 and determining an extension of the motivating-factor framework to Section 1981 case would be inappropriate); *Aquino v. Honda of Am., Inc.*, 158 Fed. App'x 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII ... it did not amend [Section] 1981 in an analogous fashion"); *Bostock v. Clayton Cty.*, 590 U.S. 644, 657 (2020) ("If anything, Congress has moved in the opposite direction, supplementing Title VII in 1991 to allow a plaintiff to prevail merely by showing that a protected trait like sex was a "motivating factor" in a defendant's challenged employment practice. Civil Rights Act of 1991, §107, 105 Stat. 1075, codified at 42 U. S. C. §2000e-2(m). Under this more forgiving standard, liability can sometimes follow even if sex *wasn't* a but-for cause of the employer's challenged decision. Still, because nothing in our analysis depends on the motivating factor test, we focus on the more traditional but-for causation standard that continues to afford a viable, if no longer exclusive, path to relief under Title VII. 42 U.S.C. §2000e-2(a)(1)); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

2. Whether defendant waived any "mixed-motive" defense by failing to plead it in its answer. *See* Fed. R. Civ. P. 8(c)(1); *Ingraham v. U.S*, 808 F.2d 1075, 1079 (5th Cir. 1987) ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."); *see also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (noting that with respect to "a claim in which an individual proves a violation under section 2000e-2(m), the employer has a **limited affirmative defense** that does not absolve it of liability, but restricts the remedies available to a plaintiff."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001) ("Although Toennies requested a jury instruction reflecting only section 21.125(a), the instruction was not incomplete because it omitted the defense contained in section 21.125(b). It is the defendant's burden to plead and request instructions on an affirmative defense.").

**For the foregoing reasons**, Allied Universal respectfully requests leave to supplement the Joint Pretrial Order to include the above referenced paragraphs.

Dated: May 6, 2025

Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com


Gary R. Kessler (*SDTX Admission Pending*)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
gkessler@martensonlaw.com

*Counsels for Defendant Universal Protetion Service, LP d/b/a Allied Universal Security Services*

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on May 6, 2025, counsels for the parties conferred by email and telephone, and counsels for Plaintiff Twana Ahmed confirmed that they are in agreement with Defendant's Motion for Leave to Supplement the Joint Pretrial Order.

/s/ Jessica E. Chang
Jessica E. Chang

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2025, I caused to be served a true and correct copy of the foregoing document to be filed using the Court's CM/ECF system that will serve notice and a copy on all counsel of record as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

/s/ Jessica E. Chang
Jessica E. Chang