IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| § | No. 4:23-cv-02823 | |
| § | | |
| Universal Protection Service, LP, d/b/a § | Jury | |
| Allied Universal, § | | |
| § | | |
| *Defendant.* § | | |
| § | | |

**JOINT MOTION TO EXTEND AND STATUS
REPORT ON PROPPOSED TRIAL TIMING**

**I. NATURE AND STAGE OF PROCEEDING**

Plaintiff Twana Ahmed ("Plaintiff") filed this lawsuit against Universal Protection Service, LP, d/b/a Allied Universal ("Allied Universal") alleging he was subjected to: (i) race and ancestry discrimination in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 et seq. ("TCHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); (ii) national origin and religious discrimination in violation of the TCHRA and Title VII; and (iii) retaliation in violation of the TCHRA, Title VII, and Section 1981. Docket call was held on May 9, 2025 and trial is scheduled to begin on August 18, 2025.

## II. ISSUE & STANDARD OF REVIEW

The issue before the Court is whether to grant the parties' joint request to extend the deadline for submitting proposed trial time for both sides. Federal Rule of Civil Procedure 6(b) gives district courts broad latitude to extend time periods in court orders:

> **(b) Extending Time.**
>
> **1)** In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). The Court's decision is reviewed for an abuse of discretion. *See Howey v. Truist Bank*, No. 23-10513, 2023 U.S. App. LEXIS 27122, at *4 n. (5th Cir. 2023) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006)).

## III. ARGUMENT AND AUTHORITY

As an initial matter, the parties apologize for missing the Court's initial deadline for submitting proposed trial time for both sides. The parties understood that the Court was seeking submission of the proposed timing by sometime mid-week. The parties were conferring, but did not receive the minute entry setting a specific May 14, 2025 deadline until after 9:00pm last night.

Relevant factors used to determine excusable neglect include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, both parties' neglect was excusable. Granting extension of this deadline would not prejudice either party and would not delay any of the scheduled hearings or other judicial proceedings.

The parties have been working to estimate the proposed time needed for each side at trial. Defense agreed to deliver its will call witness list along with current addresses and telephone numbers for all witnesses that are no longer employed by Defendant early next week, with enough time to estimate proposed trial timing by May 21, 2025.

## IV. Conclusion

Because the parties are still working on calculating reasonably accurate proposed timing estimates for trial and require additional witness information, the parties respectfully request the Court to extend the deadline to submit proposed timing through and including May 21, 2025.

Respectfully submitted,

*/s/ Amanda Hernandez*
Ms. Amanda C. Hernandez
Attorney-in Charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

and

Ms. Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

Mr. David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

/s/ Jessica E. Chang
Jessica E. Chang, Attorney-In-Charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine
(SDTX No. 3874604, IL6316753)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com

and

Gary R. Kessler
( SDTX No. 61089, GA416562)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 3031
(404) 909-8100
gkessler@martensonlaw.com

***Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services***