IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | |
| | § | CIVIL ACTION NO. 4:23-cv-02823 |
| Universal Protection Service, LP, d/b/a Allied Universal Security Services | § § § § | Jury Trial Demanded |
| *Defendant.* | § § § | |

**PLAINTIFF TWANA AHMED'S OBJECTIONS
CONCERNING DEFENDANT'S SECOND AMENDED EXHIBIT LIST**

1.  **authenticity**

Under the Court's Procedures § 12B, the parties are to put each other on notice of any objections to authenticity. Based on information known to date, Twana Ahmed *renews* his previous objections [ECF Doc. 55] as to the authenticity of the following exhibits.

- Because defendant apparently forged a signature on AUS 1055, Mr. Ahmed has legitimate concerns about, and so objects to the authenticity of defense exhibits previously designated as: 1, 3, 4, 5, 23, 25, 27, 31, 32, 34, 51-55, 65, 66, 82, 83, 89; *newly designated* as: 46, 49, 4, 23, 21, 39, 22, 31, 54, 53, 35, 51, 41, 33, 34, 36, 56, 45

- Defense exhibits 12-14 [previously designated as exhibits 18-20] are not what defendant purports them to be—namely proof of any training administered or delivery of an item to Mr. Ahmed. As a result, Mr. Ahmed has legitimate concerns about, and so objects to its authenticity.

- Defense exhibit previously designated as 68, *newly designated as* 10 refers to videos that defendant has not produced. As a result, and because defendant apparently forged a signature on AUS 1055, Mr. Ahmed has legitimate concerns about, and so objects to its authenticity.

Defendant filed an amended exhibit list on July 18, 2025 [ECF Doc. 65-1]. Based on information known to date, Twana Ahmed *renews* his objections to the authenticity of the following exhibits.

- Because defendant apparently forged a signature on AUS 1055, and did not produce any of the following exhibits until June 25,2025 or July 3, 2025, Mr. Ahmed has legitimate concerns about, and so objects to the authenticity of defense exhibits previously designated as: 85, 90, 92, 93, 94, *newly designated as*: 38, 26, 16, 3, 11

Defendant filed a second amended exhibit list on August 10, 2025 [ECF Doc. 79]. Based on information known to date, Twana Ahmed objects to the authenticity of the following newly designated exhibits: 27, 43, 44, 47, 50.

2. **objections beyond authenticity — request for approval of parties' agreed, proposed modification**

The parties jointly proposed the following modification to objections to pretrial exhibits in the amended joint pretrial order [ECF Doc. 52, p. 10 at ¶ 2]:

> The parties request Court approval of an agreement that modifies Court procedure on exhibit objections. The parties agree that they may, but are not required to, object to exhibits before trial, except for authentication objections. Authentication objections will follow the Court's procedures — i.e., notifying "offering counsel in writing within 7 days after the exhibit is listed and made available to opposing parties. Failure to do so may be deemed an admission of authenticity." The parties believe other exhibit objections are better made in the context of trial and tend to be fewer or more limited in that context. The parties believe use-it-or-lose-it objections to exhibits before trial [and without the context of trial] may lead parties to feel compelled to assert all possible objections, not knowing the trial evidence or context at this time.

Twana Ahmed requests approval of the proposed modification for the reasons stated. If the Court does not approve the jointly requested modification, Mr. Ahmed requests a reasonable amount of time to assert any possible objections.

**3. objections beyond authenticity with supporting authority**

At this time, beyond objections to authenticity, Twana Ahmed objects to the following exhibits listed on Defendant's second amended exhibit list, which was filed on August 10, 2025.

- Defense exhibit 17 is a criminal history search report about Mr. Ahmed. Mr. Ahmed objects as to relevance under Federal Rule of Evidence 402, objects that this exhibit is impermissible character evidence under FRE 404, and objects that this exhibit is unfairly prejudicial under FRE 403—any remote probative value would be substantially outweighed by its prejudicial effect, which would confuse and mislead the jury.

- Defense exhibit 26 purports to be inspection reports conducted at H-E-B grocery stores by certain of Defendant's supervisors. The documents for this exhibit were not produced until June 25, 2025, and Mr. Ahmed has concerns about whether they were created contemporaneously. They also appear to be incomplete. The exhibit contains certain inspections of Mr. Ahmed but does not include any inspections for other security officers. Mr. Ahmed objects to the exhibit due to the late disclosure and failure to produce any other purported inspection reports. Both parties have produced items past discovery cutoff, so we are willing to work with defense counsel, however, it must be a two-way street, and the production must be complete.

- Defense exhibit 27 was supplemented with AUS 002129-002133, which were not produced until August 8, 2025. Some of the images produced appear to be stills of a video. When plaintiff's counsel asked what the production was, and whether defense had a video, defense counsel did not respond. Mr. Ahmed's previous requests for production included requests for any video. Mr. Ahmed objects to these additions to the extent that they are incomplete. Previously, Mr. Ahmed's counsel was led to believe that any related video was automatically deleted. Normally we would also have the option of completeness under FRE 106, but Defendant's production appears to be incomplete.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

*and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 11, 2025, *Plaintiff Twana Ahmed's Objections Concerning Defendant's Second Amended Exhibit List* was filed via the Court's CM/ECF system, thereby automatically serving Defendant's attorneys of record.

*/s/Amanda C. Hernandez*
Amanda C. Hernandez