UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S MOTION TO QUASH SUBPOENA OF FELICIA SOLIS-RAMIREZ

Defendant Universal Protection Service LP d/b/a Allied Universal Security Services ("Allied" or "Defendant") asks the Court to quash the trial subpoena propounded by Plaintiff Twana Ahmed ("Ahmed" or "Plaintiff") upon Felicia Solis-Ramirez.

### I. INTRODUCTION

Plaintiff has issued a trial subpoena to Felicia Solis-Ramirez, a non-party individual who was served in San Antonio, Texas, more than 200 miles from the courthouse. *See* Solis-Ramirez Subpoena, attached as Exhibit A. Ms. Solis-Ramirez is a former Allied Branch Manager of the San Antonio office and is neither a party nor a party officer.

Since Ms. Solis-Ramirez is outside the geographic reach of this Court's subpoena power under Fed. R. Civ. P. 45(c)(1), the subpoena must be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii).

## II.     STANDARD

Rule 45(c)(1) strictly limits the geographic reach of a trial subpoena:

> "A subpoena may command a person to attend a trial, hearing, or deposition only … within 100 miles of where the person resides, is employed, or regularly transacts business in person; or within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

FED. R. CIV. P. 45(c)(1).

Under Rule 45(d)(3)(A)(ii), the Court must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." *Miller v. Warren Transp., Inc.,* No. 5:18-CV-00173, 2019 WL 11593056, at *4 (S.D. Tex. Feb. 7, 2019) (Rule 45(c) of the Federal Rules of Civil Procedure limits the Court's subpoena power over witnesses who live more than 100 miles away from the Court.)

## III.    **ARGUMENT**

Ms. Solis-Ramirez was served in San Antonio, Texas, which is more than 200 miles from this Court. *See* Google Map, attached as Exhibit B. Rule 45(c)(1) permits a trial subpoena to command attendance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FRCP P. 45(c)(1)(A). The Fifth Circuit strictly enforces this territorial limit. In *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 351–52 (5th Cir. 2017), the court affirmed quashing subpoenas served on non-party witnesses outside the 100-mile radius, holding that Rule 45(c)'s restrictions are mandatory. *See also Maryland Marine, Inc. v. United States*, No. H-06-3542, *2008 WL 2944877, at 4 (S.D. Tex. July 31, 2008) (Rosenthal, J.) (recognizing that the Court's subpoena power to compel trial testimony is geographically limited by Rule 45).

The only exceptions are in Rule 45(c)(1)(B), which allow compulsion within the state if the witness is a party or a party's officer, or if the witness is commanded to attend trial and would

not incur substantial expense. Ms. Solis-Ramirez fits none of these exceptions. She is neither a party nor a party officer; and compelling her attendance would entail significant travel time and cost as it would take her more than three (3) hours each way.

### IV.     CONCLUSION

Because Ms. Solis-Ramirez resides and was served well outside the permissible range, and because no exception applies, the subpoena is invalid on its face and must be quashed under Rule 45(d)(3)(A)(ii).

Dated: August 12, 2025                    Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
David Hamilton (PHV)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com
dhamilton@martensonlaw.com

*and*

Marty N. Martenson (PHV)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8104
mnmartenson@martensonlaw.com

*Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, I caused to be served a true and correct copy of the foregoing document on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

                                            */s/ Jessica E. Chang*
                                            Jessica E. Chang