IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed**,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | No. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP, d/b/a | § | Jury |
| Allied Universal, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**PLAINTIFF TWANA AHMED'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO QUASH SUBPOENA OF FELICA SOLIS-RAMIREZ**

---

### I. INTRODUCTION

Defendant attempts to quash a third-party trial subpoena of a key fact witness. A witness listed on Defendant's *will call* witness list. The motion should be denied (1) because Defendant has no standing to quash a third-party subpoena, and (2) even if Defendant did have standing, compelling Ms. Solis-Ramirez to trial is reasonable and within the applicable rules of civil procedure.

### II. ARGUMENT AND AUTHORITY

"Absent a claim of privilege relating to the information being sought through a subpoena, a party has no standing to move to quash a subpoena served upon a third party." *Lee v. Credit Mgmt., LP,* Civil Action No. G-10-238, 2012 U.S. Dist. LEXIS 14850 *1 (S.D. Tex. Feb. 7, 2012) (citing *Thomas v. Marine Associates,* 202 F.R.D. 433, 434 (E.D. Pa 2001). Defendant Allied Universal has

no standing to quash Ms. Solis-Ramirez's subpoena, "only the subpoenaed persons themselves may do so." *Id.* (citing *Auto Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla. 2005)). The cases Defendant cites in support of its motion are addressing whether to transfer the venue of a case and not deciding whether to quash a third-party subpoena.

Defendant also ignores the plain text of Rule 45(c)(1)(B)(ii), which states:

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

US Fed Rules Civ Proc R 45.

Ms. Solis-Ramirez lives within this state and would not incur substantial expense. Plaintiff's counsel paid Ms. Solis-Ramirez the applicable witness and mileage fee and agreed to pay for any reasonable additional expense Ms. Solis-Ramirez would incur should she have to seek lodging due to travel for the trial. In short, she makes no showing of any expense at all—much less any required "substantial" one. Further, Ms. Solis-Ramirez was directly involved in the decision to terminate Plaintiff Twana Ahmed. *See* Defendant's proposed trial exhibit 47 attached. She is listed as a *will call* witness on Defendant's amended witness list. [ECF Doc. 65-1]

## IV. CONCLUSION

Because Defendant lacks standing to quash the subpoena at hand, and because the subpoena would otherwise comport with Rule 45 45(c)(1)(B)(ii), Defendant's *Motion to Quash the subpoena*

*of Felicia Solis-Ramirez* should be denied. And while Plaintiff does indeed oppose this motion, he notes that Defendant continues to violate Local Rule 7.1(D) by failing to either confer and by failing to aver that they have done so.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

    *and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2025, *Plaintiff Twana Ahmed's Response in Opposition to Defendant's Motion to Quash* was filed via the Court's CM/ECF system, thereby serving Defendant's attorneys of record.

*/s/Amanda C. Hernandez*
Amanda C. Hernandez