UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |

## DECLARATION OF MARTY N. MARTENSON

I, Marty N. Martenson, declare as follows:

1. I, Marty N. Martenson, am over 18 years of age, of sound mind and otherwise competent to make this Declaration. The evidence set out in the Declaration is based upon my personal knowledge.

2. I am a partner in the law firm of Martenson, Hasbrouck & Simon LLP. This Firm represents Defendant Universal Protection Service, LP (dba Allied Universal) in the above-captioned matter.

3. On August 12, 2025, I met with a witness named Kevin Middlebrooke, who was represented by counsel, in preparation for the trial currently scheduled to begin on August 18, 2025. Mr. Middlebrooke was employed on April 4, 2022 as the Manager-in-Charge at the H-E-B grocery store where the use of force incident involving Plaintiff occurred.

4. Kevin Middlebrooke was initially identified by Plaintiff in his Rule 26(a)(1) disclosures as "Kevin (LNU)".

5. On August 5, 2025, Defendant's counsel learned that Kevin's last name was Middlebrooke.

      That same day, Defendant's counsel notified Plaintiff's counsel of Mr. Middlebrooke's full name.

6. During the meeting with me on August 12, 2025, Mr. Middlebrooke identified an individual named Justin Porter who may have access to a copy of video footage of the incident on April 4, 2022 involving Plaintiff.

7. I was informed by Mr. Middlebrooke that Justin Porter is an H-E-B employee who was employed as a Senior Area Loss Prevention Manager in April 2022. I asked Mr. Middlebrooke to contact Mr. Porter in an attempt to determine if Mr. Porter had any information related to video footage from April 4, 2022.

8. On August 12, 2025, at approximately 4:10 p.m., I was provided, via H-E-B's counsel, with three videos relating to the April 4, 2022 confrontation involving Plaintiff and the alleged shoplifter. The videos are attached hereto as Attachments 1, 2 and 3.

9. This was the first time that counsel for Defendant received or reviewed video footage from April 4, 2022.

10. It is my understanding that the videos were copied from H-E-B's internal video surveillance system. After the videos were copied, the original footage was overwritten in H-E-B's system.

11. Prior to August 12, 2025, Defendant and its counsel made significant and regular efforts to locate this video footage but were unsuccessful. Those efforts included a complete review of Defendant's e-mail system, including a review of all e-mails and attachments sent by and between Defendant and H-E-B. Counsel for Defendant also requested from Middlebrooke any relevant video footage of the incident. Prior to August 12, 2025, Mr. Middlebrooke had informed Defendant's counsel that he did not possess a copy of the

relevant video footage.

12. On August 12, 2025, at approximately 7:40 p.m., counsel for Defendant sent the video footage it had received from H-E-B's counsel to counsel for Plaintiff.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 13, 2025

*/s/ Marty N. Martenson*
Marty N. Martenson

# ATTACHMENT 1

Video File: Customer Door GM Exit Interior-2022-04-04_17h05min05s000ms – 1

AUS 002138

# ATTACHMENT 2

Video File: Customer Door GM Vestibule Exit 02-2022-04-04_17h05min00s000ms – 2

AUS 002139

# ATTACHMENT 3

Video File: Parking Lot Upper GM Entrance-2022-04-04_17h05min00s000ms - 3

AUS 002140