IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | No. 4:23-cv-02823 |
| | § | |
| Universal Protection Service, LP | § | Jury |
| d/b/a Allied Universal, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

**TWANA AHMED'S OBJECTIONS AND SECOND SUPPLEMENTAL ANSWERS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

---

Plaintiff Twana Ahmed ("Twana")—through undersigned counsel—serves his objections and supplemental answers to Defendant's first set of interrogatories.

OBJECTIONS TO INSTRUCTIONS

## Instruction 1 — how to assert privilege

Twana objects to this instruction on the following grounds.

1. The instruction conflicts with the scope of the responding party's rights and obligations under Federal Rule of Civil Procedure 26(b)(5) governing assertion of privilege.

Twana will only follow *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695-97 (5th Cir. 2017) (describing requirements for privilege log) and Federal Rule of Civil Procedure 26(b)(5):

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i)    expressly make the claim; and

> (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

## Instruction 4 — supplementation

Defendant instructs:

> These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information.

Twana objects to this instruction on the following grounds.

The instruction conflicts with the scope of the responding party's rights and obligations under Federal Rule of Civil Procedure 26(e) governing supplementation of discovery responses.

Twana will *only* follow Federal Rule of Civil Procedure 26(e)(1):

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

> (B) as ordered by the court.

OBJECTIONS TO DEFINITIONS

## Definition 2 — Defendant or Allied Universal

Defendant defines these terms as follows (emphasis added):

> "Defendant" or "Allied Universal" refers to Universal Protection Service, LP d/b/a Allied Universal Security Services Defendant in the above-captioned action, and its employees, agents, representatives, attorneys, and any other persons under their control or acting or purporting to act on its behalf.

Twana objects to this definition on the following grounds.

1.    The definition is overly broad. It goes beyond the ordinary meaning of the terms defined.

2.    The definition is vague and ambiguous because it includes large groups of unidentified people. The parties may reasonably disagree on who may be included in those groups. The full scope of who falls into those groups is a matter largely within the exclusive knowledge of Defendant. For example, the definition includes all of their agents of any type and for any and every subject matter. This would include employees and people in the over 90 countries in which they operate.

4. The definition calls for a legal conclusion as to the meaning of agents.

Twana defines Defendant to mean the named defendant in this lawsuit —and, if appropriate for a particular interrogatory, those he believes were acting on behalf of defendant with respect to the subject matter of that interrogatory.

## Definition 3 — Plaintiff, you or your

Defendant defines these terms as follows (emphasis added):

> "Plaintiff", "you" or "your" refers to Twana Ahmed, the Plaintiff in the above-captioned action, and any and all of his agents, representatives, attorneys or any other persons under his control or acting or purporting to act on his behalf.

Twana objects to this definition on the following grounds.

1.    The definition is overly broad. It goes beyond the ordinary meaning of the terms defined.

2.    As applied to the interrogatories, the definition conflicts with the scope of the responding
party's rights and obligations under Federal Rule of Civil Procedure 26(b)(1), which limits discovery to nonprivileged matters. The definition impermissibly requires him to provide privileged information.

3.    The definition is vague and ambiguous because it includes large groups of unidentified people, such as agents and people "purporting" to act on his behalf. The parties may reasonably disagree on who may be included in those groups.

4.    The definition calls for a legal conclusion as to the meaning of agents.

Twana defines Plaintiff, you, and your to mean himself and, if appropriate for a particular interrogatory, those acting on his behalf with respect to the subject matter of that interrogatory.

OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Does Plaintiff allege that he has suffered emotional distress as a result of Allied Universal's actions? If yes, please provide:

  a.  Whether Plaintiff has treated with, or consulted with, any doctor or therapist regarding any harm allegedly suffered as a result of Allied Universal;

  b.  The identity and address of any doctor or therapist Plaintiff has treated with as a result of any harm allegedly suffered as a result of Allied Universal;

  c.  Whether Plaintiff was diagnosed with a medical condition due to Allied Universal; and

  d.  A detailed description of how the emotional distress has impacted Plaintiff's life.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1.   The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[1]

2.   For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order date August 13, 2023], and so b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to whether he has suffered emotional distress and a basic summary of how the distress has impacted his life.

---

[1]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

Twana has suffered emotional distress as a result of Allied Universal's actions. Twana felt like Patrick Freeney had a personal vendetta against him because of his race, his religion, and where Twana came from. Patrick threatened Twana physically – he threatened to fry Twana like a chicken. He called him racially derogatory names. He also threatened to get Twana's security guard license revoked. He threatened to accuse Twana of theft. Twana was scared that his license would be taken if Patrick lied to the state. He was afraid that Patrick would damage his future.

When Allied Universal did nothing to protect Twana from discrimination and retaliation, in Twana's suspension he was left in limbo. He felt strung along. He was left wondering if he still had a job. Twana had to deplete all of his savings. This severely hurt him because it wasted time that he could have been looking for a job. Then he was terminated in discrimination and retaliation. He became depressed. It affected his relationships with his friends, from whom he had to ask to borrow money. He was severely stressed about how this would affect his family. He was sending money to his mother weekly. She was in the hospital and relied on that money. Without the job he had to stop sending money and was worried about how that would affect her medical condition.

Twana cried, had trouble sleeping, began biting his nails and pulling some of his hair out. He also lost a significant amount of weight. He was embarrassed, humiliated, and facing a lot of debt. He also started to lose a lot of hair. He lost friends. He could not afford his rent and had to move out of the apartment he was staying in and slept in his car. He had to apply for food stamps because he did not have enough money for food. And eventually, without a security guard company to sponsor his license, he lost that too.

Twana has not treated with or consulted a doctor or therapist as a result of this harm because he cannot afford it.

**INTERROGATORY NO. 2:**
As to paragraph 45 of Plaintiff's Complaint, please provide all substantive facts that support your allegation that one of Allied Universal's supervisors told you that you must shave your beard; you explained that it is part of your religion to keep a beard; and you were not informed you could request a religious accommodation, including the identity of all individuals who have knowledge of such facts.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[2]

2.    For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order date August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention. He refers defendant to his detailed 18 page Original Petition, and to the Charge of Discrimination that he filed with the United States Equal Employment Opportunity Commission (to which defendant responded).

During the Elite training, Mauricio Zepeda told Twana that he had to shave his beard. Then, Patrick Freeney pulled Twana out of the training and told him that he had to shave his beard. Twana let him know that it was part of his religion to keep a beard. Patrick never told Twana that he could request an accommodation for his religion. A few weeks later, on site at H-E-B, Twana's supervisor Mauricio Zepeda also told him he'd have to shave his beard. Again, Twana informed Mr. Zepeda that he could not shave his beard because of his religion. At no point did Mr. Zepeda inform Twana that he could request an accommodation for his religion. Mr. Zepeda was on-site and issuing Twana a new Taser because Twana's Taser was not working properly. Mr. Zepeda had Twana sign paperwork for the new Taser. The exact date would be on that paperwork.

**INTERROGATORY NO. 3:**
As to paragraph 46 of Plaintiff's Complaint, please provide all substantive facts that support your allegation that Allied Universal continued to pressure you to shave your beard; that you eventually shaved it; and you noticed other security guards had beards, including the identity of the other security guards who had beards.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

---

[2]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

1.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[3]

2.    The interrogatory is vague and ambiguous because it includes a large group of unidentified people. The parties may reasonably disagree on who may be included in those groups. Twana does not know the full scope of who falls into that group — a matter largely within the exclusive knowledge of Defendant.

3.    For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order date August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention. He refers defendant to his detailed 18 page Original Petition, and to the Charge of Discrimination that he filed with the United States Equal Employment Opportunity Commission (to which defendant responded).

Twana felt pressured by Allied to shave his beard, and he was not aware that he could request a religious accommodation. He was told more than once by Allied's manager Patrick Freeney and Allied's supervisor Mauricio Zepeda to shave his beard. Neither his supervisors nor his manager told him that an accommodation was possible. Instead he was led to believe that he either had to shave his beard or lose his job. Twana noticed approximately ten different security guards with beards. Some were at different posts where he was stationed to work had beards, some longer than his. The names of those individuals is largely under Allied's control. It includes Mauro Siboldi and Robert Longoria. And it includes a security guard that was stationed to work at the H-E-B grocery store off San Felipe in Houston, Texas.

## INTERROGATORY NO. 4:

---

[3]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

For each alleged instance of discrimination, harassment, or retaliation, please identify the perpetrator of the discrimination, harassment, or retaliation; where each alleged instance of discrimination, harassment, or retaliation occurred; what you did in response to each instance of discrimination, harassment, or retaliation; the exact substance of any alleged direct evidence; the identity of any witnesses; and any documentation supporting the alleged acts of discrimination, harassment, and/or retaliation.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[4]

2.    For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

3. For documents, the interrogatory is (a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Actions [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to provide a number of documents pertaining to the claims at issue in the lawsuit, for example, "[a]ll communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant . . . .[d]iary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit. . . . [and] [a]ny other document(s) upon which the plaintiff relies to support the plaintiff's claims." If Defendant believes that disclosures are incomplete, it may simply specify what it believes is missing and proceed from there.

4. For *documentation supporting the alleged acts of discrimination, harassment, and/or retaliation*, the interrogatory seeks work product about which documents support his answer.

---

[4]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

That is, it asks Twana and his counsel to form mental impression about which do so, then via segregation and identification of only those, reveal such work product.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was discriminated against and retaliated against for opposing and reporting discrimination. He was verbally harassed often by his manager. He refers defendant to his detailed 18 page Original Petition, and to the Charge of Discrimination that he filed with the United States Equal Employment Opportunity Commission (to which defendant responded).

As for who within Allied Universal perpetrated the acts of discrimination and retaliation, Allied Universal has thus far failed to produce information from which all of that information could be given. For example, a list of people that enforce its discrimination and retaliation policies, and "all communications concerning the factual allegations or claims at issue in this lawsuit among or between:
  i.   The plaintiff and the defendant;
  ii.  The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s)."

But it includes Patrick Freeney, Allied Universal's manager who is referenced in paragraphs 57 and 58 of the Original Petition—the person that threatened to physically harm Twana, and who called Twana a "sand-ni**er" while suspending him for no apparent reason. It includes Catherine Barnes, Allied Universal's human resources representative, who is referenced in paragraphs 60 and 61 of the Original Petition. It includes Allied's supervisors that failed to accommodate Twana's religion, and those responsible for issuing company equipment, uniforms, and weapons. It may include the investigators assigned to investigate Twana's report of discrimination, and other human resource personnel.

**INTERROGATORY NO. 5:**
Please identify each and every adverse employment action that you suffered as a result of any action by Allied Universal including, what the adverse employment action consisted of; the individual responsible for the adverse employment action; the date of the adverse employment action; any damages arising out of the alleged adverse action; and the identity of any witnesses.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.   The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[5]

2.   For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was discriminated against and retaliated against for opposing and reporting discrimination. He refers defendant to his detailed 18 page Original Petition, and to the Charge of Discrimination that he filed with the United States Equal Employment Opportunity Commission (to which defendant responded).

Twana was forced to work without equipment that others were issued. Equipment that was central to maintaining his safety and the safety of the community that he was tasked to protect. He was subject to racial slurs and physical threats. He was forced to shave his beard despite his religious beliefs. When he opposed discrimination, he was suspended. He reported the discrimination and then was terminated in retaliation.

## INTERROGATORY NO. 6:
Please identify all employment Plaintiff has held in the last 10 years including:

      i.   Name and address of each employer;

     ii.   Name of your supervisor;

   iii.   Title/Position and the responsibilities for each position;

   iv.   Gross salary and any benefits;

    v.   Whether you received any discipline; and

---

[5] *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

vi. Reason for leaving your employment.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1). It is not limited to a relevant subject or timeframe. Twana does not seek damages for loss of earning capacity. The relevant subjects are (1) compensation losses and (2) mitigation — doing what was "reasonable under the circumstances to avoid or minimize" compensation losses.[6] The relevant timeframe is after Allied Universal illegally fired him.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), for identification of prior employers, Twana limits the interrogatory and answer to (1) the name of the employer and (2) position held for the past five years. Otherwise, Twana limits the interrogatory and answer to the timeframe *after* Allied Universal illegally fired him, and for that timeframe, (1) the name and address of each employer, (2) title/position, (3) gross salary and benefits, (4) reason for leaving the employment.

(1) This answer addresses employment, whether as an employee or independent contractor, *after* Allied Universal illegally fired Twana on or about May 25, 2022. Twana has not been a sole proprietor, partner, shareholder, or member in any entity for purposes of earned income in that timeframe.

(a) employer

DoorDash, Inc.
303 2nd Street, Suite 800
San Francisco, CA 94107
Tel. 8559731040

(b) title/position

Delivery driver

(c) gross salary and benefits

Between $250-$400 per week before expenses. Pay varies depending on the deliveries available.

---

[6] C. McCormick, *Handbook on the Law of Damages*, at 172 (1935).

No benefits

(d) reason for leaving employment
Not applicable

(2) Previous employment
a) USAPD – security guard
b) United States Army - combat
c) Eagle Security – security guard
d) Door Dash – delivery driver

**supplemental answer**
Pursuant to the Court's order, Twana limits this answer to those employers that he has worked for within the last three years. In addition to Door Dash, listed above, and Allied Universal, Twana also worked for:

1. Western Eagle Security (also known as Amerom, Inc.), 11201 Richmond Ave, Suite A108, Houston, TX 77082.
   Supervisor's name: Sammy [last name unknown]
   Position: security guard
   Pay: mostly $12/hr. On one or two shifts $15/hr (when no one else could cover)
   Discipline: none
   Reason for leaving: never actually left, hours were very limited, then started working for Allied Universal. Picked up shifts when available.

**INTERROGATORY NO. 7:**
Please identify each employee of Allied Universal that you allege was similarly situated to you, but treated more favorably than you and describe in detail how each employee was allegedly treated more favorably than you.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1. The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[7]

---

[7] *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in

2. The interrogatory is vague and ambiguous because it includes a large group of unidentified people. The parties may reasonably disagree on who may be included in those groups. Twana does not know the full scope of who falls into that group — a matter largely within the exclusive knowledge of Defendant.

### limited answer

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was discriminated against and retaliated against for opposing and reporting discrimination. The identities of many of these individuals are in the control of Allied Universal. But several other security guards were allowed to have beards and not made to shave. This includes Mauro Siboldi and Robert Longoria. Several other security guards were issued badges and body cameras for their safety. This includes other security guards that were stationed at H-E-B grocery stores in Houston and the greater Houston area. Defendants would have their identity. Several other security guards were issued guns that worked properly. Most, if not all of the other security guards that went through the Elite training program at the same time that Twana did, had working guns. Or, if their gun did not work properly, they were issued a replacement. When Twana was at the gun range so that he could get qualified for his handgun, his handgun was not working properly. He was one of the most experienced guys with a handgun. The trainer had to give Twana a different handgun to use just to qualify. After he qualified, he was given the messed up gun again. Twana was told to go to the office for a replacement, but when he did it was never replaced. Allied kept ignoring his requests for a gun that worked properly. They knew he was working with a messed up gun. Several other security guards were allowed to work without threats of bodily harm. Another security guard that actually tased a member of the community was not terminated. He was working at an H-E-B on Kempwood. Other security guards were given progressive discipline. Twana was suspended for discriminatory and retaliatory reasons, and was never actually told that he was terminated.

### supplemental answer

Raymond Rodriguez is the name of the security guard that was working for Allied Universal at an H-E-B on Kempwood and Gessner. He used his taser on a member of the community and was not terminated from Allied Universal.

### INTERROGATORY NO. 8:
Describe all efforts made by you to secure work or employment since your Allied Universal employment, and for each such effort state when and how (*e.g.*, written application,

---

detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

telephone, internet application, etc.) you applied for the job or position; the name of the job or position you applied for; the name and the address of the employer you sought employment with, the results of such application, including the reasons given for any rejections, if known, and whether you received an offer, and if so, the position, job responsibilities, compensation offered, whether you accepted the offer, and if declined, the reasons you declined the offer.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1. The interrogatory is a) unreasonably cumulative and duplicative of the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action [Judge Rosenthal's Order dated August 13, 2023], and so b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015].

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support that he has diligently looked for work after he discovered he was illegally terminated from Allied Universal.

Twana has applied for positions, including security guard positions with:

1. Locke Protective Services located in Houston, Texas;
2. Manpower in Port Lavaca;
3. Texas Workforce Solutions in Houston, Texas and Victoria, Texas;
4. Securitas Security Services USA;
5. Seal Security Company;
6. GardaWorld Security;
7. Amazon Flex;
8. Amazon Warehouse

He does not know the exact dates of each application. Twana has not received any offers for employment as a result of any applications for employment and no one has asked for an interview.

**INTERROGATORY NO. 9:**

With respect to Plaintiff's Complaint, please state each and every protected activity that Plaintiff engaged in that he believes was a factor in any alleged adverse employment action. For each instance, please state: the protected activity taken; the date of such protected activity, whether there are any witnesses to any protected activity; whether there are any documents or reports that resulted from, or support, Plaintiff's contentions; and whether

Plaintiff has evidence that the protected activity was a motivating factor in any unlawful action or inaction.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[8]

2.    For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's I*nitial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

3.    For documents, the interrogatory is a) unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Actions* [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to provide a number of documents pertaining to the claims at issue in the lawsuit, for example, "[a]ll communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant . . . .[d]iary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit. . . . [and] [a]ny other document(s) upon which the plaintiff relies to support the plaintiff's claims." If Defendant believes that disclosures are incomplete, it may simply specify what it believes is missing and proceed from there.

4. For *documents supporting facts in Plaintiff's answer,* the interrogatory seeks work product about which documents support his answer. That is, it asks Twana and his counsel to form mental impressions about which documents do so. Then, via segregation and identification of only those, reveal such work product.

**limited answer**

---

[8]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention that he was retaliated against for opposing and reporting discrimination. Twana also asked to keep his beard for religious purposes which itself was a protected activity. He refers defendant to his detailed 18 page Original Petition, and to the Charge of Discrimination that he filed with the United States Equal Employment Opportunity Commission (to which defendant responded). Twana verbally told Patrick that he felt Patrick was discriminating against him. Twana reported all of the instances of discrimination and retaliation in writing and orally to Allied Universal's human resources department. He also reported everything to Allied's employee hotline.

**INTERROGATORY NO. 10:**
Identify all persons from whom you have received statements (oral or written) relating to the allegations in the Complaint.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is a) unreasonably cumulative and duplicative of the Court's I*nitial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

2.    The interrogatory is vague, ambiguous, and overly broad, as the phrase *relating to* includes even tenuous and remote connections to a subject matter, and opposing parties are likely to disagree about what may be relate to a subject matter. It leaves him to guess at what information is requested and unfairly places the onus of non-disclosure on him rather than on the party that drafted an improper interrogatory.

3.    Due to its overbreadth, the interrogatory seeks trial preparation materials as to communications with potential witnesses. Even revelation of the identities of potential witnesses with whom those communications were made reveals work product — mental impressions and opinions as to which witnesses are most important.

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to identification of persons from whom he has received any (a) written statement that the person has signed or otherwise adopted or approved or (b) contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement. So limited, none.

**INTERROGATORY NO. 11:**
Identify all persons from whom you received money, compensation or payment of any kind from December 1, 2021, through and including the present.

**ANSWER:**
Twana objects on the following grounds.

1.    The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1). For example, it seeks far more than information relevant to damages or mitigation, such as passive, unearned income, or gifts.

2. For identification of persons, the interrogatory is a) unreasonably cumulative and duplicative of the Court's I*nitial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit."

limited answer
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the timeframe *after* Allied Universal illegally fired him, and identification of persons that paid Twana income or compensation for services or work for that timeframe.

(1) DoorDash, Inc.
303 2nd Street, Suite 800
San Francisco, CA 94107
Tel. 8559731040

**INTERROGATORY NO. 12:**
State the amount of damages you are claiming for each cause of action alleged in the Complaint, including a detailed breakdown of how each amount was calculated.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is a) unreasonably cumulative and duplicative of the Court's I*nitial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order

dated August 13, 2023], and so (b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015].

2.    As to non-economic damages, he requests an order that the amount suggested to the jury need not be disclosed until just before closing argument. Undersigned counsel does not usually decide what to suggest to the jury until just before closing argument.

### limited answer

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits this interrogatory and answer to basic support of the damages that he is claiming. As listed in his initial disclosures, Twana is seeking past and future lost compensation and benefits, prejudgment interest, compensation for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, reasonable attorneys' fees and costs (including reasonable expert fees), and post-judgment interest.

Twana has still not received documents showing his full compensation with Defendant, which are needed for more accurate calculations. These were required to be produced under the Court's initial discovery order. But for backpay, to date, a rough estimate is $86,520.00, which is roughly estimating the amount Twana would have made each week with Defendant (not including overtime), multiplied by the number of weeks calculated from his last day of work until present. This amount will increase each week that Twana is unable to find work that pays as much as Defendant was paying him until the date of the judgement. For prejudgment interest, the applicable rate is typically decided by the judge after judgment. For front pay, that would be calculated in the same way, determined by the judge after judgment.

For non-economic damages and punitive damages, these will need to be decided by the jury.

For reasonable attorneys' fees and costs, the judge has ordered that these will be submitted after trial.

Post-judgment interest is governed by 28 U.S.C.A. § 1961

### supplemental answer

Based on a review of Twana's pay records with defendant, on average, Twana made $831.69 each week that he worked with defendant. This average was calculated excluding Twana's first week of work and last week of work. Multiplying this average amount made by the number of weeks that have passed since Twana's last day of work until present day, Twana's backpay totals $108,119.38. This amount will increase for each week that

Twana is unable to find work that pays as much as Defendant was paying him until the date of judgement.

## INTERROGATORY NO. 13:

If you have ever been a party to a civil action or criminal proceedings, or if you have ever been detained, arrested, charged with, or convicted of any crime, identify each responsive court and case or docket number; the nature of each civil action or criminal proceeding; the present status or ultimate disposition of each civil action or criminal proceeding; and the date, substance, and present status or ultimate disposition of each detainment, arrest, charge, or conviction.

## ANSWER:

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory (a) is unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and (b) so constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols already require plaintiff to produce to defendants "Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely on any of the same factual allegations or claims as those at issue in this lawsuit."

2.    The interrogatory is overly broad. It is not limited to any relevant subject matter or time frame, and so seeks information that is not relevant to any party's claim or defense.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits this interrogatory and answer to any civil action concerning claims of discrimination or retaliation. So limited, none.

**supplemental answer**

Pursuant to the Court's order, Twana further answers that he has not been convicted of any crime defined under Federal Rule 609 in the last 10 years.

## INTERROGATORY NO. 14:

Identify and provide the address of all other employers against whom you have filed a charge, a lawsuit, or made allegations of discrimination, harassment, retaliation and/or other wrongful or unlawful conduct, and identify the nature of such charges, lawsuits, or allegations as well as the full style of the case including the case number, the court or other agency or venue in which it was filed, and the outcome of such charge, lawsuit, or allegation.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory (a) is unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and (b) so constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols already require plaintiff to produce to defendants "Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely on any of the same factual allegations or claims as those at issue in this lawsuit."

2.    The interrogatory is overly broad. It is not limited to any relevant subject matter or time frame, and so seeks information that is not relevant to any party's claim or defense.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits this interrogatory and answer to identification of any employer against whom he has filed a charge or lawsuit alleging claims of discrimination or retaliation. So limited, none.

**INTERROGATORY NO. 15:**

Identify all social media or social networking websites, applications, services, software, platforms, or digital messaging accounts (*e.g.*, Facebook, Instagram, Twitter, TikTok, LinkedIn, WhatsApp, GroupMe, etc.) for which you have or had an account from the start of your employment with Allied Universal to the present, and for each response, identify the name of the website, application, service, software, or platform; if applicable, the website address; the username or handle for the account; the email address associated with the account, if any; and any and all postings, messages, or comments related to any of the allegations in the Complaint or the subject matter of the action through the date of any trial in the action.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1).

2.    The interrogatory (a) is unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and (b) so constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols already require

plaintiff to produce to defendants "All communications concerning the factual allegations or claims at issue in this lawsuit between plaintiff and defendant." Along with [a]ny other document(s) upon which the plaintiff relies to support the plaintiff's claims."

3. The interrogatory is vague, ambiguous, and overly broad, as the phrase *related to* includes even tenuous and remote connections to a subject matter, and opposing parties are likely to disagree about what may be relate to a subject matter. It leaves him to guess at what information is requested and unfairly places the onus of non-disclosure on him rather than on the party that drafted an improper interrogatory.

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to identification of any social media posts or social media messages concerning any allegations in his Original Petition. So limited, none.

**INTERROGATORY NO. 16:**
Identify all cellular telephones, smartphones, tablets, or any other similar electronic devices which you have used, possessed, or owned since commencing employment with Allied Universal through the present, including, for each such device, the following information: the applicable phone number(s) associated with each such device, if any, the telecommunications carrier(s) associated with each such device, if any, and, if more than one carrier applies, the dates each such carrier was used with each device, the name and address of the account holder for each carrier used for each device; and the make, model, and the serial number of each device.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1). For example, whether Twana owned a tablet or other electronic devices.

**limited answer**
Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to identification of the telephone numbers he used to communicate with Defendant. So limited, Twana's telephone number has not changed since his employment with Defendant. It is 832.896.9276. Other than email, he did not use any other means to communicate with Defendant.

**INTERROGATORY NO. 17:**

Identify all financial information including but not limited to banks, loans, credit cards, real estate, and personal property, which you have possessed, or owned since commencing employment with Allied Universal through the present.

**ANSWER:**
Twana objects on the following grounds.

1.    The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1). For example, it seeks far more than information relevant to damages or mitigation, such as *any personal property* Twana owns, which would include even the smallest of possessions.

**INTERROGATORY NO. 18:**
State Plaintiff's educational background, including all schools attended, seminars or professional certification meetings attended, and dates of attendance at each, list all degrees and certificates obtained at each, and describe all job and vocational skills possessed by Plaintiff.

**ANSWER:**
Twana objects on the following grounds.

1.    The interrogatory (a) is unreasonably cumulative and duplicative of the Court's I*nitial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and (b) so constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015].

High school diploma from Al Watan in Iraq
Level II non-commissioned security
Level III commissioned security
Certified in CPR
Was trained by the US military for personal security detail
Speaks English, Kurdish, Arabic
Experience translating

**INTERROGATORY NO. 19:**
If you maintained any notes or a calendar or diary of any events that occurred while you were employed by Allied Universal, identify them including a description of the subject matter depicted and any individuals who are identified therein.

**ANSWER:**

Twana objects on the following grounds.

1.    The interrogatory (a) is unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* [Judge Rosenthal's Order dated August 13, 2023], and (b) so constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols already require plaintiff to produce "Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit."

Twana wrote an account of the H-E-B incident that occurred on April 4, 2022 and drafted his report to the AUS hotline.

**INTERROGATORY NO. 20:**
Identify each act, policy or procedure of Defendants that allegedly violated Plaintiff's rights as alleged in Plaintiff's Complaint.

**ANSWER:**
Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[9]

2.    For documents, the interrogatory is a) unreasonably cumulative and duplicative of the Court's *Initial Discovery Protocols for Employment Cases Alleging Adverse Actions* [Judge Rosenthal's Order dated August 13, 2023], and so b) constituting over discovery within the meaning of Federal Rule of Civil Procedure 26(b)(1) comments [2015]. The protocols require the plaintiff to provide a number of documents pertaining to the claims at issue in the lawsuit, for example, "[a]ll communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant . . . .[d]iary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit. . . . [and] [a]ny other document(s) upon which the plaintiff relies to support the plaintiff's claims." If Defendant believes that disclosures are incomplete, it may simply specify what it believes is missing and proceed from there.

---

[9]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

3. For *identification of each policy or procedure supporting Plaintiff's complaint,* the interrogatory seeks work product about which documents support his answer. That is, it asks Twana and his counsel to form mental impressions about which documents do so. Then, via segregation and identification of only those, reveal such work product.

**limited answer**

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the basic support for his contention. So limited, Twana answers as follows. The full scope of Defendant's policies and procedures are largely within the exclusive knowledge of Defendant. But Allied Universal's policies and procedures allowed its manager to harass, threaten, and use racial slurs toward Twana. Allied Universal's policies and procedures allowed its manager to suspend Twana in retaliation for his opposition to discrimination. Allied Universal's policies and procedures allowed the discrimination to occur unchecked, without sufficient monitoring and protection for employees like Twana. Allied Universal's procedures and policies allowed for reports of discrimination made to its human resources department to result in inaction. Allied Universal's policies and procedures also allowed for retaliation to occur after employees report discrimination to its managers and to human resources.

**INTERROGATORY NO. 21:**

Describe in detail each constitutionally protected activity Plaintiff claims motivated his discharge or that Plaintiff claims was violated as a result of Plaintiff's discharge from Allied Universal.

**ANSWER:**

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is vague, ambiguous because it refers to *constitutionally* protected activity even though Twana has not alleged a claim for free speech under the constitution. Twana's claims are protected under the TCHRA, Title VII, and Section 1981. While the Civil Rights Act of 1866, the TCHRA, and Section 1981 of the Civil Rights Acts of 1866 act as forums for individuals to protect and enforce their constitutional right to equal rights compared to all citizens, parties may disagree on whether these are constitutional versus statutory rights.

2.    The interrogatory is overly broad and seeks work product to the extent it requires all facts or requires him to marshal evidence. Such interrogatories are improper blockbuster interrogatories as explained in *Lopez v. Don Herring Ltd.*[10]

---

[10]  *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) ("Based on these

3.    The interrogatory is unreasonably cumulative and duplicative of interrogatory number 9, which already asked for "*each and every protected activity.*"

## INTERROGATORY NO. 22:

Identify all email accounts Plaintiff maintained from December 1, 2021, to the date of your responses to these interrogatories, whether for personal or business purposes, by stating for each email account the full email address, including the username and domain name, the service provider for the email account, and the dates during which Plaintiff maintained the account.

## ANSWER:

Twana objects to this interrogatory on the following grounds.

1.    The interrogatory is overly broad and so seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Federal Rule of Civil Procedure 26(b)(1).[11]

2.    The interrogatory does not distinguish between personal and business accounts, and seeks service provider and domain name information. The Stored Communications Act ("SCA") unambiguously states that the contents of electronically stored communications shall not be disclosed to parties unless an enumerated exception applies. 18 U.S.C. § 2702. A civil subpoena is not an exception.[12]

**limited answer**

---

rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called 'blockbuster' interrogatory.").

[11]    *See, e.g.,* Keller v. Arrieta, Civ. No. 20-259 KG/SCY, 3 n.1 (D.N.M. Jul. 27, 2021) ("the Court agrees with Arrieta that his email account information is irrelevant.").

[12]    *See In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) ("The case law confirms that civil subpoenas may not compel production of records from providers like Facebook."); *Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) ("[SCA] § 2702 contains no exception for disclosure of [private videos and the data which reveal their contents] pursuant to civil discovery requests."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) (". . . the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.").

Pursuant to Federal Rule of Civil Procedure 33(b), Twana limits the interrogatory and answer to the email addresses that he used in communicating with Defendant from December 1, 2021 to present. So limited: twana_202020@yahoo.com

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Texas State Bar No. 24064411
Southern District Bar No. 1531045
amanda@ahfirm.com

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370

*Attorney for Twana Ahmed*

CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2024, she served the foregoing as follows:

**via email [per agreement]**

Kelly Eisenlohr-Moul
Martenson, Hasbrouck & Simon LLP
500 Davis Street; Suite 1003
Evanston, IL 60201
T: (224)350-3124
keisenlohr-moul@martensonlaw.com

Nathan A. Shine
Martenson, Hasbrouck & Simon LLP
nshine@martensonlaw.com

Jennifer L. Pope
Martenson, Hasbrouck & Simon LLP
jpope@martensonlaw.com

*/s/Amanda C. Hernandez*
Amanda C. Hernandez

## Supplemental Verification

My name is Twana Ahmed. My date of birth is ⟨1 - 19 - 90⟩, and my address is

9919 Richmond ₁₁₂₄ Houston TX 77042

I declare under penalty of perjury that the supplemental answers to Defendant's

interrogatories served on September 30, 2024 are true and correct.


Executed in Harris County, State of Texas, on a - 30 - 24

Twana Ahmed

# April 4, 2022 Store number 738

HEB MIC
Kevin
I texted me on my post side phone
about couple guys they are attempted to steal
merchandise from the store
he said he  already kicked them out of the store they
might come back again he called me back few minutes
later he said they are back in the store
Can you come inside the store to keep your eyes on
them
I went back inside the store they had a basket of full of
alcohol in beer
They went around the cashier not payingI recognize
the suspects from other HEB store with organized
theft which is they been arrested multiple times for the
same issue and they are not allowed to come back to
H-E-B property at all after when he went around the
kiss year and did not want to pay for the merchandise
I observe a knife on his site he was very drunk
intoxicated after when I approached him I handcuffed
him for safety issue he might harm somebody so
he can get away Hermie customer or employee the
suspect has been violent before and different store
so I recognized him very well after that the police
department came and they arrested them and took
him off the property

Last modified: Apr 4, 2022

AhmedAllied 000661