**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge David Hittner |
| | : | |
| UNIVERSAL PROTECTION | : | |
| SERVICE, LP d/b/a ALLIED | : | |
| UNIVERSAL SECURITY | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION**
**FOR SANCTIONS**

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Renewed Motion for Sanctions against Plaintiff Twana Ahmed ("Plaintiff" or "Ahmed"). For the reasons set forth below, Allied's Motion should be granted.

## I.    SUMMARY

Allied files this Motion for Sanctions requesting the dismissal of Plaintiff's Complaint, with prejudice, given Plaintiff's recently discovered and egregious conduct in this case. Throughout this case, in various sworn statements and submissions to the Court, Plaintiff has lied about the incident that led to his

termination of employment from Allied. Specifically, he alleged that he was faced with a threat of imminent harm during an incident on April 4, 2022 and, therefore, justifiably used force against an alleged shoplifter. Allied investigated the incident and determined that Plaintiff violated its Use of Force policy and terminated his employment as a result. To support his claims that the termination was discriminatory and retaliatory, Plaintiff has alleged in various sworn statements that he was aggressively confronted and nearly assaulted by the alleged shoplifter, and only after being verbally threatened with a knife that Plaintiff claims was visible did Plaintiff use force and handcuff the suspect. This version of events was repeated by Plaintiff in his EEOC Charge of Discrimination, his Complaint, his deposition testimony, his sworn Declaration submitted in opposition to Allied's Motion for Summary Judgment, and his written discovery submitted under the penalty of perjury. It is now clear that Plaintiff's sworn statements are blatantly false.

On August 12, 2025, three surveillance videos of the April 4, 2022 incident were discovered. The videos confirm that Plaintiff has repeatedly perjured himself in this case in an effort to support his claims for relief. Plaintiff's conduct is not merely a minor mistruth. It is a grievous and deliberate fraud on this Court in a misguided effort to obtain relief from Allied.

Given Plaintiff's conduct, Allied moves for sanctions, including dismissal of Plaintiff's Complaint, with prejudice, and an award of its attorneys' fees and costs.

This Court possesses the inherent power to dismiss Plaintiff's case, with prejudice, to protect the integrity of the judicial process and prevent fraud from being perpetrated on the Court. Case law in this Circuit confirms the appropriateness of dismissal, and a grant of attorneys' fees, where a plaintiff has committed perjury. In this case, Plaintiff has engaged in a multi-year and wide-ranging campaign of perjuring himself regarding the events that form the crux of this case. Dismissal with prejudice is the only appropriate sanction in this case to remedy the impact of Plaintiff's wrongful conduct upon Allied and the Court.

## II.    <u>INTRODUCTION</u>

Plaintiff has grossly misrepresented and lied about the core factual elements supporting his claims – specifically, that he ever faced a fear of attack or injury from the individual he accosted, which is the incident that resulted in his justified termination by Allied. Plaintiff's lies and systemic harms to the process encapsulate practically his entire version of events that form the crux of this case. But for the late, fortunate discovery of video evidence of the incident by Allied, Plaintiff was fully prepared to continue to promote his lies at trial and to the Court. Plaintiff's conduct is not merely a minor mistruth or policy violation. It is a grievous and deliberate fraud on this Court in a misguided effort to obtain relief from Allied.

Specifically, Plaintiff was terminated by Allied after the Company accurately determined that he had violated the Company's Use of Force policy on April 4, 2022

3

by stopping an alleged shoplifter before the individual left the store to which Plaintiff was assigned, pushing the individual against a wall, and placing him in metal handcuffs behind his back. Both before and throughout the course of this litigation, Plaintiff has repeatedly offered sworn testimony and other evidence regarding his actions on April 4, 2022, and the actions of the alleged shoplifter, in an attempt to establish that his conduct did not violate Allied's Use of Force policy and that Plaintiff was discriminatorily and wrongfully terminated. Plaintiff's sworn testimony regarding the incident is extensive and, as it turns out, blatantly false.

In his sworn testimony, Plaintiff claims that the alleged shoplifter was the aggressor; that Plaintiff and the alleged shoplifter engaged in extensive dialogue inside the grocery store at the start of the interaction; that the alleged shoplifter aggressively attempted to assault Plaintiff with a shopping cart; that the alleged shoplifter verbally threatened Plaintiff with a knife while the two were by the shopping cart; that Plaintiff observed a knife; that Plaintiff then quickly started to handcuff the alleged shoplifter until the police arrived; that Plaintiff only handcuffed one hand of the alleged shoplifter; and that the police finished putting Plaintiff's handcuffs on the alleged shoplifter. None of these factual allegations are true.

On the afternoon of August 12, 2025, Allied obtained video footage of the April 4, 2022 incident via the Director of Loss Prevention employed by H-E-B, the grocery store where the incident took place. (*See* Declaration of Marty Martenson,

4

attached hereto as **Exhibit A**.) The video footage unequivocally demonstrates that Plaintiff has repeatedly perjured himself and fabricated the events that he alleges justified his actions on April 4, 2022. (*See* **Exhibit A**, attachments 1-3). Plaintiff's lies uniformly support his claims for relief in this case, which are premised on his claim that he did not violate Allied's Use of Force policy. These lies caused years of unnecessary and costly litigation to the material detriment of Allied and this Court. Plaintiff's calculated deception of this Court has further undermined the integrity of the judicial system and must be met with the only sanction that is appropriate where a claimant has repeatedly attempted to defraud the Court – the dismissal of this matter, with prejudice.

## III.    **RELEVANT BACKGROUND**

On April 4, 2022, Plaintiff physically confronted an alleged shoplifter at the H-E-B store located at 5106 Bissonnet in Bellaire, Texas. According to Plaintiff's own sworn statements and testimony, Plaintiff claims that on April 4, 2022, the alleged shoplifter was the aggressor; they had a verbal exchange; the alleged shoplifter attempted to assault Plaintiff with a shopping cart and threatened to cut Plaintiff; Plaintiff observed a knife; and only then, in fear for his safety, did Plaintiff use force and start to handcuff the alleged shoplifter before the police arrived. The recently discovered video footage confirms that these sworn statements are false.

Until the afternoon of August 12, 2025, no surveillance footage of the April 4, 2022 incident had been located despite reasonably diligent and exhaustive efforts by Allied and others to find it. *See* **Exhibit A**. On August 12, 2025, Allied was provided with three (3) videos from H-E-B's Director of Loss Prevention, via H-E-B's counsel, relating to the April 4, 2022 confrontation involving Plaintiff and the alleged shoplifter. *See* **Exhibit A.** The videos were promptly served on Plaintiff's counsel. *Id.* Prior to this, and despite requests from Allied, no video evidence of the April 4, 2022 incident had been identified, and it was reasonably understood that any footage had been overwritten in accordance with H-E-B's video retention policy. *Id.*

The video surveillance footage confirms that Plaintiff has repeatedly perjured himself in this case in an effort to support his claims for relief. The perjury appears in (1) Plaintiff's September 28, 2022 Charge of Discrimination filed with the EEOC (hereinafter "EEOC Charge" attached hereto as **Exhibit B**) giving rise to this litigation; (2) the Complaint filed with this Court; (3) Plaintiff's September 30, 2024 supplemental responses to written discovery submitted under the penalty of perjury (hereinafter "Plaintiff's Supplemental Discovery" attached hereto as **Exhibit C**); (4) Plaintiff's September 18, 2024 sworn deposition testimony (hereinafter "Plaintiff's Deposition," relevant excerpts of which are attached hereto as **Exhibit D**); and (5) a January 21, 2025 Declaration from the Plaintiff submitted in an effort to defeat Allied's Motion for Summary Judgment in this case (hereinafter "Plaintiff's

Declaration" attached hereto as **Exhibit E**). Given Plaintiff's repeated, intentional dishonesty, Allied moves for sanctions, including dismissal of Plaintiff's Complaint, with prejudice and an award of its attorneys' fees and costs.

## IV.    ARGUMENT AND CITATION OF AUTHORITY

A district court possesses the inherent power to dismiss claims with prejudice to protect the integrity of the judicial process. *See Ben E. Keith Co. v. Dining Alliance*, 80 F.4th 695, 702 (5th Cir. 2023); *Wagner v. Boh Bros. Const. Co., LLC*, 2012 WL 3637392, at *8 (E.D. La. Aug. 22, 2012) (upon proof that a fraud has been perpetrated upon the court, a court has the inherent power to impose sanctions, up to and including dismissal of the case); *see also Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011). The proper administration of justice depends on people, particularly litigants, testifying truthfully under oath. *Id.* at 77. Perjury is a "serious offense that constitutes a severe affront to the courts and thwarts the administration of justice." *Id.* In fact, perjury is so deleterious to the administration of the courts and justice that "[f]raud on the court uniquely calls for dismissal after its very first occurrence." *See Farris v. Ben E. Keith Co.,* No. 6:17-CV-301, 2017 WL 6887055, at *5 (E.D. Tex. Dec. 14, 2017), *report and recommendation adopted,* No. 6:17-CV-301, 2018 WL 354762 (E.D. Tex. Jan. 10, 2018).

To support dismissal as a sanction for a party's perjury, the Court must find that the litigant acted in bad faith or willfully abused the judicial process. *Ben E.*

*Keith Co.*, 80 F.4th at 702; *Brown*, 664 F.3d at 76-80 (affirming dismissal in response to plaintiff's perjury). In addition, the Court must find that lesser sanctions would not serve the best interests of justice. *Id.* Dismissal is the only appropriate sanction in this case given Plaintiff's blatant and repeated false statements – indeed, as caselaw in this Circuit reflects, dismissal would be an appropriate sanction after the first instance of such conduct. Any other sanction would fail to meet the seriousness of Plaintiff's misconduct and would have the effect of rewarding Plaintiff's overt dishonesty. Further, any sanction other than dismissal with prejudice would fail to deter such conduct in the future. *Brown*, 664 F.3d at 79 ("[W]hen perjury is discovered, the penalty needs to be severe enough to deter such conduct.").

### A.    <u>Plaintiff Has Clearly Committed Perjury With Regard To Material Facts</u>.

Plaintiff has offered sworn testimony on multiple occasions regarding the circumstances leading up to his use of force on April 4, 2022. That testimony is the crux of Plaintiff's case and forms the sole basis for Plaintiff's allegation that he did not violate Allied's Use of Force policy and that he was actually discriminatorily terminated by Allied.

In reality, a review of the videos obtained on August 12th undeniably demonstrates that Plaintiff has repeatedly perjured himself when describing what happened during his confrontation with the alleged shoplifter. The videos establish that, on April 4, 2022: Plaintiff peered out from behind the internal door of the H-E-

B grocery store; Plaintiff swiftly approached the alleged shoplifter; Plaintiff pushed the shopping cart out of the way; there was no dialogue between Plaintiff and the alleged shoplifter and there was no knife; Plaintiff grabbed the right arm of the alleged shoplifter; Plaintiff escorted the alleged shoplifter out of the store; Plaintiff forcibly pushed the shoplifter against the wall; and Plaintiff placed the alleged shoplifter in handcuffs outside the presence of any police officers. Plaintiff then escorted the fully handcuffed alleged shoplifter outside of the store and delivered him to the police. *See* attachments to **Exhibit A.** The videos prove without question that Plaintiff perjured himself in the sworn testimony provided in his EEOC Charge and in his Complaint, as well as the information and testimony included in Plaintiff's Deposition, Plaintiff's Supplemental Discovery, and Plaintiff's Declaration.

Specific examples of Plaintiff's perjury regarding material facts in this case are detailed below:

1. Plaintiff testified: "When he came toward me, I told the guy, "Hey, you need to go back to the register and pay for the merchandise you have." *See* Plaintiff's Declaration, Paragraph 73. In Plaintiff's EEOC Charge, he similarly claimed, "I went by the door and asked them to pay for the merchandise." *See* Plaintiff's EEOC Charge. Moreover, in Plaintiff's deposition, he testified:

   Q: So how did you first approach him?

A: I was by the door. I was, like, Hey, you need to pay. You

need to go back to the lane. You need to pay. He was in the

carts, he was – you can smell the odor of alcohol coming out of

his mouth. Completely intoxicated. Made a verbal threat

towards me and I acted on that threat. *See* Plaintiff's

Deposition, p. 173.

**The videos confirm these statements are false and Plaintiff perjured himself.**

2. Plaintiff testified: "The guy came at me with the shopping cart." *See*

Plaintiff's Declaration, Paragraph 73. Plaintiff repeated this claim in his

Deposition when testifying:

Q: Okay. So when he came up to you and you said, You need to

pay for that, what did he say?

A: He refused to pay for it. He goes like, Move out of – move.

He came towards me with the carts. He said, I will cut you up.

So I took it as a threat to cut you up. He has a knife or

something on him, so –

Q: Did he say he had a knife on him?

A: He said, I will cut you up.

Q: Okay. But did he specifically say, I have a knife?

A: Would you mind if I finish the whole thing so –

Q: Did he specifically say, I have a knife?

A: Yes, he said that. Let me finish, please.

*See* Plaintiff's Deposition, p. 175.

**The videos confirm these statements are false and Plaintiff perjured himself.**

3. Plaintiff testified: "I put my hand out and stopped the cart so I would not get hit with it." *See* Plaintiff's Declaration, Paragraph 73. Plaintiff further claimed during his deposition:

Q: The question is: Did he physically touch you? Yes or no?

A: He came up to me with the carts, the pushing carts.

Attempted to assault me with the pushing cart, so I act on it. It was – it was a threat. *See* Plaintiff's Deposition, p. 182.

**The videos confirm these statements are false and Plaintiff perjured himself.**

4. Plaintiff testified: "Then I said again, "you need to go back and pay for the merchandise. Go back behind the register." *See* Plaintiff's Declaration, Paragraph 73. Plaintiff further testified during his deposition:

Q: You stopped him, right, from leaving the store?

A: I was told to stop him and I asked the – I asked him when he was leaving the store to – I gave him the opportunity to pay for the items or leave the items and leave the premises of the property and the store. *See* Plaintiff's Deposition, p. 182.

11

**The videos confirms these statements are false and Plaintiff perjured himself.**

5. Plaintiff testified: "He said, "move out of my way. I'm gonna cut you up, I have a knife on me." *See* Plaintiff's Declaration, Paragraph 73. Plaintiff repeated this claim in his Deposition when testifying:

> Q: But you were observing him the whole time, right?
>
> A: I was observing him, yes.
>
> Q. Okay.
>
> A: I was watching him eye to eye. And he was completely intoxicated. And he says, I will cut you up if you don't move out of my way. That's when I acted for a safety reason to protect myself and protect the employees and management and the customers of H-E-B at that time. *See* Plaintiff's Deposition, p. 176.

Similarly, in his EEOC Charge, Plaintiff swore to the following:

> One of the men says, "I have a knife, I'm gonna cut you up." The man is drunk. I ask the store manager to call the police. *See* EEOC Charge.

Moreover, in Plaintiff's Supplemental Discovery, he produced a note purporting to be his account of the April 4, 2022 incident which states:

They were around the cashier not paying I recognize the suspects from other HEB store with organized theft which is they been arrested multiple times for the same issue and they are not allowed to come back to H-E-B property at all after when he went around the kiss [*sic*] year and did not want to pay for the merchandise I observe a knife on his site he was very drunk intoxicated after when I approached him I handcuffed him for safety issue he might harm somebody… *See* Supplemental Discovery.

**The videos confirm these statements are false and Plaintiff perjured himself.**

6.  Plaintiff testified: "I looked to his sides to observe anything sharp on him he might grab, and I saw by his right side of his jacket it did not look normal. I saw something shiny and I thought I saw a knife. I was scared that he was going to cut me." *See* Plaintiff's Declaration, Paragraph 73.

**The videos confirm these statements are false and Plaintiff perjured himself.**

7.  Plaintiff testified: "The guy threatened me. He made a threat toward me and he said he had a knife and he was gonna cut me up. I took it seriously." *See* Plaintiff's Declaration, Paragraph 73. Plaintiff repeated this claim in his Deposition when testifying:

   Q: Can you again describe what you mean by "aggressively"?

A: Coming towards me with the carts after I asked him to –like,

approached him, went up to him or after he saw me.

Q: And when he didn't follow your directions, what did you do?

A: He made the threat, and I acted on the threat.

Q: When you say "he made the threat," what are you talking

about?

A: "I'm gonna cut you up. Move out of my way."

*See* Plaintiff's Deposition, pp., 185-86.

This allegation of a threat made by the alleged shoplifter is also

contained in Plaintiff's Complaint wherein it states in relevant part:

…When the guard asks the men to pay for the merchandise at the

door, one of the men threatens to cut the guard up with a knife.

The man is drunk. The guard asks the manager to call the police

and detains the man in handcuffs.

**The videos confirm these statements are false and Plaintiff perjured himself.**

8. Plaintiff testified: "I quickly went around him and I started to put one handcuff

on him. I did not handcuff him completely. He was fighting me with the other

hand. Then the police arrived and said we are taking over. The police finished

putting the handcuffs on, using my handcuffs." Plaintiff repeated this claim in

his Deposition when testifying:

14

Q: And when you said you were attempting to place him in handcuffs when the police arrived, what do you mean by "attempting"?

A: Because I was putting handcuffs on him and – on one of the hand, and he was, like resisting. You know, not cooperative. And I had to attempt to put the other one handcuffs on. The police showed up not completely on, and police took him away immediately. *See* Plaintiff's Deposition, pp. 187-88.

**The videos confirm these statements are false and Plaintiff perjured himself.**

B. **Plaintiff's Complaint Should be Dismissed with Prejudice in its Entirety.**

Plaintiff's entire case is based on a lie. Litigation is challenging and facts can be disputed even when both parties are truthful. However, fair and just litigation becomes impossible when one party, particularly a plaintiff, lies and betrays the foundational principles of our judicial system for material gain. A review of the videos confirms there was no imminent threat of bodily harm. Moreover, Plaintiff has repeatedly claimed he only used force on the day in question after being aggressively confronted and nearly assaulted by the alleged shoplifter and after being threatened with a knife that he swore he observed. These claims go to the core of Plaintiff's case. However, the videos conclusively show otherwise. Plaintiff was the aggressor. He was combative, impulsive, and reactive. Plaintiff made no effort

to de-escalate as required by Allied's policy. Instead, Plaintiff forcibly removed the individual, pushed him against a wall, and handcuffed him in a manner that totally contradicts Plaintiff's sworn testimony provided to the Court.

> ### 1.  The Court has Inherent Authority to Dismiss this Action in Light of Plaintiff's Ongoing Perjury.

Federal courts have the inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) (*quoting Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389 (1962)). A court's inherent powers include the power to punish for contempt and to preserve the integrity of the court by investigating and curing any fraud that is perpetrated upon the court. *Id.* at 44. In this vein, it is well established that "[t]he authority to sanction a party for committing perjury is derived from the inherent power to prevent fraud from being perpetrated upon the court." *Id.* The Fifth Circuit has held that dismissal with prejudice is an appropriate sanction for perjury, emphasizing the need for deterrence and preserving institutional integrity. *Brown*, 664 F.3d at 71, 77–79. *See also Hull v. Municipality of San Juan*, 356 F.3d 98, 101-02 (1st Cir. 2004)(dismissal with prejudice was an appropriate sanction when the plaintiff lied under oath and engaged in a pattern of deceit).

It is acknowledged that the dismissal of an action with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."

*Brown*, 664 F.3d at 77 (*quoting Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995)). Indeed, it is the most severe sanction possible for litigation misconduct and should only be imposed where the relevant elements are met, including a clear record of contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice. *Brown*, 664 F.3d at 77. In addition, because the dismissal will ultimately hinder the interests of the client, such a sanction is more appropriately considered when the objectionable conduct is committed by the client rather than the client's attorney. *Id.* Importantly, "it is not a party's negligence— regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* (*quoting McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)) (emphasis and internal quotation omitted).

### 2. Dismissal Pursuant to the Court's Inherent Authority is Appropriate Based on the Established Law of this Circuit.

In this case, the lies and falsehoods perpetuated on this Court come directly from Plaintiff's own oral and written testimony. Allied is certainly aware there may be situations where the parties can stringently disagree on the facts – in such cases, the ultimate finding of credibility and truth remains with the jury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). However, that is not the situation at issue here. Rather, Plaintiff's self-serving lies and falsehoods have been directly contradicted and shown to be untrue by objective video evidence. The sheer number

of false representations evidences a clear, purposeful, and stubborn resistance to authority and to the truth by Plaintiff himself – this is by no means the result of mere negligence on the part of Plaintiff. Indeed, Plaintiff has engaged in a multi-year and wide-ranging campaign of perpetuating numerous falsehoods before the Court.

Further, it is likewise clear that the sanction of dismissal with prejudice, while severe, is the only reasonable form of sanctions given Plaintiff's purposeful and ongoing fraudulent conduct in this case. On this point, courts in this Circuit have held that, as a starting position, "[p]erjured testimony by a plaintiff warrants dismissal with prejudice." *See Farris*, No. 6:17-CV-301, 2017 WL 6887055, at *4. In the *Farris* decision, the facts at issue involved a case where:

> Plaintiff testified under oath at his deposition that each declarant came to his home, separately, and signed their declarations after he discussed the contents of the declarations with them. Indeed, he testified that the "words came out of their mouth[s]." In response to the motion for sanctions, however, Plaintiff does not dispute that McKinley did not come to his home to sign the declaration or discuss the contents with him. McKinley testified under oath at his own deposition that he did not sign the declaration, he did not discuss the contents of the declaration with Plaintiff and he did not know that the declaration even existed. Plaintiff was not truthful when he testified under oath that McKinley came to his home, signed the declaration, or discussed the contents with him. Plaintiff defied the oath that he took at his deposition and committed perjury.

*See Id*. At *4. In review of the facts before it, the *Farris* court noted that "[a]lthough severe, a dismissal with prejudice is an appropriate sanction when there is bad faith or a willful abuse of the judicial process" and that "[d]ismissal is particularly

appropriate 'where a party manufactures evidence which purports to corroborate its substantive claims.'" (Citing *Johnese v. Jani-King*, 2008 WL 631237, at *2 (*quoting Vargas v. Peltz*, 901 F.Supp. 1572, 1581 (S.D. Fla. 1995)). There is no doubt that Plaintiff's egregious lies in this case were all uniformly in service of his substantive claims against Allied.

In its final decision awarding dismissal based on the plaintiff's ongoing perjury, the *Farris* court focused on the fact that the plaintiff's conduct was, as here, "especially egregious, deceitful and repetitive" finding that plaintiff "committed perjury in his deposition and submitted forged documents to the court and to opposing counsel in an attempt to buttress his claims." *Id*. In light of this finding, the *Farris* court concluded that "[a] dismissal with prejudice is the only effective and appropriate sanction in the context of Plaintiff's misconduct and it is the only sanction that will 'deter future similar misconduct'" (Citing *Brown*, 664 F.3d at 80) given that "[f]raud on the court uniquely calls for dismissal after its very first occurrence." *Id*. As outlined, Plaintiff's conduct represents an extensive undertaking over years to perpetuate a fraud on this Court and the Court should exercise its inherent authority to dismiss Plaintiff's action in its entirety, with prejudice.

### C.    **Dismissal With Prejudice Is The Only Appropriate Sanction**.

Given the audacity of Plaintiff's conduct, and the fact that the perjured testimony goes directly to the heart of the case, dismissal with prejudice is the only

Case 4:23-cv-02823    Document 98-1    Filed on 10/02/25 in TXSD    Page 20 of 23

appropriate sanction. *Brown*, 664 F.3d at 80 (affirming district court's dismissal of case because perjury is "a serious offense that constitutes a severe affront to the courts and thwarts the administration of justice."); *Tesco Corp. v. Weatherford Int'l, Inc.,* 2014 WL 4244215, at *6–7 (S.D.Tex. Aug. 25, 2014) *appeal dismissed sub nom. Tesco Corp. v. Nat'l Oilwell Varco, L.P.*, 804 F.3d 1367 (Fed.Cir. 2015) (imposing death penalty sanction under the court's inherent power after a lawyer lied to the court because "such an affront . . . can only be answered with dismissal"); *Shangold v. Walt Disney Co.*, 2006 WL 71672, at *5 (S.D.N.Y. Jan. 12, 2006) (imposing sanctions under the court's inherent power when plaintiffs "fabricated evidence" that went to the heart of the dispute). Indeed, even if Plaintiff's conduct was limited to one instance of perjured testimony (which it is not), dismissal would be appropriate given that "[f]raud on the court uniquely calls for dismissal after its very first occurrence." *Farris*, No. 6:17-CV-301, 2017 WL 6887055, at *5.

In this case, it is difficult to imagine what type of sanction short of dismissal would effectively remedy Plaintiff's misconduct and deter such behavior in the future. To that end, a monetary sanction would be largely symbolic, given the difficulties and additional expense to Allied in attempting to collect. *See Wagner v. Boh Bros. Const. Co., LLC*, 2012 WL 3637392, at *10 (E.D. La. Aug. 22, 2012) (finding that a monetary sanction in response to plaintiff's perjury would be a "vain and useless act."). Permitting Plaintiff to go forward with trial would in effect be no

penalty at all, even if the Court were to provide some instruction to the jury regarding Plaintiff's intentional falsehoods. *See Wagner*, 2012 WL 3637392, at *11 ("[A]llowing [plaintiff] to proceed to trial on his remaining retaliation claim would in effect be 'no penalty' for his perjury and would not serve as a deterrent to him or other persons who might be tempted to thwart the proper administration of justice by failing to testify truthfully under oath.").

Ultimately, it is inescapable that "[o]ur system of justice is predicated upon truth" and that "[w]hen self-interest gives way to lies, our whole system of justice breaks down and the rule of law suffers." *See LBDS Holding Co., LLC v. ISOL Tech. Inc.*, No. 6:11-CV-428, 2015 WL 12765990, at *5 (E.D. Tex. May 15, 2015) (holding that dismissal with prejudice and an award of attorneys' fees was "the least severe sanction this court can impose" in a case where a plaintiff's ongoing fraud and lies imposed burdens on various parties and the court throughout the litigation). For these reasons, dismissal with prejudice is the appropriate sanction in this case to remedy the impact of Plaintiff's wrongful conduct upon Allied and the Court.

## V.     <u>CONCLUSION</u>

Dismissal of this lawsuit is the appropriate sanction for Plaintiff's willful fraud upon the Court. The justice system requires honesty, candor, and good faith in all legal proceedings. Plaintiff's perjured testimony, now directly contradicted by the recently discovered video evidence, strikes at the heart of the judicial process and

undermines the integrity of this litigation. The Court should therefore dismiss Plaintiff's claims with prejudice, and grant Allied its fees and costs, as a sanction for his deliberate and repeated false testimony.

Date: October 2, 2025

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, Attorney-in-Charge
(SDTX No. 3905098, IL6319080)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
jchang@martensonlaw.com

*Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2025, I caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system that will serve notice and a copy on all counsel of record as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

*/s/ Jessica E. Chang*
Jessica E. Chang