IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed**,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| | § | 4:23-cv-02823 |
| Universal Protection Service, LP, | § | |
| d/b/a Allied Universal Security | § | Jury Trial Demanded |
| Services | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

**JOINT PRETRIAL ORDER**

---

1.  **APPEARANCE OF COUNSEL**

**Plaintiff Twana Ahmed**

> Ms. Amanda C. Hernandez
> amanda@ahfirm.com
> 5718 Westheimer, Suite 1000
> Houston, Texas 77057
> (713) 588-4359
>
> Ms. Amy E. Gibson
> amy@gwfirm.com
>
> Mr. David L. Wiley
> david@gwfirm.com
>
> 1500 Jackson Street #109
> Dallas, Texas 75201
> (214) 522-2121

**Defendant Universal Protection Service, LP,** *d/b/a* **Allied Universal Security Services**

> Jessica E. Chang, Esq.
> jchang@martensonlaw.com
>
> Nathan A. Shine, Esq.
> nshine@martensonlaw.com
>
> David Hamilton
> dhamilton@martensonlaw.com
>
> Martenson Hasbrouck, & Simon LLP.
> 500 Davis Street, Suite 1010
> Evanston, Illinois 60201
> (224) 350-3127
>
> Marty Martenson
> mnmartenson@martensonlaw.com

Martenson Hasbrouck, & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319

## 2.  STATEMENT OF THE CASE

The parties have not reached an agreement on a statement of the case, and submit separately as follows:

**Twana Ahmed's Statement of the Case:**

This case concerns the civil rights of workers protected under our state and federal laws. The case involves allegations of race, religious, and national origin discrimination against Defendant Universal Protection Service, LP, which does business as Allied Universal Security Services. Twana Ahmed, a former Allied Universal worker, alleges that Allied Universal, through its managers and supervisors, repeatedly told him to shave his beard despite his requests to keep it for religious reasons, physically threatened to harm him, refused to issue him company equipment that others had, and subjected him to racial and ethnic slurs because of his race, ethnicity, ancestry, religion, and national origin. Twana Ahmed asserts that he reported this discriminatory treatment to Allied Universal's human resources representative and Allied Universal failed to protect him from retaliation. Allied Universal suspended and ultimately terminated Twana Ahmed soon after his reports of discrimination.

**Allied Universal's Statement of the Case:**

Plaintiff, Twana Ahmed ("Ahmed"), filed this lawsuit against Allied Universal alleging: (i) race and ancestry discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); (ii) national origin and religious discrimination in violation of the TCHRA and Title VII; and (iii) retaliation in violation of the TCHRA, Title VII, and Section 1981. Ahmed's claims arise from his employment as a security professional, where he alleges that during his brief four (4) month tenure of employment with Allied Universal, he was pressured to shave his beard despite his religion and that his supervisor directed racial slurs and threats toward him. Ahmed further alleges that he was wrongfully terminated for violation of company policy as a pretext for discrimination and retaliation. Apart from Ahmed's own self-serving and unwitnessed allegations, there is no evidence to support his claims of discriminatory treatment. There is also no support for his allegation of retaliation as Ahmed's only complaint occurred after his employment had already been terminated.

Ahmed's employment was terminated following his unjustified use of force during an incident with an alleged shoplifter that occurred on April 4, 2022, in violation of the company's Use of Force policy. In an effort to show that the termination was discriminatory and retaliatory, Ahmed has repeatedly offered sworn

testimony throughout this case in support of his claim that his use of force was justified. Specifically, Ahmed has claimed that the alleged shoplifter aggressively attempted to assault Ahmed with a shopping cart; that the alleged shoplifter verbally threatened Ahmed with a knife while the two were by the shopping cart; that Ahmed observed a knife; and only then, when Ahmed was in fear of imminent harm, did he use force against the alleged shoplifter. Ahmed's sworn testimony regarding the incident is extensive and, as it turns out, blatantly false.

Allied Universal submits that the evidence at trial will show Ahmed's undocumented allegations of disparate treatment and slurs are not worthy of belief. Moreover, recently discovered surveillance video from the April 4, 2022 incident confirms that Ahmed was the aggressor during the April 4, 2022 incident and that nearly every aspect of the story he has told throughout this case is untrue. In reality, Ahmed undeniably violated Allied Universal's Use of Force policy when he forcibly removed a suspected shoplifter, pushed him against a wall, and handcuffed him without making any effort to de-escalate the situation as required by Allied Universal's policy. Ahmed's employment was terminated for violation of the Company's Use of Force policy, a policy violation that has been consistently enforced and constitutes grounds for termination.

Allied Universal has filed a Motion for Sanctions as a result of Ahmed's blatant perjury.

### 3. JURISDICTION

The Court has subject matter jurisdiction over the claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331 [federal question jurisdiction]. The Court has supplemental jurisdiction over the claims under Texas Labor Code Chapter 21 pursuant to 28 U.S.C. §1367(a) [same case or controversy].

There are no unresolved jurisdictional questions.

### 4. MOTIONS

Allied Universal has filed a Renewed Motion for Sanctions against Mr. Ahmed. (ECF Doc. No. 98.) Mr. Ahmed's response to that motion is due on October 23, 2025.

Allied Universal has attached its Renewed and Supplemental Motions *in Limine*.

Allied Universal will have a pending motion to bifurcate the trial with a separate punitive damages phase.

Twana Ahmed has attached his Motion in Limine.

### 5. THE PARTIES' CONTENTIONS

**Twana Ahmed:**

Allied Universal violated federal and state laws prohibiting race, religious, and national origin discrimination and retaliation. These laws are: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42

U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21. The violations caused Twana Ahmed both economic and non-economic damage. Allied Universal acted with malice or reckless indifference to Mr. Ahmed's state and federally protected rights to be free from discrimination or retaliation—and so, punitive damages are appropriate.

Allied Universal has long-standing system failures that result in a failure to enforce its own policies and procedures against race, religious, and national origin discrimination and a failure to enforce its own policies and procedures against retaliation when discrimination is reported. Allied Universal has known about discrimination and retaliation problems in its ranks for years before Mr. Ahmed ever started work. The systemic problems resulting in illegal discrimination and retaliation continue to date.

Allied Universal's discrimination and retaliation caused Twana Ahmed harm, including economic losses and non-economic losses. But the worst harm is the betrayal of trust that Mr. Ahmed placed in Allied Universal, and the consequences of that betrayal.

**Twana Ahmed's issues requiring resolution at trial**:

At trial, the jury must decide whether Allied Universal discriminated against Mr. Ahmed because of his race, ancestry, ethnicity, religion, or national origin. This includes whether Allied Universal, either itself or through a vice-principal deprived

Twana Ahmed of employment opportunities or otherwise discriminated against Twana Ahmed because of his race, ancestry, ethnicity, religion, or national origin by (1) repeatedly telling him to shave his beard despite his request to keep it for religious reasons; (2) failing to provide him with company equipment others had; (3) threatening physical harm; (4) subjecting him to racial and ethnic slurs; (5) suspending him; and (6) terminating him.

The jury must also decide whether Allied Universal retaliated against Twana Ahmed because of his request for religious accommodation, or his reports of or opposition to illegal discrimination.

If the jury decides there was discrimination because of race, ancestry, ethnicity, religion, or national origin; or if the jury finds retaliation, then the jury must decide whether Allied Universal has caused Twana Ahmed damages and, if so, the amount of those damages. This includes pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional harm, harm to name, harm to reputation, and other noneconomic losses.

If the jury decides there was illegal discrimination or retaliation, then it must also decide whether punitive damages should be assessed against Allied Universal in order to punish and deter Allied Universal and others from engaging in such conduct in the future.

**Twana Ahmed's issues requiring resolution after trial:**

If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor Code, then the Court must determine whether injunctive relief prohibiting defendant from engaging in such unlawful employment practices in the future is warranted—with specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows.

If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor, then the Court must determine whether the equitable relief of back pay and front pay is warranted, and if so the amount of back pay and front pay.

If the jury finds that Defendant violated Title VII, Section 1981, or the Texas Labor Code, then the Court must determine reasonable attorneys' fees, prejudgment interest, and costs.

**Allied Universal**:

Allied Universal categorically denies that its employees, supervisors or managers treated Twana Ahmed any differently from other employees based on his race, ethnicity, national origin or religion. Rather, Twana Ahmed was treated fairly and in a nondiscriminatory and non-retaliatory basis in all aspects of his employment, including the circumstances surrounding his termination for a clear violation of Allied Universal's Use of Force policy.

Allied Universal submits that the evidence will demonstrate that Twana Ahmed's undocumented allegations of disparate treatment and use of slurs are not credible. The evidence will further show that Ahmed repeatedly lied about the circumstances underlying the events leading to his termination of employment. Furthermore, Twana Ahmed's employment was terminated only after an Allied Universal Use of Force Review Panel appropriately determined that Twana Ahmed had, in fact, violated the Company's Use of Force policy, a policy that has been consistently enforced and constitutes valid grounds for termination.

## 6.  ADMISSIONS OF FACT

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Complaint contains federal causes of action arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

3. On April 4, 2022, Plaintiff was assigned to work at an H-E-B store in Bellaire, Texas.

4. Allied Universal employed more than 500 employees in each of 20 or more calendar weeks in calendar years 2021 and 2022.

5. Allied Universal employed Twana Ahmed from December 15, 2021 until his termination in April of 2022.

6. Twana Ahmed timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 28, 2022.

**7.  CONTESTED ISSUES OF FACT**

**Please note the parties have agreed that the Court should decide certain disputed facts, namely equitable relief, including back pay, front pay, injunctive and other equitable relief.**

**Twana Ahmed's Disputed Facts:**

1. Whether Allied Universal discriminated against Mr. Ahmed because of his race, ethnicity, ancestry, religion, or national origin. This includes repeatedly telling him to shave his beard despite his request to keep it for religious reasons, physically threatening to harm him, refusing to issue him company equipment that others had, subjecting him to racial and ethnic slurs, suspending him, and terminating him.

2. Whether Allied Universal retaliated against Mr. Ahmed because of his protected activity. This includes his request to keep his beard for religious purposes, and his reports of and opposition to discrimination based on race, religion, and national origin.

3. Whether, during the time of his employment, Defendant's Manager Patrick Freeney had the power to hire, discipline, suspend, and terminate employees.

4. Whether Allied Universal caused compensatory damages to Mr. Ahmed, and if so, the amount of those compensatory damages.

5. Whether Allied Universal caused Mr. Ahmed lost wages and benefits, and if so,

the amount of those lost wages and benefits.

6. Whether punitive damages should be assessed against Allied Universal, and if so, the amount of those punitive damages.

**Allied Universal's Disputed Facts:**

1. Whether Ahmed's conduct on April 4, 2022 violated the Company's Use of Force policy.

2. Whether Ahmed was subjected to an adverse employment action by Allied Universal on the basis of his race, ancestry, religion, or national origin.

3. Whether Ahmed engaged in protected activity prior to Allied Universal making the decision to terminate his employment.

4. Whether Ahmed was retaliated against for complaining about discrimination.

5. Whether the individuals who effectuated Ahmed's termination had knowledge of any protected activity by Ahmed at the time the decision to terminate Ahmed's employment was made.

6. Whether Ahmed has suffered any damages as a result of the acts or omissions of Allied Universal.

7. Whether Ahmed has mitigated, in whole or in part, his economic damages since his separation from Allied Universal.

8. Whether Ahmed proved by a preponderance of the evidence that he suffered from emotional distress as a result of the actions or omissions of Allied Universal.

9. Whether Ahmed proved through clear and convincing evidence that Allied Universal acted with malice or reckless indifference towards Ahmed based on his race, ancestry, religion, national origin, or protected activity.

## 8.  AGREED PROPOSITIONS OF LAW

1. Title 42, United States Code, Section 1981 ("Section 1981"), also known as the Civil Rights Act of 1886 prohibits employers from discriminating against employees because of their race, ancestry, or ethnicity.

2. Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code prohibit employers from discriminating against employees because of race, religion, or national origin.

3. Section 1981, Title VII, and Chapter 21 of the Texas Labor Code prohibit retaliation against employees who engage in protected activity, which includes opposition to, or reports of discrimination based on race, ethnicity or ancestry.

4. Title VII and Chapter 21 of the Texas Labor Code prohibit retaliation against employees who engage in protected activity, which includes, but is not limited to, opposition to or reports of discrimination based on race, religion, or national origin.

5. A plaintiff asserting a claim for retaliation under Title VII, Section 1981, and Chapter 21 of the Texas Labor Code must show that his protected activity was a but-for cause of the alleged adverse action by the employer. *Wantou v. Wal-Mart Stores Texas, LLC*, 23 F.4th 422, 436 (5th Cir. 2022) (Title VII); *Garrett v. Judson Ind. Sch.*

*Dist.*, 299 Fed.Appx. 337, 343 (5th Cir. 2008) (Chapter 21); *West v. Honeywell Int'l Inc.*, 558 F.Supp.3d 369, 379 (S.D. Tex. 2021) (Section 1981).

6. Title VII, Section 1981, and Chapter 21 of the Texas Labor Code permit recovery for damages caused by illegal discrimination and retaliation, including punitive damages.

7. Title VII, Section 1981, and Chapter 21 permit Plaintiff to recover punitive damages only upon a showing that Allied Universal acted with malice or with reckless indifference to Plaintiff's federal or state rights.   *Garza v. Mary Kay, Inc.*, 2010 WL 3260175, at *8 n. 5 (N.D. Tex. Aug. 17, 2010) (Title VII and Section 1981); Chapter 21, Sec. 21.2585(b)(malice or reckless indifference required to recover punitive damages).

8. Evidence of the entitlement to equitable remedies including back pay, front pay, and injunctive relief should be addressed by the Court, consistent with Fifth Circuit precedent, after a finding of liability. *See, e.g.* TEX. LAB. CODE § 21.258; *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394-95 (5th Cir. 2003) ("Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount.").

**9.   CONTESTED PROPOSITIONS OF LAW**

**Twana Ahmed's contested issues of law:**

Mr. Ahmed's attorneys believe most of Allied Universal's contested issues of law are fact issues and that most contested issues in this case are fact issues for the jury to decide.

1. Whether any "same-decision" or "mixed-motive" defense instruction or question is available under but-for causation liability. *See, e.g.,   Gross v. FBL Fin. Servs.,* 557 U.S. 167, 169-70 (2009); *Mabra v. United Food & Commercial Workers Local Union No. 1996,* 176 F.3d 1357, 1357 (11th Cir. 1999) (comparing the language of Title VII and Section 1981 and determining an extension of the motivating-factor framework        to Section 1981 case        would        be inappropriate); *Aquino v. Honda of Am., Inc.,* 158 Fed. App'x 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII ... it did not amend [Section] 1981 in an analogous fashion"); *Bostock v. Clayton Cty.*, 590 U.S. 644, 657 (2020) ("If anything, Congress has moved in the opposite direction, supplementing Title VII in 1991 to allow a plaintiff to prevail merely by showing that a protected trait like sex was a "motivating factor" in a defendant's challenged employment practice. Civil Rights Act of 1991, §107, 105 Stat. 1075, codified at 42 U. S. C. §2000e-2(m). Under this more forgiving standard, liability can sometimes follow even if sex *wasn't* a but-

for cause of the employer's challenged decision. Still, because nothing in our analysis depends on the motivating factor test, we focus on the more traditional but-for causation standard that continues to afford a viable, if no longer exclusive, path to relief under Title VII. 42 U.S.C. §2000e-2(a)(1)); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

2. Whether defendant waived any "mixed-motive" defense by failing to plead it in its answer. *See* Fed. R. Civ. P. 8(c)(1); *Ingraham v. U.S*, 808 F.2d 1075, 1079 (5th Cir. 1987) ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."); *see also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (noting that with respect to "a claim in which an individual proves a violation under section 2000e-2(m), the employer has **a limited affirmative defense** that does not absolve it of liability, but restricts the remedies available to a plaintiff."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001) ("Although Toennies requested a jury instruction reflecting only section 21.125(a), the instruction was not incomplete because it omitted the defense contained in section 21.125(b). It is the defendant's burden to plead and request instructions on an affirmative defense.").

3. Whether Allied Universal is barred, as a matter of law, from asserting or pursuing the affirmative defense of failure to mitigate when it failed to plead that affirmative defense. Failure to mitigate damages is an affirmative defense upon which Allied

Universal bears the burden of proof. *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 738 (S.D. Tex. 2014) (citing *Ellerbrook v. Lubbock, Texas*, 465 Fed. App'x 324, 337 (5th Cir. 2012)).

4. Whether Allied Universal is barred, as a matter of law, from offering evidence concerning the affirmative defense of failure to mitigate when it failed to timely disclose any evidence of same, as relevant under Fifth Circuit precedent, within the discovery period. Or even after the discovery deadline and through today. Any late-developed testimony on this issue at this stage of proceedings could not possibly be based on admissible evidence and would be prejudicial. And Allied Universal did not designate or otherwise disclose any expert witness on this issue.

5. A plaintiff asserting a claim for discrimination under Section 1981 must show that the employer's discriminatory motive was a but-for cause of the adverse employment action. The Section 1981 causation standard is but-for causation. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). An adverse employment decision can have more than one "but for" cause. *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739-1740, 1748 (2020). But-for causation is *not* sole cause, primary cause, or main cause. *Id*. at 1739-1740. Again, a defendant cannot prevail on summary judgment "just by citing some *other* factor that contributed to its challenged employment decision." *Id*. at

1739. "So long as the [illegal reason] was one but-for cause of that decision, that is enough to trigger the law." *Id*.

**Allied Universal's Contested Issues at Law:**

1. Whether Plaintiff's subjective belief of discrimination or retaliation, without supporting objective evidence, is legally sufficient to establish pretext or causation. *Little v. Republic Refining Co., Ltd., 924 F.2d 93, 96 (5th Cir. 1991) (*subjective belief of discrimination, however genuine, cannot be the basis of judicial relief.)

2. Whether Plaintiff's failure to mitigate damages precludes or limits his entitlement to back pay or front pay as a matter of law. *Deffenbaugh-Williams v. Wal-Mart Stores, Inc*., 156 F.3d 581, 591 (5th Cir. 1998)(Because an award of back pay is an equitable remedy designed to make the injured party whole, ... an injured party has a duty under both § 1981 and Title VII to use reasonable diligence to attain substantially similar employment and, thereby, mitigate damages.)

3. Whether punitive damages are available under Title VII or Section 1981 in the absence of evidence that Allied Universal acted with malice or reckless indifference to Plaintiff's federally protected rights, particularly in light of Allied Universal's documented efforts to comply with anti-discrimination laws. *See* 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999);

4. Whether Plaintiff is entitled to recover damages for instances that he alleges were

discriminatory or retaliatory but do not rise to the level of an adverse employment action under the applicable discrimination or retaliation laws.

5. A plaintiff asserting a claim for discrimination under Section 1981 must show that the employer's discriminatory motive was a but-for cause of the adverse employment action. *West v. Honeywell Int'l Inc.*, 558 F.Supp.3d 369, 378 (S.D. Tex. 2021) ("Section 1981 claimants must prove discrimination was the but-for cause of the adverse employment action.")

6. Under Title VII and Chapter 21 of the Texas Labor Code, an employer can establish a mixed-motive defense to a claim of discrimination by showing that it would have taken the same action in the absence of an impermissible motivating factor. *Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000); Texas Labor Code § 21.125. If an employer can demonstrate that it would have taken the same action in the absence of the impermissible motivating factor, the plaintiff's relief is limited to injunctive and declaratory relief, costs, and attorneys' fees. *Id.* The employer must prove the mixed-motive defense by a preponderance of the evidence. *Id.*

**10. EXHIBITS**

Twana Ahmed's exhibit list is attached.

Allied Universal's exhibit list is attached.

The parties request Court approval of their agreement on demonstratives. The Court's procedures are silent on demonstratives. The parties agree that demonstratives do not need to be included in exhibit lists. They further agree that they will show demonstratives to the other side at least three days before use, unless the demonstrative is (1) created on the fly in trial or (2) created at such time that sharing 3 days ahead is not feasible. In the latter situation [#2], the parties will show the demonstrative(s) to the other side as soon as reasonably feasible.

The parties request Court approval of an agreement that modifies Court procedure on exhibit objections. The parties agree that they may, but are not required to, object to exhibits before trial, except for authentication objections. Authentication objections will follow the Court's procedures — i.e., notifying "offering counsel in writing within 7 days after the exhibit is listed and made available to opposing parties. Failure to do so may be deemed an admission of authenticity." The parties believe other exhibit objections are better made in the context of trial and tend to be fewer or more limited in that context. The parties believe use-it-or-lose-it objections to exhibits before trial [and without the context of trial] may lead parties to feel compelled to assert all possible objections, not knowing the trial evidence or context at this time.

## 11. WITNESSES

Twana Ahmed's witness list is attached.

Allied Universal's witness list is attached.

If any other witnesses will be called at the trial, their names, addresses and the subject matter of their testimony will be reported to opposing counsel as soon as they are known. This restriction will not apply to rebuttal or impeachment witnesses; the necessity of whose testimony cannot reasonably be anticipated before trial.

## 12. SETTLEMENT

The parties mediated this case on October 21, 2024, before private mediator Kathy Fragnoli. The mediation did not result in a settlement. The parties then mediated on October 8, 2025, before private mediator Tommy Proctor. The mediation did not result in a settlement, though the parties are continuing negotiations through Mr. Proctor.

## 13. TRIAL

This is a jury trial. Twana Ahmed's attorneys currently estimate 7 calendar days as the probable length of trial *including* the days for jury selection and days for jury deliberation through verdict. Mr. Ahmed foresees no logistical problems.

Allied Universal's attorneys estimate a jury trial of this matter would reasonably require five (5) trial days, including the days for jury selection and jury deliberation.

## 14. ADDITIONAL REQUIRED ATTACHMENTS

(a) The parties' separate proposed jury selection topics and questions for the voir dire examination are attached.

(b) The single, joint proposed Jury Instructions and Interrogatories are attached with disputed language set out in bold or italicized type, and if the parties could not come to agreement, an alternative instruction on the topic is presented.

(c) The parties' separate memoranda of law are attached.

(d) Allied Universal's Renewed and Supplemental Motions *in Limine* are attached.

(e) Twana Ahmed's Motion in Limine is attached.

_____          _____
                Date                                      DAVID HITTNER
                                              UNITED STATES DISTRICT JUDGE


Approved October 14, 2025:

*/s/ Amanda Hernandez*                     */s/ Jessica E. Chang*
Ms. Amanda C. Hernandez                    Jessica E. Chang, Attorney-In-Charge
Attorney-in Charge                         (SDTX No. 3905098, IL6319080)
Texas State Bar No. 24064411               Nathan A. Shine
Southern District Bar No. 1531045          (SDTX No. 3874604, IL6316753)
amanda@ahfirm.com                          Marty Martenson (admitted PHV)
                                           David Hamilton (admitted PHV)

AH Law, PLLC                               Martenson, Hasbrouck & Simon LLP
5718 Westheimer, Suite 1000                500 Davis Street, Suite 1010
Houston, Texas 77057                       Evanston, Illinois 60201
T: (713) 588-4359                          (224) 350-3127
F: (281) 572-5370                          jchang@martensonlaw.com
                                           nshine@martensonlaw.com
*and*                                      dhamilton@martensonlaw.com

Ms. Amy E. Gibson                          *and*
Of Counsel
Texas State Bar No. 00793801               Marty N. Martenson, Esq.
Southern District Bar No. 20147            Martenson, Hasbrouck & Simon LLP
amy@gwfirm.com                             2573 Apple Valley Road NE
                                           Atlanta, Georgia 30319
Mr. David L. Wiley                         (404) 909-8100
Of Counsel                                 mnmartenson@martensonlaw.com
Texas State Bar No. 24029901
Southern District Bar No. 34134            ***Counsels for Defendant Universal***
david@gwfirm.com                           ***Protection Service, LP d/b/a Allied***
                                           ***Universal Security Services***
Gibson Wiley PLLC
1500 Jackson Street #109

Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*