IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § § | CIVIL ACTION NO. 4:23-cv-02823 |
| Universal Protection Service, LP, d/b/a Allied Universal Security Services | § § § § § | Jury Trial Demanded |
| Defendant. | § § § | |

## PLAINTIFF TWANA AHMED'S MOTION IN LIMINE

Plaintiff Twana Ahmed respectfully moves this Court for an order pursuant to Federal Rules of Evidence 401, 402, 403, and 404, excluding evidence, testimony, reference, suggestion, or argument as follows:

**criminal history**

1. Any evidence of, reference to, or argument concerning Mr. Ahmed's criminal history.

Defendant Allied Universal has identified proposed exhibits that contain details of Mr. Ahmed's criminal history. This evidence, and any reference to this evidence should be excluded under Federal Rules of Evidence (FRE) 402, 403, and 404.

Mr. Ahmed pled guilty to a class B misdemeanor nearly ten years ago, in March of 2016. Evidence proffered to portray a witness as having bad character must be excluded. FRE 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

The evidence is also irrelevant under FRE 402. Mr. Ahmed's criminal history has no relevance to whether Allied Universal discriminated  and retaliated against him because of his race, ancestry, national origin, or religion. Introducing a conviction nearly a decade old would only serve to unfairly prejudice Mr. Ahmed by promoting negative inferences toward his character. Given the high risk that the jury would use this information improperly, its prejudicial effect substantially outweighs its probative value under FRE 403.

**evidence not part of Defendant's original decision-making process**

2. Any evidence of, reference to, or argument that Defendant Allied Universal would have terminated Mr. Ahmed based on information or evidence that was not part of its original decision-making process to terminate Mr. Ahmed. This would include:

   a. any facts, documents, or alleged misconduct by Mr. Ahmed that were not known to Allied Universal at the time of Mr. Ahmed's termination;

   b. any evidence of Mr. Ahmed's conduct discovered by Allied Universal after the termination decision was made; and

   c. any post-termination rationales or justifications for the termination that were not part of Allied Universal's contemporaneous decision-making process.

The Supreme Court in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), established limits on the use of after-acquired evidence in employment discrimination cases. The Court held that "the employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason" discovered after termination. *Id.* at 360. Allowing such evidence to bar all relief "would undermine the [statute's] objective

of forcing employers to consider and examine their motivations, and of penalizing them for employment decisions that spring from [ ] discrimination." *Id.* at 362.

Discrimination law is designed to deter unlawful conduct, and this deterrent effect would be eliminated if employers could escape liability through post-hoc discovery of employee misconduct.

Exclusion of evidence under FRE 403 is proper when "its probative value is substantially outweighed by a danger of... unfair prejudice [or] confusing the issues." Evidence of conduct unknown to Allied Universal at the time of termination has minimal probative value regarding its discriminatory intent, while creating substantial risk of unfair prejudice by diverting the jury's attention from the actual reasons for termination to Mr. Ahmed's character.

Since Defendant's knowledge and motivations at the time of termination are the central issues in this discrimination case, evidence unknown to Defendant at that time cannot make discriminatory intent more or less probable, making exclusion proper under FRE 401.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

*and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 14, 2025, *Plaintiff Twana Ahmed's Motion in Limine* was filed via the Court's CM/ECF system, thereby automatically serving Defendant's attorneys of record.

*/s/Amanda C. Hernandez*
Amanda C. Hernandez