**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge David Hittner |
| | : | |
| UNIVERSAL PROTECTION | : | |
| SERVICE, LP d/b/a ALLIED | : | |
| UNIVERSAL SECURITY | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## <u>DEFENDANT'S RENEWED & SUPPLEMENTAL MOTIONS *IN LIMINE*</u>

Defendant Universal Protection Service LP d/b/a Allied Universal Security Services ("Allied Universal" or "Defendant") submits its Renewed and Supplemental Motions *in Limine* and requests the Court instruct Plaintiff Twana Ahmed ("Ahmed" or "Plaintiff"), as well as any witnesses called by Plaintiff, not to, directly or indirectly, mention or refer to any of the matters set forth below in the presence of any jurors or potential jurors without first permitting Allied Universal to raise objections and secure a ruling from the Court outside the presence of the jury concerning the admissibility of such matters.

Motions *in Limine* Nos. 1 through 26 were previously submitted to Judge Rosenthal and addressed, in part, during the May 9, 2025 docket call. The corresponding rulings and clarifications from that proceeding are incorporated

1

herein by reference. Allied Universal now renews and, where appropriate, supplements these Motions *in Limine* in light of the upcoming trial setting and this Court's guidance.

1.      **Exclusion of Pattern or Practice Testimony**: Any evidence, suggestion, allegation, or inference that Allied Universal engaged in any pattern or practice of discrimination. This is a single-plaintiff case and involves a single claim of alleged race and color discrimination. Evidence of other acts or allegations by or involving Allied Universal is irrelevant and unfairly prejudicial. *See* FRE 401, 403.

GRANTED __X_____ DENIED _____ UNDECIDED _____

2.      **Exclusion of Lay Opinions:** Lay or opinion testimony of anyone that they believed Plaintiff was discriminated against because of his race, national origin or religion. In a discrimination case, it is reversible error to allow lay witnesses to testify that, in their opinion, the plaintiff was discriminated against. *Pittman v. Gen. Nutrition Corp*. No. H-04-3174, 2007 U.S. Dist. LEXIS 22389, at *14 (S.D. Tex. March 28, 2007) (stating that discrimination is a term of art, making a "witness's testimony that defendant discriminated against the plaintiff an impermissible legal conclusion[]"). Moreover, no such witnesses would have any personal knowledge of the mindset of any decision-makers or adequate opportunity to observe the underlying circumstances regarding Plaintiff's employment. Thus, such evidence should be precluded. *See* FRE 401, 403, and 602.

GRANTED ___X___ DENIED _____ UNDECIDED _____

3. **Exclusion of Other Alleged Discrimination:** Any testimony regarding alleged discrimination by Allied Universal towards another employee. As a threshold matter, Plaintiff cannot prove a race, national origin, or religious discrimination claim under Title VII, Texas Labor Code or 1981 unless the alleged discrimination was actually experienced by Plaintiff. Therefore any alleged evidence of discrimination, outside of Plaintiff's presence, is irrelevant. Further, such evidence has minimal probative value, and is unfairly prejudicial. *See* FRE 401, 403.

GRANTED ___X___ DENIED _____ UNDECIDED _____

4. **Exclusion of Plaintiff's Testimony of Additional Damages**: Any inference, statement, question, testimony or evidence of damages calculations or computations which Plaintiff failed to disclose during discovery in violation of Federal Rule of Civil Procedure 26. Pursuant to Rule 26(a)(1)(A)(iii), Plaintiff was required to provide Allied Universal with a "computation of each category of damages claimed by the disclosing party…". As such, any attempt by Plaintiff to introduce computations or calculations of damages for the first time at trial should be precluded. *CQ, Inc. v. TXU Mining Co*., 565 F.3d 268, 279–80 (5th Cir.2009) (noting that plaintiff's initial disclosures "failed to properly disclose the computations for the various categories of damages it now complain[ed] of" and affirming district court's decision to exclude new evidence on damages under Rule

37(c)); *Kozak v. Medtronic, Inc*., 512 F. Supp. 2d 913, 916 (S.D. Tex. 2007) (refusing to consider damage testimony that was not properly disclosed pursuant to Rule 26). Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), any calculations of damages offered by Plaintiff that were not made available to Allied Universal during discovery must be excluded.

**GRANTED _____ DENIED ___X____ UNDECIDED _____**

5.    **Exclusion of Testimony of Other Lawsuits:** Any allegation, suggestion, implication, or evidence that Allied Universal has been sued in any other action, settled any claim, and/or that any charge or complaint of discrimination has been filed against Allied Universal by any person other than Plaintiff. *See* FRE 401-403, 404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co*., 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), cert. denied, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial).

**GRANTED ___X____ DENIED _____ UNDECIDED _____**

6.    **Exclusion of Inadmissible Hearsay:** Any testimony about what another person said or thought or other inadmissible hearsay statements, pursuant to

Fed. R. Evid. 801(c). Specifically, any testimony pertaining to what anyone employed by or formerly employed by Allied Universal may have told Plaintiff regarding any conduct by Allied Universal or related to Plaintiff's claims against Allied Universal.

**GRANTED _____ DENIED ___X____ UNDECIDED _____**

7.    **Expert Witness Testimony:** Any reference to any expert or expert's opinions from any witnesses other than those specifically designated by the parties in accordance with the Federal Rules of Civil Procedure. *See Harmon v. Georgia Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (affirming exclusion of undisclosed expert testimony).

**GRANTED _____ DENIED _____ UNDECIDED ___X_____**

8.    **No Testimony regarding Destruction of Documents:** Any reference or statement that Allied Universal intentionally or improperly destroyed any records related to or potentially related to Plaintiff and/or his claims in this case. *Coastal Bridge Co., L.L.C. v. Heatec, Inc*., 833 F. App'x 565, 573 (5th Cir. 2020) ("plaintiff alleging spoliation must establish that the defendant intentionally destroyed the evidence for the purpose of depriving opposing parties of its use.")

**GRANTED ___X____ DENIED _____ UNDECIDED _____**

9.    **Exclusion of Testimony of Other Allied Universal Employees' Motives:** Any opinion testimony concerning Allied Universal's motives with regard

to its actions toward Plaintiff from any current or former Allied Universal employee who was not involved in any such action regarding Plaintiff's employment. Any such evidence is based on speculation or hearsay and not based on personal knowledge. Such testimony would likely confuse and mislead the jury and unfairly prejudice Allied Universal. The jury would likely attach undue significance to the testimony because of such individual's position as a current or former employee of Allied Universal. *See* FRE 401, 403, 602, 801-802. Moreover, such evidence does not constitute competent evidence of discrimination or other unlawful conduct. *See* FRE 601 602; *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.2d 392, 400-01 (5th Cir. 2000) (for a comment to constitute competent evidence of discrimination, it must be, among other things, proximate in time to the complained of adverse employment decision, and made by a decision-maker or an individual with authority over the employment decision at issue), cert. denied, 532 U.S. 937 (2001). Accordingly, any such testimony should be excluded.

**GRANTED ___X___ DENIED _____ UNDECIDED _____**

10. **Exclusion of Reference to Other lawsuits:** Evidence or testimony regarding any other lawsuit(s) or charge(s) brought against Allied Universal. The facts, circumstances, or outcome underlying other lawsuits or charges against Allied Universal are irrelevant to the facts of the present lawsuit. Accordingly, any attempt to mention or reference third-party lawsuits or charges would likely confuse the jury

and would serve only as an attempt to substantially prejudice the jury against Allied

Universal. *See* FRE 401, 403.

**GRANTED ___X___ DENIED _____ UNDECIDED _____**

11.     **Exclusion of Alleged Discriminatory Conduct by Others at Allied**

**Universal:** Evidence or testimony that Allied Universal allegedly discriminated,

harassed, retaliated, or otherwise engaged in unlawful or unfair acts against current

or former employees other than Plaintiff. This includes, but is not limited to,

testimony by any current or former Allied Universal employee. See FRE 401-403,

404(b), 601 and 602; *Wyvill v. United Coso Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir.

2000) (trial court abuses its discretion when it admits anecdotal testimony from other

employees about alleged discrimination against them), cert. denied, 531 U.S. 1145

(2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how

other employees were discriminatorily treated properly excluded because admission

of this evidence had only attenuated relevance and would unduly prolong trial).

**GRANTED _____ DENIED _As Moot[1]____ UNDECIDED _____**

12.     **Exclusion of Reference to Unavailability of Witness at Trial:** Any

allegation, suggestion, implication, or evidence regarding the reason(s) why any

potential witness is not available for trial, or why any party has not presented

---

[1] Judge Rosenthal ruled as follows *"Denied as moot. Should not be evidence of others within his protected class."*

evidence from that witness. The availability of a witness for trial and a party's trial strategy are not relevant to the facts at issue in this lawsuit and would likely confuse the jury and would serve only as an attempt to substantially prejudice the jury against Allied Universal. *See* FRE 401, 403.

**GRANTED** __Partially granted[2]__ **DENIED** _____ **UNDECIDED** _____

13.     **Exclusion of Testimony regarding Relative Financial Position of the Parties:** Any testimony that in any manner calls attention to the difference in financial abilities of the parties. Any reference to Allied Universal's wealth for the purposes of prejudicing the jury against Allied Universal should be excluded for the reason that such facts are completely immaterial to the issues involved, and at the same time the mere making of such references would create unfair prejudice to Allied Universal. *See* FRE 402, 403. All parties are entitled to be treated equally before the Court without regard to relative wealth or poverty, or corporate status. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982).

**GRANTED** ___X____ **DENIED** _____ **UNDECIDED** _____

---

[2] Judge Rosenthal ruled as follows: *"Overbroad; needs to be narrowed. If a witness is available to be subpoenaed and is not called - while a potential witness who is otherwise available for trial and within subpoena range -such evidence may be addressed. However, in general, references to reasons for a party's failure to call a witness are not permitted. Arguably, this constitutes a partial grant, but the motion is denied as written."*

14.    **Exclusion of Reference to Claims of Privilege:** Any testimony or argument suggesting that Allied Universal, through its attorney, asserted objections or claims of privilege during discovery. *See* FRCP 26, 37; *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

15.    **Exclusion of Hearsay Reference to others' Testimony**: Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify. Such testimony would be hearsay and would lack personal knowledge. *See* FRE 602, 801.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

16.    **Exclusion of Inferences regarding not calling to Testify Available Witnesses**: Any reference that Allied Universal has failed to call any witness available equally to any party to this action. *United States v. Chapman*, 435 F.2d 1245, 1248 (5th Cir. 1970) (no adverse inference permitted where witness is equally available to both parties); *see also* FRE 403, 602

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

17.    **Excluding References to Objecting to Evidence:** That this Motion has been filed or Allied Universal's counsel has in any manner attempted to limit or restrict the evidence. *See* FRE 401, 403.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

18.    **Excluding    References    to    Publications    regarding Kurdish/Iraqi/Muslim employees at Allied Universal:** Any reference to any articles, news publications, media publications or other statements regarding the experiences of Kurdish/Iraqi/Muslim employees at Allied Universal, including those that pre-date Plaintiff's employment. *See* FRE 401, 403 and 802.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

19.    **Exclusion of other Complaints of Discrimination:** Any reference from other Allied Universal employees or former employees about complaints they had at Allied Universal or unfavorable or alleged discriminatory experiences they had at Allied Universal.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

20.    **Exclusion of Reference to other Allied Universal Entities:** Any reference to any claims, lawsuits, settlements, disputes or other matters involving Allied Universal entities that are not party to this lawsuit.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

21.    **No Reference to Former Employees Not involved with This matter:** Any reference or testimony from individuals who work for or previously worked for Allied Universal entities that are not party to this lawsuit.

**GRANTED _____ DENIED _____ UNDECIDED ___X____**

22.     **No Reference to Allied Universal's Financial Position or Ability to Litigate:** Any reference to Allied Universal's financial ability to litigate. Any statement, testimony, reference, question, document and/or evidence, whether directly or indirectly, relating to Allied Universal's financial ability to defend or prosecute a claim, its financial ability to pay Plaintiff's claims, the amount of sales, either in dollars or product figures, or any reference to the cost that may have been incurred by Allied Universal in defending this or any other lawsuit should be excluded. FRE 401, 402, and 403; *see also Draper v. Airco, Inc*., 580 F.2d 91, 95 (3d Cir. 1978) (evidence of the parties' poverty or wealth is inadmissible).

**GRANTED _____ DENIED _____ UNDECIDED \_\_\_X\_\_\_\_**

23.     **Exclusion of Hearsay:** Any hearsay comments attributed to any unidentified witness not subject to cross-examination. *See* FRE 801(c), FRE 802.

**GRANTED _____ DENIED _____ UNDECIDED \_\_\_X\_\_\_\_**

24.     **Claims Outside the Scope of the Pleadings:** Evidence or testimony regarding claims not included in Plaintiff's Original Petition and Jury Demand. The Court should exclude evidence of any claims not raised in the Plaintiff's Original Petition. Claims outside the scope of the pleadings are not properly before the court and Defendant cannot be on notice that any such claim is being raised. *Deere & Co. v. Johnson*, 271 F.3d 613, 621-22 (5th Cir. 2001) (issue not in the pleadings or pretrial order not properly raised in trial court if not tried by consent or implied consent).

GRANTED _____ DENIED _____ UNDECIDED ___X___

25.    **Excluding Claims Not Raised in EEOC Charge:** Evidence or testimony regarding claims not included in the charge that Plaintiff filed with the EEOC. Plaintiff has failed to exhaust his administrative remedies with respect to any other claim. A court only has jurisdiction over a claim that is based upon conduct like or reasonably related to the charge's allegations. *Fine v. GAF Chem. Corp*., 995 F.2d 576, 578 (5th Cir. 1993).

GRANTED _____ DENIED _____ UNDECIDED ___X___

26.    **Excluding Evidence of Equitable Remedies Reserved for the Court**: Evidence or testimony regarding equitable remedies, including front pay, back pay, injunctive relief, or pre-judgment interest. Such remedies, if appropriate, are for the Court to decide, not the jury, after a liability finding. *Gamboa v. Henderson*, 240 F.3d 1074, at *4 (5th Cir. 2000); and *Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 423 (5th Cir. 1998) ("When claims involving both legal and equitable rights are properly joined in a single case, the Seventh Amendment requires that all factual issues common to these claims be submitted to a jury for decision on the legal claims before final court determination of the equitable claims.").

GRANTED _____ DENIED _____ UNDECIDED ___X___

27.    **Excluding Evidence, Testimony, or Argument Regarding Unverified or Improper Comparator Employees**: To the extent that Plaintiff seeks

to introduce evidence, argument, or testimony concerning other employees (or former employees) who are not established as proper comparators to Plaintiff. To be admissible, comparator evidence must involve individuals who are similarly situated to the plaintiff in all material respects, including position, responsibilities, supervision, and application of company policies. The Fifth Circuit has held that both the circumstances and the conduct of the proposed comparator must be "nearly identical" to those of the plaintiff. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr*., 245 F.3d 507, 514–15 (5th Cir. 2001); *Lee v. Kansas City S. Ry. Co*., 574 F.3d 253, 259–60 (5th Cir. 2009). "If the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated." *Wallace v. Methodist Hosp. Sys., Inc*., 271 F.3d 212, 221 (5th Cir. 2001) (emphasis in original); *see also Bryant v. Compass Grp. USA, Inc*., 413 F.3d 471, 478 (5th Cir. 2005). Plaintiff has not produced admissible or verified discovery establishing that any alleged comparator shared the same job duties, reported to the same supervisor, was subject to the same workplace standards, or was treated differently under materially similar circumstances. Permitting Plaintiff to introduce speculative, anecdotal, or unverified comparator evidence would confuse the issues, mislead the jury, and cause undue prejudice to Allied in violation of Federal Rule of Evidence 403. Accordingly, the Court should preclude Plaintiff, his counsel, and any witness from

13

introducing, referencing, or offering evidence, argument, or testimony concerning any purported comparator who has not been verified through admissible discovery as similarly situated to Plaintiff in all material respects, and should further prohibit any individual who is not established as a proper comparator from offering testimony about his or her own employment circumstances or alleged treatment.

**GRANTED _____ DENIED _____**

28.    **Excluding Court or Criminal Records of Non-Party Individuals as Irrelevant, Prejudicial, and Inadmissible**: Any reference to, testimony regarding, or exhibits containing court, police, or criminal records of non-party individuals should be excluded. Such records, including those concerning persons who were arrested or prosecuted in unrelated criminal matters, are wholly irrelevant to any issue of liability, intent, or damages in this case. Under Federal Rules of Evidence 401 and 402, evidence is relevant only if it has a tendency to make a fact of consequence more or less probable. The criminal or court history of third parties who are not employees, decisionmakers, or witnesses in this action does not meet that standard and has no bearing on the claims or defenses at issue.

Even assuming any minimal probative value, admission of such evidence would invite unfair prejudice, confuse the issues, and mislead the jury in violation of Rule 403. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters). Courts in

this Circuit routinely exclude evidence that risks diverting the jury's attention from the actual employment dispute. *See EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) (excluding collateral evidence where its "potential for prejudice substantially outweighed any probative value").

Because these individuals are not parties to this action and will not be called as witnesses, their criminal or court records cannot be properly authenticated and would constitute inadmissible hearsay under Federal Rules of Evidence 801 through 803 and 901. Allowing the jury to view or hear such records would serve only to prejudice Allied Universal by associating it with unrelated criminal conduct of third parties.

Accordingly, Allied Universal respectfully requests that the Court preclude Plaintiff, his counsel, and all witnesses from introducing, referencing, or offering any evidence, testimony, or argument regarding the criminal, police, or court records of non-party individuals.

**GRANTED _____ DENIED _____**

29.    **Permit the Introduction of Evidence in Support of a Mixed-Motive Defense**: Plaintiff contends that he was terminated for discriminatory reasons and Allied Universal contends that Plaintiff's termination was based on a violation of Company policy. Allied Universal therefore seeks to introduce evidence showing that even if an impermissible factor played a role in the decision to

terminate Plaintiff's employment, Allied Universal would have made the same decision regardless. To the extent Plaintiff alleges Allied Universal has waived its right to present this defense, this allegation is without merit. Allied Universal is entitled to present evidence showing the legitimate, non-discriminatory reasons for making an employment decision. *See Pasco ex. rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) ("An affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'") (modification original) (citation omitted); *Lubke v. City of Arlington,* 455 F.3d 489, 499 (5th Cir.2006) (finding no waiver where a defense was raised in a pretrial motion *in limine* two years after the complaint was filed and just weeks before trial); *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 492 (5th Cir.2001) (finding no waiver where a new affirmative defense was raised in a joint pretrial order over a year after complaint was filed); *Allianz Versicherungs, AG v. Profreight Brokers, Inc.,* 99 Fed.Appx. 10, 12 (5th Cir.2004) (finding no waiver because "[t]he fact that [the plaintiff] had three months to consider and prepare for the limitations defense ... refutes [the] assertion that it was prejudicially surprised ...."). Excluding such evidence would be unduly prejudicial and deny Allied Universal a fair opportunity to present a complete defense.

**GRANTED _____ DENIED _____**

30.     **Exclusion of Evidence of Online Articles, Video, Audio, or News Media Postings of Allied Universal:** Allied Universal anticipates that Plaintiff may attempt to introduce online or media materials containing speculative or sensationalized commentary about Allied Universal as an employer. However, such sources are created for publication rather than factual accuracy and have no connection to Plaintiff's employment or termination. Such references are also irrelevant and risk unfair prejudice by appealing to jurors' emotions rather than their objective evaluation of the evidence. See *Fed. R. Evid.* 401–403; *Painter v. Suire*, 650 F. App'x 219, 225 (5th Cir. 2016) (affirming exclusion of local news videos as hearsay and unfairly prejudicial "extraneous information"). Courts routinely reject judicial notice of non-governmental online materials because their accuracy cannot reasonably be verified. See *Fed. R. Evid.* 201(b)(2); *Sinclair v. Krassenstein*, No. 5:23-CV-109, 2024 WL 2138314, at *2 (S.D. Tex. Apr. 8, 2024) (Dos Santos, Mag. J.).

Accordingly, Plaintiff should be precluded from introducing, referencing, or relying upon any online articles, news reports, or other media content relating to Allied Universal, as such evidence constitutes inadmissible hearsay, lacks authentication, and poses a substantial danger of confusing or misleading the jury.

**GRANTED _____ DENIED _____**

31.     **Exclusion of Evidence of Claims Not Asserted in Plaintiff's Complaint or EEOC Charge:** Allied Universal anticipates that Plaintiff may seek to introduce certain evidence, testimony, or argument relating to claims or issues that have never been set forth in a pleading, EEOC charge, or pretrial order. Accordingly, to the extent Plaintiff seeks to introduce any such evidence, testimony, or argument, or any evidence of claims or issues not raised in the Complaint or EEOC charge, such as a hostile work environment or harassment claim, the Court should exclude such evidence, testimony, or argument as claims and issues outside the scope of a plaintiff's pleadings are not relevant, are not properly before the Court, and deprive Allied Universal of the requisite notice to properly and adequately defend itself at trial. *See*, *Deere*, 271 F.3d at 621–22; *see also Humana Ins. Co. v. Tenet Health Sys.*, No. 3:16-CV-2919-B, 2016 WL 6893629, at *34 (N.D. Tex. Nov. 21, 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004) (an opposing party may "be prejudiced by having to defend against a new theory of liability first introduced at the close of trial"). Evidence, testimony, and/or arguments relating to any claims not asserted in Plaintiff's Complaint or EEOC Charge should be excluded because admission would be irrelevant, unfairly prejudicial, and likely to result in jury confusion, and/or result in undue prejudice against Allied Universal as trial by ambush.

**GRANTED _____ DENIED _____**

32.     **Exclusion of Evidence, Testimony, Reference or Argument Related to Golden Rule Arguments and/or Suggesting That the Jurors Trade Places With Plaintiff or Put Themselves in Plaintiff's Shoes or Any Other Arguments That Appeals to the Juror's Emotions, Sympathy, or Prejudice:** Plaintiff may seek to introduce inadmissible evidence, testimony, reference, or argument that appeals to the jurors' sympathy or prejudice in the form of "Golden Rule" arguments asking the jury to place itself in the position of a litigant or arguments asking the jury to consider the parties' relative popular appeal, history, politics, religion, identities, or geographical locations, rather than making an objective decision based upon the evidence at trial. The Fifth Circuit has consistently held that a "Golden Rule" argument is improper and forbidden "because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than the evidence." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005) (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 737, 741 (5th Cir. 1978)). Plaintiff's potential use of "Golden Rule" arguments will not assist the jury in making factual determinations at trial, but rather will cloud the jurors' decision-making. Appealing to the jury's subjective sympathies with "Golden Rule" arguments will likely inflame the passions of the jury and encourage the jury to make decisions based upon emotive factors rather than the evidence. *See Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496-97 (5th Cir. 1982) (holding that trial court

committed prejudicial error in overruling defendant's timely objection to "Golden Rule" argument allowing jurors to decide from a subjective viewpoint rather than the evidence before them).

**GRANTED _____ DENIED _____**

33. **Exclusion of Evidence or Testimony Regarding Allied Universal's Corporate Culture:** Allied Universal requests that the Court exclude any evidence, testimony, or argument relating to alleged aspects of Allied Universal's corporate culture, as such matters are irrelevant to Plaintiff's individual claims and would be unfairly prejudicial. Speculative opinions or generalized criticisms about Allied Universal's corporate culture cannot assist the jury in determining whether Allied Universal discriminated or retaliated against Plaintiff. Any such references lack foundation, are speculative, and would serve only to inflame the jury or divert its attention from the specific facts and legal issues properly at issue in this case. Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid.* 403. Here, whatever marginal relevance Plaintiff may attempt to attribute to Allied Universal's alleged corporate culture is far outweighed by its potential for unfair prejudice. Any reference to Allied Universal's corporate culture would serve only to inflame the

jury and obscure the issues material to this case. See, e.g., *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (precluding testimony regarding alleged corporate culture because "such statements could serve no purpose other than to inflame the passions of the jury to return large awards").

The Fifth Circuit has similarly held that appeals to corporate identity or "shame on the corporation" arguments are improper because they encourage jurors to decide a case based on emotion rather than evidence:

> Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative popular appeal or identities are invoked to prejudice the viewpoint of the jurors. Such arguments distract the jury from its sworn duty to reach a fair, honest, and just verdict according to the facts and evidence presented at trial.

*Whitehead*, 163 F.3d at 277 (internal citations omitted).

Allowing Plaintiff to present evidence, testimony, or argument concerning Allied Universal's alleged corporate culture or corporate citizenship would invite precisely this type of prejudice. Such commentary risks confusing the issues, misleading the jury, and encouraging improper verdict considerations unrelated to the facts or governing law. Accordingly, any evidence, testimony, reference, or argument concerning Allied Universal's purported corporate culture should be excluded under *Fed. R. Evid.* 401, 402, and 403.

**GRANTED _____ DENIED _____**

21

34.    **Exclusion of References or Arguments Urging the Jury to "Send a Message" or "Punish":** Allied Universal requests that the Court exclude any evidence, testimony, or argument suggesting that the jury should "send a message" to or "punish" Allied Universal. Such appeals are irrelevant to Plaintiff's claims, invite emotional decision-making, and create a substantial risk of unfair prejudice. Courts consistently hold that "send a message" or punitive appeals are improper because they inflame the jury's passions and divert attention from the evidence. *See Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312720, at *2 (E.D. Tex. Sept. 22, 2021); *Couturier v. Bard Peripheral Vascular, Inc.*, No. 19-CV-12497, 2021 WL 3187368, at *4 (E.D. La. July 28, 2021); *Brownlee v. United Fid. Life Ins. Co.*, 117 F.R.D. 383, 386–89 (S.D. Miss. 1987), *aff'd*, 854 F.2d 1319 (5th Cir. 1988).

Arguments urging the jury to "send a message" or "punish" Allied Universal are not grounded in admissible evidence and serve only to inflame the jury and confuse the issues. To the extent Plaintiff seeks punitive damages, such arguments are improper during the liability phase of trial and should be excluded.

**GRANTED _____ DENIED _____**

35.    **Exclusion of Parts or Pieces of Uniforms and/or Photographs of Such Parts of Pieces of Uniforms Not Properly Authenticated:** Plaintiff may seek to introduce parts or pieces of Allied Universal's uniform (or photographs of same)

as an exhibit at trial. Plaintiff has not provided any competent evidence to authenticate the uniform pieces or to establish that it is what he claims it to be, as required by Federal Rule of Evidence 901(a). Plaintiff has not identified where or when he obtained the uniform pieces, how they were maintained, or whether it was ever used during his employment with Allied Universal. Without such foundational evidence, the uniform cannot be reliably connected to the relevant time period or circumstances of his employment. Courts within the Southern District of Texas and the Fifth Circuit have consistently excluded physical exhibits when the proponent failed to provide evidence sufficient to establish authenticity. *See Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *17 (W.D. Tex. Mar. 8, 2023) (excluding exhibits where the proponent lacked evidence to authenticate them); *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (authentication requires "evidence sufficient to support a finding that the matter in question is what its proponent claims").

Even assuming the uniform had minimal probative value, any such value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. Defendant anticipates Plaintiff will attempt to introduce uniform pieces and/or photographs of uniform pieces to support his claim that he was provided with a different and/or improper uniform. Allowing an unauthenticated uniform into evidence would improperly invite jurors to

speculate about its significance or provenance and to base their impressions on visual or emotional factors rather than admissible evidence.

**GRANTED _____ DENIED _____**

36.    **Exclusion of Photographs of Plaintiff Unrelated to Employment or the Allegations at Issue:** Plaintiff may seek to introduce pictures depicting himself as a baby, a child, in military uniform, during military operations or otherwise prior to his employment with Allied Universal. These photographs have no relevance to any material fact in dispute and should be excluded under Federal Rules of Evidence 401 and 402. The photographs do not pertain to Plaintiff's employment with Allied Universal, the alleged conduct underlying his claims, or any issue the jury must decide. Their only conceivable purpose is to evoke sympathy or emotional response from jurors, which renders them impermissibly prejudicial. Under Fed. R. Evid. 403, even if the photographs had some minimal probative value, which they do not, that value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

Courts in the Southern District of Texas have consistently excluded evidence or images offered solely to generate juror sympathy or emotion. See, e.g., *Hernandez v. Aleman Constr., Inc.*, No. 4:20-CV-01640, 2022 WL 970883, at *2 (S.D. Tex. Mar. 31, 2022) (Rosenthal, C.J.) (excluding evidence likely to "invite the jury to decide based on emotion rather than fact"); *Luna v. M/V Integrity*, No. G-06-132, 2007 WL

2409570, at *1 (S.D. Tex. Aug. 20, 2007) (excluding photographs lacking relevance that could "unduly arouse the jury's sympathy"). Allowing Plaintiff to introduce childhood, military service, or pre-employment photographs would serve no legitimate evidentiary purpose and would only risk inflaming the jury's emotions, distracting from the evidence properly before it.

**GRANTED _____ DENIED _____**

37.    **Exclusion of Objection to Judicially Noticeable Court Ruling Demonstrating Plaintiff's Lack of Credibility:** Allied Universal respectfully moves this Court to permit introduction, or, at minimum, judicial notice, of a publicly available court ruling in which Plaintiff was charged with and pleaded guilty to *Failure to Identify Oneself to a Peace Officer*, a criminal offense under Texas Penal Code § 38.02. The court record reflects that Plaintiff provided false or misleading information to law enforcement and pled guilty in that proceeding.

This conviction and the circumstances surrounding the crime is a matter of public record and equally accessible to both parties. See *Fed. R. Evid.* 201(b); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (judicial notice appropriate for public court records). The record is offered for impeachment purposes under Fed. R. Evid. 607, 608(b) and 609 to challenge Plaintiff's credibility. Impeachment evidence of this nature is not required to be disclosed under *Fed. R. Civ. P.* 26(a). Exclusion under Rule 37(c)(1) is unwarranted, as there is no unfair surprise or

prejudice since Plaintiff is personally aware of his own conviction, and the record has been publicly available since 2016. See *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The probative value of this record substantially outweighs any potential prejudice because it bears directly on Plaintiff's character for truthfulness, which is central to the jury's assessment of his claims. Fed. R. Evid. 609. Accordingly, Allied Universal respectfully requests that the Court permit use of the records.

**GRANTED** _____  **DENIED** _____

Date: October 14, 2025

> **MARTENSON, HASBROUCK & SIMON LLP**
>
> */s/ Jessica E. Chang* _____
> Jessica E. Chang, Attorney-In-Charge
> (SDTX No. 3905098, IL6319080)
> Nathan A. Shine (SDTX No. 3874604,
> IL6316753)
> David C. Hamilton (Admitted PHV)
> Martenson, Hasbrouck & Simon LLP
> 500 Davis Street, Suite 1010
> Evanston, Illinois 60201
> (224) 350-3127
> jchang@martensonlaw.com
> nshine@martensonlaw.com
> dhamilton@martensonlaw.com
>
> -and-
>
> Marty N. Martenson (Admitted PHV)
> 2573 Apple Valley Road NE
> Atlanta, Georgia 30319
> (404) 909-8100

26

mnmartenson@martensonlaw.com

*Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*