## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge Lee H. Rosenthal |
| | : | |
| UNIVERSAL PROTECTION | : | |
| SERVICE, LP d/b/a ALLIED | : | |
| UNIVERSAL SECURITY | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## DEFENDANT UNIVERSAL PROTECTION SERVICE, LP, d/b/a ALLIED UNIVERSAL SECURITY SERVICES' RENEWED AND SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S AMENDED EXHIBIT LIST

---

Defendant Universal Protection Service, LP, d/b/a Allied Universal ("Allied") by and through undersigned counsel, files these renewed and supplemental objections to Plaintiff's amended exhibit list. For ease of reference, Allied has replicated the format of Plaintiff's amended exhibit list and has noted any objection to Plaintiff's exhibits, with reference to the applicable Federal Rule of Evidence ("FRE") or other supporting authority.

Allied Universal previously filed its Objections to Plaintiff's Amended Exhibit List on August 10, 2025 (ECF 78). Since Plaintiff has modified certain exhibits and

added to his Amended Exhibit List on October 14, 2025, Allied Universal renews and

supplements its previously filed objections.

| No. | Description | Offer | Object | Date Admit | Date N/Admit |
|---|---|---|---|---|---|
| | | | | | |
| | 2021 blank calendars | | | | |
| | | | | | |
| 1 | November 2021 calendar [AhmedAllied 792] | | | 05/09/25 | |
| | | | | | |
| 2 | December 2021 calendar [AhmedAllied 793] | | | 05/09/25 | |
| | | | | | |
| | 2022 blank calendars | | | | |
| | | | | | |
| 3 | January 2022 calendar [AhmedAllied 794] | | | 05/09/25 | |
| | | | | | |
| 4 | February 2022 calendar [AhmedAllied 795] | | | 05/09/25 | |
| | | | | | |
| 5 | March 2022 calendar [AhmedAllied 796] | | | 05/09/25 | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 6 | April 2022 calendar [AhmedAllied 797] | | | 05/09/25 | |
| | | | | | |
| 7 | May 2022 calendar [AhmedAllied 798] | | | 05/09/25 | |
| 8 | June 2022 calendar [AhmedAllied 799] | | | 05/09/25 | |
| | **Allied Universal policies & procedures** | | | | |
| 9 | Allied Universal Code of Ethics [AhmedAllied 230-254] | | No objection, subject to correct version. | 05/09/25 | |
| 10 | Allied Universal "Values—'What we believe'" [AUS 1623] | | | 05/09/25 | |
| 11 | Allied Universal "Our Clients" [AUS 1624] | | | 05/09/25 | |
| 12 | Allied Universal Policy Against Harassment and Discrimination [AUS 571-574] | | | 05/09/25 | |

| | | | | | |
|---|---|---|---|---|---|
| 13 | Allied Universal "Zero Tolerance Policy" [AUS 1662-1663] | | | 05/09/25 | |
| 14 | Allied Universal "Types of Bullying" [AUS 1669] | | | 05/09/25 | |
| 15 | Allied Universal "Reporting Harassment" [AUS 1671] | | | 05/09/25 | |
| 16 | Allied Universal "Final Thought— Would you want your child to be on the receiving end . . . ?" [AUS 1673] | | | 05/09/25 | |
| 17 | Allied Universal Career Org Chart [AUS 1690] | | | 05/09/25 | |
| 18 | Allied Universal Disciplinary Matrix [AUS 743-746] | | | 05/09/25 | |
| 19 | Allied Universal Use of Force and Reporting Policy [AUS 734-742] | | | 05/09/25 | |

| | | | | | |
|---|---|---|---|---|---|
| 20 | Allied Incident Reporting & Response Policy [AUS 713-721] | | | 05/09/25 | |
| 21 | Allied Universal Employee Relations Investigation Guidelines [AUS 1918-1921] | | | 05/09/25 | |
| 22 | Allied Universal Employee Relations Investigative Interview Process—Step 1 [AUS 1922-1925] | | No objection, subject to correct version. | 05/09/25 | |
| 23 | Allied Universal Employee Relations Investigative Interview Forms [AUS 1930-1946] | | No objection, subject to correct version. | 05/09/25 | |
| 24 | Allied Universal ESG Report 2022 [AhmedAllied 358-408] | | | 05/09/25 | |

| | | | | | |
|---|---|---|---|---|---|
| 25 | Allied Universal –About Ethics Point [AhmedAllied 409-414] | | | 05/09/25 | |
| | | | | | |
| 26 | AlliedUniversal employee handbook [AUS 81-268] | | | 05/09/25 | |
| | | | | | |
| | **2021 hiring** | | | | |
| | | | | | |
| 27 | December 15, 2021 onboarding certificates [AUS 663-664] | | | 05/09/25 | |
| | | | | | |
| 28 | December 15, 2021 onboarding badge receipt form [AUS 665] | | | 05/09/25 | |
| | | | | | |
| 29 | blank private security form requiring country of birth [AUS 01548] | | | | |
| | | | | | |
| 30 | December 29, 2021 completed private security form with Iraq as country of birth [AUS 656] | | | 05/09/25 | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 31 | picture of Allied uniform issued to Twana Ahmed [AhmedAllied 787-788] | | Objection as to authenticity pursuant to FRE 901. | | |
| 32 | picture of correct Allied Elite Security Officer uniform [AhmedAllied 584-587] | | Objection as to authenticity, relevance, and confusion pursuant to FRE 401, 403, 901. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *4 (5th Cir. Aug. 9, 2022)(Unpublished) (pictures deemed inadmissible when not depicting conditions at issue). | | |
| | January 2022 training | | | | |
| 33 | picture of Twana Ahmed with Monroe McCain during training [AhmedAllied 591] | | | 05/09/25 | |
| 34 | picture of some people in training class with beards [AUS 1803] | | Objection as to authenticity, relevance, and confusion pursuant to FRE 401, 403, 901. | 05/09/25 | |
| 35 | picture of Twana Ahmed at target qualification training [AUS 1804] | | | 05/09/25 | |

| 36 | video of Mauro Siboldi in Allied Taser training [AhmedAllied 617] | | Objection as to authenticity, relevance, and hearsay pursuant to FRE 401,802, 901 *See Alanis v. Tracer Indus. Mgmt. Co.*, No. 1:13-CV-386, 2016 WL 4426377, at *7 (E.D. Tex. Aug. 18, 2016)(Unpublished)(court ruled that Plaintiff's DVD depicting other employees working in different areas in the facility, may constitute inadmissible hearsay evidence, and unfairly prejudicial). | | | |
| 37 | video of Twana Ahmed in Allied Taser training [AhmedAllied 612] | | Objection as to authenticity, relevance, and hearsay pursuant to FRE 401, 802, 901. | | | |
| | **January 2022 meeting with Allied Manager Patrick Freeney** | | | | | |
| 38 | January 31, 2022 texts between Twana Ahmed and Patrick Freeney [AhmedAllied 567] | | Objection as to completeness, authenticity, confusion, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901. | | | |

| | February 2022 | | | | |
|---|---|---|---|---|---|
| 39 | texts about working City of Houston Allied account with Ms. Travis [AhmedAllied 565] | | Objection as to completeness, authenticity, confusion, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901. | | |
| | March 2022 encounter with drunk men arrested at H-E-B | | | | |
| 40 | March 19, 2022 police records of two men arrested due to conduct at H-E-B on San Felipe [AhmedAllied 494-521] | | Objection as to completeness, authenticity, prejudice, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901. *See Bedford Internet Off. Space, LLC v. Travelers Cas. Ins. Co.,* 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014) holding that materials in an official report are "inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions." Id. (citation omitted). Such a statement in a public record comprises "hearsay within hearsay" that requires judicial scrutiny of each level before admission. *Bedford*, 41 F. Supp. 3d at 544. The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993)(quoting *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir. 1986)); *Manis v. Lawson*, 585 F.3d 839, 844 n. 3 (5th Cir.2009) ("Third party statements included in a police report are not admissible under the public records exception to the hearsay rule.") | | |
| 41 | March 19, 2022 audio recording of 911 call due to conduct at H-E-B on San Felipe [AhmedAllied 562] | | Objection as to authenticity, relevance, hearsay pursuant to FRE 403, 802, 901. The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue. *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993)(quoting *McGonigal* | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | *v. Gearhart Industries, Inc.,* 851 F.2d 774, 778 (5th Cir. 1988); Jackson v. Firestone Tire & Rubber Co., 788 F.2d 1070, 1082–83 (5th Cir. 1986)) | | |
| | | | | | |
| 42 | March 19, 2022 picture of men arrested at H-E-B on San Felipe [Ahmed Allied 589] | | Objection as to authenticity and relevance, pursuant to FRE 401, 901. The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue. *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993)(quoting *McGonigal v. Gearhart Industries, Inc.,* 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082–83 (5th Cir. 1986)) | | |
| | | | | | |
| | April 2022 encounter with same drunk men arrested at H-E-B | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 43 | April 4, 2022 texts including picture of man about whom H-E-B manager is claiming theft and other problems [AhmedAllied 594-595] | | Objection as to completeness and authenticity pursuant to FRE 106, 901. | | |
| | | | | | |
| 44 | April 4, 2022 pictures of two men about whom H-E-B manager is claiming theft and other problems [AhmedAllied 588; 2129-2133] | | Objection as to authenticity pursuant to FRE 901. | | |
| | | | | | |
| 45 | April 4, 2022 incident report and statement [AUS 671-674; AUS 2091-2094] | | Objection as to completeness pursuant to FRE 106. | | |
| | | | | | |
| 46 | Twana Ahmed phone note about April 4, 2022 incident [AhmedAllied 661] | | Objection as to authenticity and hearsay pursuant to FRE 802 and 901. | | |
| | | | | | |
| April 2022 suspension meeting and aftermath | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 47 | April 5, 2022 Twana Ahmed message to Freeney—arrived at the office [AhmedAllied 569] | | Objection as to authenticity, completeness, hearsay pursuant to FRE 106, 802, 901. | | |
| | | | | | |
| 48 | April 6, 2022 weapon return forms [AhmedAllied 448-449] | | | | |
| | | | | | |
| 49 | Allied emails discussing Patrick Freeney's use of force report about Twana Ahmed [AUS 901-905, 891-895, 871-890, 837, 845, 836, 825, 991, 820, 822-824, 815, 817-819, 826, 972-978, 804, 959] | | | | |
| | | | | | |
| 50 | April 8, 2022 incident report signed by Felicia Solis-Ramirez [AUS 708-711] | | No objection, other than duplicative of a portion of Plaintiff's Exhibit 49. | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 51 | April 11, 2022 email from Allied human resources produced without date [AUS 1547-1548; AhmedAllied 446 (with date)] | | | | |
| | | | | | |
| 52 | April 21, 2022 text requesting call with human resources [AhmedAllied 566] | | Objection as to authenticity, completeness, hearsay pursuant to FRE 106, 802, 901. The exhibit is also duplicative of Plaintiff's Exhibit 38. | | |
| | | | | | |
| 53 | April 25, 2022 email reporting discrimination [AUS 1543] | | | | |
| | | | | | |
| 54 | April 26, 2022 Patrick Freeney's submission form requesting Twana Ahmed's termination [AUS 700-703] | | | | |
| | | | | | |
| 55 | April 26, 2022 email confirming termination request—cc Catherine Barnes | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | [AUS 1542] | | | | |
| | | | | | |
| 56 | Undated Alex Bergeron Disciplinary Notice— Bergeron did not complete Heliaus Report for April 4, 2022 incident [AUS 667] | | | | |
| | | | | | |
| | **May 2022** | | | | |
| | | | | | |
| 57 | Early May 2022 emails with human resources [AUS 1541, 1527, 1539, 1535, 1530] | | Objection as to completeness pursuant to FRE 106. | | |
| | | | | | |
| 58 | May 16, 2022 email to human resources about status [AUS 1527] | | Objection as to completeness pursuant to FRE 106. The exhibit is also duplicative of Plaintiff's Exhibit 57. | | |
| | | | | | |
| 59 | May 24, 2022 – May 25, 2022 texts saying ineligible for rehire and so revealing termination | | Objection as to authenticity, completeness, hearsay pursuant to FRE 106, 802, 901. | | |

| | | | | | |
|---|---|---|---|---|---|
| | [AhmedAllied 570, 572] | | | | |
| | | | | | |
| 60 | May 25, 2022-May 27, 2022 human resources communications and hotline summary [AUS 1257-1262, 1268, 1412] | | | | |
| | | | | | |
| | **June 2022** | | | | |
| | | | | | |
| 61 | June 2022 human resources text messages [AhmedAllied 579, 577-580] | | Objection as to authenticity, completeness, hearsay pursuant to FRE 106, 802, 901. | | |
| | | | | | |
| 62 | June 8, 2022 email to human resources [AUS 1332-1334] | | | | |
| | | | | | |
| 63 | Allied emails concerning Twana Ahmed's reports of discrimination and harassment [AUS 803, 802, 799, 798, 770, 1399, | | Objection as to completeness pursuant to FRE 106. | | |

| | | | | |
|---|---|---|---|---|
| | 1242, 769, 1232, 1219, 1064, 1062, 1054, 1194, 1192, 765, 763, 1137, 1136, 1122, 1121, 1135, 1134] | | | | |
| | | | | | |
| 64 | June 2022 not my signature communication [AUS 1219, 1064, 1913, 1062, 1216, 1912, 1914, 1057, 1213, 1054-1056, 1206, 1208, 1209, 1203] | | Objection as to completeness, authenticity and hearsay pursuant to FRE 106, 802, 901. | | |
| | | | | | |
| 65 | Allied HR emails—"he said, he said" [AUS 1298, 1297] | | Objection as to completeness pursuant to FRE 106. | | |
| | | | | | |
| 66 | fabricated discipline forms [AUS 778-779, 668-670] | | | | |
| | | | | | |
| 67 | Allied emails concerning need to interview about "falsification of the disciplinary" [AUS 1137, 1136, 1135, 1134, 1297] | | Objection as to completeness pursuant to FRE 106. | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 68 | June 3, 2022 Patrick Freeney text— quitting [AUS 1908] | | Objection as to authenticity pursuant to FRE 901. | | |
| | | | | | |
| 69 | June 17, 2022 Patrick Freeney separation form [AUS 1906-1907, 1909] | | | | |
| | reports of other Allied security guard use of force for which no incident reports were produced | | | | |
| | | | | | |
| 70 | April 13, 2022 through June 21, 2022 news report about different Allied security guard's use of force — pepper spray and dragging female [AhmedAllied 680-681] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 3, 5, and 10.<br><br>Objection as to authenticity, prejudice, relevance, and hearsay pursuant to FRE 401, 403, 802, 901.<br><br>Newspaper articles are inadmissible hearsay. *See James v. Texas Collin Cnty.,* 535 F.3d 365, 374 (5th Cir. 2008), citing *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005); *See also* | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | *United States v. 0.892 Acres of Land, More or Less, No. 7:20-CV-00248, 2023 WL 2906388, at \*3 (S.D. Tex. Mar. 30, 2023)*(denying the admission of a newspaper article under 403 and 801)(declining to take judicial notice of the article) | | |
| 71 | News video from April 13, 2022 through June 21, 2022 incident with different Allied security guard [AhmedAllied 790] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 3, 5, and 10.<br><br>Objection as to authenticity, prejudice, relevance, and hearsay pursuant to FRE 401, 403, 802, 901.<br><br>Newspaper articles are inadmissible hearsay. *See James v. Texas Collin Cnty.,* 535 F.3d 365, 374 (5th Cir. 2008), citing *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005); *See also United States v. 0.892 Acres of Land, More or Less, No. 7:20-CV-00248, 2023 WL 2906388, at \*3 (S.D. Tex. Mar. 30, 2023)*(denying the admission of a newspaper article under 403 and 801)(declining to take judicial notice of the article) | | |

19

| 72 | July 4, 2022 records about other Allied Security guard's use of force [AhmedAllied 757-782] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Objection as to completeness, authenticity, prejudice, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901.<br><br>*See Bedford Internet Off. Space, LLC v. Travelers Cas. Ins. Co.,* 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014) holding that materials in an official report are "inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions." Id. (citation omitted). Such a statement in a public record comprises "hearsay within hearsay" that requires judicial scrutiny of each level before admission. *Bedford*, 41 F. Supp. 3d at 544. The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue. *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993)(quoting *McGonigal v.* | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | *Gearhart Industries, Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir. 1986)); *Manis v. Lawson*, 585 F.3d 839, 844 n. 3 (5th Cir.2009) ("Third party statements included in a police report are not admissible under the public records exception to the hearsay rule.") | | |
| 73 | video — two different Allied security guards' use of force — beating male already on the ground [AhmedAllied 791] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16] *See* bates number AhmedAllied 000679.

Objection as to authenticity, prejudice, relevance, and hearsay pursuant to FRE 401, 403, 802, 901. Newspaper articles are inadmissible hearsay. *See James v. Texas Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008), citing *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *See also United States v. 0.892 Acres of Land, More or Less, No. 7:20-CV-00248, 2023 WL 2906388, at *3 (S.D. Tex. Mar. 30, 2023)*(denying the admission of a newspaper article under 403 and 801)(declining to take judicial notice of the article) | | |
| | other | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 74 | February 27, 2023 Allied's EEOC Position Statement [AhmedAllied 4-9] | | Objection as to authenticity, and hearsay pursuant to FRE 802, 901. | | |
| 75 | Allied training record [AUS 698-699] | | | | |
| 76 | list of Allied Elite security officers, including Raymond Rodriguez, dated March 6, 2022 [AUS 1068-1071] | | | | |
| | | | | | |
| | Allied Universal knowledge and history of discrimination and failure to train | | | | |
| | | | | | |
| 77 | EEOC v. Allied Universal 2018 Consent Decree Order [AhmedAllied 697-715] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 1, 3, 5, and 10. | | |
| | | | | | |

| 78 | November 18, 2021 report of religious discrimination and harassment [AUS 1915-1917] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 1 and 3. | | |
|----|----|----|----|----|----|
| 79 | May 11, 2023 Time Article: The Problems Inside North America's Largest Security Firm—and Third-Biggest Employer [AhmedAllied 668-678] | | Excluded based on the Court's March 28th, 2024, Discovery Order [ECF 16].<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 1, 3, 5, and 10.<br><br>Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 5 and 10. *See also James v. Texas Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008), citing *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *See also United States v. 0.892 Acres of Land, More or Less, No. 7:20-CV-00248, 2023 WL 2906388, at \*3 (S.D. Tex. Mar. 30, 2023)*(denying the admission of a newspaper article under 403 and 801)(declining to take judicial notice of the article) | | |

| | Allied Universal financial condition— punitive damages | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 80 | August 18, 2022 Allied Universal website statement— "Allied Universal Named to Inc. Magazine's Annual List of Fastest-Growing Private Companies for the 13th Time" [AhmedAllied 666-667] | | Previously excluded pursuant to the Court's ruling on Defendant's Motion in Limine 13. | | |
| | | | | | |
| | compensatory damages | | | | |
| | | | | | |
| 81 | confidential pictures of Twana Ahmed's family [AhmedAllied CONFIDENTIAL 800-802, 838] | | Objection as to authentication, prejudice, and relevance pursuant to FRE 401, 403, 901. | | |
| | | | | | |
| | exhibits to be used solely for purposes of equitable relief to be decided after a finding of liability | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 82 | communications job application responses [AhmedAllied 483-487, 688-695] | | Objection as to authenticity pursuant to FRE 901. | | |
| | | | | | |
| 83 | pay records – doordash [AhmedAllied 489, 657-659, 803] | | | | |
| | | | | | |
| 84 | pay records— Allied Universal [AUS 675-695] | | | | |
| | | | | | |
| 85 | pay records— Securitas [AhmedAllied 820-836] | | Objection as to authenticity pursuant to FRE 901. | | |
| | | | | | |
| | additional Allied communications | | | | |
| | | | | | |
| 86 | January 5, 2022 email confirming Elite class attendance [AUS 909] | | | | |
| | | | | | |
| 87 | January 11, 2022 Allied emails about beard policy [AUS 1017-1018] | | Objection as to relevance and completeness pursuant to FRE 106 and 401. | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 88 | February & March 2022 Allied emails re: urgent Elite stand down sessions [AUS 1068-1071] | | This is duplicative of Plaintiff's Exhibit 76. | | |
| | | | | | |
| 89 | March 2022 Allied docusign emails re: use of force [AhmedAllied 462-467, 470-471] | | | | |
| | | | | | |
| 90 | onboarding emails from Allied [AhmedAllied 472-476] | | | | |
| | | | | | |
| 91 | text from Patrick Freeney directed to another employee [AhmedAllied 573] | | Objection as to completeness, authenticity, confusion, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901. | | |
| | | | | | |
| | other Chameleon inspections | | | | |
| | | | | | |
| 92 | Chameleon inspections of other Allied employees [AUS 1098-1099, 1106-1117] | | Objection as to completeness, authenticity, prejudice, relevance, and hearsay pursuant to FRE 106, 401, 403, 802, 901. | | |

| | | | | | |
|---|---|---|---|---|---|
| | Twana's uniform | | | | |
| | | | | | |
| 93 | Twana's vest—presented as a physical/tangible exhibit [AhmedAllied 807-808] | | Objection as to authenticity and relevance pursuant to FRE 401, 901. | | |
| | | | | | |
| 94 | Twana's black shirt—presented as a physical/tangible exhibit | | Objection as to authenticity and relevance pursuant to FRE 401, 901. | | |
| | | | | | |
| 95 | Twana's jacket—presented as a physical/tangible exhibit | | Objection as to authenticity and relevance pursuant to FRE 401, 901. | | |
| | | | | | |
| 96 | pictures of store where purchased [AUS 811-812] | | Objection as to authenticity and relevance pursuant to FRE 401, 901. | | |
| | | | | | |
| 97 | Allied yellow uniform shirt—presented as a physical/tangible exhibit | | Objection as to authenticity pursuant to FRE 901. | | |
| | | | | | |
| | other pictures | | | | |
| | | | | | |

27

| 98 | confidential home and other pictures [AhmedAllied CONFIDENTIAL 839-848] | | Objection as to authentication, prejudice, and relevance pursuant to FRE 401, 403, 901. | | |
| | | | | | |
| 99 | picture of green zone [AhmedAllied 849] | | Objection as to authentication, prejudice, and relevance pursuant to FRE 401, 403, 901. | | |
| | **Allied officer reports** | | | | |
| | | | | | |
| 100 | Allied use of force reports [AUS 4596-4619] | | Objection as to relevance, overbreadth, prejudice, and confusion pursuant to FRE 401, 402, and 403. The exhibit contains use of force reports that are not limited to Plaintiff's location, timeframe, supervisors, or alleged incidents. The exhibit is overly broad and not narrowly tailored to any fact of consequence. Admission would mislead the jury, cause undue delay, and create unfair prejudice. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) (excluding collateral evidence where its "potential for prejudice substantially | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | outweighed any probative value"). | | |
| 101 | Allied inspection and training reports [AUS 2129-4595] *bates numbers AUS 2129-2137 duplicated in previous Allied production | | Objection as to relevance, overbreadth, and prejudice pursuant to FRE 401, 402, and 403. The exhibit consists of more than 2,450 pages of inspection and training materials that are unrelated to Plaintiff's employment, claims, or supervisors. The exhibit is not limited to any specific site, timeframe, or issue relevant to this case and therefore is not probative of any fact in dispute. Admission would confuse the issues and cause unfair prejudice. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994). | | |
| | additional police and court records | | | | |
| 102 | court records of man arrested on April 4, 2022 at Bellaire H-E-B [AhmedAllied 541-555 | | Objection as to authentication, hearsay, confusion, prejudice and relevance pursuant to FRE 401, 403, 802, and 901. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | 1093 (5th Cir. 1994) (excluding collateral evidence where its "potential for prejudice substantially outweighed any probative value"). | | |
| 103 | city of Bellaire police records for man arrested on April 4, 2022 [AhmedAllied 537-538 | | Objection as to authentication, hearsay, confusion, prejudice and relevance pursuant to FRE 401, 403, 802, and 901. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) (excluding collateral evidence where its "potential for prejudice substantially outweighed any probative value"). | | |
| 104 | Texas Department of Public Safety criminal history report for man arrested on April 4, 2022 [AhmedAllied 556-561] | | Objection as to authentication, hearsay, confusion, prejudice and relevance pursuant to FRE 401, 403, 802, and 901. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | (excluding collateral evidence where its "potential for prejudice substantially outweighed any probative value"). | | |
| 105 | October 27, 2022 subsequent arrest of men previously arrested in March and April 2022 [AhmedAllied 522-525] | | Objection as to authentication, hearsay, confusion, prejudice and relevance pursuant to FRE 401, 403, 802, and 901. *See United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (affirming exclusion where evidence invited unfair inferences on collateral matters); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) (excluding collateral evidence where its "potential for prejudice substantially outweighed any probative value"). | | |

Dated: October 15, 2025

Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/ Jessica E. Chang*
Jessica E. Chang, Attorney-in-charge
(IL6319080, SDTX No. 3905098)
Nathan A. Shine (IL6316753, SDTX No. 3874604)
David Hamilton (admitted PHV)
Martenson, Hasbrouck & Simon LLP

31

500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com
dhamilton@martensonlaw.com

*and*

Marty N. Martenson, Esq.
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8100
mnmartenson@martensonlaw.com

*Counsel for Defendant Universal Protective Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I caused to be served a true and correct

copy of the foregoing document on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

*/s/ Jessica E. Chang*