IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Twana Ahmed, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:23-cv-02823 |
| Universal Protection Service, LP, | § | Jury Trial Demanded |
| d/b/a Allied Universal Security | § | |
| Services | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## PLAINTIFF TWANA AHMED'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED & SUPPLEMENTAL MOTIONS IN LIMINE

---

## I. Nature of the Case

This case concerns the civil rights of workers. It involves a Defendant that fails to protect its workers from retaliation when they report discrimination. And it involves direct evidence of discrimination—a manager threatening to physically harm a worker and calling the worker a sand-nigg*r while suspending him for refusing to sign a false incident report. The violations at issue fall under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1886 as revised and amended in 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act (TCHRA) under Texas Labor Code Chapter 21.

## II. Brief Summary [1]

The Fifth Circuit has warned that blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives.

— *Govea v. CB&I LLC*, No. 22-CV-01328, 2024 WL 4537150, at *1 (W.D. La. Oct. 21, 2024) (citing cases)

In *Govea*, a race discrimination case, the court rejected many of the same blanket limine arguments defendant makes here. "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Id.* at *1. "Evidentiary rulings, however, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.* Here, Defendant takes a shotgun approach. It largely

---

[1] Unless otherwise noted, Ahmed's attorneys have (1) supplied all emphases, (2) omitted from quoted passages in legal authority all internal quotation marks, internal citations, and internal footnotes, and (3) omitted from citations to legal authority all citing and quoting references.

fails to identify any specific piece of evidence — any particularly identified document or any named witness's testimony — meriting exclusion. This alone is reason to deny the motion in limine in total.

In the last pre-trial hearing, Judge Rosenthal ruled on some of Defendant's motions in limine. Judge Rosenthal did *not* exclude any evidence. She instructed plaintiff's counsel to approach the bench on any matter where the motion in limine was granted.

## III. Argument and Authorities

**MIL 1, 3, 11: pattern or practice of discrimination, discrimination against other employees — can be admissible to show pretext and context and to rebut claims**

> To the extent that [employer] contests the admission of evidence of age discrimination against other employees, it misconstrues the law. *There is no proscription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances.*
>
> — *Shattuck v. Kinetic Concepts, Inc.*,
> 49 F.3d 1106, 1109-1110 (5th Cir. 1995)

> Another court in this circuit has recently noted that, *"me too" evidence by a fellow employee may prove relevant as to whether an employer discriminated or retaliated against the plaintiff*—particularly when it is close in time to the events of the case and involves the same decision makers. The Court cannot judge the potential admissibility of the unspecified evidence Defendants seek to exclude at this point and declines to enter a blanket order.
>
> — *Govea v. CB&I LLC*, No. 22-CV-01328,
> 2024 WL 4537150, at *10 (W.D. La. Oct. 21, 2024) (citing cases)

2

Evidence of discrimination against other employees can help show that an employer's reasons for adverse action are a pretext for discrimination. This includes evidence of a pattern or practice of discrimination. "An employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination." *Ratliff v. Governor's Highway Safety Program*, 791 F.2d 394, 402 (5th Cir. 1986) (vacating judgment for employer because trial court excluded such evidence)[2].

Separate from pretext, this kind of evidence is admissible to show context — *i.e.*, the atmosphere in which Mr. Ahmed worked. "When a plaintiff must prove intentional discrimination, a district court can abuse its discretion by limiting a plaintiff's ability to show the 'atmosphere' in which the plaintiff operated. Indeed, courts have long recognized the importance of background information in cases of employment discrimination, including those by a single plaintiff alleging disparate treatment."[3]

This kind of evidence is also admissible to rebut defendant's claims. Defendant could have just denied discriminating against Mr. Ahmed and left things there. But it went further. It claims to have and to honor a "zero tolerance policy prohibiting discrimination." MSJ Response [ECF No. 27], p. 10. If defendant claims is has zero

---

[2] *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973) ("Other evidence that may be relevant to any showing of pretext includes ... petitioner's general policy and practice with respect to minority employment."); *Langley v. Int'l Bus. Mach. Corp.*, No. A-18-cv-443-DAE, 2019 WL 1626423, at *7 n.7 (W.D. Tex. Dec. 23, 2019); *Jiang v. Tex. Comm'n on Env't Quality*, No. 1:17-cv-739-RP, 2018 WL 8244906, at *1 (W.D. Tex. Sept. 19, 2018) ("An employee may use 'pattern or practice' evidence to prove pretext in an individual discrimination case."); *Metro Transit Auth. of Harris Cnty. v. Douglas*, 651 S.W.3d 122, 135 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("history of not promoting women" was some evidence of pretext).

[3] *Thompson v. UOP, LLC*, No. CV 20-454-BAJ-SDJ, 2021 WL 1669595, at *3 (M.D. La. Apr. 28, 2021) (collecting in-circuit cases); *see also Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 721 (Tex. App.—Dallas 2012, pet. denied).

tolerance for discrimination and does not discriminate, Mr. Ahmed is entitled to show otherwise.

On a limine motion, none of this kind of evidence should be excluded without specifics.[4]

Finally, the proposed exclusion of pattern or practice evidence is too sweeping: "any evidence, *suggestion*, allegation, or *inference*" that defendant "engaged in *any* pattern or *practice of discrimination*." Motion [ECF No. 105], p. 2 ¶ 1. The proposal would exclude *all* discrimination evidence because evidence of discrimination even against Mr. Ahmed may suggest or infer a practice of discrimination.

**MIL 2, 9: lay opinions can be admissible**

Courts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances.

> — *Hansard v. Pepsi-Cola Metro. Bottling Co.*,
> 865 F.2d 1461, 1466 (5th Cir. 1989)

Federal Rule of Evidence 701 and the Fifth Circuit recognize admissibility of lay opinions, even for opinions that go to motive or the ultimate issue of discrimination. In *Hansard*, an age discrimination case, the Fifth Circuit found no abuse of discretion in admitting a co-worker's lay opinion of an employer's "hiring policy and its general

---

[4] *See Govea v. CB&I LLC*, No. 22-CV-01328, 2024 WL 4537150, at *3 (W.D. La. Oct. 21, 2024) ("Defendant argues that any evidence of anecdotal employment-related problems of non-similarly situated employees or former employees is not relevant.... *Defendant provides no specifics as to what it maintains should be excluded*. As such, the Court cannot determine at this juncture whether the purported evidence is relevant and again hesitates to make such a blanket exclusion.").

corporate youth movement." *Id.* at 1465-66. Likewise, in *Haun v. Ideal Indus. Inc.*, 81 F.3d 541 (5th Cir. 1996), the Fifth Circuit affirmed a decision to admit lay opinion testimony that an employer was "deliberately phasing-out older workers." *Id.* at 548.

The *Pittman* opinion defendant cites is unhelpful. It concerns the standards for *expert* testimony rather than lay opinions. *See Pittman v. Gen. Nutrition Corp.*, No. 04-cv-03174, 2007 WL 951638 (S.D. Tex. March 28, 2007). Limine is also inappropriate because there is not yet specific evidence and so predicate to assess.

## MIL 4: damages calculations — limine point is generic, hypothetical, and premature

Defendant does *not* claim that Mr. Ahmed failed to disclose any damages calculations or computations. It simply speculates about future events that may never come to pass. It also focuses on the initial disclosure rules in Federal Rule of Civil Procedure 26(a)(1), even though the Court's initial disclosure protocols specifically state that they supercede those disclosure rules. The parties agreed to submit economic losses to the Court for determination post-verdict. *See* Joint Pretrial Order [ECF No. 102], p. 13 ¶ 8 (back pay, front pay, injunctive, and other equitable relief). In sum, there is no present need for the Court to make any prophylactic ruling.

## MIL 5, 10, 19: other lawsuits, charges, complaints of discrimination — can be admissible to show pretext, foreseeability, recklessness, and to rebut claims

Commentary, testimony, and/or documentary evidence regarding other claims, judgments, actions, or charges against Defendant.... *The Court cannot judge the potential admissibility of the unspecified evidence Defendants seek to exclude at this point and declines to enter a blanket order.*

— *Govea v. CB&I LLC*, No. 22-CV-01328,

5

2024 WL 4537150, at *4 (W.D. La. Oct. 21, 2024) (citing cases)

There is no proscription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances.

— *Shattuck v. Kinetic Concepts, Inc.*,
49 F.3d 1106, 1109-1110 (5th Cir. 1995)

This kind of proof is one of many types of circumstantial evidence of discrimination, as precedent like *Shattuck* and *Govea* recognize. This kind of proof is also admissible to rebut defendant's claims. Defendant affirmatively puts at issue what it knew and when about discrimination in its workplace. For example, it pleads that it "at all times acted in good faith to comply with all applicable laws and with reasonable ground to believe that [it] did not violate the statute ...." Answer [ECF No. 2], p. 25 (4th defense). It pleads that it "exercised reasonable care to prevent" any "alleged discrimination, reprisal, [and] retaliation ...." *Id.* at 25-26 (8th defense). It claims to have and to honor "a zero tolerance policy prohibiting discrimination." MSJ Response [ECF No. 27], p. 10.

If defendant wants to claim it does not tolerate discrimination, does not discriminate, was not negligent [acted reasonably] in preventing discrimination, and acted in good faith to comply the law, Mr. Ahmed is entitled to prove otherwise. The existence of other lawsuits, charges, or complaints about discrimination can help do that. For example, perhaps defendant *did not* act in good faith to comply with the law because it knew it had a problem and did little or nothing about it. Other lawsuits, charges, or complaints may help show defendant *has not* exercised reasonable care to

6

prevent workplace discrimination. Other lawsuits, charges, or complaints may help show defendant *does not* have a "zero tolerance" policy as it claims.

Other lawsuits, charges, and complaints about discrimination are also admissible for purposes of establishing foreseeability and recklessness for purposes of punitive damages. *See* Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases) § 11.14 Title VII and ADA Damages (revised ed. June 2020) ("you should consider the following … whether there was any repetition of the wrongful conduct or there was past conduct of the same sort").

## MIL 6, 21, 23: hearsay and current and former employee testimony may be admissible, and some statements are non-hearsay

Use of motion practice to generally request enforcement of evidence rules is a waste of judicial and party resources. Without identifying any specific evidence, defendant claims that "any testimony pertaining to what anyone employed by or formerly employed by Allied Universal may have told Plaintiff regarding any conduct by Allied Universal or related to Plaintiff's claims against Allied Universal" is inadmissible hearsay. *See* Motion [ECF No. 105], p. 5, ¶ 6. It also seeks to exclude "any reference or testimony from individuals who work for or previously worked for Allied Universal entities not a party to this lawsuit." And it seeks to exclude "hearsay comments." These limine requests would exclude testimony from several of defendant's own witnesses, including its HR Manager Katherine Alyea. This position is inaccurate for at least 3 reasons.

First, it is too broad and vague in seeking to exclude all current and former employee testimony *related to [Mr. Ahmed's] claims*.[5] Second, current and former employee testimony concerning matters within the scope of the employee-employer relationship — and made while the relationship existed — likely qualify as non-hearsay statements of party oppenent. *See* FED. R. EVID. 801(d)(2); *Rios v. Tex. Christian Univ.*, 347 F.R.D. 486, 489 (N.D. Tex. 2024) ("Rule 801(d)(2)(D) does not require that the statement be made within the scope of the agency or employment; rather, the statement need merely concern a matter within the scope of the agency or employment."). Or such testimony may fit one or more of the numerous exceptions to the hearsay rule. *See* FED. R. EVID. 803 (listing exceptions). Third, and common in employment discrimination trials, statements with independent legal significance are not hearsay—*i.e.*, verbal acts.[6] A blanket pretrial prohibition is inappropriate.

## MIL 7: expert testimony

Defendant again uses motion practice to generally request enforcement of procedural and evidence rules. This is a waste of judicial and party resources. Defendant provides no context and points to no specific issue or evidence. The parties are excused from expert disclosures on attorneys' fees, which are to be decided post verdict. Neither party otherwise designated any experts.

---

[5] *Cf. Commonwealth of Mass. v. U.S. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion").

[6] *See Minemyer v. R-Boc Representatives, Inc.*, No. 07-cv-01763, 2012 WL 379904, at *4 (N.D. Ill. Feb. 6, 2012) ("Statements falling within the category 'verbal acts' include: utterances constituting defamation, notice of a fact or condition, *utterances exhibiting systematic discrimination*, directions to do or refrain from doing something, … threats, …. Since the only question is whether the statement was made, there is no need to cross-examine the declarant, and the hearsay rule has no application.") (citing VI J. Wigmore, Evidence § 1770 at 94 (Chadbourn rev. 1976)).

**MIL 8: testimony about defendant destroying documents can be admissible**

Mr. Ahmed's counsel does not plan to accuse defendant of intentionally destroying documents. It is possible, however, that missing documents or destruction of documents may come up at trial. Defendant or its witnesses may open the door through testimony that a document should exist when it previously represented or testified that the document did not exist.

Similarly, "a court might admit evidence of destruction of documents if that evidence is relevant without any consideration of bad faith."[7] In denying summary judgment, this Court addressed [ostensibly, because it has relevance] "evidence that the disciplinary report that Freeney was supposed to have drafted following Ahmed's purported use of force violation was inaccurate and may have been falsified to include a witness signature." Memorandum and Opinion [ECF No. 44], p. 12. To the extent falsification is synonymous with destruction, defendant's limine request would sweep within it evidence this Court addressed in denying summary judgment. Whether evidence of destruction is *relevant* [and therefore, admissible] is different from whether there is any sufficient showing of bad faith or spoliation to warrant some sanction or adverse-inference instruction. Without context, wholesale pretrial prohibition is inappropriate.

**MIL 12, 16: absence or unavailability of witnesses can be admissible**

> [A] party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues *can give rise to a presumption that the evidence, if produced, would be unfavorable to that party*.

---

[7] *Mixon v. Pohlman*, No. 20-cv-01216, 2022 WL 2867091, at *7 (E.D. La. July 21, 2022) (discussing Fifth Circuit precedent).

> — *United States v. Wilson*,
> 322 F.3d 353, 363 (5th Cir. 2003).

If that situation arises, the other party should be able to explain, through a witness or other evidence, the reason for the absence of a witness or evidence. "There is, however, an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *Id.* at 364 n.14.[8]

The parties can likely agree that *neither* party may reference the other party's failure to call a witness if that witness is equally available to both parties. But the *unilateral* limine order that defendant requests is unfair and should be denied.

## MIL 13, 22: financial position of the parties may be admissible

Mr. Ahmed's attorneys do not intend to use the parties' relative financial position, or defendant's financial ability to litigate, in an us-versus-them manner or any other improper manner. But some evidence of financial situation is admissible for each party. Defendant's net worth is relevant to punitive damages. "The purpose of punitive damages … is to punish a tortfeasor and such award necessarily includes a consideration of his net worth." *State Farm Mut. Auto. Ins. Co. v. Daughdrill,* 769 F.2d 1070, 1074 (5th Cir. 1985).[9]

---

[8] *cf. Govea v. CB&I LLC*, No. 22-CV-01328, 2024 WL 4537150, at *6 (W.D. La. Oct. 21, 2024) ("Defendant moves to exclude any testimony, statements, or reports of any witness who is absent, unavailable, or not called to testify, …. Plaintiff requests that the Court defer ruling on any statements until such time that the unavailability occurs so that any necessary ruling can be made within the proper context. The Court agrees and will deny the motion at this time and defer ruling until and/or if it presents itself at trial.").

[9] *Aee also Lindsley v. TRT Holdings Inc.*, No. 17—cv-002942, 2023 WL 11983791, at *7 (N.D. Tex. Mar. 6, 2023) (denying limine motion seeking to bar plaintiff "from commenting, arguing, or eliciting testimony suggesting or relating to differences in financial abilities of the parties or Defendants' net worth").

And there will likely be testimony about Mr. Ahmed's financial position. An example is the difficult place defendant put Mr. Ahmed in by forcing a choice between financial stability and religious belief and practice — *i.e.,* keep his job or keep his beard. This testimony may include why he felt he had to choose his job. So, limine is inappropriate.

**MIL 14: discovery objections or privilege — unilateral limine is inappropriate**

The parties can likely agree that *all* attorneys should approach the bench if they believe they need to get into discovery objections or privilege claims. But the *unilateral* limine order that defendant requests is unfair and should be denied.

**MIL 15: reference to probable testimony of witness**

This limine request is too sweeping and general. For example, opening statement may mention expected testimony of a witness who *later* becomes unavailable for medical reasons. And although the limine request addresses mention of *probable testimony*, the basis for the limine request is hearsay. But Ahmed's attorneys may elicit evidence of what someone did or said and show that the conduct or statement is not hearsay, is legally treated as non-hearsay, or involves a hearsay exception. And they may do so regardless of whether that someone is called as a witness.

**MIL 17: references to limine efforts — unilateral limine is inappropriate**

The parties can likely agree that *neither party* will reference limine or exclusion efforts. But the *unilateral* limine order that defendant requests is unfair and should be denied.

**MIL 18: articles about experiences of other Muslim, Kurdish, or Iraqi employees — can be admissible to show foreseeability, reckless conduct, and to rebut claims**

Differences in treatment among protected classes is the nature of discrimination itself. Articles about it go to foreseeability of the discrimination problem and reckless indifference to a foreseeable harm in the workplace. For example, did defendant do anything in response to publicized reports of discrimination in its workplace? *See, e.g.,* Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases) § 11.14 Title VII and ADA Damages (revised ed. June 2020) ("you should consider the following … whether there was any repetition of the wrongful conduct or there was past conduct of the same sort").

This kind of proof is also admissible to rebut defendant's claims. Defendant affirmatively puts at issue what it knew and when about discrimination in its workplace. For example, it pleads that it "at all times acted in good faith to comply with all applicable laws and with reasonable ground to believe that [it] did not violate the statute …." Answer [ECF No. 2], p. 25 (4th defense). It pleads that it "exercised reasonable care to prevent" any "alleged discrimination, reprisal, [and] retaliation …." *Id.* at 25-26 (8th defense). It claims to have and to honor "a zero tolerance policy prohibiting discrimination." MSJ Response [ECF No. 27], p. 10.

If defendant wants to claim it does not tolerate discrimination, does not discriminate, was not negligent [acted reasonably] in preventing discrimination, and acted in good faith to comply with the law, Mr. Ahmed is entitled to prove otherwise. The existence of publicized reports of discrimination can help do that. For example, perhaps defendant *did not* act in good faith to comply with the law because it knew it had

12

a problem and did little or nothing about it. Publicized reports of discrimination may help show defendant *has not* exercised reasonable care to prevent workplace discrimination. Publicized reports of discrimination may help show defendant *does not* have a "zero tolerance" policy as it claims.

**MIL 20: defendant entitity behavior may be admissible**

As with many of Defendant's limine requests, a blanket pretrial prohibition is inappropriate. The defendant policies and procedures at issue, such as the use of force policy, are applicable to operations across the United States. How defendant has enforced its policies, or failed to enforce its policies, in other instances is relevant to its motive, opportunity, intent, knowledge, plan, or absence of mistake. It is also relevant to foreseeability of harm and reckless indifference. Defendant does not say what "Allied Universal entities" means. It does not provide context or address any specific category of evidence. And without that important information and context, the motion should be denied.

**MIL 24 & 31: claims outside scope of pleadings — hypothetical for legal claims, unclear and improper for factual claims**

Defendant again addresses a hypothetical situation that may never come to pass when it comes to *legal claims*. The proposed jury charge includes only the legal claims that Mr. Ahmedd pleaded.

If defendant means instead that no *factual claims* may be raised if those facts are not pleaded, the motion should be denied. Pleadings are meant to give fair notice and are not intended to marshal all evidence or factual claims for trial.

13

**MIL 25 & 31: evidence and testimony not included in EEOC Charge are admissible**

One of the claims at issue is a Section 1981 race discrimination claim. That claim does not have any administrative prerequisites and so does not require any kind of filing with the EEOC. The EEOC does not have jurisdiction over Section 1981 claims. Any blanket effort to limit the trial to the contents of an EEOC Charge is improper and should be denied.

Even for Title VII and TCHRA claims, defendant should know that its limine point is legally inaccurate.

> [A] cause of action for Title VII employment discrimination may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.
>
> —*Fellows v. Universal Rests., Inc.*,
> 701 F.2d 447, 450-51 (5th Cir. 1983)

**MIL 26: evidence of equitable remedies is relevant—but not at issue yet**

The parties agreed that "evidence of the entitlement to equitable remedies including back pay, front pay, and injunctive relief should be addressed by the Court, consistent with Fifth Circuit precedent, after a finding of liability." *See* Joint Pretrial Order [ECF No. 102], ECF p. 14 ¶ 8. Thus, testimony and evidence regarding equitable remedies is necessary, though should be presented to the Court, not the jury. Defendant's limine request is again vague and non-specific. Especially given defense citation to a case saying common fact issues go to the jury, it is not clear what

defendant requests here. Mr. Ahmed's attorneys request an opportunity to respond if and when defendant clarifies this limine point.

## MIL 27: comparator evidence is admissible

"[W]hether two employees are 'similarly situated' *generally presents a question of fact for the jury.*"

— *Wallace v. Seton Family of Hosps.*,
777 F. App'x 83, 89 (5th Cir. 2019)

Again, Defendant does not specify what evidence or witness testimony it is trying to exclude. *Wallace* specifically held that an employer's arguments that employees were not "nearly identical" raised fact issues for the jury. *Id.* at 89-90. Similarly, in *Polanco v. City of Austin*, 78 F.3d 968, 977 (5th Cir. 1996), the Fifth Circuit rejected the employer's argument that evidence of two comparators admitted at trial did not support the verdict, holding that "*a reasonable juror could have disregarded the City's arguments* that the men were not similarly situated . . ." Additionally, the Fifth Circuit has held that a trial court's ruling on relevancy of evidence relating to the admission of comparator evidence "will not be disturbed absent a clear showing of an abuse of discretion." *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 283 (5th Cir. 1986). In *Black v. Pan Am. Lab.,* 646 F.3d 254, 262 (5th Cir. 2011), the Fifth Circuit upheld a jury verdict for the plaintiff and rejected the defendant's claim that comparator evidence introduced at trial was insufficient to support the verdict because it was not "nearly identical."*Id.* Instead, it is up to the jury to decide whether "the differences [between plaintiff and a comparator] did not account for their different treatment." *Id.* at 263.

Defendant's reliance on *Okoye v. Univ. of Texas Houston Health Sci. Ctr.,* 245 F.3d 507 (5th Cir. 2001), offers no support. *Okoye* does not consider or make any holdings regarding the admissibility of "similarly situated" evidence. It is a summary judgment case that simply held the evidence proffered when weighed by the court was not sufficiently similar to defeat a summary judgment. *See id.* at 245 F.3d at 514.

## MIL 28: police and court records relevant to Mr. Ahmed's actions

Defendant's motion should be denied. These court and police records are admissible to support Mr. Ahmed's knowledge and actions as a security officer in response to the third-party individuals' conduct. The records are: (1) self-authenticating public documents under FRE 902; (2) admissible as substantive evidence under the public records exception to hearsay (FRE 803(8)) and/or the judgment of conviction exception (FRE 803(22)); and (3) highly relevant to establish Plaintiff's reasonable belief and state of mind under FRE 401, which justified Plaintiff's actions as a security officer. The probative value of these records substantially outweighs any prejudicial effect under FRE 403.

## MIL 29: defendant's waived affirmative defense

This motion in limine should be denied for two reasons. First, Defendant never pleaded the affirmative defense. *See* Answer (Docket Entry No. 2). Discovery proceeded without the defense in play—it would be unfair to let defendant inject it now. Defendant is still free to argue to the jury, or present evidence, that it *would have done it anyway* by way of contesting causation. But a stand-alone jury question on such an unpleaded affirmative defense is inappropriate.

16

Second, Mr. Ahmed must prove certain of his claims under a but-for causation standard. For example, his claims of retaliation and all of his claims of discrimination under Section 1981 must be proved under a but-for causation standard. Separately, Title VII and the Texas Labor Code have two distinct paths that a plaintiff may take to prove discrimination.[10] If a plaintiff proves but-for causation—meaning discrimination was a determining factor, not just a motivating factor—the same-decision defense is not available because there are no 'coexisting dual motivations' to which that defense would apply. Section 2000e-5(g)(2)(B) of Title VII explicitly states the defense applies to "a claim in which an individual proves a violation under section 2000e-2(m)."[11]

## MIL 30: news articles about Allied Universal

> An employer's selective application of a facially neutral policy is evidence of pretext, as many courts have concluded. As we also suggested in *E.E.O.C. v. Louisiana Office of Community Services,* 47 F.3d 1438, 1445-46 (5th Cir. 1995), an inference of pretext may be drawn based on evidence that an employer's relevant rules and standards "were not consistently applied."
>
> — *Lyons v. Tex. Dep't of Criminal Justice*, 581 F. App'x 445, 447-48 (5th Cir. 2014).

---

[10] *Compare* 42 U.S.C. § 2000e-2(a) (but-for causation required) with 42 U.S.C. §2000e-2(m) (motivating-factor causation); and Tex. Lab. Code § 21.051 (but-for causation) with Tex. Lab. Code § 21.125 (motivating-factor causation).

[11] *See also,* Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), § 11. Employment Claims—Overview of Employment Discriminatio, Harassment, and Retaliation Cases; Pretext, Mixed-Motive, and But-For Standards, p. 130 (revised ed. June 2020) (In these [section 2000e-2(a)] cases, the "same-decision" affirmative defense [] is not available.").

This motion in limine should be denied, as the evidence in questions depicts one of the "classic" methods by which an employee may demonstrate pretext—an employer's inconsistent application of its own policies.

## MIL 32: golden rule reference:

The use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability.

— *Stokes v. Delcambre*,710 F.2d 1120, 1128 (5th Cir. 1983)
*citing Baxter v. Anderson,* 277 F. Supp. 3d 860, 863 (M D. La. 2017)

This motion in limiine should be denied or limited to damage issues (to the extent that Mr. Ahmed may refer to the Golden Rule, it would only be in the context of liability arguments and not in the context of an argument on damages).

## MIL 33: corporate culture of discrimination is relevant

It is unclear what defense is seeking to exclude under this motion in limine, but to the extent it seeks to exclude evidence of Defendant's workplace atmosphere or discriminatory culture, the motion should be denied. A history or culture of discrimination is valid evidence that the jury may weigh when determining whether Defendant's reasons for its actions are pretext for discrimination or retaliation.[12] "Even though a suit seeks only individual relief for an individual instance of discrimination, and is not a 'pattern or practice' suit by the government or a class action, the past history of *both* [minority] and [majority] employees is surely relevant information." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 306 (5th Cir. 1973).

---

[12] *See McDonnell Douglas*, 411 U.S. at 805; *see also Vance v. Union Planters Corp.*, 209 F.3d 438 (5th Cir. 2000) (Vance introduced evidence to show how Union Planters treated female employees as relevant evidence of pretext).

## MIL 34: send a message arguments proper, particularlty in cases with punitive damages

> Punitive damages are awarded in the jury's discretion "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future."
>
> — *Smith v. Wade*, 461 U.S. 30, 54 (1983) *citing* Restatement (Second) of Torts § 908(1) (1979)

Arguments that the jury may send a message or punish defendant for its conduct are allowed in cases where punitive damages are in play. And "[a]rguments that the jury should 'send a message' are not strictly limited to punitive damages cases. Indeed, it is not inconceivable that a jury may 'send a message' to an imprudent employer by awarding compensatory damages."[13]

## MIL 35: excluding an exhibit not yet authenticated improper

Defendant seeking to exclude use of Mr. Ahmed's uniform or photographes of his uniform on the ground that they have not yet been authenticated is premature, procedurally improper, and should be denied. Authentication is a low-burden, prima facie showing that can be satisfied at trial through multiple methods available under FRE 901. Defendant's motion improperly seeks to exclude relevant evidence before Mr. Ahmed has had the opportunity to authenticate it in the proper context of trial.

## MIL 36: photographs of Mr. Ahmed admissible

The photographs are relevant and admissible under FRE 401 and 402. The photographs meet this standard because they humanize Mr. Ahmed and demonstrate the impact of Defendant's discrimination on his life, emotional well-being and other

---

[13] *Barnes v. Union Pac. R.R. Co.*, No. 5:19-CV-00027-RWS, at *6-7 (E.D. Tex. Feb. 5, 2020) (denying defendant's motion in limine); *see also Marshall Mall Inv'rs LP v. Allied Prop. & Cas. Ins. Co.*, No. 2:21-CV-00109-RWS, at *3 (E.D. Tex. July 5, 2023) (denying defendant's motion in limine).

compensatory damages—all matters directly at issue in this case. The photographs in particular will give background to Mr. Ahmed's life before Defendant's discrimination, which will contrast the evidence of his life after.

## MIL 37: evidence of Mr. Ahmed's criminal record should be excluded

This evidence, and any reference to this evidence should be excluded under FRE 402, 403, and 404. Evidence proffered to portray a witness as having bad character must be excluded. FRE 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

The evidence is also irrelevant under FRE 402. Mr. Ahmed's criminal history has no relevance to whether Allied Universal discriminated  and retaliated against him because of his race, ancestry, national origin, or religion. Introducing a conviction nearly a decade old would only serve to unfairly prejudice Mr. Ahmed by promoting negative inferences toward his character. Given the high risk that the jury would use this information improperly, its prejudicial effect substantially outweighs its probative value under FRE 403.

## IV. Conclusion

Based on the foregoing, Plaintiff Twana Ahmed respectfully requests that the Court deny defendant's motions in limine, other than any issues that may herafter be agreed on the record before the Court rules.

Respectfully submitted,

*/s/Amanda C. Hernandez*
Amanda C. Hernandez
Attorney-in-charge
Texas State Bar No. 24064411
Southern District Bar No. 1531045

AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
T: (713) 588-4359
F: (281) 572-5370
amanda@ahfirm.com

*and*

Amy E. Gibson
Of Counsel
Texas State Bar No. 00793801
Southern District Bar No. 20147
amy@gwfirm.com

David L. Wiley
Of Counsel
Texas State Bar No. 24029901
Southern District Bar No. 34134
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201-4923
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Twana Ahmed*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 19, 2025, *Plaintiff Twana Ahmed's Response in Opposition to Defendant's Renewed & Supplemental Motions in Limine* was filed via the Court's CM/ECF system, thereby automatically serving Defendant's attorneys of record.


/s/*Amanda C. Hernandez*
Amanda C. Hernandez