# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:23-cv-02823 |
| | : | |
| v. | : | Hon. Judge David Hittner |
| | : | |
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## DEFENDANT UNIVERSAL PROTECTION SERVICE, LP'S RENEWED MOTION TO QUASH SUBPOENA OF FELICIA SOLIS-RAMIREZ

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied" or "Defendant"), by and through undersigned counsel, respectfully files this Renewed Motion to Quash the trial subpoena issued by Plaintiff Twana Ahmed ("Plaintiff") to nonparty witness Felicia Solis-Ramirez.

### I. INTRODUCTION

This renewed motion seeks to quash the trial subpoena issued to Ms. Felicia Solis-Ramirez, a former Branch Manager for Allied Universal who resides in Lytle, Texas, and was served in San Antonio, Texas, both located more than 200 miles from the Houston courthouse. (*See* Subpoena, attached hereto as Exhibit A.) Further, Ms.

1

Solis-Ramirez is not a party to this action and has no unique personal knowledge of the claims or defenses at issue.

Allied Universal initially moved to quash in August of 2025 after learning of Plaintiff's intent to compel Ms. Solis-Ramirez's attendance at trial. [ECF 82]. At the August 13, 2025 hearing, Judge Rosenthal denied that motion as moot after Plaintiff's counsel represented that they would determine whether Ms. Solis-Ramirez would appear voluntarily. [ECF 87]. Ms. Solis-Ramirez has since retained undersigned counsel and confirmed that she does not wish to appear voluntarily.

The subpoena exceeds the territorial limits established by Rule 45(c)(1), which confines a court's subpoena power to witnesses within 100 miles of where they reside, are employed, or regularly transact business in person. Rule 45(d)(1) further requires parties to take reasonable steps to avoid imposing undue burden or expense on a non-party, and Rule 45(d)(3)(A)(ii)–(iv) directs courts to quash subpoenas that exceed those limits or impose undue hardship. The subpoena directed to Ms. Solis-Ramirez is both procedurally improper and inconsistent with the protections afforded under Rule 45 and should be quashed.

## II.   ARGUMENT

### A. The Subpoena Is Geographically Invalid Under Rule 45(c)

The subpoena directed to Ms. Solis-Ramirez is invalid on its face. Under Rule 45(c)(1)(A):

> "A subpoena may command a person to attend a trial, hearing, or deposition only … **within 100 miles of where the person resides, is employed, or regularly transacts business in person**; or within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

FED. R. CIV. P. 45(c)(1)(emphasis added).

This limitation protects nonparties from the burden and expense of long-distance travel to participate in litigation to which they are not a party. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). The only exceptions are in Rule 45(c)(1)(B), which allow compulsion within the state if the witness is a party or a party's officer, or if the witness is commanded to attend trial and would not incur substantial expense.

Here, Ms. Solis-Ramirez resides in Lytle, Texas, and was served in San Antonio, Texas, both well outside the 100-mile radius of the Houston courthouse. (*See* Declaration of Felicia Solis-Ramirez, attached hereto as Exhibit B.) She is neither a party nor a party officer, and travel from her residence to Houston would require a minimum full day of round-trip travel, time away from work, and significant out-of-pocket costs for lodging and transportation. Her attendance would therefore entail substantial expense, removing her from the scope of any exception under Rule 45(c)(1)(B). Compelling her to appear would exceed the Court's

3

subpoena authority and contravene Rule 45's central purpose of shielding nonparties from undue burden.

Under Rule 45(d)(3)(A)(ii), the court must quash or modify any subpoena that requires compliance beyond those limits. Because Ms. Solis-Ramirez was served and resides well outside the permissible geographic range, and no exception applies, the subpoena violates Rule 45(c)'s geographic restriction and must be quashed under Rule 45(d)(3)(A)(ii).

### B. Compelling Ms. Solis-Ramirez's Trial Testimony Would Impose Undue Burden

Even apart from the geographic defect, compelling Ms. Solis-Ramirez to appear at trial would impose an undue burden in violation of Rule 45(d). Attending trial would require roughly four hours of travel each way, time off from work, and significant out-of-pocket expenses for lodging and meals. *Id.* As the primary caregiver for three minor children, she must also coordinate their transportation and after-school care while her husband works out of town. *Id.* In addition, Ms. Solis-Ramirez is managing time-sensitive projects at her employer, Microsoft, and her absence would interfere with critical professional responsibilities. *Id.* Requiring her attendance would therefore impose substantial personal and financial hardship inconsistent with the protections afforded by Rule 45. *Id.*

Further Ms. Solis-Ramirez has no unique personal knowledge of Plaintiff, and any testimony she could offer would be cumulative and duplicative of other witnesses identified on both parties' will-call lists. Notably, Plaintiff elected not to depose Ms. Solis-Ramirez and offers no basis to suggest that she possesses information unavailable from other witnesses.

Rule 45(d)(1) requires parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena," and Rule 45(d)(3)(A)(iv) directs courts to quash any subpoena that violates this obligation. Because Ms. Solis-Ramirez is a non-party located hundreds of miles from the place of trial, and compliance would require substantial travel, time away from work, and personal hardship, enforcing the subpoena would impose exactly the type of undue burden Rule 45 is designed to prevent. The Court should therefore quash the subpoena pursuant to Rule 45(d)(3)(A)(iv).

### III. CONCLUSION

Ms. Solis-Ramirez is a non-party witness who lives and works more than 200 miles from the Houston courthouse. The subpoena compelling her attendance at trial violates the clear territorial limits of Rule 45(c) and, independently, imposes an undue burden under Rule 45(d). For these reasons, and pursuant to Rule 45(d)(3)(A)(ii) and (iv), Allied Universal respectfully requests that the Court quash

the subpoena in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: October 24, 2025

    Respectfully submitted,

    **MARTENSON, HASBROUCK & SIMON LLP**

    */s/ Jessica E. Chang*
Jessica E. Chang, attorney-in-charge
(SDTX No. 3905098, IL6319080)
Nathan A. Shine (SDTX No. 3874604, IL6316753)
David Hamilton (PHV)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(224) 350-3127
jchang@martensonlaw.com
nshine@martensonlaw.com
dhamilton@martensonlaw.com

*and*

Marty N. Martenson (PHV)
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(404) 909-8104
mnmartenson@martensonlaw.com

*Counsels for Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I caused to be served a true and correct copy of the foregoing document on all counsel of record via electronic mail as follows:

Amanda C. Hernandez
AH Law, PLLC
5718 Westheimer, Suite 1000
Houston, Texas 77057
amanda@ahfirm.com

Amy Gibson
David Wiley
Gibson Wiley PLLC
1500 Jackson Street, #109
Dallas, Texas 75201
amy@gwfirm.com
david@gwfirm.com

*/s/ Jessica E. Chang*
Jessica E. Chang